Timothy J. Fransen, OSB No. 073938
tfransen@cosgravelaw.com
**COSGRAVE VERGEER KESTER LLP**
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

Ryan D. Watstein (*Pro Hac Vice*)
ryan@wtlaw.com
James M. Ruley (*Pro Hac Vice*)
jruley@wtlaw.com
**WATSTEIN TEREPKA LLP**
75 14th Street NE, Ste. 2600
Atlanta, GA 30309
Telephone: (404) 783-0695

Attorneys for Defendant
Freeway Insurance Services of America, LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>FREEWAY INSURANCE SERVICES OF AMERICA, LLC,<br><br>        Defendant. | Case No. 6:25–cv–01869–MC<br><br>**DEFENDANT FREEWAY INSURANCE SERVICES OF AMERICA, LLC'S ANSWERS AND AFFIRMATIVE DEFENSES** |

Page 1 - **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Freeway Insurance Services of America, LLC ("Defendant") hereby submits its Answer and Affirmative Defenses to Plaintiff Chet Michael Wilson ("Plaintiff")'s Class Action Complaint. Without waiving any other defenses, Defendant responds to the numbered allegations outlined in the Complaint by denying each and every such allegation not specifically admitted, modified, or explained herein:

1. Defendant admits that Plaintiff purports to bring this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Defendant denies all remaining allegations in paragraph 1 and denies that Plaintiff or the putative class members are entitled to any relief whatsoever against Defendant.

2. Defendant denies the allegations in paragraph 2.

## JURISDICTION AND VENUE[1]

3. The allegations in paragraph 3 are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to bring his claim under the TCPA, over which federal courts generally have jurisdiction. Except as expressly admitted, Defendant denies the allegations in this paragraph. Defendant reserves the right to challenge subject matter jurisdiction, including to the extent Plaintiff lacks Article III standing.

4. The allegations in paragraph 4 are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

---

[1] For the Court's convenience, Defendant has incorporated the "headings" that appear in the Complaint, as well as the formatting from those headings. But Defendant does not necessarily agree with and does not admit the characterizations of such headings unless specifically admitted herein; nor does Defendant waive any right to object to those characterizations.

Page 2 - **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

5.      Defendant denies the allegations in paragraph 5.

## PARTIES

6.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 and therefore denies them.

7.      Defendant admits that it is a limited liability company headquartered in California.

8.      The allegations in paragraph 7 are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## BACKGROUND

9.      The allegations in paragraph 9 are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to quote authority regarding the TCPA, which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this paragraph.

10.      The allegations in paragraph 10 are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to quote certain regulations and *Krakauer v. Dish Network, L.L.C.*, which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this paragraph.

## PLAINTIFF'S ALLEGATIONS

11.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 and therefore denies them.

12.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 and therefore denies them.

Page 3 - **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 and therefore denies them.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 and therefore denies them.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 and therefore denies them.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 and therefore denies them.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 and therefore denies them.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 and therefore denies them.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 and therefore denies them.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 and therefore denies them.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 and therefore denies them.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 and therefore denies them.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 and therefore denies them.

Page 4 - **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 and therefore denies them.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 and therefore denies them.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 and therefore denies them.

27. Defendant denies the allegations in paragraph 27.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 and therefore denies them.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 and therefore denies them.

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

## CLASS ACTION ALLEGATIONS

32. Defendant admits only that Plaintiff purports to bring this action on behalf of a putative class. Defendant denies the remaining allegations in paragraph 32 and expressly denies that any action or putative class is authorized by Federal Rule of Civil Procedure 23, that this action is certifiable as a class action, and that the proposed class meets the requirements of Federal Rule of Civil Procedure 23.

33. Defendant admits only that Plaintiff purports to bring this action on behalf of a putative class. Defendant denies the remaining allegations in paragraph 33 and expressly denies that this action is certifiable as a class action and denies that the proposed class meets the requirements of Federal Rule of Civil Procedure 23.

Page 5 - **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

34. Defendant denies the allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35.

36. Defendant denies the allegations in paragraph 36.

37. Defendant denies the allegations in paragraph 37.

38. Defendant denies the allegations in paragraph 38.

39. Defendant denies the allegations in paragraph 39.

40. Defendant denies the allegations in paragraph 40.

41. Defendant denies the allegations in paragraph 41.

42. Defendant denies the allegations in paragraph 42.

43. Defendant denies the allegations in paragraph 43.

44. Defendant denies the allegations in paragraph 44.

45. Defendant denies the allegations in paragraph 45.

46. Defendant denies the allegations in paragraph 46.

47. Defendant denies the allegations in paragraph 47.

48. Defendant denies the allegations in paragraph 48.

49. Defendant denies the allegations in paragraph 49.

50. Defendant denies the allegations in paragraph 50, including subparagraphs (a) through (d).

51. Defendant denies the allegations in paragraph 51.

52. Defendant denies the allegations in paragraph 52.

53. Defendant denies the allegations in paragraph 53.

54. Defendant denies the allegations in paragraph 54.

55. Defendant denies the allegations in paragraph 55.

Page 6 - **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

56. Defendant denies the allegations in paragraph 56.

57. Defendant denies the allegations in paragraph 57.

58. Defendant denies the allegations in paragraph 58.

59. Defendant denies the allegations in paragraph 59.

## COUNT 1
## Violation of 47 U.S.C. § 227(c)(5)

60. In response to paragraph 60, Defendant repeats and re-alleges its responses to the allegations contained in paragraph 1–59.

