Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
Telephone: 215-225-5529

Attorney for Plaintiff and the Proposed Class

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF OREGON
### EUGENE DIVISION

| | | |
|---|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated, | : : : : | CIVIL ACTION FILE NO. **6:25-cv-1869** |
| Plaintiff, | : : | MOTION AND BRIEF IN SUPPORT OF MOTION FOR VOLUNTARY |
| v. | : : | DISMISSAL WITH PREJUDICE |
| FREEWAY INSURANCE SERVICES OF AMERICA, LLC, | : : | TCPA (47 U.S.C. § 227) |
| Defendant. | : : | DEMAND FOR JURY TRIAL |

## MOTION

Plaintiff Chet Michael Wilson has determined that he no longer wishes to pursue this action and respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 41(a)(2), for an order dismissing this case *with prejudice* as to his individual claims, and *without prejudice* as to the claims of the putative, uncertified class. Plaintiff offered Defendant a stipulation under Rule 41(a)(1)(A)(ii) that would have accomplished precisely this result without burdening the Court. Defendant refused to sign the stipulation unless Plaintiff agreed to a series of additional concessions to which Defendant has no legal entitlement, including the payment of Defendant's attorneys' fees and agreeing to dismissal of all other litigation in which Mr. Wilson is involved. Defendant's refusal leaves Plaintiff with no alternative but to seek the requested relief by motion.

1

Mot. Volun. Dismiss

The Court should grant this motion. Under clear Ninth Circuit authority, a Rule 41(a)(2) motion should be granted unless the defendant demonstrates "plain legal prejudice." *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1280 (9th Cir. 2023). That standard is particularly difficult for a defendant to meet where, as here, the plaintiff seeks dismissal *with prejudice*. Defendant cannot identify any cognizable legal prejudice from a result that gives it the full benefit of *res judicata*. The conditions Defendant has demanded as the price of its consent are not proper terms under Rule 41(a)(2).

## BRIEF IN SUPPORT

## BACKGROUND

Plaintiff filed this putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, against Defendant Freeway Insurance Services of America, LLC. The case is in a relatively early posture. Fact discovery has not closed, the deadline for moving for class certification has not run, the deadline for filing dispositive motions has not run, and no motion of any kind is currently pending before the Court.

On May 15, 2026, undersigned counsel circulated to defense counsel a proposed stipulation of dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Defense counsel responded by inquiring whether Plaintiff would (1) dismiss "all Wilson cases" beyond this litigation, and (2) "conced[e]" that Plaintiff is "inadequate to serve as a class representative." Plaintiff declined both demands. Defense counsel then asked whether Plaintiff would agree to pay Defendant's attorneys' fees and expenses, including fees Defendant had incurred preparing a motion to deny class certification that has never been filed. Plaintiff again declined. Defendant has not agreed to a voluntary stipulated dismissal, necessitating this motion.

Mot. Volun. Dismiss

## LEGAL STANDARD

Because Defendant has answered the complaint, voluntary dismissal is available only by court order under Federal Rule of Civil Procedure 41(a)(2). *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995). Rule 41(a)(2) provides that, absent stipulation, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The decision to grant a Rule 41(a)(2) motion is committed to the district court's sound discretion. *Kamal*, 88 F.4th at 1275. The Ninth Circuit has held that "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

"Legal prejudice" is a term of art meaning "prejudice to some legal interest, some legal claim, some legal argument." *Kamal*, 88 F.4th at 1280. The Ninth Circuit has identified a discrete set of circumstances that may constitute legal prejudice, principally, where dismissal would result in "the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense." *Id.* at 1282-83. The Ninth Circuit has been equally clear about what is *not* legal prejudice: "the mere inconvenience of defending another lawsuit," "the prospect of a second lawsuit," the fact that "plaintiff merely gains some tactical advantage," or "uncertainty because a dispute remains unresolved" *Id.* at 1285-86, 80 (cleaned up). Critically here, the Ninth Circuit has "explicitly stated that the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Id.* at 1282.

