Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
Telephone: 215-225-5529

Attorney for Plaintiff and the Proposed Class

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**EUGENE DIVISION**

| | | |
|---|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated, | : : : : | CIVIL ACTION FILE NO. **6:25-cv-1869** |
| Plaintiff, | : : | **PLAINTIFF'S OPPOSED MOTION TO VOLUNTARILY** |
| v. | : : : | **DISMISS WITH PREJUDICE, FOR EXTENSION OF TIME, AND TO STAY DISCOVERY** |
| FREEWAY INSURANCE SERVICES OF AMERICA, LLC, | : : | TCPA (47 U.S.C. § 227) |
| Defendant. | : : | DEMAND FOR JURY TRIAL |

## <u>MOTION</u>

Plaintiff Chet Michael Wilson has determined that he no longer wishes to pursue this action and respectfully brings his motion, pursuant to Federal Rule of Civil Procedure 41(a)(2), for an order dismissing this case *with prejudice* as to his individual claims, and *without prejudice* as to the claims of the putative, uncertified class. Plaintiff first sought this relief on May 15, 2026, but withdrew the motion that same day so the parties could meet and confer further. Defendant filed its own Fed. R. Civ. P. 23 Motion to Deny Class Certification (ECF No. 19), the following day, May 16, 2026. The parties most recently met and conferred on May 28, 2026, but were unable to reach agreement. Plaintiff therefore renews this motion and respectfully requests

Mot. Volun. Dismiss                    1

that this Court extend the time to oppose that motion (ECF 19) and to stay discovery while this motion is decided.

Plaintiff offered Defendant a stipulation under Rule 41(a)(1)(A)(ii) that would have accomplished precisely this result without burdening the Court. Defendant refused to sign the stipulation unless Plaintiff agreed to a series of additional concessions to which Defendant has no legal entitlement, including the payment of Defendant's attorneys' fees and agreeing to dismissal of all other litigation in which Mr. Wilson is involved. Defendant's refusal leaves Plaintiff with no alternative but to seek the requested relief by motion.

The Court should grant this motion. Under clear Ninth Circuit authority, a Rule 41(a)(2) motion should be granted unless the defendant demonstrates "plain legal prejudice." *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1280 (9th Cir. 2023). That standard is particularly difficult for a defendant to meet where, as here, the plaintiff seeks dismissal *with prejudice*. Defendant cannot identify any cognizable legal prejudice from a result that gives it the full benefit of *res judicata*. The conditions Defendant has demanded as the price of its consent are not proper terms under Rule 41(a)(2).

In connection with this motion, Plaintiff further requests that the Court (1) stay all discovery pending its decision on this motion, and (2) defer briefing on Defendant's Motion to Deny Class Certification (ECF No. 19) until fourteen days after entry of any order denying this motion, in the event it is denied. Both requests are addressed below.

## BRIEF IN SUPPORT

### BACKGROUND

Plaintiff filed this putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, against Defendant Freeway Insurance Services of America, LLC. The case is in a

Mot. Volun. Dismiss                    2

relatively early posture. Fact discovery has not closed, the deadline for moving for class certification has not run, and the deadline for filing dispositive motions has not run.

On May 15, 2026, undersigned counsel circulated to defense counsel a proposed stipulation of dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Defense counsel responded by inquiring whether Plaintiff would (1) dismiss all Wilson cases beyond this litigation, and (2) concede that Plaintiff is inadequate to serve as a class representative. Plaintiff declined both demands. Defense counsel then asked whether Plaintiff would agree to pay Defendant's attorneys' fees and expenses, including fees Defendant had incurred preparing the then-unfiled motion to deny class certification. Plaintiff again declined.

Plaintiff initially moved for voluntary dismissal under Rule 41(a)(2) on May 15, 2026, but withdrew that motion the same day because the parties wished to continue their meet and confer efforts. On May 16, 2026, the day after Plaintiff had made clear he wished to end this case with prejudice, Defendant filed its Fed. R. Civ. P. 23 Motion to Deny Class Certification. ECF No. 19. The parties conferred again on May 28, 2026 in detail regarding the instant motion. Defendant declined to stipulate to dismissal and took the position that the Court should instead resolve its certification motion first, for two stated reasons: (1) that doing so would be a better use of judicial resources in light of other cases involving Mr. Wilson pending in this District, and (2) that Defendant wished to expose what Mr. Watstein characterized as "shenanigans" (his words) involving Mr. Wilson and Andrew Heidarpour. The parties remain at an impasse, and Plaintiff renews his motion.

