**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**EUGENE DIVISION**

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>FREEWAY INSURANCE SERVICES OF AMERICA, LLC,<br><br>     Defendant. | Case No. 6:25–cv–1869–MC<br><br>**DECLARATION OF RYAN D. WATSTEIN IN SUPPORT OF DEFENDANT FREEWAY INSURANCE SERVICES OF AMERICA, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS** |

**DECLARATION OF RYAN D. WATSTEIN**

1.     My name is Ryan D. Watstein. I am an attorney and co-founder of Watstein Terepka, LLP, an approximately 25-lawyer firm based at 75 14th Street NE, Suite 2600, Atlanta, Georgia 30309. I am over the age of 18, of sound mind, and competent to make this Declaration. I make this Declaration based on my personal knowledge.

2.     I am counsel of record for Defendant Freeway Insurance Services of America, LLC ("Freeway") in this action. Based on my active participation and supervision of all material aspects of the defense of this action and others, I have personal knowledge of the matters set forth herein.

3.     I submit this declaration in support of Freeway's response in opposition to Plaintiff's Motion to Voluntarily Dismiss with Prejudice, for Extension of Time, and to Stay Discovery, ECF No. 20.

4.     On May 20, 2026, Freeway served third-party subpoenas on the Heidarpour Law Firm and on Apple, Inc., seeking records relating to how Plaintiff's claims are identified, referred, and monetized, and records bearing on who submitted the contact request form at issue. Thereafter, on June 1, 2026, Plaintiff renewed his motion to dismiss his own claims with prejudice—the same

motion he'd withdrawn weeks earlier after I pointed out that it misstated Freeway's position and that he had failed to adequately confer before filing the motion.

5. Since Freeway filed its Motion to Deny Class Certification on May 16, 2026, Plaintiff has dismissed or settled seven of his pending cases, despite vigorously litigating several of them prior to Freeway's Motion:

    a. *Wilson v. Staples, Inc.*, No. 1:26-cv-11489 (D. Mass.): on May 19, 2026, the defendant filed a motion for extension of time to file its answer pending settlement (Dkt. No. 8), and Plaintiff subsequently filed a Notice of Voluntary Dismissal (Dkt. No. 10).

    b. *Wilson v. Mortg. One, Inc.*, No. 3:25-cv-03648 (S.D. Cal.): Plaintiff filed a Notice of Voluntary Dismissal on May 20, 2026 (Dkt. No. 16), despite having recently defended his claims against a Rule 12(b)(6) motion (Dkt. Nos. 11, 12, 13).

    c. *Wilson v. Dealmed Med. Supplies, LLC*, No. 1:26-cv-9 (E.D.N.Y.): Plaintiff filed a Notice of Voluntary Dismissal on May 20, 2026 (Dkt. No. 22), despite having recently defended his claims against a Rule 12(b)(6) motion (Dkt. Nos. 15, 18).

    d. *Wilson v. Yakima Valley Farm Workers Clinic,* No. 1:26-cv-3003 (E.D. Wash.): Plaintiff filed a Stipulation of Dismissal with Prejudice on May 22, 2026 (Dkt. No. 15).

    e. *Wilson v. AMS Moving Inc.*, No. 9:26-cv-80334 (S.D. Fla.): Plaintiff filed a Notice of Settlement on May 26, 2026 (Dkt. No. 10).

    f. *Wilson v. Easy Spirit, LLC*, No. 3:25-cv-112 (D. Conn.): Plaintiff filed a Stipulation of Dismissal with Prejudice on May 26, 2026 (Dkt. No. 99).

    g. *Wilson v. Vozzcom, Inc.*, No. 0:25-cv-61793 (S.D. Fla.): Plaintiff filed a Notice of Settlement on June 12, 2026 (Dkt. No. 43).

6. Many others, however, remain pending.

7. The Heidarpour Law Firm has originated supposed TCPA class actions against Freeway's affiliates before. One such case was *Johnson v. Medigap Life*, No. 22-cv-81427 (S.D. Fla.). After defense counsel moved to compel arbitration and put forward evidence that the underlying claim had been manufactured, the plaintiff moved to dismiss the case with prejudice,

under threat of sanctions, but only after the defendant incurred substantial expense. *See Johnson v. Medigap Life*, No. 22-cv-81427 (S.D. Fla.), Dkt. Nos. 34 & exhibits, 44.

8. After Freeway served discovery seeking the fee terms and recovery figures across Plaintiff's other settlements, the Heidarpour Law Firm hired an AmLaw100 white collar criminal defense team at Milbank, which refused to produce that information. It characterized the request as a "fishing expedition" and asserted that what the Heidarpour Law Firm "recovered in unrelated settlements" has "no bearing" on this case. The Heidarpour Law Firm also tried to intimidate Freeway with several threats to seek sanctions.

9. A true and correct copy of the relevant email exchange is attached hereto as **Exhibit A**.

10. A similar pattern recently played out in another matter my firm is handling. In *Bronstin v. Southern California Edison Co.*, No. 8:25-cv-2334 (C.D. Cal.), my firm represents the defendant against another serial TCPA plaintiff, Andrew Bronstin, who is represented by Andrew Perrong—the same counsel who represents Plaintiff Wilson here. On June 11, 2026, my colleague Nathaniel Haas advised Mr. Perrong via email that the defendant intended to move for summary judgment and to deny class certification, that it had served discovery directed at whether Mr. Bronstin or someone on his behalf was manufacturing claims, and that it was serving a subpoena that day on the Heidarpour Law Firm.

11. Mr. Perrong responded the same day. He represented that Mr. Bronstin had never interacted with the Heidarpour Law Firm, had not been represented by it, and was unaware of its existence, and he demanded that the subpoena be withdrawn. Yet in that same email, he offered a dismissal of the Bronstin litigation with prejudice, and stated that, if the defendant would not accept that resolution, he would pursue a motion for voluntary dismissal of the case. As in this

case, the offer to dismiss with prejudice followed within hours of discovery and a subpoena to the Heidarpour Law Firm aimed at how the plaintiffs' hundreds of TCPA claims were originated, who profited from them, and to the tune of how much.

12.    A true and correct copy of that email and the resulting exchange is attached hereto as **Exhibit B**.

13.    After Freeway served its subpoena, the Heidarpour Law Firm did not stand on a blanket privilege objection and decline to produce. Instead, on June 11, 2026, it produced a narrow set of materials that it evidently regards as favorable, while withholding or redacting without basis the records that would show how this operation functions and what it earns—including the settlement terms, fee splits, and recovery and origination records across Mr. Wilson's other matters. Among the documents it did produce, the Heidarpour Law Firm redacted the provisions of Mr. Wilson's fee agreement that would reveal the economics of the arrangement, and it applied those redactions unilaterally, without any stated basis beyond its own assertion of relevance.

14.    Notwithstanding the cherry-picked, scant production, the unredacted portion of the engagement letter confirms one of the points Freeway raised in its motion to deny certification: the Heidarpour Law Firm purported to sign Wilson in perpetuity, stating that he "hereby retains HLF to represent them for any and all claims regarding [the] Telephone Consumer Protection Act[.]" It also purports to grant HLF "power of attorney" to settle on Wilson's behalf, and to execute settlement documents and handle deposits and checks on his behalf. And despite being labeled a "CONTINGENT FEE AGREEMENT," it provides that, upon termination of the agreement, Wilson must reimburse HLF for all costs incurred on any outstanding claims. These are extraordinary provisions in any engagement agreement, but particularly for the supposed

representative of a class, who has a duty to police class counsel. I have defended more than a thousand TCPA cases and have never seen anything like it.

15. The Heidarpour Law Firm has marked its production "Confidential" and "Highly Confidential." There is no protective order in this case. Out of an abundance of caution, however, and to give the Heidarpour Law Firm the opportunity to propose such an order if it wants, Freeway has not attached the production to this declaration.

16. Plaintiff responded to Freeway's first set of discovery requests at 11:29 p.m. ET on June 15, 2026.

17. True and correct copies of the following are attached hereto as **Exhibit C**:

   a. Plaintiff's Response to Freeway's First Request for Inspection;

   b. Plaintiff's Responses to Freeway's First Set of Requests for Production of Documents; and

   c. Plaintiff's Responses to Freeway's First Set of Interrogatories.

18. Plaintiff's responses were minimal, but they confirm that Plaintiff has never obtained certification in any of the putative class actions he has filed. They also refuse to answer how many times Plaintiff has used the threat of a class action to obtain an individual settlement —a practice that, based on my firm's experience, is frequent: as set forth in my prior declaration, my firm's clients alone have received roughly a dozen Wilson class action demands that have not matured into filed suits. *See* ECF No. 19-1 ¶ 34.

19. Plaintiff also refused Freeway's reasonable request for a device inspection.

20. Plaintiff refused to provide any substantive discovery responses to requests seeking information or documents regarding the Heidarpour Law Firm.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 15, 2026 in Atlanta, Georgia.

/s/ Ryan D. Watstein
Ryan D. Watstein

# EXHIBIT A

**From:** **Ryan Watstein** Ryan@wtlaw.com
**Subject:** Re: Heidarpour Law Firm R&Os to Freeway's Subpoena (6:25-cv-01869-MC)
**Date:** June 15, 2026 at 10:22 AM
**To:** Farag, Peter pfarag@milbank.com, James Ruley jruley@wtlaw.com, Jennipher Borey jborey@wtlaw.com
**Cc:** Laroche, Matthew MLaroche@milbank.com, Rebecca Rhym rrhym@wtlaw.com



Peter,

One more thing: you criticized our "firm's efforts to serve [HLF] with yet another subpoena in a case HLF had nothing to do with." In that separate email, you even threaten to pursue sanctions yet again.

Did you know that Bronstin's phone records show calls with HLF right before some of the calls that Bronstin has sued about? Also, did you know that the day after we served the HLF subpoena in the Bronstin case, Bronstin reached out to us to dismiss his own "class action" case with prejudice, out of the blue? Do you contend that HLF has no relationship with Bronstin, or are we correct that your wording about the Bronstin was careful and intentional?

Again, every single one of your positions is flatly contradicted by facts. I understand you are just doing your job by representing HLF, and we do not fault you for that— but to not attempt to mischaracterize or mislead us again, and stop threatening us.

Best,
-Ryan

**Ryan D. Watstein ([bio](#))**
WATSTEIN TEREPKA LLP
P: 404-782-0695
[ryan@wtlaw.com](#)
[www.wtlaw.com](#)

---

**From:** Ryan Watstein <Ryan@wtlaw.com>
**Date:** Sunday, June 14, 2026 at 10:36 PM
**To:** Farag, Peter <pfarag@milbank.com>; James Ruley <jruley@wtlaw.com>; Jennipher Borey <jborey@wtlaw.com>
**Cc:** Laroche, Matthew <MLaroche@milbank.com>; Rebecca Rhym <rrhym@wtlaw.com>
**Subject:** Re: Heidarpour Law Firm R&Os to Freeway's Subpoena (6:25-cv-01869-MC)

Hello Peter,

As I mentioned in our other email exchange, I have been in trial prep all weekend and am just now catching up on Friday emails.

As to your comment about me mischaracterizing our call, I'm not sure what you are referring to. My email below isn't about our call. The facts I recited from our call are non-controversial: (a) you said you would produce the engagement letter and some other documents, (b) you did not say the engagement letter would be redacted, (c)

you asked for a standstill on next week's deposition, and (d) I said we would review your production and would agree to a standstill if, depending on what you produced, doing so wouldn't prejudice our client. **What about this is inaccurate?**

Your email, on the other hand, is going to change our relationship, because it confirms I cannot trust you—and before this email, I thought we had a good rapport. Also, I am very busy and dislike having to do blow-by-blow rebuttals by email on a weekend while preparing for trial. But given the seemingly intentional inaccuracies below, pls see your comments (in black) and my responses (in red) here:

> To recap what we discussed, we told you our production would address the timing of when HLF first became involved with Mr. Wilson because you were accusing our client of manufacturing a claim on Mr. Wilson's behalf. Our production answered that question. The text messages and engagement letter show that HLF had no relationship with Mr. Wilson until well after the messages alleged in the complaint, which is dispositive of any suggestion that HLF had anything to do with how the number entered Freeway's system. That is the point you said you cared about, and the production resolves it. The fee arrangement is irrelevant to that question.

