Timothy J. Fransen, OSB No. 073938
tfransen@cosgravelaw.com
**COSGRAVE VERGEER KESTER LLP**
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

Ryan D. Watstein (*Pro Hac Vice*)
ryan@wtlaw.com
James M. Ruley (*Pro Hac Vice*)
jruley@wtlaw.com
**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 783-0695

*Attorneys for Defendant*
*Freeway Insurance Services of America, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION**

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>FREEWAY INSURANCE SERVICES OF AMERICA, LLC,<br><br>    Defendant. | Case No. 6:25-cv-1869-MC<br><br>**DEFENDANT FREEWAY INSURANCE SERVICES OF AMERICA, LLC'S MOTION TO EXTEND THE DISCOVERY PERIOD** |

## LOCAL RULE 7-1 CERTIFICATION

In compliance with Local Rule 7-1(a)(1), counsel for Freeway Insurance Services of America, LLC, certifies that they conferred with Andrew Perrong, counsel for Plaintiff, through a Zoom conference and subsequent telephone call on June 17, 2026, set for the purpose of discussing this motion. Plaintiff's counsel was unable to state at that time whether Plaintiff would oppose the relief requested. The parties further discussed the motion via email on June 18, 2026, at which time Plaintiff's counsel stated that Plaintiff intends to oppose the motion. The parties were therefore unable to resolve the matter without Court intervention.

## MOTION

Plaintiff refuses to respond to discovery Freeway served well in advance of the discovery cutoff on the theory that all discovery should freeze while his Rule 41(a)(2) motion to dismiss his own case (ECF No. 20) is pending. ECF No. 20 at 13. For the reasons detailed in Freeway's opposition to that motion, the requested stay is not warranted—particularly since the ongoing discovery bears directly on the propriety of the relief Plaintiff seeks. *See* ECF No. 23.

But regardless of whether the Court agrees with Plaintiff that discovery should pause pending its ruling, the current discovery cutoff—Friday, June 19, 2026, *see* ECF No. 16—will lapse before Freeway obtains the responses it is owed. That's because Plaintiff has refused to respond to discovery pending a ruling on his motion, in the hopes of running out the clock with the unilateral stay he gave himself based on a motion that lacks merit and that the Court hasn't ruled on. Freeway has also granted courtesy extensions on its third-party subpoenas, and those responses now fall due after the cutoff. It should not have to forfeit discovery for an accommodation. Freeway therefore moves, out of an abundance of caution, to extend the discovery

Page 2 – **DEFENDANT'S MOTION TO EXTEND THE DISCOVERY PERIOD**

**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 783-0695

period sixty (60) days from the Court's ruling on Plaintiff's motion, so that the very motion Plaintiff filed to delay discovery does not also extinguish Freeway's right to it.

Plaintiff's stonewalling is why discovery remains incomplete. Relying on his pending stay request, Plaintiff served responses to Freeway's first set of discovery requests that object across the board and disclose almost nothing. *See* ECF No. 23-1, Suppl. Watstein Decl. ¶¶ 17–20 & Ex. C. Freeway noticed Plaintiff's deposition, and Plaintiff has declined to sit for it until the Court rules on his motion. Freeway requested an inspection of Plaintiff's devices like the one that revealed the TCPA litigation fraud in *Human v. Fisher Investments*, --- F.R.D. ----, 2026 WL 925576, at *9–11 (E.D. Mo. Mar. 31, 2026), but Plaintiff refused. ECF No. 23-1, Suppl. Watstein Decl. ¶ 19 & Ex. C; ECF No. 23 at 12–13.

As Freeway explained in its prior motions, this discovery goes to the heart of Plaintiff's adequacy. It bears on the structure and operation of the coordinated sue-and-settle enterprise through which Plaintiff and the Heidarpour Law Firm profit from hundreds of filed and threatened putative class claims—including dozens in this District—which they use to extract better-than-the-statute settlements, almost all of which go to counsel and none to any class. It bears on the extent to which Plaintiff is merely a figurehead who has relinquished all control to the Heidarpour Law Firm—as the Heidarpour Law Firm's scant production thus far suggests is the case. ECF No. 23-1, Suppl. Watstein Decl. ¶ 14 (detailing an engagement letter between the Heidarpour Law Firm and Plaintiff that grants the Heidarpour Law Firm "power of attorney" to file, pursue, settle, execute settlement documents, and handle deposits and checks on Plaintiff's behalf—in a putative class action case where the named plaintiff must operate as a check on counsel).

It bears on the Heidarpour Law Firm's undisclosed role in originating, directing, and profiting from those claims, and the resulting conflict between Plaintiff's interest in serial

Page 3 – **DEFENDANT'S MOTION TO EXTEND THE DISCOVERY PERIOD**

**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 783-0695

individual recoveries and the interests of the absent class members he purports to represent. *See* ECF Nos. 19, 23. It bears on Plaintiff's individual claims—including whether Plaintiff fraudulently created his own claim by filling in a lead form pretending to be someone else, like in *Human.* And perhaps most importantly for the purposes of this motion—given that Plaintiff's basis for opposing discovery is the pendency of his motion to dismiss—it bears on the reason he seeks to dismiss before a ruling on his adequacy. Indeed, that reason is hard to square with his conduct the *day before* he first moved to dismiss his own case (ECF Nos. 17, 18), when he was proposing to *expand* this case with a new claim against a new defendant. ECF No. 19-1, Watstein Decl. ¶¶ 56–59.

