Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Telephone: 215-225-5529

Attorney for Plaintiff and the Proposed Class

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | | |
|---|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated, | : :  : | CIVIL ACTION FILE NO. **6:25-cv-01869-MC** |
| | : | |
| | : | OPPOSITION TO DEFENDANT'S |
| Plaintiff, | : | MOTION TO EXTEND |
| | : | |
| v. | : | TCPA (47 U.S.C. § 227) |
| | : | |
| FREEWAY INSURANCE SERVICES OF AMERICA, LLC, | : : | DEMAND FOR JURY TRIAL |
| | : | |
| Defendant. | : | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S
## MOTION TO EXTEND THE DISCOVERY PERIOD

**INTRODUCTION**

Freeway's motion refutes itself. It asks the Court to extend fact discovery by sixty days measured "from the Court's ruling" on Plaintiff's motion to dismiss. ECF No. 24 at 2-3. This is the very ruling Freeway insists the existing record already compels. Freeway has told this Court, repeatedly, that the adequacy record is "more-than-sufficiently developed," that its "first-filed motion already requires" a ruling on that record, and that a decision on the basis of the discovery it contends is "adequate" is sufficient to "inform every one" of Plaintiff's other cases. ECF No. 23 at 12. It has told the Court it "does not ultimately oppose dismissal." *Id.* at 3. And it has represented that its "initial investigation and its then-prepared motion to deny class certification had defined the discovery it needed." ECF No. 24 at 5. Freeway cannot have it both ways. If the record already suffices to decide Freeway's motion to deny certification and to resolve Plaintiff's dismissal motion on Freeway's preferred terms, there is no good cause to keep discovery open for sixty additional days. And if it does not, then Freeway's motion to deny certification, which the Court has indicated it will decide in tandem with the dismissal motion, is not ripe and ought to be denied as premature, a concession Freeway will not make.

What the requested extension actually serves is not Plaintiff's individual TCPA claim, not any element of Rule 23, and not any dismissal, but instead Freeway's sprawling "fraud" conspiracy theory it has attempted to hijack this case to litigate. And even that theory centers around other plaintiffs, other law firms, and other cases, a theory Plaintiff's reply in support of his Motion to Dismiss, ECF No. 26, shows is both legally improper and foreclosed by the chronology of this case. The centerpiece of its theory, and the requested extension, Freeway's subpoena to the Heidarpour Law Firm, is not even available to be enforced. The United States District Court for the District of Columbia has stayed all deadlines under that subpoena and

Opposition to Motion to Extend                1

directed that the issues be briefed in the normal course. *See In re Subpoena to Heidarpour Law Firm, PLLC*, 1:26-mc-99-RJL-ZMF (D.D.C June 24, 2026). Freeway cannot manufacture urgency from improper third party discovery another federal court has already paused.

The posture is straightforward. The Court faces a fully briefed motion to dismiss with prejudice that, if granted, moots the certification dispute and any discovery bearing on it. And that motion is to be decided in tandem with the motion to deny certification that Freeway says needs no further record. There is no good cause to extend discovery, which has now closed, under these circumstances. The motion should be denied, and discovery should remain stayed pending the Court's tandem ruling, as Plaintiff has separately requested. ECF No. 20.

## ARGUMENT

### I.      Freeway Cannot Demand Sixty More Days of Discovery While Insisting the Record Is Already Complete.

Good cause to extend discovery presupposes that the movant needs the discovery it seeks. Freeway's own filings establish that it does not. In justifying its move to deny certification, Freeway argued that "courts in this District have not hesitated to resolve certification questions early where the record permits," ECF No. 23 at 12, and it built that motion on what it now calls a "more-than-sufficiently developed adequacy record," *id.* In opposing dismissal, Freeway told the Court that a ruling on the certification record "is not a detour" but the very thing "Freeway's first-filed motion already requires," and that such a ruling "would inform every one" of Plaintiff's cases. *Id.* In its present motion, Freeway confirms that its "initial investigation and its then-prepared motion to deny certification had defined the discovery it needed." ECF No. 24 at 5. Those representations are irreconcilable with the request Freeway now makes.

Opposition to Motion to Extend                    2

A party that tells the Court its adequacy record is complete, that its motion to deny certification is ripe, and that dismissal can be resolved on the existing record, cannot simultaneously tell the Court that it needs sixty more days of device inspections, iCloud data, and third-party subpoenas to develop that same record. As Plaintiff has already observed, Freeway "contends that the record is 'more-than sufficiently developed' while at the same time contending it needs more discovery," a tension "compounded by Defendant's separate motion to extend discovery." ECF No. 26 at 16 n.3.

