Timothy J. Fransen, OSB No. 073938
tfransen@cosgravelaw.com
**COSGRAVE VERGEER KESTER LLP**
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

Ryan D. Watstein (*Pro Hac Vice*)
ryan@wtlaw.com
James M. Ruley (*Pro Hac Vice*)
jruley@wtlaw.com
**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 783-0695

*Attorneys for Defendant Freeway*
*Insurance Services of America, LLC*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FREEWAY INSURANCE SERVICES OF AMERICA, LLC,<br><br>Defendant. | Case No. 6:25–cv–1869–MC<br><br><br>**DEFENDANT FREEWAY INSURANCE SERVICES OF AMERICA, LLC'S RESPONSES TO PLAINTIFF FIRST SET OF DOCUMENT REQUESTS TO DEFENDANT** |

Defendant Freeway Insurance Services of America, LLC ("Freeway"), under Federal Rules

of Civil Procedure 26 and 34, hereby answers, objects, and otherwise responds to Plaintiff Chet

Page 1 - **DEFENDANT'S RESPONES TO PLAINTIFF'S
FIRST REQUEST DOCUMENT REQUESTS**

Michael Wilson's ("Plaintiff") First Set of Document Requests to Defendant (individually "Request" and collectively, "Requests") as follows:

## PREFATORY STATEMENT

Many of Plaintiff's Requests are improper for threshold reasons.

1. Many Requests are improper because they purport to impose obligations on Freeway beyond the requirements of Rule 34 of the Federal Rules of Civil Procedure, which will govern Freeway's responses.

2. Many of the Requests seek materials prepared in anticipation of litigation or that contain, reflect, or call for the disclosure of the mental impressions, conclusions, opinions, or legal theories of any attorney for Freeway or any other information protected by the Federal Rules of Civil Procedure. Freeway will not produce such information.

3. Many of the Requests seek information protected from discovery under the attorney-client privilege, the work product doctrine, and/or other privileges recognized under the law. Freeway will not produce such information.

4. Many of the Requests seek trade secrets or other confidential or proprietary research, development, commercial, or business information. Freeway's production of any such information will be done only subject to the entry of a confidentiality order.

5. Many of the Requests call for identification or production of information that is a matter of public record and is equally available to the requesting party.

6. Many of the Requests seek confidential information relating to individuals who are not parties to this litigation. Freeway's production of any such information will be done subject to the entry of a confidentiality order.

7. Many of the Requests fail to define key terms, requiring Freeway to speculate about

Page 2 - **DEFENDANT'S RESPONES TO PLAINTIFF'S FIRST REQUEST DOCUMENT REQUESTS**

the information that Plaintiff seeks.

8.    Many of the Requests are overbroad because their plain language appears to solicit information that falls outside the time period set forth in Plaintiff's instructions.

9.    Many of the Requests seek information that is not within Freeway's possession, custody, or control.

10.   Freeway objects to Plaintiff's definition of "Defendant," which includes Freeway and "any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives." This definition is overly broad, unduly burdensome, unintelligible, disproportionate, ambiguous, and inappropriate. In fact, this definition is so broad that it arguably purports to call for Freeway to contact entities (including entities such as accounting firms, law firms, or other "agents" of various entities of Freeway) and each of its employees to ask each of them about this case. Requests using this definition are impossible to comply with because, among other reasons, it includes people and entities over which Freeway has no common ownership or control and which are entities separate and distinct from Freeway. Freeway will respond on its own behalf.

11.   Freeway objects to Plaintiff's definition of "You," which includes Freeway and "any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives." This definition is overly broad, unduly burdensome, unintelligible, disproportionate, ambiguous, and inappropriate. In fact, this definition is so broad that it arguably purports to call for Freeway to contact entities (including entities such as accounting firms, law firms, or other "agents" of various entities of Freeway) and each of its employees to ask each of

Page 3 - **DEFENDANT'S RESPONES TO PLAINTIFF'S FIRST REQUEST DOCUMENT REQUESTS**

them about this case. Requests using this definition are impossible to comply with because, among other reasons, it includes people and entities over which Freeway has no common ownership or control and which are entities separate and distinct from Freeway. Freeway will respond on its own behalf.

12.    In responding to the Requests, Freeway states that it has conducted a diligent search, reasonable in scope, of those files and records in Freeway's possession or control believed to be the most likely to contain documents responsive to the Requests and has solicited relevant documents from those individuals employed or otherwise affiliated with Freeway believed to be the most likely to have documents responsive to the Requests. Freeway has not, however, undertaken to search or review all of the files and records in Freeway's possession, custody, or control, nor has Freeway solicited documents from every individual employed by or otherwise affiliated with Freeway, because to do so would be unduly burdensome and expensive. In the event, therefore, that additional documents, records, or files responsive to any of the Requests are identified or brought to Freeway's attention, Freeway reserves the right to amend or supplement these responses.