61. The allegations in paragraph 61 are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to cite an opinion issued by the Federal Communication Commission relating to cellular telephone numbers, which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this paragraph.

62. The allegations in paragraph 62 are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to quote *Duran v. La Boom Disco, Inc.*, and *Satterfield v. Simon & Schuster, Inc.*, which speak for themselves. Except as expressly admitted, Defendant denies the allegations in this paragraph.

63. The allegations in paragraph 63 are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to quote certain regulations, which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this paragraph.

64. The allegations in paragraph 64 are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant

Page 7 - **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

admits only that Plaintiff purports to quote certain regulations, which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this paragraph.

65. The allegations in paragraph 65 are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to quote certain provisions of the TCPA, which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this paragraph.

66. Defendant denies the allegations in paragraph 66.

67. Defendant denies the allegations in paragraph 67.

68. Defendant denies the allegations in paragraph 68.

69. Defendant denies any purported allegations in the prayer for relief (subparagraphs (a) through (j)) and denies that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

70. Defendant denies all allegations set forth in the Complaint that are not specifically admitted here.

## AFFIRMATIVE DEFENSES

71. Defendant hereby asserts the following defenses to the claims and allegations set forth in the Complaint. By asserting these defenses, Defendant does not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

72. The Complaint fails to allege facts sufficient to state a cause of action against Defendant. For example, Plaintiff fails to plead facts that any communications allegedly received

Page 8 - **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

were those for which the called party is charged, as the TCPA requires.

## SECOND AFFIRMATIVE DEFENSE
### (Residential Number)

73. Plaintiff's claims are barred to the extent his phone number or the putative class members' phone numbers are not residential. For example, a phone number used for business purposes cannot sustain a DNC claim under the TCPA.

## THIRD AFFIRMATIVE DEFENSE
### (Express Permission/Established Business Relationship)

74. Plaintiff and the putative class members are barred from asserting their claims in whole or in part because the calls at issue were made with prior express written permission or consent and pursuant to an established business relationship.

## FOURTH AFFIRMATIVE DEFENSE
### (Acquiescence, Estoppel, Waiver, Fraud, Conspiracy, and Unclean Hands)

75. Plaintiff and the putative class members are barred from asserting their claims, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, fraud, conspiracy, and/or unclean hands. For example, Plaintiff cannot assert claims to the extent they arise from his own misconduct or wrongdoing. As a further example, Plaintiff cannot assert claims under the TCPA if he acted in bad faith by encouraging any of the complained-of communications.

## FIFTH AFFIRMATIVE DEFENSE
### (Laches)

76. Plaintiff and the putative class members are barred from asserting their claims in whole or in part by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

77. Plaintiff and the putative class members are barred from asserting their claims in

Page 9 - **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

whole or in part by their failure to mitigate their purported damages.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Knowing or Willful Misconduct)

78. Any claim for treble damages or penalties is barred because Defendant did not engage in knowing or willful misconduct.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

79. Defendant did not proximately cause any damages, injuries, or violations alleged in the Complaint. Instead, to the extent any harm occurred, the acts of third parties or Plaintiff proximately caused any damages, injuries, or violations at issue, to the extent they occurred at all.

## NINTH AFFIRMATIVE DEFENSE
### (No Standing)

80. Plaintiff and the putative class members lack standing to bring the claims alleged in the Complaint against Defendant, including under *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015) and *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021). For example, any harm allegedly caused by the calls at issue (which Defendant denies) is not fairly traceable to any violation allegedly committed by Defendant.

## TENTH AFFIRMATIVE DEFENSE
### (No Agency or Vicarious Liability and Proportional Allocation of Fault)

81. Any damages, injury, violation, or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Defendant cannot be held vicariously liable. Further, Defendant did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct alleged in the Complaint and cannot be held liable for it. Defendant's liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to those third parties

Page 10 - **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

and/or Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

82.     The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law. For example, the TCPA provides for statutory penalties of $500 per call or monetary compensation for actual damages.

## TWELFTH AFFIRMATIVE DEFENSE
### (First Amendment)

83.     The TCPA and the regulations and rules, interpretations, and other rulings promulgated thereunder violate the First Amendment of the United States Constitution. For example, they impose content-based restrictions on speech that fail to withstand strict scrutiny. *See Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2346 (2020) ("Content-based laws are subject to strict scrutiny.").