Where, as here, the plaintiff seeks dismissal *with prejudice*, a finding of legal prejudice is exceedingly unlikely. Such a dismissal *itself defeats* any claim of legal prejudice: "That the district court here dismissed, with prejudice, the federal claims so they cannot be reasserted in

Mot. Volun. Dismiss

another federal suit *only strengthens our conclusion* that the dismissal caused no legal prejudice and was not an abuse of discretion." *Smith*, 263 F.3d at 976 (emphasis added). When a plaintiff voluntarily dismisses his claims on the merits, the defendant receives precisely what it would be entitled to after a successful defense and gets it without the cost or risk of further litigation.

## ARGUMENT

### A. Defendant Cannot Demonstrate Plain Legal Prejudice from a Dismissal With Prejudice.

Plaintiff seeks dismissal *with prejudice*, which fully and finally extinguishes his individual claims against Defendant. None of the recognized categories of plain legal prejudice is implicated. There is no loss of a federal forum, since the Plaintiff is extinguishing his claims permanently. There is no loss of a jury trial right, since the case has ended. Defendant also retains any defense it ever had under any applicable statute of limitations because it will never need to raise any of them and because there will be no further litigation between these parties on these claims. The Ninth Circuit could not have been clearer that this result "only strengthens [the] conclusion that the dismissal caused no legal prejudice." *Smith*, 263 F.3d at 976.

Defendant's only claims of "prejudice" are precisely those the Ninth Circuit has repeatedly held are *not* legally cognizable prejudice: the time and resources Defendant has spent defending the action and preparing a preemptive motion to deny class certification on its own volition. *Kamal*, 88 F.4th at 1280. And those resources have, in any event, been modest. Discovery has not closed, no class certification or dispositive motion has been filed, and no motion of any kind is pending. With dismissal *with prejudice*, Defendant is permanently freed of Plaintiff's individual claims. Because no class has been certified, dismissal of the named Plaintiff's individual claims with prejudice does not bind absent putative class members, whose claims should be dismissed without prejudice. *See Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d

Mot. Volun. Dismiss

1401, 1407 (9th Cir. 1989) (holding that the proper remedy for a voluntary dismissal pre-certification is dismissal *without* prejudice of the class claims).

To the extent Defendant suggests that Plaintiff is seeking dismissal to evade an adverse ruling, the suggestion is unsupported by this record. No motion of any kind is pending before the Court. Defendant has threatened to file a preemptive motion to deny class certification before the time for seeking certification has run, which, if filed, would be properly denied. A court "may strike class allegations at the pleading stage but abuses its discretion if it does so prematurely." *Granados v. OnPoint Cmty. Credit Union*, No. 3:21-CV-847-SI, 2023 WL 3570039, at *2 (D. Or. May 18, 2023) (Simon, J.) (citing *Davidson v. O'Reilly Auto Enters.*, 968 F.3d 955, 963 (9th Cir. 2020)). In *Updike v. Clackamas Cnty.*, in which the County attempted to affirmatively seek to deny class certification at the Rule 12(b)(6) stage based on a purported inability to meet Rule 23's requirements, Judge Simon remarked that "district courts have held that even when a plaintiff's class allegations appear suspicious at the pleading stage, a plaintiff should at least have an opportunity to make the case for class certification following appropriate discovery." Put differently, "[d]istrict courts, however, have greater discretion to certify a class than to deny certification." *McKenzie L. Firm, P.A. v. Ruby Receptionists, Inc.*, No. 3:18-CV-1921-SI, 2020 WL 1970812, at *1 (D. Or. Apr. 24, 2020) (Simon, J.) (citing *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 956 (9th Cir. 2013)).

Defendant has not filed a motion to deny class certification, a motion for summary judgment, or any other dispositive motion. The deadline for such motions has not run. There is no imminent or near-certain ruling for Plaintiff to escape. There is only the ordinary, lawful exercise of a plaintiff's prerogative to discontinue litigation he no longer wishes to pursue.

Mot. Volun. Dismiss

In any event, Plaintiff is *not* seeking to refile, in this forum or any other. He seeks dismissal *with prejudice*, the most adverse merits posture a plaintiff can voluntarily accept. That is the antithesis of forum shopping, and it is the very factor the Ninth Circuit identified in *Smith* as foreclosing a defendant's legal prejudice argument. 263 F.3d at 976.