## LEGAL STANDARD

Because Defendant has answered the complaint, voluntary dismissal is available only by court order under Federal Rule of Civil Procedure 41(a)(2). *Concha v. London*, 62 F.3d 1493,

1506 (9th Cir. 1995). Rule 41(a)(2) provides that, absent stipulation, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The decision to grant a Rule 41(a)(2) motion is committed to the district court's sound discretion. *Kamal*, 88 F.4th at 1275. The Ninth Circuit has held that "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

"Legal prejudice" is a term of art meaning "prejudice to some legal interest, some legal claim, some legal argument." *Kamal*, 88 F.4th at 1280. The Ninth Circuit has identified a discrete set of circumstances that may constitute legal prejudice, principally where dismissal would result in "the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense." *Id.* at 1282–83. The Ninth Circuit has been equally clear about what is *not* legal prejudice: "the mere inconvenience of defending another lawsuit," "the prospect of a second lawsuit," the fact that "plaintiff merely gains some tactical advantage," or "uncertainty because a dispute remains unresolved." *Id.* at 1285-86, 1280 (cleaned up). Critically here, the Ninth Circuit has "explicitly stated that the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Id.* at 1282.

Where, as here, the plaintiff seeks dismissal *with prejudice*, a finding of legal prejudice is exceedingly unlikely. Such a dismissal *itself defeats* any claim of legal prejudice: "That the district court here dismissed, with prejudice, the federal claims so they cannot be reasserted in another federal suit *only strengthens our conclusion* that the dismissal caused no legal prejudice and was not an abuse of discretion." *Smith*, 263 F.3d at 976 (emphasis added). When a plaintiff

Mot. Volun. Dismiss                                    4

voluntarily dismisses his claims on the merits, the defendant receives precisely what it would be entitled to after a successful defense and gets it without the cost or risk of further litigation.

ARGUMENT

## A.    Defendant Cannot Demonstrate Plain Legal Prejudice from a Dismissal *With Prejudice.*

Plaintiff seeks dismissal *with prejudice*, which fully and finally extinguishes his individual claims against Defendant. None of the recognized categories of plain legal prejudice is implicated. There is no loss of a federal forum, since the Plaintiff is extinguishing his claims permanently. There is no loss of a jury trial right, since the case has ended. Defendant also retains any defense it ever had under any applicable statute of limitations because it will never need to raise any of them and because there will be no further litigation between these parties on these claims. The Ninth Circuit could not have been clearer that this result "only strengthens [the] conclusion that the dismissal caused no legal prejudice." *Smith*, 263 F.3d at 976.

Defendant's only claims of "prejudice" are precisely those the Ninth Circuit has repeatedly held are *not* legally cognizable prejudice: the time and resources Defendant has spent defending the action and preparing a preemptive motion to deny class certification on its own volition, which it elected to file after the first version of this Motion was filed. *Kamal*, 88 F.4th at 1280. And those resources have, in any event, been modest. Discovery has not closed, no class certification or dispositive motion has been filed by the Plaintiff, and only the aforementioned motion filed by Defendant is pending. With dismissal *with prejudice*, Defendant is permanently freed of Plaintiff's individual claims. Because no class has been certified, dismissal of the named Plaintiff's individual claims with prejudice does not bind absent putative class members, whose claims should be dismissed without prejudice. *See Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d

Mot. Volun. Dismiss                    5

1401, 1407 (9th Cir. 1989) (holding that the proper remedy for a voluntary dismissal before certification is dismissal *without* prejudice of the class claims).