> There are several problems with this text. The most glaring is your statement that whether "HLF had anything to do with how the number entered Freeway's system" is "the point [I] said [I] cared about." You know that is not true. I emphasized, repeatedly, what you would know if you carefully read our motion: it is about a scheme where an undisclosed law firm, HLF, gets a client with legit claims by advertising and locks them in as a perpetual revenue stream for TCPA claims. (The engagement letter you produced is consistent with that, noting that client retains "HLF to represent them *for any and all* claims regarding" the "TCPA" and "FDCPA.") HLF then farms out hundreds of claims for that perpetual revenue stream to litigation counsel, which HLF, the plaintiffs, and litigation counsel file as "class actions" to extort companies into better-than-the-statute damages. HLF and its outside firms leave the class with nothing and their "clients" (like Chet Wilson) with next to nothing—a 90/10 or so contingency percentage that certainly violates applicable ethics rules. All while failing to disclose HLF's involvement and financial interest to dozens of federal courts across the country. That is an abuse of the class action mechanism. *That* abuse is our core adequacy challenge and *that* is why your production is so useless to us, particularly given its redaction of the "fee agreement" portion of the "contingent fee agreement" you produced.

> Another point we make in our motion is that, once it has a client locked in, HLF also manufactures claims (either itself or in coordination with its perpetual revenue streams like Chet Wilson) by filling out lead forms and inputting their number. HLF generally only does this with people like Chet Wilson, who have strange numbers (like Wilson's 999-9999 number) such that it will be much easier to believe they have hundreds of TCPA claims, without raising too many eyebrows.

Our motion was never about fraud on Freeway, and you know that because I reiterated it to you, indicating that the timing you described was entirely consistent with what we have seen with every HLF client who we believed was bringing fraudulent claims. Of course, if Wilson worked with HLF to manufacture *other* claims, as is the typical HLF pattern, that is clearly relevant to his adequacy as a class representative (and counsel's adequacy, of course) regardless of whether they manufactured this exact claim here.

And all this is without even getting into the point that someone who would perpetrate this scheme would also likely fabricate documents.

In sum, the fee arrangement could not be more relevant to our motion, and your email both misstates my comments and our motion.

Nor does your motion for class certification seek this information; to the contrary, you argue that class certification should be denied without any further discovery.

I don't understand this comment. First, we didn't move for class certification. We did the opposite: we moved to deny class certification. Second, it's a motion, not a discovery request. Of course it doesn't seek information. The result of the motion is that, once granted, class discovery should not move forward. Only individual discovery would, though here that wouldn't happen either because Plaintiff moved to dismiss his own claim in response to our motion—generally a good indicator of merit. But none of this has anything to do with the subpoena to HLF, which we served *precisely* to gather information to bolster our pending motion and to oppose (in part) Plaintiff's counsel's motion to evade accountability for themselves and HLF. That Plaintiff's counsel is trying to pull this maneuver makes the HLF discovery more relevant and more needful, not less.

When you raised discovery about other cases, we told you, expressly, that we would not be producing information concerning other cases.  Your email now demands precisely that—the unredacted fee terms across 50+ other Wilson settlements and HLF's and Mr. Wilson's respective recoveries in those matters.  That information has no bearing on your pending motion, which turns on adequacy and predominance in this case, not on what HLF or anyone else recovered in unrelated settlements.  Demanding it only confirms what this has become—a fishing expedition.  A conclusion underscored by your firm's efforts to serve us with yet another subpoena in a case HLF had nothing to do with.

See above. The primary point of the motion is the sue-and-settle exertion scheme that HLF is running in coordination with Wilson and its outside counsel. That Plaintiff's counsel moved to dismiss their own case with prejudice to avoid accountability for that proves the merit of our position more than any other action possibly could. Calling our attempts to bolster the

scheme we describe in great detail and have experienced ourselves in hundreds of cases a "fishing expedition" is outlandish. As you conceded on our call, this is your first involvement with HLF. We, on the other hand, have literally thousands of hours of experience with HLF and the abusive cases it brings and profits immensely from.

You told us on our call that you would work with us on deadlines given what we were producing.  Instead, you sent the email below.  To be clear, if you are willing to proceed with the standstill we discussed, pending the Court's ruling on the pending motion to dismiss and confirming in writing that the deposition is deferred, we will continue to work with you in good faith on a reasonable schedule. If you are not, we will move to quash and to modify, and we will seek our fees and costs under Rule 45(d).  We will also be compelled to alert the Court to your firm's misuse of the discovery process and to the false allegations you continue to make about our client.  This would be a waste of the Court's and the parties' resources, particularly given the pending motion to dismiss this case.

If you are unwilling to provide us with an unredacted fee agreement or any additional information to support our positions on the two pending motions, then we are not agreeing to a standstill. Why would we do that? That would prejudice our client. If you are willing to work to provide us with information sufficient to support the pending motions, then we will absolutely work with you. The ball is in your court, and we are happy to discuss. Just let us know. To be clear, as we already have been: we don't necessarily need everything the subpoena asks for, but we cannot accept what is effectively nothing.

As to your threat of seeking fees and costs, we are not intimated by that. That would be frivolous.

We remain willing to discuss if it would be productive. But our client will not be pressured into portfolio-wide discovery, in this case or through the serial subpoenas your firm is now threatening, which appears designed to chill our client from pursuing meritorious litigation.

As I explained to you in detail, we have defended dozens of HLF claims that were voluntarily dismissed with prejudice under threat of sanctions. So many I've lost count. We describe some of them in great detail in our motion, but there are many, many others. Given that those cases are public record, this isn't legitimately in dispute. Anyways, I guess we have very different definitions of "meritorious litigation."

We also have now asked you twice to identify any specific evidence that HLF engaged in wrongdoing, and twice you have declined.  We ask again.  If you have it, share it, and we'll discuss it with our client.  If you do not, the repeated, hyperbolic allegations about our client should stop.

By this point in this email, I'm exhausted. I explained some of HLF's wrongdoing above. I explained to you numerous instances where we have sent him letters explaining why claims HLF was threatening lack any merit. He farmed them out to litigation counsel and they were filed as class actions anyway, at a cost of *millions* to our clients. Litigation counsel confirmed that HLF never even shared the letters we sent to HLF and then dismissed the cases with prejudice after we shared those same letters. We cited cases in our pending motion that we believe were manufactured by HLF, and we explained why we believe that to be the case. We explained how HLF is not identifying its interest in its "class actions" in violation of various courts' rules. We explained how his financial arrangements with counsel and his perpetual clients are unethical.

Of course, we don't yet have forensic evidence from HLF's devices showing him filling out lead forms to generate claims. And we don't yet have much of the information we would like to further bolster the above because it is in HLF's possession and you have made clear you won't give it to us. Saying we don't have evidence of wrongdoing under these circumstances is kind of like someone avoiding a lineup to avoid being identified and then using his lack of identification as proof he is innocent.

If none of what we say above and know from our thousands of hours of experience with HLF-generated class actions is true, and if HLF really didn't do anything wrong and has nothing to hide, why doesn't it provide the evidence we're asking for to prove it?

As I note above, we are happy to discuss further if you will give us additional information. But we will not cancel the deposition absent that. Just let us know if you would like to discuss to try and reach a compromise.

Best,
-Ryan

**Ryan D. Watstein ([bio](bio))**
WATSTEIN TEREPKA <sup>LLP</sup>
P: 404-782-0695
ryan@wtlaw.com
www.wtlaw.com

---

**From:** Farag, Peter <pfarag@milbank.com>
**Date:** Friday, June 12, 2026 at 1:55 PM
**To:** Ryan Watstein <Ryan@wtlaw.com>; James Ruley <jruley@wtlaw.com>; Jennipher Borey <jborey@wtlaw.com>
**Cc:** Laroche, Matthew <MLaroche@milbank.com>; Rebecca Rhym <rrhym@wtlaw.com>
**Subject:** RE: Heidarpour Law Firm R&Os to Freeway's Subpoena (6:25-cv-01869-MC)

[Warning – external]

Ryan,

We are disappointed with your response.  We disagree with both your characterization of our call and your characterization of our production.

To recap what we discussed, we told you our production would address the timing of when HLF first became involved with Mr. Wilson because you were accusing our client of manufacturing a claim on Mr. Wilson's behalf.  Our production answered that question.  The text messages and engagement letter show that HLF had no relationship with Mr. Wilson until well after the messages alleged in the complaint, which is dispositive of any suggestion that HLF had anything to do with how the number entered Freeway's system.  That is the point you said you cared about, and the production resolves it.  The fee arrangement is irrelevant to that question.  Nor does your motion for class certification seek this information; to the contrary, you argue that class certification should be denied without any further discovery.

When you raised discovery about other cases, we told you, expressly, that we would not be producing information concerning other cases.  Your email now demands precisely that— the unredacted fee terms across 50+ other Wilson settlements and HLF's and Mr. Wilson's respective recoveries in those matters.  That information has no bearing on your pending motion, which turns on adequacy and predominance in this case, not on what HLF or anyone else recovered in unrelated settlements.  Demanding it only confirms what this has become—a fishing expedition.  A conclusion underscored by your firm's efforts to serve us with yet another subpoena in a case HLF had nothing to do with.

You told us on our call that you would work with us on deadlines given what we were producing.  Instead, you sent the email below.  To be clear, if you are willing to proceed with the standstill we discussed, pending the Court's ruling on the pending motion to dismiss and confirming in writing that the deposition is deferred, we will continue to work with you in good faith on a reasonable schedule. If you are not, we will move to quash and to modify, and we will seek our fees and costs under Rule 45(d).  We will also be compelled to alert the Court to your firm's misuse of the discovery process and to the false allegations you continue to make about our client.  This would be a waste of the Court's and the parties' resources, particularly given the pending motion to dismiss this case.

We remain willing to discuss if it would be productive. But our client will not be pressured into portfolio-wide discovery, in this case or through the serial subpoenas your firm is now threatening, which appears designed to chill our client from pursuing meritorious litigation. We also have now asked you twice to identify any specific evidence that HLF engaged in wrongdoing, and twice you have declined.  We ask again.  If you have it, share it, and we'll discuss it with our client.  If you do not, the repeated, hyperbolic allegations about our client should stop.

Peter Farag | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5830
pfarag@milbank.com | milbank.com

---

**From:** Ryan Watstein <Ryan@wtlaw.com>

**Sent:** Friday, June 12, 2026 12:12 AM
**To:** Farag, Peter <pfarag@milbank.com>; James Ruley <jruley@wtlaw.com>; Jennipher Borey <jborey@wtlaw.com>
**Cc:** Laroche, Matthew <MLaroche@milbank.com>; Rebecca Rhym <rrhym@wtlaw.com>
**Subject:** [EXT] Re: Heidarpour Law Firm R&Os to Freeway's Subpoena (6:25-cv-01869-MC)

Thanks for your time as well, Peter and Matt.

But this is not consistent with our discussion.

Most importantly, the engagement letter you produced is redacted. We cannot see the language that you know we care about most and that is most relevant to our pending motion: the fee arrangement. So, this production effectively tells us nothing, after we already provided an extension to allow you time to gather information. On top of that, there is no principled basis to produce the engagement letter but redact the fee arrangement. A fee arrangement is not legal advice.

You told us you wanted to agree to a standstill pending the court's decision on the pending motions. We are sensitive to that request, and told you we would accommodate it as long as it didn't prejudice our client. But this response leaves us with no information relevant to our pending motion, and that prejudices our client.