The Court may modify its Rule 16 scheduling order "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In the Ninth Circuit, the good-cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* The Court enjoys "broad discretion in supervising the pretrial phase of litigation," *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002), and "[a] modification to court-imposed deadlines is within the court's discretion," *Pitkin v. Corizon Health, Inc.*, 2018 WL 1336047, at *4 (D. Or. Mar. 13, 2018) (granting motion to extend discovery for ninety days).

Freeway has been more than diligent. It spent an enormous amount of money and time investigating the fraud-on-the-court scheme described in its motion to deny class certification. *See generally* ECF No. 19. It investigated the lead submission, the person who purportedly submitted it, Plaintiff, his connection to the Heidarpour Law Firm, and his sue-and-settle tactics. *See generally* ECF No. 19-1, Watstein Decl. (outlining investigative efforts regarding Plaintiff's

Page 4 – **DEFENDANT'S MOTION TO EXTEND THE DISCOVERY PERIOD**

**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 783-0695

claims and his connection to the Heidarpour Law Firm). It retained a former FBI agent to locate and interview the individual whose name appeared on the lead form; despite traveling to multiple California towns and interviewing people associated with her reported addresses, the investigator could not find anyone who had heard of her. *Id.* ¶¶ 52–53.

Once its initial investigation and its then-prepared motion to deny class certification had defined the discovery it needed, Freeway served its written discovery more than thirty days before the cutoff, which is timely in this circuit. *See Reed v. Morgan*, 2017 WL 4408076, at *1 (W.D. Wash. Oct. 4, 2017) (citing Fed. R. Civ. P. 33(b)(2), 36(a)(3)); *see also* LR 16-2(e) (defining "Completion of Discovery" to mean that "[a]ll documents must be produced per request," and "[a]ll interrogatory or other discovery requests must be answered"). The sole reason that discovery remains unanswered is Plaintiff's refusal to respond while his dismissal motion is pending.

A sixty-day extension would not prejudice Plaintiff. Plaintiff filed this case. Then he refused to respond to discovery, after Freeway incurred expense preparing it and enormous expense in the research and investigation that preceded it. And the basis for his refusal to respond is the pendency of his motion to dismiss and to stay. Having asked the Court to pause discovery, Plaintiff cannot credibly claim prejudice from an order that preserves the discovery window while that request is resolved.

His own conduct confirms the point. The day before he filed his initial motion to dismiss (ECF Nos. 17, 18), Plaintiff conferred with Freeway about *adding a new claim against a new defendant*—a step that would have required far more discovery. *See* ECF No. 19-1, Watstein Decl. ¶¶ 56–59. He chose instead to dismiss his own case in the face of Freeway's motion, discovery, and subpoena on the Heidarpour Law Firm. A plaintiff who was prepared to expand the case one

Page 5 – **DEFENDANT'S MOTION TO EXTEND THE DISCOVERY PERIOD**

<span style="float:right">**WATSTEIN TEREPKA LLP**<br>75 14th Street NE, Suite 2600<br>Atlanta, Georgia 30309<br>Telephone: (404) 783-0695</span>

day can't turn around the next and claim that another sixty days of discovery—on topics already at issue in the case—would prejudice him.

Nor is there any other source of prejudice. No trial date is set, Freeway's Motion to Deny Class Certification is pending, and in the event the Court denies or defers ruling on Plaintiff's motion, any stay would be lifted, entitling Freeway to the responses it has already sought. Plaintiff possesses the information Freeway seeks, and it bears directly on the issues in this case.

Freeway is entitled to responses to its already-served discovery, and whatever further discovery those responses warrant, once the Court rules on Plaintiff's motion. It files this motion now, before the current cutoff, only to ensure that the window remains open to obtain them. The Court should extend the discovery period sixty (60) days from its ruling on ECF No. 20.

Dated: June 18, 2026

/s/ Ryan D. Watstein
Ryan D. Watstein (*Pro Hac Vice*)
ryan@wtlaw.com
James M. Ruley (*Pro Hac Vice*)
jruley@wtlaw.com
**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 783-0695

Timothy J. Fransen, OSB No. 073938
tfransen@cosgravelaw.com
**COSGRAVE VERGEER KESTER LLP**
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

*Attorneys for Defendant Freeway Insurance Services of America, LLC*

Page 6 – **DEFENDANT'S MOTION TO EXTEND THE DISCOVERY PERIOD**

## CERTIFICATE OF SERVICE

I hereby certify that, on June 18, 2026, I electronically filed the foregoing **DEFENDANT FREEWAY INSURANCE SERVICES OF AMERICA'S MOTION TO EXTEND THE DISCOVERY PERIOD** with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

DATED: June 18, 2026

*/s/ Ryan D. Watstein*
Ryan D. Watstein

Page 1 - **CERTIFICATE OF SERVICE**

**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 783-0695