The tension resolves only one way. The discovery Freeway seeks is not aimed at Plaintiff's individual TCPA claim or at any Rule 23 requirement. It is aimed at Freeway's theory that the Heidarpour Law Firm "manufacture[s]" claims across "hundreds" of unrelated matters. ECF No. 19 at 17, 20. That is not a proper use of discovery. Discovery "like all matters of procedure, has ultimate and necessary boundaries," and is confined to matters relevant to the claims and defenses in the case, not a roving license to investigate other litigation or theories. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Discovery exists to prove a claim a party already has reason to believe is "viable *without discovery*, not to find out if it has any basis for a claim." *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990). Freeway's stated reason for the extension, to keep its "investigation" alive in the event this case is not dismissed, is not good cause. It is the paradigm of a fishing expedition.

## II.    Plaintiff Has Not Refused Discovery and Freeway Mischaracterizes the Record.

Freeway's motion further relies on the assertion, repeated throughout, that Plaintiff "refuses to respond to discovery" and has engaged in "stonewalling." ECF No. 24 at 2, 3. The record is otherwise. Plaintiff served written responses to each of Freeway's three sets of requests,

Opposition to Motion to Extend                    3

its interrogatories, its requests for production, and its inspection demand. Freeway itself placed those responses in the record, and those records refute Freeway's characterizations on their face. *See* ECF No. 23-1, Suppl. Watstein Decl. Ex. C.

For example, Plaintiff has, provided verified responses to interrogatories and provided substantive responses to those which were not objectionable. And Plaintiff did not refuse to produce documents. Serving responses and agreeing to produce documents is not a refusal to respond. To the contrary, his responses expressly commit to production on a schedule keyed to his pending, now fully briefed motion to stay, stating that Plaintiff will produce responsive documents in his possession, custody, or control, as the Court directs, pending the outcome of Plaintiff's Motion to Stay Discovery. Plaintiff contends that producing documents within 14 days after the Court rules on the Motion to Stay, if the Motion is denied, constitutes a reasonable time within the meaning of Rule 34(b)(2)(B). ECF No. 23-1, Ex. C.

That is a good-faith Rule 34 position tied to a stay request. The Court has indicated it will decide the dismissal, which incorporates a stay request, and motion to deny certification in tandem. That is not a refusal to produce documents, and not the "unilateral stay" Freeway describes. ECF No. 24 at 2. Freeway is free to argue that Plaintiff's stay request should be denied or that Plaintiff's agreement is not a "reasonable" time within the meaning of Rule 34. But it is a gross mischaracterization to recast Plaintiff's timely-served responses, some of which provide the requested information, and an express commitment to produce certain documents at a certain time, as a refusal to participate in discovery. The accusatory framing is contradicted by the very responses Freeway has put before the Court, and Freeway's false rhetoric is no substitute for the showing of good cause the Rule requires.

Opposition to Motion to Extend                    4

III.    **The Third-Party Discovery Freeway Says It Is "Owed" Has Been Stayed by Another Federal Court.**

Freeway argues that it needs an extension because it "granted courtesy extensions on its third-party subpoenas," and those responses "now fall due after the cutoff." ECF No. 24 at 2. The principal such subpoena, to the Heidarpour Law Firm, is not coming due at all. The Heidarpour Law Firm moved to quash that subpoena in the United States District Court for the District of Columbia, and that court stayed all deadlines under the subpoena pending its decision on the motion, directing that the issues be briefed in the normal course. *See* ECF No. 26-5.

Freeway cannot conjure urgency from a subpoena a court has already paused. The timing of any response (if any) to that subpoena is now governed by the District of Columbia's briefing schedule, not by this Court's discovery cutoff, and an extension here would neither accelerate nor alter that separate proceeding. If anything, the stay underscores the point that the discovery Freeway is chasing is improper insofar as another court has determined Freeway's attempt at investigating a law firm warrants orderly briefing before anything must be produced.