13.    In responding, Freeway does not concede that any Request to which it responds is relevant to the subject matter of this litigation or proportional to the needs of this case. Freeway expressly reserves both the right to object to further discovery into the subject matter of these Requests and the right to object to the introduction into evidence of its responses to these Requests. Freeway also reserves the right to question the authenticity, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the information provided and the documents identified and/or produced in response to these Requests, which may arise in any subsequent proceeding in, or the trial of, this or any other action.

Page 4 - **DEFENDANT'S RESPONES TO PLAINTIFF'S FIRST REQUEST DOCUMENT REQUESTS**

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

14.     For avoidance of doubt, Freeway states that the matters identified in its Prefatory Statement are not intended as general objections. Freeway does not rely on the issues identified above in lieu of its specific objections to each Request below.

15.     Freeway reserves the right to amend, supplement, or revise its responses as necessary up to and including the time of trial.

Subject to the foregoing, Freeway hereby responds to the Requests as follows:

## RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

## REQUEST NO. 1

Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

## RESPONSE:

Freeway objects to this Request to the extent it seeks materials prepared in anticipation of litigation or to the extent it calls for the disclosure of the mental impressions, conclusions, opinions, or legal theories of any attorney for Freeway or any other information protected by the Federal Rules of Civil Procedure. Freeway will not produce such information.

Freeway further objects to this Request to the extent it seeks information that includes trade secrets or other confidential or proprietary research, development, or commercial information. Freeway will only produce such information subject to the entry of a confidentiality order.

Subject to and without waiving the foregoing objections, Freeway will produce non-privileged documents in its possession, custody, or control responsive to this Request by April 21, 2026.

Page 5 - **DEFENDANT'S RESPONES TO PLAINTIFF'S FIRST REQUEST DOCUMENT REQUESTS**

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

**REQUEST NO. 2**

Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

**RESPONSE:**

Freeway objects to this Request to the extent it is vague and ambiguous, including as to the phrases "supporting or contradicting," "any affirmative defense," and "any answer . . . to any complaint in this case," forcing Freeway to speculate as to the meaning of those terms.

Freeway objects to Plaintiff's definition of "You," which includes Freeway and "any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives." This definition is overly broad, unduly burdensome, unintelligible, disproportionate, ambiguous, and inappropriate. In fact, this definition is so broad that it arguably purports to call for Freeway to contact entities (including entities such as accounting firms, law firms, or other "agents" of various entities of Freeway) and each of its employees to ask each of them about this case. Requests using this definition are impossible to comply with because, among other reasons, it includes people and entities over which Freeway has no common ownership or control and which are entities separate and distinct from Freeway. Freeway will respond on its own behalf.

Freeway further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks all documents relating to every affirmative defense without reasonable limitation.

Freeway further objects to this Request because, as phrased, it constitutes an improper contention-style document request that would require Freeway to identify and marshal all documents that may bear on its affirmative defenses.  The Request therefore constitutes a disguised

Page 6 - **DEFENDANT'S RESPONES TO PLAINTIFF'S FIRST REQUEST DOCUMENT REQUESTS**

improper contention-based interrogatory prohibited by LR 33-1(d).

Freeway further objects to this Request because it improperly and prematurely solicits information relevant solely to the merits of the putative class's potential claims against Freeway, but no class has been certified. Thus, discovery is limited to matters relevant to whether certification is appropriate. *See* Fed. R. Civ. P. 23 (2003 Adv. Cmte. Notes).

Freeway further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection, including counsel's mental impressions, legal theories, litigation strategy, and documents prepared in anticipation of litigation.

Subject to and without waiving the foregoing objections, Freeway will produce non-privileged documents in its possession, custody, or control responsive to this Request by April 21, 2026, including non-privileged documents, if any, concerning the factual bases for the affirmative defenses it presently intends to pursue in this action.

## REQUEST NO. 3

Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into outbound calls made to Plaintiff.

## RESPONSE:

Freeway objects that the Request is vague and ambiguous, as it is not clear what specific information Plaintiff is seeking. For example, the Request uses undefined phrases such as "related to Plaintiff," forcing Freeway to speculate as to the meaning of that phrase.

Freeway further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection,

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

including post-suit materials prepared in anticipation of litigation and communications reflecting counsel's mental impressions, legal theories, or litigation strategy.

Freeway objects to Plaintiff's definition of "You," which includes Freeway and "any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives." This definition is overly broad, unduly burdensome, unintelligible, disproportionate, ambiguous, and inappropriate. In fact, this definition is so broad that it arguably purports to call for Freeway to contact entities (including entities such as accounting firms, law firms, or other "agents" of various entities of Freeway) and each of its employees to ask each of them about this case. Requests using this definition are impossible to comply with because, among other reasons, it includes people and entities over which Freeway has no common ownership or control and which are entities separate and distinct from Freeway. Freeway will respond on its own behalf.

Freeway further objects to this Request to the extent it seeks information that includes trade secrets or other confidential or proprietary research, development, or commercial information. Freeway will only produce such information subject to the entry of a confidentiality order.

Subject to the foregoing objections (pursuant to which Freeway believes it is withholding documents pursuant to the attorney-client and work product privileges) and without waiving the same, Freeway will produce non-privileged documents in its possession, custody, or control responsive to this Request by April 21, 2026.

## REQUEST NO. 4

Please produce all documents relating to any failure by a vendor of yours to abide by your policies or any agreement you had relating to the sending of outbound calls.

## RESPONSE:

Page 8 - **DEFENDANT'S RESPONES TO PLAINTIFF'S FIRST REQUEST DOCUMENT REQUESTS**

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

Freeway objects that the Request is vague and ambiguous, as it is not clear what specific information Plaintiff is seeking. For example, the Request uses undefined words and phrases such as "failure," "abide by your policies," and "relating to the sending of outbound calls," forcing Freeway to speculate as to the meaning of those terms.

Freeway objects to this Request as it seeks materials prepared in anticipation of litigation and calls for the disclosure of the mental impressions, conclusions, opinions, or legal theories of any attorney for Freeway or any other information protected by the Federal Rules of Civil Procedure. Freeway will not produce such information.

Freeway objects to Plaintiff's definition of "You," which includes Freeway and "any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives." This definition is overly broad, unduly burdensome, unintelligible, disproportionate, ambiguous, and inappropriate. In fact, this definition is so broad that it arguably purports to call for Freeway to contact entities (including entities such as accounting firms, law firms, or other "agents" of various entities of Freeway) and each of its employees to ask each of them about this case. Requests using this definition are impossible to comply with because, among other reasons, it includes people and entities over which Freeway has no common ownership or control and which are entities separate and distinct from Freeway. Freeway will respond on its own behalf.

Freeway further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it is not reasonably limited by vendor, time period, communication, transaction, or alleged conduct. As written, the Request would sweep in documents concerning any alleged instance in which any vendor may have failed to comply with any Freeway policy or agreement relating in any way to outbound calls, regardless of whether the

Page 9 - **DEFENDANT'S RESPONES TO PLAINTIFF'S FIRST REQUEST DOCUMENT REQUESTS**

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

vendor had any involvement in the lead or communications at issue here, and regardless of whether the issue had anything to do with the TCPA. Freeway uses numerous third-party vendors in connection with lead generation and related marketing activities, and the Request is broad enough to require a wide-ranging search across more than a dozen vendor relationships for potentially unrelated issues extending far beyond Plaintiff, Plaintiff's telephone number, the June 2024 communications alleged in the Complaint, the claims at issue in this case, or the specific EverQuote lead at issue. Because of that overbreadth and burden, Freeway has not undertaken a search for every document that might be responsive to this Request as drafted.

Subject to the foregoing objections and without waiving the same, Freeway cannot respond to this Request as worded.

## REQUEST NO. 5

Please produce all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. This request, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.

## RESPONSE:

Freeway objects that the Request is vague and ambiguous, as it is not clear what specific information Plaintiff is seeking. For example, the Request uses undefined phrases such as "allowing," "allegedly unlawful," and "unauthorized outbound calls," forcing Freeway to speculate as to the meaning of those terms. The Request is also unclear as to what qualifies as a "complaint" or "do-not-call request," whether it is limited to substantiated complaints or includes any allegation regardless of merit, and whether it seeks communications involving calls, text messages, or both.

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

Freeway objects to Plaintiff's definition of "You," which includes Freeway and "any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives." This definition is overly broad, unduly burdensome, unintelligible, disproportionate, ambiguous, and inappropriate. In fact, this definition is so broad that it arguably purports to call for Freeway to contact entities (including entities such as accounting firms, law firms, or other "agents" of various entities of Freeway) and each of its employees to ask each of them about this case. Requests using this definition are impossible to comply with because, among other reasons, it includes people and entities over which Freeway has no common ownership or control and which are entities separate and distinct from Freeway. Freeway will respond on its own behalf.

Freeway further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks "all complaints or do-not-call requests" concerning communications made by Freeway or any vendor, without any meaningful limitation as to vendor, source, campaign, lead, communication channel, factual circumstance, or legal theory. As written, the Request would require Freeway to search across numerous vendor relationships, complaint channels, and internal custodians for any complaint, demand, or do-not-call request that might in some way concern allegedly "unlawful" or "unauthorized" outbound calls, regardless of whether the communication involved the lead at issue here, the same vendor, the same alleged conduct, the same type of communication, or even the same TCPA issues or violations alleged in this case. This Request is particularly objectionable given that this case does not even involve an internal do-not-call claim. Indeed, Plaintiff does not even contend he requested that anyone stop communicating with him. Having no do-not-call claim himself, he has no standing to ask for anything related to alleged do-not-call requests. Plaintiff's own discovery requests also

Page 11 - **DEFENDANT'S RESPONES TO PLAINTIFF'S FIRST REQUEST DOCUMENT REQUESTS**

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

define "Vendor" broadly and impose a four-year default time period, which would substantially expand the burden and scope of this Request. The burden of this Request is particularly immense because Freeway only calls people who request them. Searching for a needle in a haystack like Plaintiff—who claims someone else entered his number—would be logistically impossible, as Freeway's forthcoming motion to deny class certification will make clear.

Freeway further objects because the Request is not reasonably limited to the allegations in the Complaint. Plaintiff's Complaint concerns three text messages allegedly sent to Plaintiff's telephone number on June 5, 6, and 8, 2024. This Request, by contrast, seeks a broad universe of complaints, do-not-call requests, responses, and internal correspondence with no relationship to Plaintiff, Plaintiff's number, the EverQuote lead at issue, or the specific communications alleged in the Complaint. The existence of a do-not-call request or complaint in another circumstance (or even an allegedly similar circumstance) would not establish whether the specific contacts at issue here were sent pursuant to a contact request associated with Plaintiff's number or whether consent existed in connection with that request.

Freeway further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. This Request expressly seeks "any internal correspondence" concerning complaints or do-not-call requests, which would likely encompass communications involving counsel, legal advice, litigation evaluation, and post-complaint investigative communications undertaken in anticipation of litigation.

Freeway further objects to this Request because the Complaint does not allege the receipt of any "calls." Plaintiff claims that he received only text messages, which are not considered telephone calls under subsection (c) of the TCPA. Congress amended the TCPA in 2018 to target

Page 12 - **DEFENDANT'S RESPONES TO PLAINTIFF'S FIRST REQUEST DOCUMENT REQUESTS**

misleading or inaccurate caller identification information and explicitly added text messages to subsection (e) of the TCPA. Pub. L. 115–141, 132 Stat. 348, 1091–92, § 503 (2018). If Congress also intended to amend the meaning and definition of telephone calls or solicitations under subsection (c) to include text messages, it would have done so.

Subject to the foregoing objections (pursuant to which Freeway does not believe it is withholding documents) and without waiving the same, Freeway cannot respond to this overbroad request as worded.

**REQUEST NO. 6**

All contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE:**

Freeway objects to this Request as vague and ambiguous to the extent it seeks "[a]ll contracts or documents representing agreements," forcing Freeway to speculate as to the meaning of that phrase.

Freeway further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because, as phrased, it seeks every contract or other document that might in some way "represent[]" an agreement with any vendor that provided Plaintiff's telephone number or information, without reasonable limitation to the operative agreement or agreements governing the vendor relationship at issue. As written, the Request is broad enough to encompass a wide range of materials in addition to any operative vendor contract, including drafts, amendments, ancillary agreements, correspondence, internal summaries, or other materials that might arguably "represent[]" an agreement. Requiring Freeway to locate and produce every such document would impose unnecessary burden disproportionate to the needs of

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

the case, where the relevant issue is the operative agreement governing the vendor relationship associated with the subject contact request.

Freeway further objects to Plaintiff's definition of "You," which includes Freeway and "any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives." This definition is overly broad, unduly burdensome, unintelligible, disproportionate, ambiguous, and inappropriate. In fact, this definition is so broad that it arguably purports to call for Freeway to contact entities (including entities such as accounting firms, law firms, or other "agents" of various entities of Freeway) and each of its employees to ask each of them about this case. Requests using this definition are impossible to comply with because, among other reasons, it includes people and entities over which Freeway has no common ownership or control and which are entities separate and distinct from Freeway. Freeway will respond on its own behalf.

Subject to the foregoing objections and without waiving the same, Freeway will produce the operative agreement or agreements in its possession, custody, or control with the vendor associated with the subject contact request by April 21, 2026.

**REQUEST NO. 7**

All internal communications at your company regarding any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE:**

Freeway objects to this Request as vague and ambiguous, including with respect to the phrases "internal communications" and "any vendor," forcing Freeway to speculate as to their

meanings.

Freeway further objects to this Request as it seeks materials prepared in anticipation of litigation and calls for the disclosure of the mental impressions, conclusions, opinions, or legal theories of any attorney for Freeway or any other information protected by the Federal Rules of Civil Procedure. Freeway will not produce such information.

Freeway objects to Plaintiff's definition of "You," which includes Freeway and "any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives." This definition is overly broad, unduly burdensome, unintelligible, disproportionate, ambiguous, and inappropriate. In fact, this definition is so broad that it arguably purports to call for Freeway to contact entities (including entities such as accounting firms, law firms, or other "agents" of various entities of Freeway) and each of its employees to ask each of them about this case. Requests using this definition are impossible to comply with because, among other reasons, it includes people and entities over which Freeway has no common ownership or control and which are entities separate and distinct from Freeway. Freeway will respond on its own behalf.

Freeway further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because, as phrased, it seeks "all internal communications" at Freeway "regarding any vendor" that provided Plaintiff's telephone number or information, without any meaningful limitation as to time frame, subject matter, custodian, or the specific lead submission or communications at issue in this case. As written, the Request is broad enough to sweep in any internal communication concerning EverQuote or any other vendor that may have provided Plaintiff's number, regardless of whether the communication relates to the contact request at issue, the text messages alleged in the Complaint, or any claim or defense in this

Page 15 - **DEFENDANT'S RESPONES TO PLAINTIFF'S FIRST REQUEST DOCUMENT REQUESTS**

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

action. That could encompass a substantial volume of internal business communications concerning vendor relationships, vendor performance, lead operations, marketing activity, commercial matters, and other topics wholly unrelated to Plaintiff or the allegations in this suit. Responding to the Request as drafted would therefore require an unduly burdensome and disproportionate search for a broad universe of marginally relevant or irrelevant documents.

Subject to the foregoing objections and without waiving the same, Freeway cannot respond to this Request as worded.

**REQUEST NO. 8**

All contracts or documents representing agreements with any third party that dialed the calls to the Plaintiff.

**RESPONSE:**

Freeway objects to this Request as vague and ambiguous, including with respect to the phrase "dialed the calls," forcing Freeway to speculate as to its meaning.

Subject to and without waiving the foregoing objections, Freeway states that it does not contend any third party dialed or sent the text messages alleged in the Complaint. Accordingly, Freeway has no documents in its possession, custody, or control responsive to this Request.

**REQUEST NO. 9**

All communications with any third party that dialed the calls to the Plaintiff.

**RESPONSE:**

Freeway objects to this Request as vague and ambiguous, including with respect to the phrase "dialed the calls," forcing Freeway to speculate as to its meaning.

Freeway further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Page 16 - **DEFENDANT'S RESPONES TO PLAINTIFF'S FIRST REQUEST DOCUMENT REQUESTS**

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

Subject to and without waiving the foregoing objections, Freeway states that it does not contend any third party dialed or sent the text messages alleged in the Complaint. Accordingly, Freeway has no documents in its possession, custody, or control responsive to this Request.

**REQUEST NO. 10**

All internal communications at your company regarding any third party that dialed the calls to the Plaintiff.

**RESPONSE:**

Freeway objects to this Request as vague and ambiguous, including with respect to the phrase "dialed the calls," forcing Freeway to speculate as to its meaning.

Freeway further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Freeway states that it does not contend any third party dialed or sent the text messages alleged in the Complaint. Accordingly, Freeway has no documents in its possession, custody, or control responsive to this Request.

**REQUEST NO. 11**

All communications with any third party that provided you the Plaintiff's telephone number.

**RESPONSE:**

Freeway objects to this Request as it seeks materials prepared in anticipation of litigation and calls for the disclosure of the mental impressions, conclusions, opinions, or legal theories of any attorney for Freeway or any other information protected by the Federal Rules of Civil Procedure. Freeway will not produce such information.

Freeway objects to Plaintiff's definition of "You," which includes Freeway and "any of its

Page 17 - **DEFENDANT'S RESPONES TO PLAINTIFF'S FIRST REQUEST DOCUMENT REQUESTS**

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives." This definition is overly broad, unduly burdensome, unintelligible, disproportionate, ambiguous, and inappropriate. In fact, this definition is so broad that it arguably purports to call for Freeway to contact entities (including entities such as accounting firms, law firms, or other "agents" of various entities of Freeway) and each of its employees to ask each of them about this case. Requests using this definition are impossible to comply with because, among other reasons, it includes people and entities over which Freeway has no common ownership or control and which are entities separate and distinct from Freeway. Freeway will respond on its own behalf.

Freeway further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because, as phrased, it seeks "all communications" with "any third party" that provided Plaintiff's telephone number, without any meaningful limitation as to time frame, subject matter, custodian, or the specific contact request or communications at issue in this case. As written, the Request is broad enough to sweep in any communication with EverQuote or any other third party that may have provided Plaintiff's telephone number or information, regardless of whether the communication relates to the June 2024 contact request at issue, the text messages alleged in the Complaint, or any claim or defense in this action. That would encompass a substantial volume of communications concerning vendor relationships, lead operations, marketing activity, vendor performance, contractual matters, and other topics wholly unrelated to Plaintiff or the allegations in this suit. Responding to the Request as drafted would therefore require an unduly burdensome and disproportionate search for a broad universe of marginally relevant or irrelevant documents.

Page 18 - **DEFENDANT'S RESPONES TO PLAINTIFF'S FIRST REQUEST DOCUMENT REQUESTS**

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

Freeway further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Freeway also objects to this Request to the extent it seeks information not within its possession, custody, or control.

Subject to the foregoing objections and without waiving the same, Freeway cannot respond to this Request as worded.

**REQUEST NO. 12**

All internal communications at your company regarding any third party that provided you the Plaintiff's telephone number.

**RESPONSE:**

Freeway objects to this Request as vague and ambiguous, including with respect to the phrase "internal communications," forcing Freeway to speculate as to their meanings.

Freeway further objects to this Request as it seeks materials prepared in anticipation of litigation and calls for the disclosure of the mental impressions, conclusions, opinions, or legal theories of any attorney for Freeway or any other information protected by the Federal Rules of Civil Procedure. Freeway will not produce such information.

Freeway objects to Plaintiff's definition of "You," which includes Freeway and "any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives." This definition is overly broad, unduly burdensome, unintelligible, disproportionate, ambiguous, and inappropriate. In fact, this definition is so broad that it arguably purports to call for Freeway to contact entities (including entities such as accounting firms, law firms, or other "agents" of various entities of Freeway) and each of its employees to ask each of them about this case. Requests using

Page 19 - **DEFENDANT'S RESPONES TO PLAINTIFF'S FIRST REQUEST DOCUMENT REQUESTS**

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

this definition are impossible to comply with because, among other reasons, it includes people and entities over which Freeway has no common ownership or control and which are entities separate and distinct from Freeway. Freeway will respond on its own behalf.

Freeway further objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, and not reasonably limited to the claims or defenses at issue because, as phrased, it seeks all internal communications at Freeway regarding any third party that provided Plaintiff's telephone number, without any meaningful limitation as to time frame, subject matter, custodian, or the specific lead submission or communications at issue in this case. As written, the Request is broad enough to sweep in any internal communication concerning EverQuote or any other third party that may have provided Plaintiff's number, regardless of whether the communication relates to the June 2024 contact request at issue, the text messages alleged in the Complaint, or any claim or defense in this action. That would encompass a substantial volume of internal business communications concerning vendor relationships, lead operations, marketing activity, vendor performance, and other matters wholly unrelated to Plaintiff or the allegations in this suit. Responding to the Request as drafted would therefore require an unduly burdensome and disproportionate search for a broad universe of marginally relevant or irrelevant documents.

Subject to the foregoing objections and without waiving the same, Freeway cannot respond to this Request as worded.

**REQUEST NO. 13**

Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

regardless of whether or not such insurers have declined coverage in this matter.

**RESPONSE:**

Freeway objects that the Request is vague and ambiguous, as it is not clear what specific information Plaintiff is seeking. For example, the Request uses undefined phrases such as "relating to," forcing Freeway to speculate as to the meaning of that phrase.

Freeway objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "all documents relating to insurance coverage," including all communications with any insurer, without reasonable limitation.

Freeway also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection, including communications with insurers that reflect counsel's mental impressions, legal theories, or litigation strategy.

Freeway further objects to this Request to the extent it seeks information not within its possession, custody, or control.

Freeway also objects to this Request to the extent it seeks confidential, proprietary, or commercially sensitive information.

Subject to the foregoing objections and without waiving the same, Freeway will produce any non-privileged potentially applicable insurance policies in its possession, custody, or control, subject to the entry of an appropriate protective order, by April 21, 2026. Freeway is continuing to collect responsive materials, if any, and reserves the right to supplement this response.

Page 21 - **DEFENDANT'S RESPONES TO PLAINTIFF'S FIRST REQUEST DOCUMENT REQUESTS**

**REQUEST NO. 14**

Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**RESPONSE:**

Freeway objects to this Request as it seeks materials prepared in anticipation of litigation and calls for the disclosure of the mental impressions, conclusions, opinions, or legal theories of any attorney for Freeway or any other information protected by the Federal Rules of Civil Procedure. Freeway will not produce such information.

Freeway objects to Plaintiff's definition of "You," which includes Freeway and "any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives." This definition is overly broad, unduly burdensome, unintelligible, disproportionate, ambiguous, and inappropriate. In fact, this definition is so broad that it arguably purports to call for Freeway to contact entities (including entities such as accounting firms, law firms, or other "agents" of various entities of Freeway) and each of its employees to ask each of them about this case. Requests using this definition are impossible to comply with because, among other reasons, it includes people and entities over which Freeway has no common ownership or control and which are entities separate and distinct from Freeway. Freeway will respond on its own behalf.

Subject to the foregoing objections (pursuant to which Freeway does not believe it is withholding documents) and without waiving the same, Freeway will produce non-privileged documents in its possession, custody, or control responsive to this Request by April 21, 2026.

Page 22 - **DEFENDANT'S RESPONES TO PLAINTIFF'S FIRST REQUEST DOCUMENT REQUESTS**

**REQUEST NO. 15**

Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

a) compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

b) obtaining or verifying prior express consent;

c) complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

**RESPONSE:**

Freeway objects that the Request is vague and ambiguous, as it is not clear what specific information Plaintiff is seeking. For example, the Request uses undefined phrases such as "related to," and "necessary to construct a timeline," forcing Freeway to speculate as to the meaning of those phrases.

Freeway objects to this Request as it seeks materials prepared in anticipation of litigation and calls for the disclosure of the mental impressions, conclusions, opinions, or legal theories of any attorney for Freeway or any other information protected by the Federal Rules of Civil Procedure. Freeway will not produce such information.

Freeway further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because, as phrased, it seeks every document relating in any way to TCPA compliance, FCC guidance, consent practices, or E-SIGN compliance, as well as all documents purportedly "necessary to construct a timeline" of when each policy was in force,

Page 23 - **DEFENDANT'S RESPONES TO PLAINTIFF'S FIRST REQUEST DOCUMENT REQUESTS**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

without reasonable limitation as to time period, custodian, policy, subject matter, or the specific communications or alleged TCPA claims at issue in this case. As written, the Request is broad enough to sweep in a substantial universe of materials far beyond any operative policy or procedure, including training materials, internal guidance, legal updates, vendor-facing materials, drafts, superseded documents, historical materials, and internal communications or analyses concerning regulatory compliance generally. Responding to the Request as drafted would therefore require an unduly burdensome and disproportionate search for a broad range of documents, many of which would have little or no connection to Plaintiff's claims or the specific communications at issue.

Subject to the foregoing objections and without waiving the same, Freeway will produce Freeway's internal do-not-call policy in effect during the time period relevant to Plaintiff's claims by April 21, 2026.

**REQUEST NO. 16**

Please produce all documents containing any of the following information for each outbound marketing call or text message sent by you or your vendors:

      a)  the date and time;

      b)  the caller ID;

      c)  any recorded message used;

      d)  the result;

      e)  identifying information for the recipient; and

      f)  any other information stored by the call detail records.

**RESPONSE:**

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

Freeway objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks call- or message-detail data for "each" outbound marketing call or text message sent by Freeway or its vendors, without reasonable limitation to Plaintiff, the lead at issue, or any properly narrowed class-certification issue. As written, the Request would require Freeway to identify, collect, review, and produce an enormous volume of call and text data concerning communications wholly unrelated to Plaintiff, including communications sent to consumers who provided valid consent to be contacted and whose interactions with Freeway have no connection to the allegations in this case. Plaintiff's own discovery requests define a four-year default relevant time period and define "Marketing" broadly enough to encompass a wide range of communications intended to generate leads, customers, or sales. Responding to this Request as drafted would therefore require Freeway to search for and extract potentially hundreds of thousands of call or text records, along with associated identifying information, result codes, and other stored call-detail data, and then review those materials for responsiveness, confidentiality, privacy concerns, and any applicable protections. That process would be extraordinarily burdensome, expensive, and disproportionate to the needs of a case arising from three text messages allegedly sent to Plaintiff on June 5, 6, and 8, 2024.

Freeway further objects to this Request because it improperly and prematurely solicits information relevant solely to the merits of the putative class's potential claims against Freeway, but no class has been certified. Thus, discovery is limited to matters relevant to whether certification is appropriate. *See* Fed. R. Civ. P. 23 (2003 Adv. Cmte. Notes).

Freeway objects to Plaintiff's definition of "You," which includes Freeway and "any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives." This

Page 25 - **DEFENDANT'S RESPONES TO PLAINTIFF'S FIRST REQUEST DOCUMENT REQUESTS**

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

definition is overly broad, unduly burdensome, unintelligible, disproportionate, ambiguous, and inappropriate. In fact, this definition is so broad that it arguably purports to call for Freeway to contact entities (including entities such as accounting firms, law firms, or other "agents" of various entities of Freeway) and each of its employees to ask each of them about this case. Requests using this definition are impossible to comply with because, among other reasons, it includes people and entities over which Freeway has no common ownership or control and which are entities separate and distinct from Freeway. Freeway will respond on its own behalf.

Freeway further objects to this Request to the extent it seeks confidential, proprietary, or commercially sensitive information, including call-detail data, recipient information, platform data, and internal operational records concerning communications with non-parties. Freeway also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Freeway also objects because it has no obligation to sift through the requested data and documents Plaintiff thinks will assist his efforts to certify a class. Indeed, Rule 34 imposes no obligation to curate or identify such information. *Spilker v. Medtronic, Inc.*, No. 4:13–CV–76, 2015 WL 1643258, at *4 (E.D.N.C. Apr. 13, 2015) (refusing to order defendant to index production that was searchable, sortable by metadata fields, and contained in a folder structure). Even then, the duty to organize and label only requires making a production that allows the requesting party, with reasonable effort, to identify responsive documents. *Armor Screen Corp. v. Storm Catcher, Inc.*, No. 07–81091, 2009 WL 291160, at *2 (S.D. Fla. Feb. 5, 2009); *see also Harper v. Cent. Wire, Inc.*, No.: 19-cv-50287, 2021 WL 4472604, at *2 (N.D. Ill. June 11, 2021); *Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 357 (D. Md. 2012) ("[A] party must

Page 26 - **DEFENDANT'S RESPONES TO PLAINTIFF'S FIRST REQUEST DOCUMENT REQUESTS**

provide relevant facts reasonably available to it but should not be required to enter upon independent research in order to acquire information [to respond].").

Subject to the foregoing objections (pursuant to which Freeway believes it is withholding documents) and without waiving the same, and construing this Request as limited to non-privileged documents sufficient to show the date, time, sender number, recipient number, and content of the text messages allegedly sent to Plaintiff on June 5, 6, and 8, 2024, Freeway will produce such non-privileged documents in its possession, custody, or control by April 21, 2026.

## REQUEST NO. 17

Please provide all evidence of written consent to make calls in response to the foregoing, including any language that your company asserts complies with the E-Sign Act.

## RESPONSE:

Freeway objects to this Request as vague and ambiguous, including with respect to the phrases "all evidence," "written consent," and "any language that your company asserts complies with the E-Sign Act," which are not defined and fail to provide reasonable notice of the documents sought.

Freeway further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because, as phrased, it seeks "all evidence" of written consent to make calls in response to the foregoing, without reasonable limitation to Plaintiff, the specific lead at issue, the specific communications alleged in the Complaint, or any properly narrowed class-certification issue. As written, the Request is broad enough to require Freeway to identify, collect, review, and produce consent-related materials for a potentially enormous number of communications and consumers, including materials associated with leads for which valid consent was obtained and communications that have no connection to Plaintiff or the allegations

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

in this case. Responding to the Request as drafted would require Freeway to search across multiple lead sources, vendors, webpages, certifications, and related records in order to locate and review a substantial volume of materials that may bear on consent in wholly unrelated circumstances. That process would be unduly burdensome, expensive, and disproportionate to the needs of a case arising from three text messages allegedly sent to Plaintiff's telephone number.

Freeway further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection, including post-suit analyses of consent or E-SIGN compliance.

Freeway further objects to this Request because it improperly and prematurely solicits information relevant solely to the merits of the putative class's potential claims against Freeway, but no class has been certified. Thus, discovery is limited to matters relevant to whether certification is appropriate. *See* Fed. R. Civ. P. 23 (2003 Adv. Cmte. Notes).

Subject to the foregoing objections (pursuant to which Freeway believes it is withholding documents) and without waiving the same, and construing this Request as limited to non-privileged documents concerning the lead submission associated with Plaintiff's telephone number and the consent reflected in connection with that submission, Freeway will produce non-privileged responsive documents in its possession, custody, or control by April 21, 2026.

**REQUEST NO. 18**

All communications with any third party concerning this litigation other than your attorney.

**RESPONSE:**

Freeway objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Freeway further objects to this Request as overbroad to the extent it seeks "all

Page 28 - **DEFENDANT'S RESPONES TO PLAINTIFF'S FIRST REQUEST DOCUMENT REQUESTS**

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019

communications with any third party concerning this litigation" without limitation as to subject matter, type of third party, or whether the communications are non-privileged.

Subject to and without waiving the foregoing objections (pursuant to which Freeway is withholding responsive documents), Freeway states that it has not identified any non-privileged documents in its possession, custody, or control responsive to this Request at this time.

Dated: April 7, 2026.

Respectfully submitted,

*/s/ Timothy J. Fransen*
Timothy J. Fransen, OSB No. 073938
tfransen@cosgravelaw.com
**COSGRAVE VERGEER KESTER LLP**
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

Ryan D. Watstein (*Pro Hac Vice*)
ryan@wtlaw.com
James M. Ruley (*Pro Hac Vice*)
jruley@wtlaw.com
**WATSTEIN TEREPKA LLP**
75 14th Street NE, Ste. 2600
Atlanta, Georgia 30309
Telephone: (404) 783-0695

*Attorneys for Defendant Freeway*
*Insurance Services of America, LLC*

Page 29 - **DEFENDANT'S RESPONES TO PLAINTIFF'S**
**FIRST REQUEST DOCUMENT REQUESTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served a true and correct copy of the foregoing **DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS TO DEFENDANT** on the date indicated below by email on all counsel of record.

DATED: April 7, 2026

*/s/ Timothy J. Fransen*
Timothy J. Fransen

Page 30 - **DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:(503) 323-9000
Facsimile: (503) 323-9019