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Due Process)

84.     The application of the TCPA upon which the Complaint is based, including the imposition of statutory damages on Defendant, would violate the Due Process provisions of the United States Constitution. For example, certain definitions contained in the TCPA render the statute unconstitutionally vague. Additionally, the statutory penalties sought by Plaintiff are excessive, severe, and oppressive, particularly to the extent Plaintiff seeks them on a class-wide basis. Thus, as applied in this case, any award of damages should be reduced to comport with due process.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No "Call")

85.     Defendant did not "make any call" to Plaintiff, as that term is used in the TCPA, 47 U.S.C. § 227.

Page 11 - **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

### FIFTEENTH AFFIRMATIVE DEFENSE
### (No Do-Not-Call Registry)

86. Plaintiff's and the putative class members' claims are barred in whole or in part to the extent they did not register their phone numbers on the National Do-Not-Call Registry.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (No Charge)

87. Plaintiff was not "charged for the call" with respect to the calls at issue, as that term is used in the TCPA.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Hobbs Act/Exceeded Authority)

88. The Hobbs Act cannot be validly or constitutionally applied to preclude Defendant from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder. Plaintiff's TCPA claim is also barred to the extent it is based on regulations or rulings that exceed the FCC's delegated authority.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Substantial Compliance with Laws)

89. Defendant is not liable to Plaintiff (or the putative class members) because it acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and other laws.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Reasonable Practices and Procedures)

90. The claim brought in the Complaint is barred in whole or in part because Defendant has established and implemented reasonable practices and procedures to prevent violations of the TCPA (including maintaining an internal DNC list) and related regulations, and trains personnel on the same.

Page 12 - **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

### TWENTIETH AFFIRMATIVE DEFENSE
### (One Call)

91. The Do-Not-Call claim brought in the Complaint is barred in whole or in part to the extent Plaintiff or the putative class members did not receive more than one telephone call within any 12-month period by or on behalf of Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Bona Fide Error)

92. The claim brought in the Complaint is barred in whole or in part because, to the extent there was any violation of the TCPA or the related regulations (which Defendant denies), any such violation was not intentional and resulted from a bona fide error.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Good Faith)

93. The claim brought in the Complaint is barred because Defendant possessed a good faith belief that it had consent to call the number at issue.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Telephone Solicitation)

94. Defendant is not liable to Plaintiff because it did not place any telephone solicitations to Plaintiff or the putative class members.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (No Immediate Threat of Future Injury)

95. Plaintiff's request for injunctive relief is barred with respect to any alleged TCPA claim as the alleged violations are not likely to recur.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Class Action Deficiencies)

96. Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action. Further, Defendant gives notice that in the event that this Court certifies any class, which Defendant denies would ever be appropriate, it

Page 13 - **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of any such class.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (No Statutory Standing)

97. Plaintiff and the putative class members have no statutory standing to bring the alleged TCPA claims to the extent they are not the subscriber or regular user of the phone numbers at issue.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Subject to Terms of Service, Including Consent and Arbitration)

98. To the extent that Plaintiff and/or the putative class agreed to or are otherwise bound by certain terms and conditions, their claims are barred by their contractual consent to receive telephone calls like those Plaintiff complains of, an agreement to arbitrate their claims on individual bases, and their agreement to exclusive remedies and damages limitations.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Reservation of Right to Assert Further Defenses)

99. Defendant has not knowingly or intentionally waived any applicable defenses and gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action. Defendant reserves the right to amend its Answer to assert any such defense.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing from Defendant by reason of this Complaint, and that judgment be entered in favor of Defendant;

2. For dismissal of the Complaint with prejudice;

3. That the Court award Defendant costs and reasonable attorneys' fees;

Page 14 - **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

4. For such other relief as the Court deems just and proper.

Dated: January 5, 2026.

                                                      Respectfully submitted,

*s/ Timothy J. Fransen*
Timothy J. Fransen, OSB No. 073938
tfransen@cosgravelaw.com
**COSGRAVE VERGEER KESTER LLP**
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

Ryan D. Watstein (*Pro Hac Vice*)
ryan@wtlaw.com
James M. Ruley (*Pro Hac Vice*)
jruley@wtlaw.com
**WATSTEIN TEREPKA LLP**
75 14th Street NE, Ste. 2600
Atlanta, GA 30309
Telephone: (404) 783-0695

Attorneys for Defendant Freeway Insurance Services of America, LLC

Page 15 - **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** on the date indicated below by:

☐    mail with postage prepaid, deposited in the US mail at Portland, Oregon,

☐    hand delivery,

☐    facsimile transmission,

☐    overnight delivery,

☒    electronic filing notification.

If served by facsimile transmission, attached to this certificate is the printed confirmation of receipt of the documents generated by the transmitting machine. I further certify that said copy was placed in a sealed envelope delivered as indicated above and addressed to said attorney at the address listed below:

> Andrew Roman Perrong
> Perrong Law LLC
> 2657 Mt. Carmel Ave.
> Glenside, PA 19038
> a@perronglaw.com
> Attorneys for Plaintiff

DATED: January 5, 2026

　　　　　　　　　　　　　　　　　　　　*s/ Timothy J. Fransen*
　　　　　　　　　　　　　　　　　　　　Timothy J. Fransen

Page 1 – **CERTIFICATE OF SERVICE**

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019