**B.  The Conditions Defendant Seeks Are Not Proper Terms Under Rule 41(a)(2).**

Defendant has conditioned its consent to a stipulated dismissal on three demands. None is a proper term of dismissal under Rule 41(a)(2). Defendant first asked whether Plaintiff would dismiss "all Wilson cases," i.e., other, unrelated litigation in which Plaintiff is involved. Rule 41(a)(2) authorizes the Court to impose "terms" concerning the dismissal of *this* action. It does not authorize the Court to dispose of unrelated cases involving different defendants, different facts, and different claims. Defendant cites no authority, and Plaintiff is aware of none, suggesting that a court may condition a Rule 41(a)(2) dismissal on the surrender of claims that are not before it, let alone those involving different Defendants.

Defendant next demanded that Plaintiff "concede" he is "inadequate to serve as a class representative." That is not a term of *dismissal*. It is a request for a factual stipulation on a merits issue that has never been briefed, much less adjudicated. No motion for class certification, and no motion by Defendant to deny class certification, has been filed in this case. Rule 41(a)(2) does not empower the Court to compel a plaintiff to make substantive concessions on contested claims as the price of walking away from a lawsuit.

Finally, Defendant asked Plaintiff to pay its attorneys' fees and expenses, "including most importantly those . . . spent preparing [a] motion to deny class certification" that Defendant has never filed and elected to prepare on its own prerogative. The Ninth Circuit's rule is clear. "[T]he expense incurred in defending against a lawsuit does not amount to legal prejudice."

Mot. Volun. Dismiss

*Kamal*, 88 F.4th at 1282 (9th Cir. 2023) (citing *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)); *see also Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145-46 (9th Cir. 1982) (rejecting argument that the plaintiff's claims should have been dismissed with prejudice because defendant "had begun trial preparations" and "was put to significant expense in preparing and filing its pleadings"). Dismissal with prejudice gives Defendant the complete benefit of *res judicata*, minimizing any prejudice. The TCPA, for its part, has no fee shifting regime in favor of even prevailing defendants, and Defendant has identified no contractual, statutory, or equitable basis for a fee award here.

Even under the more permissive framework that governs conditional fee awards in the *without*-prejudice context, Defendant's request would fail. The Ninth Circuit has instructed that any such award "should only be awarded [for] work which cannot be used in any future litigation" of the claims. *Westlands*, 100 F.3d at 97. Because dismissal here will be *with prejudice*, there will be no future litigation of these claims at all, rendering the *Westlands* reusability principle inapplicable on its own terms. The nature of the fees Defendant seeks further shows why an award of fees is inappropriate. Defendant asks for the costs of a motion it prepared on its own accord and never filed and that, by virtue of the dismissal Plaintiff requests, it will never need to file. No sort of exceptional circumstances are present here. This is a single TCPA action that Plaintiff has elected to discontinue at an early procedural stage, before any merits motion has been briefed.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order dismissing this action *with prejudice* as to Plaintiff's individual claims, *without prejudice* as to

Mot. Volun. Dismiss

the claims of the putative class, and *without* any award of attorneys' fees, costs, or other conditions to Defendant.

RESPECTFULLY SUBMITTED AND DATED this 15th day of May, 2026.

> */s/ Andrew Roman Perrong*
> Andrew Roman Perrong, Esq.
> OSB No. 243320
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, PA 19038
> Telephone: 215-225-5529
> a@perronglaw.com
>
> Lead Attorney for Plaintiff and the Proposed Class

## LOCAL RULE 7-1 CERTIFICATION

Pursuant to Local Rule 7-1(a)(1), the undersigned counsel certifies that the parties made a good faith effort through telephonic (between attorney Anthony Paronich for Plaintiff and Ryan Watstein for Defendant) and follow-up electronic mail correspondence to resolve the dispute presented by this motion and have been unable to do so. Defendant declined to stipulate to a dismissal with prejudice unless Plaintiff agreed to the additional relief outlined in this brief. Plaintiff was unwilling to agree to those terms, and the parties accordingly remain at an impasse.

Date: May 15, 2026

> */s/ Andrew Roman Perrong*
> Andrew Roman Perrong

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Mot. Volun. Dismiss

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong

## CERTIFICATE OF PAGE COUNT

This brief complies with the applicable page-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains exactly 8 pages, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

Dated: May 15, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.

Mot. Volun. Dismiss