To the extent Defendant suggests that Plaintiff is seeking dismissal to evade an adverse ruling, the suggestion is unsupported. At the time Plaintiff first sought to end this case, no motion of any kind was pending, and Defendant filed its motion to deny class certification only afterward. Defendant's preemptive motion to deny class certification, filed before the time for seeking certification has run, would be properly denied. A court "may strike class allegations at the pleading stage but abuses its discretion if it does so prematurely." *Granados v. OnPoint Cmty. Credit Union*, No. 3:21-CV-847-SI, 2023 WL 3570039, at *2 (D. Or. May 18, 2023) (Simon, J.) (citing *Davidson v. O'Reilly Auto Enters.*, 968 F.3d 955, 963 (9th Cir. 2020)).

In *Updike v. Clackamas Cnty.*, in which the County attempted to affirmatively seek to deny class certification at the Rule 12(b)(6) stage based on a purported inability to meet Rule 23's requirements, Judge Simon remarked that "district courts have held that even when a plaintiff's class allegations appear suspicious at the pleading stage, a plaintiff should at least have an opportunity to make the case for class certification following appropriate discovery." No. 3:15-CV-00723-SI, 2015 WL 7722410, at *11 (D. Or. Nov. 30, 2015). Put differently, "[d]istrict courts, however, have greater discretion to certify a class than to deny certification." *McKenzie L. Firm, P.A. v. Ruby Receptionists, Inc.*, No. 3:18-CV-1921-SI, 2020 WL 1970812, at *1 (D. Or. Apr. 24, 2020) (Simon, J.) (citing *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 956 (9th Cir. 2013)).

Defendant has not filed a motion for summary judgment, or any other dispositive motion other than its pending one to deny certification. The deadline for such motions has not run. Plaintiff seeks the ordinary, lawful exercise of a plaintiff's prerogative to discontinue litigation

he no longer wishes to pursue. In any event, Plaintiff is *not* seeking to refile, in this forum or any other. He seeks dismissal *with prejudice*, the most adverse merits posture a plaintiff can voluntarily accept. That is the antithesis of forum shopping, and it is the very factor the Ninth Circuit identified in *Smith* as foreclosing a defendant's prejudice argument. 263 F.3d at 976.

### B.    The Conditions Defendant Seeks Are Not Proper Terms Under Rule 41(a)(2).

Defendant has conditioned its consent to a stipulated dismissal on three demands. None is a proper term of dismissal under Rule 41(a)(2). Defendant first asked whether Plaintiff would dismiss all Wilson cases, i.e., other, unrelated litigation in which Plaintiff is involved, and in which Defendant's counsel has not appeared. Rule 41(a)(2) authorizes the Court to impose "terms" concerning the dismissal of *this* action. It does not authorize the Court to dispose of unrelated cases involving different defendants, different defense counsel, different facts, and different claims. Defendant cites no authority, and Plaintiff is aware of none, suggesting that a court may condition a Rule 41(a)(2) dismissal on the surrender of claims that are not before it, let alone those involving different Defendants and counsel for Defendants.

Defendant next demanded that Plaintiff concede he is inadequate to serve as a class representative. That is not a term of *dismissal*. It is a request for a factual stipulation on a merits issue. Rule 41(a)(2) does not empower the Court to compel a plaintiff to make substantive concessions on contested claims and disputed issues as the price of walking away from a lawsuit.

Finally, Defendant asked Plaintiff to pay its attorneys' fees and expenses, including those incurred in preparing the motion to deny class certification that Defendant elected to prepare and file on its own prerogative. The Ninth Circuit's rule is clear. "[T]he expense incurred in defending against a lawsuit does not amount to legal prejudice." *Kamal*, 88 F.4th at 1282 (9th Cir. 2023) (citing *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)); *see*

Mot. Volun. Dismiss                7

*also Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145-46 (9th Cir. 1982) (rejecting argument that the plaintiff's claims should have been dismissed with prejudice because defendant "had begun trial preparations" and "was put to significant expense in preparing and filing its pleadings"). Dismissal with prejudice gives Defendant the complete benefit of *res judicata*, minimizing any prejudice. The TCPA, for its part, has no fee shifting regime in favor of even prevailing defendants, and Defendant has identified no contractual, statutory, or equitable basis for a fee award here.

Even under the more permissive framework that governs conditional fee awards in the *without*-prejudice context, Defendant's request would fail. The Ninth Circuit has instructed that any such award "should only be awarded [for] work which cannot be used in any future litigation" of the claims. *Westlands*, 100 F.3d at 97. Because dismissal here will be *with prejudice*, there will be no future litigation of these claims at all, rendering the *Westlands* reusability principle inapplicable on its own terms. The nature of the fees Defendant seeks further shows why an award of fees is inappropriate. Defendant asks for the costs of a motion it prepared of its own accord and filed after the Plaintiff submitted his first motion under the stated purpose of meeting and conferring. No sort of exceptional circumstances are present here. This is a single TCPA action that Plaintiff has elected to discontinue.

### C.   Defendant's Motion to Deny Class Certification Provides No Basis to Withhold the Requested Dismissal.

One day after Plaintiff first sought to end this case and withdrew that motion on the basis that Defendant claimed that further meet and confer correspondences were necessary, Defendant filed a lengthy Motion to Deny Class Certification. ECF No. 19. That motion supplies no reason to deny the relief Plaintiff requests here. If anything, it confirms why dismissal is the most efficient path. A dismissal of Plaintiff's individual claims *with prejudice*, and of the putative

Mot. Volun. Dismiss                          8

class claims *without prejudice*, will moot the certification dispute entirely. There will be no class to certify or to refuse to certify, and no occasion for the Court to wade into the lengthy, and disputed, factual accusations Defendant has assembled.

Defendant nevertheless urged at the Parties' May 28, 2026 Local Rule 7-1 conference as to this motion that the Court should resolve its certification motion first, for two reasons. First, it contends that doing so would be a better use of judicial resources in light of other cases involving Mr. Wilson in this District, and, second, that Defendant wishes to expose what Mr. Watstein called "shenanigans" allegedly involving Mr. Wilson and Andrew Heidarpour. Neither justifies keeping alive a case the Plaintiff has asked to end with prejudice. The other cases are not immediately before this Court, involve different defendants, different defense counsel, and different facts, and Defendant's counsel does not represent the defendants in them. This Court's resources are conserved, not expended, by dismissing the only case actually before it. And a defendant's wish to air generalized grievances against a plaintiff and his counsel in other lawsuits is not a cognizable interest under Rule 41(a)(2), to say nothing of an argument it lacks Article III standing to assert. *Lance v. Coffman*, 549 U.S. 437, 439 (2007) ("Our refusal to serve as a forum for generalized grievances has a lengthy pedigree."). It is the antithesis of the "plain legal prejudice" the Rule requires. *See Kamal*, 88 F.4th at 1280, 1285-86 (holding that loss of *res judicata* defense of fraud claims *involving the defendant* did not amount to legal prejudice).

Because the certification motion need not be reached, Plaintiff addresses it only briefly here and reserves full argument for his response, should one become necessary. Three points suffice for now.

*First*, Defendant's character attacks based on Plaintiff's online commentary do not render him *per se* inadequate under Rule 23(a)(4). To be clear, Plaintiff's counsel neither condones nor

Mot. Volun. Dismiss                                    9

asks the Court to condone the rhetoric Defendant identifies. But Defendant's presentation takes much of that commentary out of context, and the adequacy inquiry is not a referendum on a proposed class representative's unrelated speech. Nor is the adequacy inquiry a referendum on a class representative's character. "[P]ersonal shortcomings not directly indicative of honesty" do not impact credibility because the class credibility analysis "is not an examination into the representatives' moral righteousness but instead relates to any improper or questionable conduct arising out of or touching up on [sic] the very prosecution of the lawsuit." *Curry v. Kraft Foods Glob., Inc.*, No. 10 C 1288, 2011 WL 4036129, at *4 (N.D. Ill. Sept. 12, 2011) (cleaned up) (quoting *Gooch v. Life Investors Ins. Co. of Am.*, 264 F.R.D. 340, 349 (M.D. Tenn. 2009)).

Courts must not "derail legitimate class actions by conjuring up trivial credibility problems." *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 728 (7th Cir. 2011). A credibility attack defeats adequacy only on "admissible evidence so severely undermining plaintiff's credibility that a fact finder might reasonably focus on plaintiff's credibility, to the detriment of the absent class members' claims." *Id.* "Character attacks made by opponents to a class certification motion" have "generally not been sympathetically received" unless there is "a showing of a conflict of interest." *Meyer v. Portfolio Recovery Assocs., LLC*, No. 11CV1008 AJB RBB, 2011 WL 11712610, at *4 (S.D. Cal. Sept. 14, 2011) (quoting *In re Computer Memories Sec. Litig.*, 111 F.R.D. 675, 682 (N.D. Cal. 1986)). Defendant identifies no litigation decision Plaintiff made that disadvantaged or will disadvantage any absent class member, no conflict between his TCPA claim and theirs, and no class member whose claim would be released or devalued because of his online speech. The common injury that defines the proposed class is their receipt of unlawful telemarketing, not Plaintiff's position on matters such as reparations, Israel's foreign relations, and parental involvement in a transitioning child's life.

Mot. Volun. Dismiss                    10

Defendant's request is, in substance, that the Court conduct an ideological audit of a proposed representative's unrelated internet commentary and geopolitical beliefs and infer permanent antagonism toward unknown absent class members from decontextualized and sensationalized excerpts. The statements, as inappropriate as they may be, do not demonstrate there is a conflict with Plaintiff's ability to represent the class.

*In re Polaroid ERISA Litigation* is directly on point and should frame the analysis here. There, the defendant argued that a class representative was inadequate because he had made offensive statements about minorities, women, and Jews in an internet chat room and that he allegedly destroyed those documents several days before his deposition. 240 F.R.D. 65, 77 (S.D.N.Y. 2006). The court agreed the remarks were "repugnant" and "bigoted," but held the representative adequate because there was no evidence he had ever discriminated against those groups in his actual dealings and because his interests remained "aligned with the other members of the class in seeking to maximize recovery." *Id.* Other courts have reached similar results when considering offensive social media activity, recognizing that "[d]isqualification is not triggered by general moral shortcomings." *Gaertner v. Commemorative Brands, Inc.*, No. 23-CV-02452-SPM, 2026 WL 248292, at *12 (S.D. Ill. Jan. 30, 2026) (social media post about a consanguineous relationship was insufficient).

Should the Court order a response on the Defendant's motion, the Plaintiff will make an appropriate declaration affirming his commitment to adequately representing all members of the putative class, including persons of color, Jewish persons, and LGBT individuals. But Defendant's arguments about Plaintiff's statements are not evidence of a Rule 23 conflict. They do not demonstrate a conflict of interest. It is character assassination. And it is precisely the type of character attack insufficient to render a named representative inadequate.

Mot. Volun. Dismiss                    11

*Second*, Defendant's accusations concerning the Heidarpour Law Firm are speculation stacked on speculation and amount to a generalized grievance as to how the Heidarpour Law Firm is perceived to originate some of its cases. Defendant connects none of its false fraudulent client scheme narrative to *this* case with admissible evidence. It strings together inferences about unrelated parties and unrelated litigation and asks the Court to assume the worst. But even if some of the Heidarpour Law Firm's other clients provided inaccurate information to their counsel about their claims, an issue that many law firms deal with, that doesn't mean that any case originated by that law firm is illegitimate, to say nothing of affirmatively denying certification on this basis.  That is no basis to deny Rule 41 relief, no basis to deny class certification, and it will not withstand scrutiny on the merits, should the issues ever get there.

*Third*, the alleged "shenanigans" Attorney Watstein improperly attributes to Mr. Wilson and Attorney Heidarpour are readily dispatched. Defendant attaches Plaintiff's deposition from *Wilson v. Skopos Financial, LLC*, No. 6:25-cv-00376-MC (D. Or.), but omits another deposition *in that very same action*, attached herein as Exhibit A, where the defendant there deposed a witness who testified that he entered Mr. Wilson's telephone number online because he believed it was not "a real phone number," a number he assumed "nobody had," did so specifically to *avoid* being contacted by telephone, and that he "didn't realize" the number actually belonged to Mr. Wilson. That is the ordinary, innocent explanation Occam's razor supplies, and it applies equally in this case. At most, the record supports an ordinary, non-fraudulent explanation.

Third parties sometimes enter numbers they do not have or believe to be fictitious or unreachable to avoid receiving telemarketing calls. It is entirely possible that someone entered Mr. Wilson's number on the third-party website here, attempting to *avoid* calls from Freeway and assuming that the number was fictitious, as did the individual in *Skopos*. If Ms. Plagemann

Mot. Volun. Dismiss                              12

submitted anything at all, she likely did the same thing instead of somehow conspiring with Mr. Wilson or Attorney Heidarpour. No conspiracy is needed to explain how Plaintiff's number reached a third party's website in this instance.

For all these reasons, the pending certification motion is no obstacle to dismissal and need not be decided. Should the Court nevertheless be inclined to take it up, Plaintiff respectfully requests the opportunity to respond in full within fourteen days of an order denying this motion.

### D.    The Court Should Stay Discovery Pending Resolution of This Motion.

The Court should stay all discovery until it rules on this motion. A district court has broad discretion to control the timing and sequence of discovery and to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see also* Fed. R. Civ. P. 26(d). Where, as here, a pending motion may dispose of the entire case, a stay avoids the waste of litigating burdensome discovery that the dismissal would moot.

The discovery Defendant has served makes the point. Defendant has noticed Plaintiff's deposition, served discovery seeking, among other things, the identities of everyone with access to Mr. Wilson's iCloud account, and a complete accounting of his settlements, demanded a forensic inspection of every internet connected device Plaintiff used over a certain period, and served third party subpoenas, including on the Heidarpour Law Firm (seeking attorney-client materials) and on Apple (seeking records of attorney access to Plaintiff's account). This is extraordinarily invasive, privilege-laden discovery, much of it directed at Defendant's unproven fraud theory. It will generate precisely the kind of motion practice over privilege, scope, and proportionality that consumes party and judicial resources, all in a case the Plaintiff has asked to dismiss with prejudice. A brief stay pending this motion is the sensible course.

Mot. Volun. Dismiss                              13

### E.    The Court Should Defer Briefing on the Motion to Deny Class Certification.

For the same reasons, the Court should defer Plaintiff's response on Defendant's Motion to Deny Class Certification (ECF No. 19) until after it resolves this motion. If the Court grants dismissal, the certification motion is moot and no briefing is necessary. Plaintiff therefore requests that any response to ECF No. 19 be due no earlier than fourteen days after entry of an order denying this motion, should the Court deny it. This sequencing imposes no prejudice on Defendant while sparing the parties and the Court the burden of litigating certification in a case that may not survive this pending motion.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order dismissing this action *with prejudice* as to Plaintiff's individual claims, *without prejudice* as to the claims of the putative class, and *without* any award of attorneys' fees, costs, or other conditions to Defendant. Plaintiff further requests that the Court stay all discovery pending its decision on this motion and defer briefing on Defendant's Motion to Deny Class Certification (ECF No. 19) until fourteen days after entry of any order denying this motion, in the event it does so.

RESPECTFULLY SUBMITTED AND DATED this 1st day of June, 2026.

> */s/ Andrew Roman Perrong*
> Andrew Roman Perrong, Esq.
> OSB No. 243320
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, PA 19038
> Telephone: 215-225-5529
> a@perronglaw.com
>
> Lead Attorney for Plaintiff and the Proposed Class

Mot. Volun. Dismiss                    14

**LOCAL RULE 7-1 CERTIFICATION**

Pursuant to Local Rule 7-1(a)(1), the undersigned certifies that the parties made a good faith effort, through electronic conferences and follow-up electronic mail correspondence, including an audioconference on May 28, 2026 (between attorney Andrew Perrong for Plaintiff and Ryan Watstein, Timothy Fransen, and James Ruley for Defendant), to resolve the disputes presented by this motion and have been unable to do so. The parties also conferred regarding the requests to stay discovery and to defer briefing on Defendant's Motion to Deny Class Certification, and were unable to reach agreement. The parties accordingly remain at an impasse.

Date: June 1, 2026

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong

Mot. Volun. Dismiss                 15

**CERTIFICATE OF PAGE COUNT**

This brief complies with the applicable page-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains exactly 14 pages, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

Dated: June 1, 2026

> /s/ Andrew Roman Perrong
> Andrew Roman Perrong, Esq.