If you would like us to agree to a standstill, please confirm you will produce, by the end of the day tomorrow, the entire fee agreement in unredacted form, any other agreements between HLF and Wilson or his litigation counsel—which are contemplated by this agreement and which we have been informed exist. Please also confirm you will produce the total amount of payments HLF and Wilson, respectively, received under the 50+ individual Wilson settlements in cases that were filed as putative class actions. If you can commit, tomorrow, to producing that information within a reasonable period of time, I believe we can work something out on the deposition.

We are happy to discuss again tomorrow if it would be productive. But again, we do not view this as a good faith effort to avoid next week's deposition.

As I mentioned, it is only a matter of time until we get this information, whether here or in an affirmative action against HLF. If HLF has nothing to hide—if it is not using the class mechanism to enrich itself with better-than-the-statute, extortionate settlements to the detriment of the putative classes it purports to represent and leaving its named clients with a pittance—then it should just produce the information listed above tomorrow. We are open to being proven wrong.

Otherwise, we can take it up with the court.

Best,
-Ryan

**Ryan D. Watstein ([bio](bio))**

WATSTEIN TEREPKA <sup>LLP</sup>

P: 404-782-0695

[ryan@wtlaw.com](ryan@wtlaw.com)

[www.wtlaw.com](www.wtlaw.com)

---

**From:** Farag, Peter <[pfarag@milbank.com](pfarag@milbank.com)>
**Date:** Thursday, June 11, 2026 at 6:56 PM
**To:** James Ruley <[jruley@wtlaw.com](jruley@wtlaw.com)>; Ryan Watstein <[Ryan@wtlaw.com](Ryan@wtlaw.com)>;
Jennipher Borey <[jborey@wtlaw.com](jborey@wtlaw.com)>
**Cc:** Laroche, Matthew <[MLaroche@milbank.com](MLaroche@milbank.com)>
**Subject:** Heidarpour Law Firm R&Os to Freeway's Subpoena (6:25-cv-01869-MC)

[Warning – external]

Hi all,

Thanks for meeting with us earlier today.  As discussed, please find attached Heidarpour Law Firm's Responses and Objections to Freeway Insurance Services of America, LLC's Subpoena.

In a moment, you should receive a Kiteworks link to our production.  The password is
██████████.  Please let us know if you have any issues accessing the production.

Peter Farag | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163
T: [+1 212.530.5830](+1 212.530.5830)
[pfarag@milbank.com](pfarag@milbank.com) | [milbank.com](milbank.com)

======================================= IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor. ======================================= This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer. ======================================= IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing

Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor. ======================================== This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

# EXHIBIT B

**Subject:**  Re: Bronstin v. SCE: protective order

**Date:**  Thursday, June 11, 2026 at 4:35:59 PM Eastern Daylight Time

**From:**  Andrew Perrong <a@perronglaw.com>

**To:**  Nathaniel Haas <NHaas@wtlaw.com>

**CC:**  Dana Oliver <dana@danaoliverlaw.com>, Ryan Watstein <Ryan@wtlaw.com>, Jennipher Borey <jborey@wtlaw.com>, Keith Emanuel <kemanuel@wtlaw.com>

**Category:** Filed to Clio

[Warning – external]

Mr. Haas,

We are in receipt of your email.

As an initial matter, we note the service copy of your subpoena to the Heidarpour Law Firm. As you will find out in the discovery responses we are preparing, Mr. Bronstin has never interacted with that firm, has not been represented by them, and had no knowledge of their existence until you raised this issue in discovery. As a result, it is our position that the subpoena you have issued ought to be withdrawn.

More to the point, however, and subject to Rule 408, we are aware of Judge Slaughter's recent order regarding class certification and the case law regarding the emergency purposes exemption with respect to utilities under the circumstances you described. As such, we can offer a dismissal with prejudice of this litigation.

To that end, to the extent the foregoing is not acceptable to your client, we have good availability on the 18th or 19th for a Local Rule 7-3 call regarding our positions, including our anticipated motion for voluntary dismissal of the litigation.

Finally, I apologize I did not see your email regarding the protective order. We will review and get back to you with any changes.

On Thu, Jun 11, 2026 at 11:30 AM Nathaniel Haas <NHaas@wtlaw.com> wrote:

> Andrew, good afternoon: writing with a few items to discuss in this case.
>
> 1. We have not heard from you on the draft protective order in a month.  Please review and let us know of any changes this week so that we can get it on file.  Attached again for convenience.
>
> 2. We intend to file a motion for summary judgment on the basis that the calls at issue were made for emergency purposes in connection with an imminent power shut-off, and therefore are exempt from liability, and we may also file a motion to deny certification.  We'd like to set up a telephonic meet and confer to walk you through each of the claims we intend to make and hear your response, in conformity with Local Rule 7-3.  Please let us know your availability next week.

3. We recently served Defendant SCE's first set of discovery requests to Plaintiff Andrew Bronstin, as you know.  We look forward to receiving your responses.

4. We trust you are aware of the attached orders from Judge Slaughter (our Judge in this case) that denied certification in another TCPA case, reasoning that the individual plaintiff was neither adequate nor typical. Given this order, and our ongoing investigation in connection with and parallel too the Chet Wilson case, you will see that the discovery seeks to uncover any similar issues in this case. Our past dealings with Mr. Bronstin suggest that he or someone on his behalf may be manufacturing claims.

5. Please also see attached for a subpoena to the Heidarpour law firm that we are serving today.  We are giving you advance notice pursuant to FRCP 45(a)(4).

We look forward to hearing from you on dates to confer.

**Nathaniel Haas**
WATSTEIN TEREPKA LLP
P: 213-526-1880
nhaas@wtlaw.com
www.wtlaw.com

---

**From:** Keith Emanuel <kemanuel@wtlaw.com>
**Date:** Tuesday, May 5, 2026 at 1:21 PM
**To:** Andrew Perrong <a@perronglaw.com>; Nathaniel Haas <NHaas@wtlaw.com>
**Cc:** Dana Oliver <dana@danaoliverlaw.com>; Ryan Watstein <Ryan@wtlaw.com>; Jennipher Borey <jborey@wtlaw.com>
**Subject:** Re: Bronstin v. SCE: protective order

Andrew -

Thank you for your patience. I was out and traveling for a while and have been playing catchup. Please see our proposed protective order attached. I am copying our colleague @Nathaniel Haas, whom you may have noticed just entered an appearance for this case and will be joining our team. Please include him on communications going forward.

Judge Spaeth requires that we use the court's standard form and redline any changes. In light of that we made only minor changes to the court's form. We'll convert this to a redline version when we're ready to file it.

Let us know if Plaintiff has any additional revisions.

# EXHIBIT

# C

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**EUGENE DIVISION**

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>FREEWAY INSURANCE SERVICES OF AMERICA, LLC,<br><br>            Defendant. | Case No. 6:25–cv–1869–MC<br><br><br>**PLAINTIFF CHET WILSON'S RESPONSE TO DEFENDANT FREEWAY INSURANCE SERVICES OF AMERICA, LLC'S FIRST REQUEST FOR INSPECTION** |

Under Rule 34 of the Federal Rules of Civil Procedure, Defendant Freeway Insurance Services of America, LLC, hereby requests that Plaintiff Chet Michael Wilson provide access to and permit Freeway to inspect, copy, test, or sample all electronic devices Plaintiff Chet Michael Wilson used between May 29 and June 12, 2024. The term "electronic device" includes cell phones, computers, tablets, smartwatches, or any other similar electronic device that has access to the internet.

Freeway will confer with Plaintiff on a date, time, and location to inspect such electronic devices; however, the inspection must occur no later than June 18, 2026.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff objects to this request insofar as it seeks materials other than the telephone number or text messages at issue in this case and includes information not relevant to any party's claim or defense, does not relate in any manner to Defendant, and as a result is not proportional to the needs of the case. Plaintiff objects to this request as it is plainly overly broad and unduly burdensome in that it seeks inspection, copying, testing, or sampling of all electronic devices Plaintiff used between May 29 and June 12, 2024, including devices unrelated to the communications at issue in this action, even though this TCPA action concerns a limited set of unsolicited telemarketing text messages, not the entirety of Plaintiff's electronic devices or their contents. Moreover, inspection of such devices would necessarily include completely irrelevant information and is unduly burdensome on Plaintiff. Moreover, the requested inspection, copying, testing, or sampling will unquestionably implicate the privacy and confidentiality concerns of Plaintiff and/or other third parties which are not at issue in this litigation, and which indeed are paramount, given that this litigation involves allegations concerning unsolicited telemarketing text messages directed to Plaintiff's personal cellular telephone. Plaintiff further objects in that

such inspection would also permit access to or contain confidential, copyrighted, trade secret, and other highly sensitive and personal information, including information which if viewed or released would constitute irreparable financial and other injury, including possible professional injury, on Plaintiff. Plaintiff objects insofar as this request assumes Plaintiff possesses, can identify, or can access every device used during the requested time period. Plaintiff objects in that any information obtained therefrom may be used to attempt to manufacture consent evidence. Plaintiff objects insofar as this request seeks information and devices containing attorney-client communications, common-interest communications, communications with experts, and/or trial preparation materials. Plaintiff further objects insofar as this request implicates the privacy and property interests of third parties and/or seeks information protected from disclosure by law. Plaintiff further objects in that the request makes no attempt to tailor itself to specific discoverable information but is instead a fishing expedition that implicates significant personal privacy and confidentiality concerns in that it seeks inspection of Plaintiff's personal electronic devices rather than limiting itself to the discrete text messages underlying this litigation. As such, inspection of Plaintiff's electronic devices is an extraordinary remedy and a highly intrusive discovery measure. See, e.g., Stewart v. First Transit, Inc., No. CV 18-3768, 2019 WL 13027112, at *1 (E.D. Pa. Sept. 3, 2019). As such, Plaintiff further objects to this request as any information regarding the data sought is available through less intrusive means of discovery, particularly as there has been no allegation rising to any level that Plaintiff is withholding discoverable information. See *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008). As yet another court has observed, "A court considering whether to compel a forensic analysis of a party's electronic devices must be mindful of the potential intrusiveness and weigh inherent privacy concerns against its utility." *United Artists Corp. v. United Artist Studios LLC*, No. 219CV00828MWFMAAX, 2019 WL 9049050, at *9 (C.D. Cal. Oct. 7, 2019) (citing *John B., supra*). There is simply no utility and a high level of intrusiveness in asking for the production or

inspection of Plaintiff's electronic devices in a TCPA matter, particularly as less intrusive but nevertheless probative methods of discovery exist. Indeed, in *Bratcher v. Navient Sols., Inc.*, 249 F. Supp. 3d 1283, 1285 (M.D. Fla. 2017), the court denied a motion to compel a plaintiff's cell phone in an attempt to find calling records, which was a far less intrusive request than the inspection of all electronic devices sought here. As such, any production sought, even if limited in scope, unlike here, is clearly not proportional to the needs of the case. Plaintiff is withholding responsive materials, including access to and inspection of electronic devices, on the basis of the foregoing objections.

Dated: June 15, 2026

Respectfully submitted,

by: */s/ Andrew Roman Perrong*
Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
Telephone: 215-225-5529

*Attorney for Plaintiff and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June 15, 2026, this document was sent electronically to the registered participants as identified on the electronic filing notice

by: */s/ Andrew Roman Perrong*
Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
Telephone: 215-225-5529

*Attorney for Plaintiff and the Proposed Class*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### EUGENE DIVISION

|  |  |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated, | Case No. 6:25–cv–1869–MC |
| Plaintiff, | **PLAINTIFF CHET WILSON'S RESPONSES TO DEFENDANT FREEWAY INSURANCE SERVICES OF AMERICA, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| FREEWAY INSURANCE SERVICES OF AMERICA, LLC, | |
| Defendant. | |

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1

All documents that evidence, support, refute, refer to or relate to the allegations in Your Complaint or the defenses outlined in Freeway's Answer. This includes, but is not limited to, all documents evidencing, concerning, relating to, or referring to communications you have had with any person regarding any of the facts and allegations set forth in, or underlying, the Complaint and/or the defenses in the Answer, including without limitation, all non-privileged communications you sent to or received from any person.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff will produce responsive documents in his possession, custody, or control, as the Court directs, pending the outcome of Plaintiff's Motion to Stay Discovery. Plaintiff contends that producing documents within 14 days after the Court rules on the Motion to Stay, if the Motion is denied, constitutes a reasonable time within the meaning of Rule 34(b)(2)(B).

### REQUEST NO. 2

All documents evidencing, concerning, relating to, or referring to any relief, remedies, or damages you seek in this case, including, without limitation, the amounts of any relief, remedies, or damages you seek, the manner or method for calculation of such amounts, and any efforts by You to mitigate those damages.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff will produce responsive documents in his possession, custody, or control, as the Court directs, pending

the outcome of Plaintiff's Motion to Stay Discovery. Plaintiff contends that producing documents within 14 days after the Court rules on the Motion to Stay, if the Motion is denied, constitutes a reasonable time within the meaning of Rule 34(b)(2)(B). Plaintiff seeks statutory damages under the TCPA.

**REQUEST NO. 3**

All non-privileged recordings (written, video, audio, or otherwise) of any communications evidencing, concerning, relating to, or referring in any way to this lawsuit or the facts underlying it.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff will produce responsive documents in his possession, custody, or control, as the Court directs, pending the outcome of Plaintiff's Motion to Stay Discovery. Plaintiff contends that producing documents within 14 days after the Court rules on the Motion to Stay, if the Motion is denied, constitutes a reasonable time within the meaning of Rule 34(b)(2)(B).

**REQUEST NO. 4**

All documents identified or referenced in Your responses to Freeway's First Set of Interrogatories, served contemporaneously herewith.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff will produce responsive documents in his possession, custody, or control, as the Court directs, pending the outcome of Plaintiff's Motion to Stay Discovery. Plaintiff contends that producing documents within 14 days after the Court rules on the Motion to Stay, if the Motion is denied, constitutes a

reasonable time within the meaning of Rule 34(b)(2)(B).

**REQUEST NO. 5**

All documents You described, identified, reviewed, or relied upon in preparing Your initial disclosures or discovery responses.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff objects to this request to the extent it seeks documents protected by the attorney-client privilege or work-product doctrine. Subject to the foregoing, Plaintiff will produce responsive documents in his possession, custody, or control, as the Court directs, pending the outcome of Plaintiff's Motion to Stay Discovery. Plaintiff contends that producing documents within 14 days after the Court rules on the Motion to Stay, if the Motion is denied, constitutes a reasonable time within the meaning of Rule 34(b)(2)(B).

**REQUEST NO. 6**

All documents that relate in any way to any calls You placed to Freeway or third parties, including from the subject telephone number, insofar as they relate to the allegations in Your Complaint.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff has no responsive documents in his possession, custody, or control.

**REQUEST NO. 7**

All documents that evidence, concern, or refer to or relate to Your communications with any person wherein You discussed the facts described in Your Complaint, including but not limited to Freeway's alleged calls and/or text messages to You and the alleged violations of the TCPA.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff has no responsive documents in his possession, custody, or control.

**REQUEST NO. 8**

All non-privileged documents and communications, including social media posts, from October 12, 2021 to the present, that reflect or discuss:

(a)     Your receipt of unsolicited telephone calls or text messages to the subject telephone number,

(b)     Your intent or decision to pursue claims under the Telephone Consumer Protection Act regarding such communications, or

(c)     Your registration of the subject telephone number on the National Do-Not-Call Registry.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon.       Plaintiff will produce responsive documents in his possession, custody, or control, as the Court directs, pending the outcome of Plaintiff's Motion to Stay Discovery. Plaintiff contends that producing documents within 14 days after the Court rules on the Motion to Stay, if the Motion is denied, constitutes a reasonable time within the meaning of Rule 34(b)(2)(B).

**REQUEST NO. 9**

All documents You intend to present at or in any trial, deposition, written filing, hearing, or

other proceeding in this matter insofar as they relate to Your individual claims and allegations in the Complaint or Freeway's defenses thereto, as outlined in Your Complaint and Freeway's Answer.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff will produce responsive documents in his possession, custody, or control, as the Court directs, pending the outcome of Plaintiff's Motion to Stay Discovery. Plaintiff contends that producing documents within 14 days after the Court rules on the Motion to Stay, if the Motion is denied, constitutes a reasonable time within the meaning of Rule 34(b)(2)(B).

**REQUEST NO. 10**

All lead forms You have filled out or submitted between October 12, 2021, and the present. "Lead form" means any form You submitted, or communication You sent that included the subject telephone number, to obtain information about (or in connection with) a product, service, or business.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff has no responsive documents in his possession, custody, or control.

**REQUEST NO. 11**

All written discovery responses, deposition transcripts (including exhibits), and declarations or affidavits from any TCPA lawsuit, arbitration, administrative proceeding, or other legal proceeding in which You have been a party or witness, or in which You provided oral or written testimony, from October 12, 2021 to the present.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff objects to this request as overly broad, unduly burdensome, not proportional to the needs of the case, and because it seeks information and documents relating to other lawsuits and proceedings that are outside the proper scope of discovery in this action. The Plaintiff objects insofar as this request plainly seeks attorney-client communications, expert communications, and other forms of privileged communications, as well as materials protected by confidentiality agreements, protective orders, and various rules of the Federal Rules of Evidence. Indeed, the burden placed upon Plaintiff to so much as collect, obtain, and produce discovery materials from unrelated proceedings is beyond the scope of Rule 26 and plainly excessive given the limited needs of this case. The Plaintiff further objects to this request in that it intimates that pursuing litigation or giving testimony in other matters is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights, in addition to being harassing. As multiple courts have held, one's prior litigation history is irrelevant to the case at hand, and as such, is neither relevant nor proportional to the needs of the case. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Plaintiff further objects because the request seeks documents that are equally available to Defendant from the files of the respective proceedings.

## REQUEST NO. 12

All documents produced by You in any TCPA lawsuit, arbitration, administrative

proceeding, or other legal proceeding in which You have been a party or witness, or in which You provided oral or written testimony, from October 12, 2021 to the present.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff objects to this request as overly broad, unduly burdensome, not proportional to the needs of the case, and because it seeks information and documents relating to other lawsuits and proceedings that are outside the proper scope of discovery in this action. The Plaintiff objects insofar as this request is not sufficiently particularized under Rule 26, as seeking "all documents" ever produced in any TCPA litigation involving Plaintiff in the subject period. Plaintiff objects in that this request plainly seeks attorney-client communications, expert communications, and other forms of privileged communications, as well as materials protected by confidentiality agreements, protective orders, and various rules of the Federal Rules of Evidence. Indeed, the burden placed upon Plaintiff to so much as collect, obtain, and produce discovery materials from unrelated proceedings is beyond the scope of Rule 26 and plainly excessive given the limited needs of this case. The Plaintiff further objects to this request in that it intimates that pursuing litigation or giving testimony in other matters is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights, in addition to being harassing. As multiple courts have held, one's prior litigation history is irrelevant to the case at hand, and as such, is neither relevant nor proportional to the needs of the case. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Plaintiff further objects because the request seeks documents that are equally available to Defendant

from the files of the respective proceedings.


**REQUEST NO. 13**

All settlement agreements or other documents memorializing any settlement You entered into between October 12, 2021 and the present in which You resolved, settled, released, or compromised any claim or threatened claim alleging violations of the Telephone Consumer Protection Act (47 U.S.C. § 227).

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff objects to this request as overly broad, unduly burdensome, not proportional to the needs of the case, and because it seeks information and documents relating to other lawsuits and claims that are outside the proper scope of discovery in this action. Plaintiff further objects that this request impermissibly demands Plaintiff to so much as produce settlement agreements in wholly unrelated matters, which are inadmissible under FED. R. EVID. 408 and not discoverable under Fed. R. Civ. P. 26(b)(1). As other Courts have noted, the underlying policy of Rule 408, which encourages the efficient settlement of disputes, leads courts to adopt a more demanding standard than that in Rule 26(b)(1) when it comes to the discoverability of settlement information. *Spear v. Fenkell*, No. CIV.A. 13-02391, 2015 WL 3947559, at 1 (E.D. Pa. June 26, 2015). Indeed, multiple other courts have similarly held that they are "not persuaded that financial information such as the specific amounts of Plaintiff's prior TCPA settlements or awards is relevant to [Defendant's] defenses." *Charvat v. Southard Corp.*, No. 2:18-CV-190, 2019 WL 13196991, at *3 (S.D. Ohio Feb. 13, 2019); *Quinn v. Branch Banking & Tr. Co.*, No. 5:19-CV-433-OC-30PRL, 2020 WL 264696, at 4 (M.D. Fla. Jan. 17, 2020). Plaintiff further objects that this request is harassing, disproportionate, nefarious, untoward, and otherwise improper, insofar as it seeks to pry into unrelated disputes, chill the exercise of his

rights, and manufacture irrelevant prejudice. Plaintiff further objects insofar as this request intrudes upon privacy and confidentiality interests, including bargained-for confidentiality provisions and court-imposed confidentiality obligations in prior settlements, which Plaintiff is not at liberty to breach. Compelling disclosure of such agreements would be a drastic and extraordinary remedy, grossly disproportionate to the needs of this case, and one that courts have repeatedly refused to impose. Plaintiff further objects insofar as this request seeks attorney-client communications, common interest communications, attorney work product, trial preparation materials, and attorney mental impressions, all of which are privileged and protected. The Plaintiff objects to this request insofar as it seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form.

**REQUEST NO. 14**

Documents sufficient to identify the service provider, named subscriber, and dates of service for the subject telephone number from October 12, 2021, to the present, including billing statements sufficient to reflect those items.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff objects to this request as overly broad and not proportional to the needs of the case to the extent it seeks documents covering the period from October 12, 2021 to the present. Subject to the foregoing, Plaintiff will produce responsive documents in his possession, custody, or control, as the Court directs, pending the outcome of Plaintiff's Motion to Stay Discovery. Plaintiff contends that producing documents within 14 days after the Court rules on the Motion to Stay, if the Motion is denied, constitutes a reasonable time within the meaning of Rule 34(b)(2)(B).

**REQUEST NO. 15**

For every month in the period October 2021 to present, documents sufficient to show who paid for the service of the subject telephone number (including any reimbursements by any other person or business entity to the payor of the phone bill for the subject telephone number).

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents for every month from October 2021 to the present. Subject to the foregoing, Plaintiff will produce responsive documents in his possession, custody, or control, as the Court directs, pending the outcome of Plaintiff's Motion to Stay Discovery. Plaintiff contends that producing documents within 14 days after the Court rules on the Motion to Stay, if the Motion is denied, constitutes a reasonable time within the meaning of Rule 34(b)(2)(B).

**REQUEST NO. 16**

Documents sufficient to show the date the subscriber of the subject telephone number first became the subscriber of that number.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff has no responsive documents in his possession, custody, or control.

**REQUEST NO. 17**

All documents sufficient to identify each telephone number assigned to, owned by, or regularly used by You from October 12, 2021 to the present, including for each number the service

provider, whether the account was designated as personal or business, and the dates during which You used the number.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff will produce responsive documents in his possession, custody, or control, as the Court directs, pending the outcome of Plaintiff's Motion to Stay Discovery. Plaintiff contends that producing documents within 14 days after the Court rules on the Motion to Stay, if the Motion is denied, constitutes a reasonable time within the meaning of Rule 34(b)(2)(B).

**REQUEST NO. 18**

All documents evidencing, concerning, or relating to any contracts between You and the carrier(s) or provider(s) of telephone service for each subject telephone number, including terms of service applicable to Your use of those numbers.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff will produce responsive documents in his possession, custody, or control, as the Court directs, pending the outcome of Plaintiff's Motion to Stay Discovery. Plaintiff contends that producing documents within 14 days after the Court rules on the Motion to Stay, if the Motion is denied, constitutes a reasonable time within the meaning of Rule 34(b)(2)(B).

**REQUEST NO. 19**

All call and message detail records for the subject telephone number from October 12, 2021 to the present sufficient to show, for each incoming and outgoing communication, the date, time,

telephone number to or from which the communication was made, the type of communication (voice call, SMS, MMS, or other text-based message), and the duration of any voice call, but not the content of any communication. If You have previously produced any such records, in whole or in part, in another litigation or proceeding, produce them here as well.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks call and message records for every incoming and outgoing communication from October 12, 2021 to the present. Subject to the foregoing, Plaintiff will produce responsive documents in his possession, custody, or control, as the Court directs, pending the outcome of Plaintiff's Motion to Stay Discovery. Plaintiff contends that producing documents within 14 days after the Court rules on the Motion to Stay, if the Motion is denied, constitutes a reasonable time within the meaning of Rule 34(b)(2)(B).

**REQUEST NO. 20**

All documents related to when and/or how You acquired the subject telephone number, including from whom You acquired it, and/or when it was assigned to You.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff has no responsive documents in his possession, custody, or control.

**REQUEST NO. 21**

All documents reflecting the phone numbers you have used for any business purpose from October 12, 2021 to the present.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff has no responsive documents in his possession, custody, or control.

**REQUEST NO. 22**

Documents sufficient to identify any business registration, license application, assumed business name filing, corporate filing, or other formal submission made to a federal, state, or local governmental entity from October 12, 2021 to the present in which the subject telephone number is listed as a contact number for any business owned or operated by You, including tank.cultureforgood.com, Barter Movers, or any business through which You sell goods or services.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff has no responsive documents in his possession, custody, or control.

**REQUEST NO. 23**

Documents sufficient to identify any written communication, application, advertisement, or submission made from October 12, 2021 to the present to any non-governmental person or entity (including, but not limited to, customers, trade associations, advertising companies, or non-profit organizations) in which the subject telephone number is listed as a contact number for any business owned or operated by You, including tank.cultureforgood.com, Barter Movers, or any business

through which You sell goods or services.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff has no responsive documents in his possession, custody, or control.

**REQUEST NO. 24**

All documents sufficient to show whether the subject telephone number was used as a business contact number from October 12, 2021 to the present, including business cards, letterhead, advertisements, websites, or email signature blocks for any business owned or operated by You, including tank.cultureforgood.com, Barter Movers, or any business through which You sell goods or services.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff has no responsive documents in his possession, custody, or control.

**REQUEST NO. 25**

All retention, retainer, engagement, or other agreements between You and Your counsel concerning counsel's representation of You in this lawsuit, and all agreements among counsel concerning that representation, including all documents relating to the Heidarpour Law Firm's involvement in, or potential compensation arising from, this lawsuit.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff objects

to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "All retention, retainer, or other agreements" between Plaintiff and his Counsel, and as such the request is vague, ambiguous, unintelligible, and overbroad insofar as it impermissibly demands Plaintiff to so much as produce retainer, engagement, or fee agreements with his counsel. Such documents are categorically privileged as attorney-client communications and attorney work product, and to compel their disclosure would serve no purpose other than harassment and to invade the sanctity of the attorney-client relationship. This request is nefarious, untoward, and otherwise improper in that it insinuates unethical conduct by Plaintiff or his counsel, and the production of such materials would be neither proportional to the needs of the case nor relevant to any claim or defense. To the extent Defendant seeks privileged retainer agreements, that would itself be improper and unethical, and Plaintiff assumes that this request is instead limited to non-privileged, non-confidential documents, of which none exist. Furthermore, this request is harassing as it seeks plainly privileged information. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects insofar as this request plainly seeks attorney- client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form.

**REQUEST NO. 26**

All documents, including internet search histories, that evidence, concern, or refer or relate to any research You conducted about Freeway before October 12, 2024. In this Request,

the term research refers to online inquiries, including but not limited to online database searches (*e.g.*, Google searches).

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff has no responsive documents in his possession, custody, or control.

**REQUEST NO. 27**

All written pre-suit demands, complaints, or other correspondence You sent alleging purported violations of the TCPA.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents relating to claims or proceedings other than this action. Subject to the foregoing, Plaintiff will produce responsive documents in his possession, custody, or control, as the Court directs, pending the outcome of Plaintiff's Motion to Stay Discovery. Plaintiff contends that producing documents within 14 days after the Court rules on the Motion to Stay, if the Motion is denied, constitutes a reasonable time within the meaning of Rule 34(b)(2)(B).

**REQUEST NO. 28**

All correspondence, communications, or other documents You received in response to any written pre-suit demand, complaint, or other correspondence You sent alleging purported violations of the TCPA.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents relating to claims or proceedings other than this action. Subject to the foregoing, Plaintiff will produce responsive documents in his possession, custody, or control, as the Court directs, pending the outcome of Plaintiff's Motion to Stay Discovery. Plaintiff contends that producing documents within 14 days after the Court rules on the Motion to Stay, if the Motion is denied, constitutes a reasonable time within the meaning of Rule 34(b)(2)(B).

**REQUEST NO. 29**

All documents in which a defendant or opposing party in a filed or threatened lawsuit asserted that You consented or opted in to receive telephonic communications from them.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents relating to claims or proceedings other than this action. Subject to the foregoing, Plaintiff will produce responsive documents in his possession, custody, or control, as the Court directs, pending the outcome of Plaintiff's Motion to Stay Discovery. Plaintiff contends that producing documents within 14 days after the Court rules on the Motion to Stay, if the Motion is denied, constitutes a reasonable time within the meaning of Rule 34(b)(2)(B).

**REQUEST NO. 30**

Documents sufficient to show Your addresses (full or part-time) within the last four years, as well as who has lived with you during that period.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects because the request seeks personal information regarding third parties that is not relevant to any claim or defense in this action. Subject to the foregoing, Plaintiff will produce responsive documents in his possession, custody, or control, as the Court directs, pending the outcome of Plaintiff's Motion to Stay Discovery. Plaintiff contends that producing documents within 14 days after the Court rules on the Motion to Stay, if the Motion is denied, constitutes a reasonable time within the meaning of Rule 34(b)(2)(B).

**REQUEST NO. 31**

Documents sufficient to identify Your Internet Protocol (IP) addresses for every electronic device You used between May 29 and June 12, 2024. The term "electronic device" includes cell phones, computers, tablets, smartwatches, or any other similar electronic device that has access to the internet.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff will produce responsive documents in his possession, custody, or control, as the Court directs, pending the outcome of Plaintiff's Motion to Stay Discovery. Plaintiff contends that producing documents within 14 days after the Court rules on the Motion to Stay, if the Motion is denied, constitutes a reasonable time within the meaning of Rule 34(b)(2)(B).

**REQUEST NO. 32**

Documents sufficient to identify all business ventures in which You were involved between October 12, 2021 and the present. A complete answer will provide documents sufficient to identify where You were employed as well as all businesses You owned or operated (in full or in part).

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff has no responsive documents in his possession, custody, or control.

**REQUEST NO. 33**

Documents sufficient to show the amount of money You (and your lawyers) have received from October 12, 2021 to the present arising from any lawsuit, arbitration, demand, or threatened claim alleging violations of the Telephone Consumer Protection Act, including settlement agreements, payment confirmations, 1099 forms, or similar records.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects because the request seeks documents relating to other lawsuits, arbitrations, demands, and claims that are outside the proper scope of discovery in this action. Plaintiff further objects that this request impermissibly demands Plaintiff to so much as produce settlement agreements or amounts of settlement payments in wholly unrelated matters, which are inadmissible under FED. R. EVID. 408 and not discoverable under Fed. R. Civ. P. 26(b)(1). As other Courts have noted, the underlying policy of Rule 408, which encourages the efficient settlement of disputes, leads courts to adopt a more demanding standard than that in Rule 26(b)(1) when it comes to the

discoverability of settlement information. *Spear v. Fenkell*, No. CIV.A. 13-02391, 2015 WL 3947559, at 1 (E.D. Pa. June 26, 2015). Indeed, multiple other courts have similarly held that they are "not persuaded that financial information such as the specific amounts of Plaintiff's prior TCPA settlements or awards is relevant to [Defendant's] defenses." *Charvat v. Southard Corp.*, No. 2:18-CV-190, 2019 WL 13196991, at *3 (S.D. Ohio Feb. 13, 2019); *Quinn v. Branch Banking & Tr. Co.*, No. 5:19-CV-433-OC-30PRL, 2020 WL 264696, at 4 (M.D. Fla. Jan. 17, 2020). Plaintiff further objects that this request is harassing, disproportionate, nefarious, untoward, and otherwise improper, insofar as it seeks to pry into unrelated disputes, chill the exercise of his rights, and manufacture irrelevant prejudice. Plaintiff further objects insofar as this request intrudes upon privacy and confidentiality interests, including bargained-for confidentiality provisions and court-imposed confidentiality obligations in prior settlements, which Plaintiff is not at liberty to breach. Compelling disclosure of such agreements would be a drastic and extraordinary remedy, grossly disproportionate to the needs of this case, and one that courts have repeatedly refused to impose. Plaintiff further objects insofar as this request seeks attorney-client communications, common interest communications, attorney work product, trial preparation materials, and attorney mental impressions, all of which are privileged and protected. The Plaintiff objects to this request insofar as it seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form.

**REQUEST NO. 34**

All documents, including all written communications or confirmations, relating to or concerning Paragraph 17 of the Complaint, including that "Plaintiff uses his cellular phone number primarily to communicate with friends and family, to schedule personal appointments, and for other household purposes."

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects because the request seeks private communications and personal information that are not relevant to any claim or defense in this action.

**REQUEST NO. 35**

All documents, including all written communications or confirmations, relating to or concerning Paragraph 19 of the Complaint, including that "Plaintiff had registered his number on the National Do Not Call Registry for at least 30 days prior to receiving the calls at issue."

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff will produce responsive documents in his possession, custody, or control, as the Court directs, pending the outcome of Plaintiff's Motion to Stay Discovery. Plaintiff contends that producing documents within 14 days after the Court rules on the Motion to Stay, if the Motion is denied, constitutes a reasonable time within the meaning of Rule 34(b)(2)(B).

**REQUEST NO. 36**

All documents, including all written communications or confirmations, relating to or concerning Paragraph 26 of the Complaint, including that "[t]he subject text messages were intended for someone other than, and unknown to, Plaintiff."

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff will

produce responsive documents in his possession, custody, or control, as the Court directs, pending

the outcome of Plaintiff's Motion to Stay Discovery. Plaintiff contends that producing documents

within 14 days after the Court rules on the Motion to Stay, if the Motion is denied, constitutes a

reasonable time within the meaning of Rule 34(b)(2)(B).


**REQUEST NO. 37**

All documents, including all written communications or confirmations, relating to or

concerning Paragraph 30 of the Complaint, including that "Plaintiff suffered actual harm as a result

of the subject text messages[.]"

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action

ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff will

produce responsive documents in his possession, custody, or control, as the Court directs, pending

the outcome of Plaintiff's Motion to Stay Discovery. Plaintiff contends that producing documents

within 14 days after the Court rules on the Motion to Stay, if the Motion is denied, constitutes a

reasonable time within the meaning of Rule 34(b)(2)(B). Plaintiff seeks only statutory damages.


**REQUEST NO. 38**

All documents, including all written communications or confirmations, relating to or

concerning Paragraph (g) of the Prayer for Relief of the Complaint, including your request for

damages under 47 U.S.C. § 227(c)(5).

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action

ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff will

produce responsive documents in his possession, custody, or control, as the Court directs, pending

the outcome of Plaintiff's Motion to Stay Discovery. Plaintiff contends that producing documents within 14 days after the Court rules on the Motion to Stay, if the Motion is denied, constitutes a reasonable time within the meaning of Rule 34(b)(2)(B). Plaintiff seeks only statutory damages.

**REQUEST NO. 39**

All communications and documents from October 12, 2021 to the present between You and Andrew Heidarpour, the Heidarpour Firm, or anyone affiliated with that firm, concerning: (a) alleged unwanted calls or text messages to the subject telephone number; (b) potential or filed TCPA claims; (c) the preservation, collection, monitoring, or review of call logs, text messages, iCloud data, or other device or account data associated with the subject telephone number; and (d) any contact requests submitted using the subject telephone number. If You withhold any such communications or documents on the basis of privilege, provide a privilege log.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff objects to this request on the grounds that it seeks documents protected by the attorney-client privilege and attorney work-product doctrine. Plaintiff further objects because the request is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "All communications and documents from October 12, 2021" between Plaintiff and his Counsel, and as such the request is vague, ambiguous, unintelligible, and overbroad insofar as it impermissibly demands Plaintiff to so much as produce every written communication with his counsel, including privileged communications. Such documents are categorically privileged as attorney-client communications and attorney work product, and to compel their disclosure would serve no purpose other than harassment and to invade the sanctity of the attorney-client relationship. Moreover, Plaintiff objects to providing the requested privilege log for any communications

concerning any matter after which Plaintiff retained Defendant or filed respective suit, which would be practically impossible to sort through and ascertain. Moreover, this request is nefarious, untoward, and otherwise improper in that it insinuates unethical conduct by Plaintiff or his counsel, and the production of such materials would be neither proportional to the needs of the case nor relevant to any claim or defense. To the extent Defendant seeks privileged documents, that would itself be improper and unethical, and Plaintiff assumes that this request is instead limited to non-privileged, non-confidential documents, of which none exist. Furthermore, this request is harassing as it seeks plainly privileged information. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects insofar as this request plainly seeks attorney- client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form.

**REQUEST NO. 40**

All communications and documents from October 12, 2021 to the present between You and Dorianne Plageman relating to Your relationship with her, the subject telephone number, any contact requests using that number, TCPA claims, litigation, settlements, or any business or financial dealings between You. "Contact requests" means any form, application, inquiry, or other communication—whether online, by email, by text message, by telephone, or in physical form—that included the subject telephone number and was made in order to obtain information about, request contact regarding, or otherwise pursue any product, service, or business. If You withhold any such communications or documents on the basis of privilege, provide a privilege log.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action

ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff has no responsive documents in his possession, custody, or control.

**REQUEST NO. 41**

All documents evidencing, referring to, or relating to any written or oral agreement between You and Andrew Heidarpour, the Heidarpour Firm, or anyone affiliated with that firm, including any engagement letters, fee agreements, referral agreements, litigation-support agreements, data-access agreements, or other agreements relating to TCPA claims, the subject telephone number, or the monitoring, preservation, collection, or review of communications or records associated with that number.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all engagement letters, fee agreements, referral agreements, litigation-support agreements, data-access agreements, or other agreements relating to TCPA claims" between Plaintiff and his Counsel, and as such the request is vague, ambiguous, unintelligible, and overbroad insofar as it impermissibly demands Plaintiff to so much as produce retainer, engagement, or fee agreements with his counsel. Such documents are categorically privileged as attorney-client communications and attorney work product, and to compel their disclosure would serve no purpose other than harassment and to invade the sanctity of the attorney-client relationship. This request is nefarious, untoward, and otherwise improper in that it insinuates unethical conduct by Plaintiff or his counsel, and the production of such materials would be neither proportional to the needs of the case

nor relevant to any claim or defense. To the extent Defendant seeks privileged retainer agreements, that would itself be improper and unethical, and Plaintiff assumes that this request is instead limited to non- privileged, non-confidential documents, of which none exist. Furthermore, this request is harassing as it seeks plainly privileged information. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects insofar as this request plainly seeks attorney- client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form.

**REQUEST NO. 42**

For each lawsuit or threatened TCPA claim identified in response to Interrogatories 6, 7, and 12, all documents and communications between You and any person whom You contend was the intended recipient of the calls or text messages at issue, including without limitation text messages, emails, social media messages, call logs, recordings, notes, or other documents reflecting the substance of those communications.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff incorporates his responses and objections to these Interrogatories as if though fully set forth herein. Plaintiff further objects because the request seeks documents and communications relating to other lawsuits, threatened claims, and third parties that are not relevant to any claim or defense in

this action.

Dated: June 15, 2026        Respectfully submitted,

by: */s/ Andrew Roman Perrong*
Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
Telephone: 215-225-5529

*Attorney for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 15, 2026, this document was sent electronically to the registered participants as identified on the electronic filing notice

by: */s/ Andrew Roman Perrong*
Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
Telephone: 215-225-5529

*Attorney for Plaintiff and the Proposed Class*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### EUGENE DIVISION

CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

FREEWAY INSURANCE SERVICES OF AMERICA, LLC,

Defendant.

Case No. 6:25–cv–1869–MC

**PLAINTIFF CHET WILSON'S RESPONSES TO DEFENDANT FREEWAY INSURANCE SERVICES OF AMERICA, LLC'S FIRST SET OF INTERROGATORIES**

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify all telephone calls, voicemails, or text messages You claim to have received from Freeway, or on Freeway's behalf, to the subject number. In responding to this Interrogatory, for each telephone communication You identify, please include the date and location where You received the communication, the number displayed by the caller, any identifying information about the person with whom You spoke, the length of the conversation, the substance of the conversation, and all persons who witnessed Your receipt of each communication.

### RESPONSE:

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Furthermore, the Plaintiff objects in that the Plaintiff may have received additional calls of which he is unaware. Plaintiff responds that he received text messages from or on behalf of Defendant on at least June 5, 2024, June 6, 2024, and June 8, 2024, on his cellular telephone number ending in 9999 while located in Oregon. The messages were sent from telephone number (309) 447-7308. Because the communications were text messages, there was no conversation, no caller with whom Plaintiff spoke, and no call duration. Two messages stated, "Freeway Insurance: Getting the right coverage is easy w/ my help. Now's the perfect time to get a hold of me so give me a ring 877-311-8732," and one message stated, "Freeway Insurance: We have a quote here that could save you up to 30%. Pls call me back right away at 877-311-8732." Plaintiff is not presently aware of any person who witnessed his receipt of the messages.

### INTERROGATORY NO. 2

Identify all telephone calls or text messages You claim to have placed to Freeway, or someone related to Freeway or on its behalf, from the subject number. In responding to this

Interrogatory, for each communication or call You identify, please include the date and location where You placed the communication, any identifying information about the person with whom You spoke, the length of the conversation, the substance of the conversation, and all persons who witnessed Your receipt of each communication.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff responds that he did not place any telephone calls or send any text messages to Defendant, or anyone acting on Defendant's behalf, concerning the matters alleged in the Complaint.

**INTERROGATORY NO. 3**

Identify every person, including, without limitation, every current or former employee or agent of Freeway with whom You have communicated regarding this lawsuit, the allegations in the complaint, and the defenses set forth in the Answer, and for each person identified, state the matters about which You communicated.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff has not communicated with any current or former employee, agent, or representative of Defendant regarding this lawsuit, the allegations of the Complaint, or the defenses asserted in the Answer, other than communications occurring through counsel in the ordinary course of litigation.

**INTERROGATORY NO. 4**

Identify each and every telephone number assigned to You, owned by You, or regularly used by You since October 12, 2021, all persons with knowledge of such information, whether

each such telephone number was cellular or landline, and which companies provided service to such numbers.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff states that since October 12, 2021, he has been the user and subscriber of cellular telephone number ▮ 999-9999. The service provider for that number is Verizon. Plaintiff is not presently aware of any other telephone numbers assigned to him, owned by him, or regularly used by him during the relevant time period. Persons with knowledge of this information include Plaintiff and Verizon.

**INTERROGATORY NO. 5**

Identify and describe in detail by case style, case number, and court or tribunal, any and all lawsuits, criminal actions, court proceedings, administrative proceedings, arbitrations, hearings, or other legal proceedings to which You have been a party or in which You have provided oral or written testimony.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff objects that this interrogatory is overly broad, unduly burdensome, seeks information that is not relevant to the claims or defenses in this action, and is not proportional to the needs of the case to the extent it seeks information regarding all claims, demands, complaints, civil matters, or criminal matters without reasonable limitation as to subject matter or time. Plaintiff further objects to the extent the interrogatory intrudes upon Plaintiff's privacy and is harassing because it seeks detailed information concerning unrelated matters having no bearing on this lawsuit. Plaintiff also objects because the interrogatory seeks information that is equally available to Defendant through publicly available court

records and therefore seeks information already within Defendant's possession, custody, or control.

Subject to the foregoing, Plaintiff has filed lawsuits alleging violations of the Telephone Consumer

Protection Act (TCPA) relating to the Phone Number, which are identified below, including the case

names, jurisdictions, and filing dates. These dates reflect the commencement of the actions. Plaintiff

understands that a number of these cases have since been resolved, while others remain pending.

### TCPA Actions Filed by Plaintiff:

1. *Wilson v. Altria Group Distribution Company*, 1:2024cv01917 (E.D. Va., 10/29/2024, closed 6/3/2025)
2. *Wilson v. Professional Credit Service*, 6:2024cv01826 (D. Or., 10/31/2024, closed 1/30/2025)
3. *Wilson v. Elevate Patient Financial Solutions, LLC*, 4:2024cv04285 (S.D. Tex., 11/4/2024, closed 5/8/2025)
4. *Wilson v. Avid Ratings, Inc.*, 3:2024cv00782 (W.D. Wis., 11/4/2024, closed 6/2/2025)
5. *Wilson v. Nationstar Mortgage LLC*, 6:2024cv01855 (D. Or., 11/7/2024)
6. *Wilson v. Credit Suite Inc.*, 8:2024cv02711 (M.D. Fla., 11/21/2024, closed 7/17/2025)
7. *Wilson v. PacifiCorp*, 6:2024cv01956 (D. Or., 11/21/2024)
8. *Wilson v. The Savings Bank Mutual Life Ins. Co. of Mass.*, 1:2024cv12950 (D. Mass., 11/26/2024, closed 9/12/2025)
9. *Wilson v. Disability Help Group LLC*, 0:2024cv62319 (S.D. Fla., 12/7/2024, closed 3/3/2026)
10. *Wilson v. Southern Oregon Credit Service, Inc.*, 1:2024cv02087 (D. Or., 12/17/2024)
11. *Wilson v. Lower, LLC*, 1:2024cv03665 (D. Md., 12/18/2024, closed 5/15/2025)
12. *Johnson v. American Home Shield Corporation*, 1:2024cv02339 (E.D. Va., 12/20/2024, closed 3/25/2025)
13. *Wilson v. Fairway Independent Mortgage Corp.*, 3:2024cv00924 (W.D. Wis., 12/27/2024, closed 8/7/2025)
14. *Wilson v. Icon Creative Consulting, Inc.*, 1:2024cv25119 (S.D. Fla., 12/30/2024, closed 3/7/2025)
15. *Wilson v. Club 1 Hotels, LLC*, 1:2025cv00003 (N.D. Ill., 1/2/2025, closed 4/23/2025)
16. *Wilson v. AUM Insurance Services LLC*, 3:2025cv00260 (N.D. Cal., 1/7/2025, closed 8/11/2025)
17. *Wilson v. Zillow, Inc.*, 2:2025cv00048 (W.D. Wash., 1/8/2025, closed 7/8/2025)
18. *Wilson v. Centennial Medical Group East, LLC*, 6:2025cv00043 (D. Or., 1/9/2025, closed 4/8/2026)
19. *Wilson v. KUIU, LLC*, 2:2025cv00212 (E.D. Cal., 1/15/2025, closed 8/22/2025)
20. *Wilson et al. v. LeafFilter North, LLC*, 2:2025cv00039 (S.D. Ohio, 1/16/2025, closed 3/17/2025)
21. *Wilson v. Easy Spirit, LLC*, 3:2025cv00112 (D. Conn., 1/22/2025)
22. *Wilson v. Trajector, Inc.*, 1:2025cv00023 (N.D. Fla., 1/23/2025, closed 7/30/2025)
23. *Wilson v. Kaiser Foundation Health Plan, Inc.*, 3:2025cv00802 (N.D. Cal., 1/23/2025, closed 1/26/2026)
24. *Wilson v. FuturHealth, Inc.*, 3:2025cv00157 (S.D. Cal., 1/23/2025)

25. *Wilson v. BlendJet Inc.*, 2:2025cv00278 (E.D. Cal., 1/23/2025, closed 3/10/2025)

26. *Wilson v. Hard Eight Nutrition LLC*, 6:2025cv00144 (D. Or., 1/28/2025)

27. *Wilson v. CMRE Financial Services, Inc.*, 6:2025cv00152 (D. Or., 1/28/2025)

28. *Wilson v. Finmax Smart Capital LLC*, 6:2025cv00173 (D. Or., 1/31/2025, closed 1/25/2026)

29. *Wilson v. Fleet Financial, Inc. d/b/a iLending*, 1:2025cv00340 (D. Colo., 1/31/2025, closed 2/9/2026)

30. *Wilson v. Pharmacenter LLC*, 2025cv60212 (S.D. Fla., 2/6/2025, closed 1/21/2026)

31. *Wilson v. Blue Moon Fabrics, Inc.*, 6:2025cv00333 (D. Or., 2/27/2025, closed 4/28/2025)

32. *Wilson v. Skopos Financial, LLC*, 6:2025cv00376 (D. Or., 3/4/2025)

33. *Wilson v. Consumer Cellular Inc.*, 2:2025cv00745 (D. Ariz., 3/4/2025)

34. *Wilson v. Norco, Inc.*, 6:2025cv00410 (D. Or., 3/9/2025, closed 8/6/2025)

35. *Wilson et al. v. LeafFilter North, LLC*, 5:2025cv00522 (N.D. Ohio, 3/17/2025, closed 5/9/2025)

36. *Johnson v. American Home Shield Corporation*, 2:2025cv02347 (W.D. Tenn., 3/27/2025, closed 12/22/2025)

37. *Wilson v. Roman Health Ventures Inc.*, 1:2025cv03479 (S.D.N.Y., 4/27/2025, closed 10/6/2025)

38. *Wilson v. Mountainside Fitness Acquisition LLC*, 2:2025cv01481 (D. Ariz., 5/1/2025)

39. *Wilson v. Craftie Fox, Inc.*, 1:2025cv22069 (S.D. Fla., 5/5/2025, closed 7/24/2025)

40. *Wilson v. MEDVIDI INC*, 5:2025cv03996 (N.D. Cal., 5/8/2025, closed 3/5/2026)

41. *Wilson v. MAH Group, Inc.*, 6:2025cv00855 (D. Or., 5/19/2025)

42. *Wilson v. Better Mortgage Corp.*, 1:2025cv05503 (S.D.N.Y., 7/2/2025)

43. *Wilson v. AMP FIT, INC.*, 5:2025cv05656 (N.D. Cal, 7/6/2025, closed 9/25/2025)

44. *Wilson v. Inogen, Inc.*, 6:2025cv01168 (D. Or., 7/6/2025, closed 12/9/2025)

45. *Wilson v. Atlanta Medical Day Spa and Surgery Center, LLC*, 1:2025cv04023 (N.D. Ga., 7/21/2025)

46. *Wilson v. Home Warranty of America, Inc.*, 6:2025cv01331 (D. Or., 7/29/2025, closed 1/28/2026)

47. *Wilson v. Roof Max Technologies LLC*, 2:2025cv00872 (S.D. Ohio, 8/6/2025)

48. *WILSON v. NATIONAL GENERAL INSURANCE COMPANY*, 1:2025cv00719 (M.D.N.C., 8/7/2025)

49. *Wilson v. Liberty Home Guard LLC*, 1:2025cv01075 (N.D.N.Y., 8/11/2025, closed 1/13/2026)

50. *Wilson v. Tabak Law LLC*, 2:2025cv01197 (E.D. Wis., 8/11/2025)

51. *WILSON v. MONARCH RECOVERY MANAGEMENT, INC.*, 2:2025cv04845 (E.D. Pa., 8/24/2025)

52. *Taylor et al v. Savvy Insurance Solutions, LLC*, 1:2025cv12393 (D. Mass., 8/29/2025, closed 1/20/2026)

53. *Wilson v. Lifestation, Inc.*, 1:2025cv07246 (S.D.N.Y., 8/30/2025)

54. *Wilson v. Inbox Health Corp.* 3:2025cv01417 (D. Conn., 9/2/2025, closed 2/3/2026)

55. *Wilson v. Disability Services of America, LLC*, 1:2025cv10578 (N.D. Ill., 9/3/2025, closed 12/1/2025)

56. *Wilson v. McNeil & Meyers Receivables Management Group, LLC*, 2:2025cv01810 (E.D. La., 9/4/2025, closed 1/25/2026)

57. *Wilson v. Vozzcom, Inc.*, 0:2025cv61793 (S.D. Fla., 9/5/2025)

58. *Wilson v. MIA Aesthetics Holdings, LLC*, 1:2025cv24103 (S.D. Fla., 9/9/2025)

59. *Wilson v. TRA Medical Imaging Foundation*, 3:2025cv05808 (W.D. Wash., 9/10/2025)

60. *Wilson v. Nissan North America, Inc.*, 3:2025cv01042 (M.D. Tenn., 9/16/2025)

61. *ALMONTE v. MRS BPO LLC*, 1:2025cv15811 (D.N.J., 9/19/2025)

62. *Wilson v. TPH Paralegal Professional Corporation*, 6:2025cv01703 (D. Or., 9/23/2025)

63. *Wilson v. Get Away Today, Inc.*, 6:2025cv01716 (D. Or., 9/23/2025, closed 10/22/2025)

64. *Wilson v. AMP FIT, INC.*, 3:2025cv01741 (D. Or., 9/25/2025)

65. *Wilson v. Lumen Technologies Inc*, 3:2025cv01471 (W.D. La., 10/2/2025, closed 1/26/2026)

66. **Wilson v. Freeway Insurance Services of America, LLC, 6:2025cv01869 (D. Or., 10/12/2025)**

67. *Wilson v. GameChanger247, LLC*, 6:2025cv01870 (D. Or., 10/12/2025)

68. *Wilson v. Salespromis, LLC*, 9:2025cv81268 (S.D. Fla., 10/14/2025)

69. *Wilson v. Cirkul Inc.*, 6:2025cv02036 (D. Or., 11/2/2025)

70. *Wilson v. Continental Tire the Americas, LLC*, 6:2025cv02052 (D. Or., 11/4/2025, closed 2/17/2026)

71. *Wilson v. Coverright Insurance Services*, 1:2025cv06357 (E.D.N.Y., 11/17/2025, closed 4/1/2026)

72. *Wilson v. Mortgage One, Inc.*, 3:2025cv03648 (S.D. Ca., 12/17/2025)

73. *Wilson v. Dealmed Medical Supplies, LLC*, 1:2026cv00009 (E.D.N.Y., 1/2/2026)

74. *Wilson v. Autoweb, Inc.*, 4:2026cv00039 (N.D. Ca., 1/4/2026)

75. *Wilson v. The HELOC Company LLC*, 8:2026cv00025 (D. Md., 1/5/2026)

76. *Wilson v. AnyTime Fitness Franchisor, LLC et al*, 6:2026cv00019 (D. Or., 1/6/2026)

77. *Wilson v. Yakima Valley Farm Workers Clinic*, 1:2026cv03003 (E.D. Wash., 1/7/2026)

78. *Wilson v. General Audit Corp.*, 3:2026cv00207 (N.D. Ohio, 1/27/2026)

79. *Wilson v. Pyxis Solutions*, 6:2026cv00344 (D. Or., 2/22/2026)

80. *Wilson v. HomeLand Insurance LLC*, 6:2026cv00345 (D. Or., 2/22/2026)

81. *Wilson v. Wayfair Inc.*, 1:2026cv11420 (D. Mass., 3/24/2026)

82. *Wilson v. AMS Moving Inc.*, 9:2026cv80334 (S.D. Fla., 3/25/2026)

83. *Wilson v. Staples, Inc.*, 1:2026cv11489 (D. Mass., 3/29/2026)

84. *Wilson v. Medical Air Services Associates, Inc.*, 6:2026cv00666 (D. Or., 4/3/2026)

85. *Wilson v. Cascades Insurance, LLC*, 6:2026cv00667 (D. Or., 4/3/2026)

86. *Wilson v. Umpqua Health Alliance, LLC*, 6:2026cv00668 (D. Or., 4/3/2026)

**INTERROGATORY NO. 6**

For all lawsuits You have filed concerning alleged violations of the TCPA, list them and identify which ones (a) have resolved by voluntary dismissal with no payment, (b) have been settled, and (c) are still pending. For all lawsuits listed, note whether you have sought or obtained class certification.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff further objects to the extent that this request impermissibly demands Plaintiff to so much as produce information about settlement agreements in wholly unrelated matters, which are inadmissible under FED. R. EVID. 408 and not discoverable under Fed. R. Civ. P. 26(b)(1). As other Courts have noted, the underlying policy of Rule 408, which encourages the efficient settlement of disputes, leads courts to adopt a more demanding standard than that in Rule 26(b)(1) when it comes to the discoverability of settlement information. *Spear v. Fenkell*, No. CIV.A. 13-02391, 2015 WL 3947559, at 1 (E.D. Pa. June 26, 2015). Indeed, multiple other courts have similarly held that they are "not persuaded that financial information such as the specific amounts of Plaintiff's prior TCPA settlements or awards is relevant to [Defendant's] defenses." *Charvat v. Southard Corp.*, No. 2:18-CV-190, 2019 WL 13196991, at *3 (S.D. Ohio Feb. 13, 2019); *Quinn v. Branch Banking & Tr. Co.*, No. 5:19-CV-433-OC-30PRL, 2020 WL 264696, at 4 (M.D. Fla. Jan. 17, 2020). Plaintiff further objects that this request is harassing, disproportionate, nefarious, untoward, and otherwise improper, insofar as it seeks to pry into unrelated disputes, chill the exercise of his rights, and manufacture irrelevant prejudice. Plaintiff further objects insofar as this request intrudes upon privacy and confidentiality interests, including bargained-for confidentiality provisions and court-imposed confidentiality obligations in prior settlements, which Plaintiff is not at liberty to breach. Compelling disclosure of such agreements would be a drastic and extraordinary remedy, grossly disproportionate to the needs of this case, and one that courts have repeatedly refused to impose. Plaintiff further objects insofar as this request seeks attorney-client information, common interest information, attorney work product, trial preparation materials, and attorney mental impressions, all of which are privileged and protected. Plaintiff incorporates by reference his response to Interrogatory No. 5. To the extent Defendant seeks a complete categorization of every TCPA action Plaintiff has filed, Plaintiff states that some of the actions identified in response to Interrogatory No. 5 have resolved through

dismissal, some have resolved through settlement, and others remain pending. Plaintiff has not obtained class certification in any action identified in response to Interrogatory No. 5.

## INTERROGATORY NO. 7

For all pre-litigation written demands or complaints made by You within the last four years alleging that any person or entity sent You unlawful telemarketing calls or text messages, identify: (a) the claimant or sender; (b) the date of the demand or complaint; (c) the telephone number(s) at issue; (d) whether You were represented by counsel; (e) the identity of such counsel; (f) whether a response was received; and (g) the current status or resolution of the matter.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the text messages at issue in this case. Plaintiff objects to this Interrogatory as impermissibly compound and as containing discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1), demanding at once disclosure of "all pre-litigation written demands or complaints " along with *seven* discrete subparts for each. Plaintiff objects to this Interrogatory as harassing and argumentative insofar as it intimates that Plaintiff has done something untoward, nefarious, or otherwise improper by exercising his statutory rights under the TCPA. As multiple courts have held, a person's previous litigation history has no bearing on the merits of the instant claim, and this request is neither relevant nor proportional to the needs of the case. *See Spear v. Fenkell*, No. 13-02391, 2015 WL 3947559, at *1 (E.D. Pa. June 26, 2015) (recognizing the heightened relevance standard applicable to settlement-related discovery); *Charvat v. Southard Corp.*, No. 2:18-CV-190, 2019 WL 13196991, at *3 (S.D. Ohio Feb. 13, 2019) (rejecting discovery into prior TCPA settlements or awards as not relevant); *Quinn v. Branch Banking & Tr. Co.*, No.

5:19-CV-433-OC-30PRL, 2020 WL 264696, at *4 (M.D. Fla. Jan. 17, 2020) (same). Plaintiff further objects insofar as the Interrogatory seeks information protected by the attorney-client privilege, the common interest doctrine, the work-product doctrine, trial preparation materials, Federal Rule of Evidence 408, and confidentiality agreements or protective orders entered in unrelated matters. Plaintiff further objects insofar as the Interrogatory implicates Plaintiff's privacy and data security interests, particularly in a consumer privacy action of this nature. Plaintiff further objects insofar as the Interrogatory is overbroad and unlimited beyond any reasonable scope, including beyond the applicable statutes of limitations. Plaintiff further objects insofar as any public records of lawsuits filed by Plaintiff and public filings therein are publicly available and equally available to Defendant. On these bases, Plaintiff refuses to respond.

**INTERROGATORY NO. 8**

Identify all records evidencing the telephone calls and text messages You allege to have received from Freeway, including but not limited to any records on any of Your devices.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff objects in that there may by additional communications from Freeway of which he is unaware. Plaintiff responds that records evidencing the text messages at issue include screenshots of the messages, records maintained on Plaintiff's cellular telephone, records generated from any forensic extraction performed concerning Plaintiff's device, and documents produced or to be produced during discovery.

**INTERROGATORY NO. 9**

Identify any and all social networking handles and personal blogs, if any, You have used

from October 12, 2021 through the present (and include the name of the site(s) on which You used such handles or blogged).

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff responds that he has maintained accounts on Facebook, Instagram, and Snapchat. Plaintiff's Facebook profiles include https://www.facebook.com/DANKINZ and https://www.facebook.com/tank.tha.dank/.

**INTERROGATORY NO. 10**

Identify all individuals who have had access, whether current or revoked, to Your iCloud account or any other cloud-based service that tracks text messages or telephone calls associated with the subject telephone number from October 12, 2021, through the present.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff further objects insofar as this request seeks attorney-client information, common interest information, attorney work product, trial preparation materials, and attorney mental impressions, all of which are privileged and protected. Plaintiff responds that he has had access to his own cloud-based accounts associated with the subject telephone number. In addition, a forensic consultant retained in connection with litigation was provided temporary access for the purpose of extracting and preserving relevant data. Plaintiff is not presently aware of any other person who has had access to such accounts.

**INTERROGATORY NO. 11**

Identify all contact requests You submitted, authorized, directed, or caused to be submitted between October 12, 2021, and the present. "Contact requests" means any form, application, inquiry, or other communication—whether online, by email, by text message, by telephone, or in physical form—that included the subject telephone number and was made in order to obtain information about, request contact regarding, or otherwise pursue any product, service, or business. Your Response must include contact requests submitted by any other person on Your behalf, including the Heidarpour Law Firm or anyone affiliated with it.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff objects to this interrogatory as overbroad and not proportional to the needs of the case. Subject to the foregoing, Plaintiff responds that he did not submit, authorize, direct, or cause to be submitted any contact request to Defendant, nor is he presently aware of any contact request submitted on his behalf to Defendant.

**INTERROGATORY NO. 12**

For each filed or threatened TCPA claim involving You, identify the total consideration paid in settlement of the matter and state the amount of that consideration paid or allocated to You and to each attorney or law firm involved in the matter, including the Heidarpour Firm.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the text messages at issue in this case. Plaintiff objects to this

Interrogatory as impermissibly compound and as containing discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1). Plaintiff objects to this Interrogatory as harassing and argumentative insofar as it intimates that Plaintiff has done something untoward, nefarious, or otherwise improper by exercising his statutory rights under the TCPA or receiving settlements for damages or damages thereunder. As multiple courts have held, a person's previous litigation history has no bearing on the merits of the instant claim, and this request is neither relevant nor proportional to the needs of the case. *See Spear v. Fenkell*, No. 13-02391, 2015 WL 3947559, at *1 (E.D. Pa. June 26, 2015) (recognizing the heightened relevance standard applicable to settlement-related discovery); *Charvat v. Southard Corp.*, No. 2:18-CV-190, 2019 WL 13196991, at *3 (S.D. Ohio Feb. 13, 2019) (rejecting discovery into prior TCPA settlements or awards as not relevant); *Quinn v. Branch Banking & Tr. Co.*, No. 5:19-CV-433-OC-30PRL, 2020 WL 264696, at *4 (M.D. Fla. Jan. 17, 2020) (same). Plaintiff further objects insofar as the Interrogatory seeks information protected by the attorney-client privilege, the common interest doctrine, the work-product doctrine, trial preparation materials, Federal Rule of Evidence 408, and confidentiality agreements or protective orders entered in unrelated matters. Plaintiff further objects insofar as the Interrogatory implicates Plaintiff's privacy and data security interests, particularly in a consumer privacy action of this nature. Plaintiff further objects insofar as the Interrogatory is overbroad and unlimited beyond any reasonable scope, including beyond the applicable statutes of limitations. Plaintiff further objects insofar as any public records of lawsuits filed by Plaintiff and public filings therein are publicly available and equally available to Defendant. On these bases, Plaintiff refuses to respond.

**INTERROGATORY NO. 13**

For the subject telephone number, identify the named subscriber, when that person became the named subscriber, the names of all individuals that appear on the phone bill, and who pays for the phone bill for the subject telephone number.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff responds that he is the subscriber of the subject telephone number, has been the subscriber throughout the relevant period, no other individuals appear on the associated telephone bill, and Plaintiff is responsible for payment of the telephone bill.

**INTERROGATORY NO. 14**

Identify Your Internet Protocol (IP) addresses for every electronic device You used between May 29 and June 12, 2024. The term "electronic device" includes cell phones, computers, tablets, smartwatches, or any other similar electronic device that has access to the internet. For each location where you accessed the internet during that period, identify whether the IP addresses assigned to your devices were static or dynamic and whether you used a VPN.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff responds that, after a reasonable inquiry, he is not presently able to identify all IP addresses associated with every electronic device used between May 29, 2024 and June 12, 2024. Plaintiff is aware that records may reflect IPv6 address ████████████████████████ and IPv4 address ████████ during the relevant period, although he possesses no records of the exact dates that these IP addresses were assigned or unassigned. Plaintiff does not presently know whether such addresses were static or dynamic and does not recall using a VPN during the relevant period.

**INTERROGATORY NO. 15**

Identify any call- or text-blocking, forwarding, or similar tool, function, or application You

used from January 2020 to the present.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff responds that he has not used any call-blocking, text-blocking, forwarding, or similar application, tool, or service from January 2020 to the present.

**<u>INTERROGATORY NO. 16</u>**

Identify all written or oral agreements between You and Andrew Heidarpour, the Heidarpour Firm, or anyone affiliated with that firm, including any engagement letters, fee agreements, referral agreements, litigation-support agreements, data-access agreements, or other agreements relating to TCPA claims, the subject telephone number, or monitoring, preserving, collecting, or reviewing communications associated with that number.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff objects to this Interrogatory as massively overbroad, wildly burdensome, and plainly disproportional to the needs of this case, particularly given the current procedural posture. Plaintiff objects to this request insofar as it seeks "Identify all written or oral agreements between You and Andrew Heidarpour" between Plaintiff and not only his Counsel, but also "anyone affiliated with that firm, including any engagement letters, fee agreements, referral agreements, litigation-support agreements, data-access agreements, or other agreements relating to TCPA claims, the subject telephone number, or monitoring, preserving, collecting, or reviewing communications associated with that number" and as such the request is vague, ambiguous, unintelligible, and overbroad insofar as it impermissibly demands Plaintiff to so much as each such agreement with his counsel, including any such privileged

agreements. Most, if not all, such agreements (if any) are categorically privileged as attorney-client communications and attorney work product, and to compel their disclosure would serve no purpose other than harassment and to invade the sanctity of the attorney-client relationship. Moreover, this request is nefarious, untoward, and otherwise improper in that it insinuates unethical conduct by Plaintiff or his counsel, and the production of such materials would be neither proportional to the needs of the case nor relevant to any claim or defense. To the extent Defendant seeks privileged information, that would itself be improper and unethical, and Plaintiff assumes that this request is instead limited to non- privileged, non-confidential information, of which none exists. Furthermore, this request is harassing as it seeks plainly privileged information. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects insofar as this request plainly seeks attorney- client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff refuses to respond on the foregoing basis.

**INTERROGATORY NO. 17**

Identify all communications between You and Andrew Heidarpour, the Heidarpour Law Firm, or anyone affiliated with that firm, concerning: (a) alleged unwanted calls or text messages to the subject telephone number; (b) potential or filed TCPA claims; (c) preservation, collection, monitoring, or review of call logs, text messages, iCloud data, or other device/account data associated with the subject telephone number; and (d) any contact requests submitted using the subject telephone number. For each communication, state the date, participants, manner of communication, and general subject matter.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff objects

to this Interrogatory as massively overbroad, wildly burdensome, and plainly disproportional to the needs of this case, particularly given the current procedural posture. Plaintiff objects to this Interrogatory as impermissibly compound. Plaintiff objects to this request insofar as it seeks "all communications" between Plaintiff and not only his Counsel, but also "anyone affiliated with that firm" and as such the request is vague, ambiguous, unintelligible, and overbroad insofar as it impermissibly demands Plaintiff to so much as each such communications with his counsel, including any such privileged communications. Most, if not all, such communications are categorically privileged as attorney-client communications and attorney work product, and to compel their disclosure would serve no purpose other than harassment and to invade the sanctity of the attorney-client relationship. Moreover, this request is nefarious, untoward, and otherwise improper in that it insinuates unethical conduct by Plaintiff or his counsel, and the production of such materials would be neither proportional to the needs of the case nor relevant to any claim or defense. To the extent Defendant seeks privileged communications and information, that would itself be improper and unethical, and Plaintiff assumes that this request is instead limited to non- privileged, non-confidential information and communications, of which none exists. Furthermore, this request is harassing as it seeks plainly privileged information. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects insofar as this request plainly seeks attorney- client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff refuses to respond on the foregoing basis.

**INTERROGATORY NO. 18**

For each lawsuit or threatened TCPA claim identified in response to Interrogatories 6, 7, and 12, identify all communications You have had with any person whom You contend was the intended recipient of the calls or text messages at issue, and for each such communication state the date, participants, manner of communication, and subject matter.

**RESPONSE:**

Plaintiff objects in that the Plaintiff has moved to stay discovery and contends that this action ought to be dismissed and any response stayed until the motion to stay is ruled upon. Plaintiff objects to this Interrogatory because it seeks information concerning unrelated lawsuits and claims, is overbroad, and is not proportional to the needs of this case. Plaintiff incorporates his responses and objections to Interrogatories 6, 7, and 12 as if though fully set forth herein. Plaintiff objects to this Interrogatory as impermissibly compound. Plaintiff further objects to the extent the Interrogatory seeks information protected by the attorney-client privilege or work-product doctrine. Subject to the foregoing, Plaintiff is not aware of any communication with an intended recipient of the text messages at issue in this action.

Dated: June 15, 2026

Respectfully submitted,

by: */s/ Andrew Roman Perrong*
Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
Telephone: 215-225-5529

*Attorney for Plaintiff and the Proposed Class*

## **VERIFICATION**

I, Chet Wilson, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, and upon information and belief.

Dated: June 15, 2026

_____

Chet Wilson, Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that, on June 15, 2026, this document was sent electronically to the registered participants as identified on the electronic filing notice

by: */s/ Andrew Roman Perrong*
Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
Telephone: 215-225-5529

*Attorney for Plaintiff and the Proposed Class*