IV.    **Discovery Should Be Stayed. At a Minimum, the Requested Extension Is Inconsistent with Plaintiff's Pending Stay Request and Raises Serious Scope Problems.**

Plaintiff's operative motion asks the Court to stay discovery pending its ruling on dismissal. ECF No. 20; *see also* ECF No. 26 at 16-18. The Court has indicated it will take up the dismissal motion of which the request to stay is a part in tandem with the motion to deny certification. Freeway's motion to extend is, in substance, an effort to litigate around Plaintiff's pending stay request before the Court can rule on it. Plaintiff thus opposes the proposed extension to the extent it is inconsistent with the stay Plaintiff has requested and the position, set

Opposition to Motion to Extend                    5

out in his motion and reply, that discovery should be paused while the dismissal and motion to deny certification are decided in tandem.

To be clear about the limits of Plaintiff's position, Plaintiff does not contend the Court could never authorize narrow, targeted discovery if it concluded that some discrete discovery was necessary to decide the dismissal or motion to deny certification or in the event it elected to continue to adjudicate the matters in such motions. But that is not the situation before the Court. The dismissal motion, with the incorporated stay motion, is fully briefed, and the Court has ordered a briefing schedule on the class denial motion. Discovery has closed. And Freeway itself says the record already suffices. There is thus no present need for any discovery, let alone a sixty-day extension.

Even if discovery were not stayed and Freeway obtained its requested extension, what Freeway seeks is grossly overbroad and directed at the wrong questions, as Freeway is forced to admit. Freeway demands forensic inspection of Plaintiff's personal devices, his iCloud data, and third-party subpoena production from a non-appearing law firm, none of it tied to an element of Plaintiff's individual TCPA claim or to any Rule 23 factor, but instead all of it aimed at Freeway's fraud narrative about other cases involving the Heidarpour Law Firm and Mr. Wilson. The invasive, privilege-laden discovery Freeway wants sixty more days to pursue raises those same problems in more acute form.

## V.    Freeway Has Not Shown Good Cause Under Rule 16(b)(4).

A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The inquiry focuses on the movant's diligence and its reasons for seeking modification. *See Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992); *see also* LR 16-3(a) (movant must show good cause, effective prior use of time, recommend a

Opposition to Motion to Extend                6

new date, and show the impact of the extension on other deadlines). Freeway's stated reasons do not meet that standard, because the extension is unnecessary.

The dispositive point here is necessity. The Court is presented with a fully briefed motion to dismiss with prejudice that would moot the discovery Freeway seeks, to be decided in tandem with an about-to-be-fully-briefed motion to deny certification Freeway contends needs no further record. In that posture, an extension serves no purpose the Court cannot serve by ruling.

If the Court grants dismissal, the certification dispute is moot, no class remains to certify or to refuse to certify, and the requested discovery is moot along with it. *See Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1407 (9th Cir. 1989).

If the Court denies dismissal, or concludes that some discrete discovery is warranted before it rules on the certification issue, the Court can set an appropriate schedule at that time, under the ordinary rules and cabined to whatever it deems relevant and proportional.

Either way, Freeway loses nothing from the denial of a prospective sixty-day window now. As Freeway concedes, no trial date is set, its motion to deny is pending, and "in the event the Court denies or defers ruling on Plaintiff's motion, any stay would be lifted, entitling Freeway to the responses it has already sought." ECF No. 24 at 6. That concession answers its own motion. Whatever discovery Freeway is entitled to, it will be entitled to when and if the Court denies the stay. The only thing the extension adds is a standing license to continue Freeway's cross-case fraud investigation and run the clock on the chance the case survives. The Court can address the need for any such discovery, if it ever arises, at the appropriate time. Until then, there is no good cause to extend a discovery period that has already closed.

Opposition to Motion to Extend                    7

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Freeway's motion to extend the discovery period and maintain the stay of discovery pending its ruling on the motion to dismiss and the motion to deny certification. In the alternative, the Court should defer any question of a further discovery schedule until it rules on those motions and limit any discovery it may then authorize to what is necessary, relevant, and proportional.

RESPECTFULLY SUBMITTED AND DATED this 2nd day of July, 2026.

/s/ *Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
OSB No. 243320
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Telephone: 215-225-5529
a@perronglaw.com
Lead Attorney for Plaintiff and the Proposed
Class

## CERTIFICATE OF COMPLIANCE

This memorandum complies with the applicable page limitations for discovery motions because it does not exceed ten pages, including headings, footnotes, and quotations, but excluding the caption, signature block, exhibits, and any certificates of counsel.

Dated: July 2, 2026

/s/ *Andrew Roman Perrong*
Andrew Roman Perrong, Esq.

# CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong