Timothy J. Fransen, OSB No. 073938
tfransen@cosgravelaw.com
**COSGRAVE VERGEER KESTER LLP**
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

Ryan D. Watstein (*Pro Hac Vice*)
ryan@wtlaw.com
James M. Ruley (*Pro Hac Vice*)
jruley@wtlaw.com
**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 783-0695

*Attorneys for Defendant*
*Freeway Insurance Services of America, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION**

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>FREEWAY INSURANCE SERVICES OF AMERICA, LLC,<br><br>     Defendant. | Case No. 6:25-cv-01869-MC<br><br>**DEFENDANT FREEWAY INSURANCE SERVICES OF AMERICA, LLC'S REPLY IN SUPPORT OF ITS MOTION TO EXTEND THE DISCOVERY PERIOD** |

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION TO EXTEND THE
DISCOVERY PERIOD

WATSTEIN TEREPKA LLP
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 783-0695

## I.    INTRODUCTION

Freeway's motion established good cause for a sixty-day extension of the discovery period. Well before the discovery cutoff, it served written discovery, noticed Plaintiff's deposition, and requested inspection of Plaintiff's devices. That discovery remains outstanding for one reason: Plaintiff refuses to respond in substance while his motion to dismiss and stay remains pending. And the discovery matters regardless of how the Court rules on the pending motions. It speaks to Plaintiff's adequacy and bolsters Freeway's pending motion to deny class certification. It informs the terms of any dismissal under Rule 41(a)(2). And it bears on any sanctions Freeway may seek, an inquiry that would survive even if this case is dismissed.

Plaintiff's response confirms that the extension is warranted. In Plaintiff's own words (at 7): "Whatever discovery Freeway is entitled to, it will be entitled to when and if the Court denies the stay." So the parties agree that Freeway will be owed this discovery if the case proceeds. The only question is whether the discovery window remains open to receive it. Plaintiff's proposed solution is to leave the deadline expired and relitigate timeliness later. That makes no sense.

Plaintiff's remaining arguments fail. He says Freeway's position is incompatible with its statement that the existing record warrants denying class certification. It is not. The record already before the Court suffices to establish inadequacy; the outstanding discovery will show how far the misconduct extends and inform the terms of dismissal and any later sanctions request. More fundamentally, Plaintiff cannot oppose a finding of inadequacy and simultaneously block discovery that may compel that finding.

Plaintiff also claims he never "refused" discovery because he served written responses. But those non-responses produced nothing: Plaintiff withheld production pending a stay the Court never entered, declined to sit for his deposition, and let the discovery period lapse in the meantime. He then coordinated with the Heidarpour Law Firm ("HLF") on a motion to quash the HLF

Page 1 –   **DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION TO EXTEND THE
DISCOVERY PERIOD**

subpoena, so Freeway effectively received nothing. Plaintiff cannot turn his own delay into a reason to deny the extension. And his objections to the scope of particular requests are premature because an extension decides when discovery may be completed, not what must be produced.

But most compelling is this: a day before Freeway filed its motion to deny certification, Plaintiff said he was adding both new parties *and* claims. That would have required an effectively new discovery period, which Plaintiff would have imminently moved for had Freeway not filed its motion to deny. Then, once Freeway did that and discovery no longer benefited him, he reversed course entirely, refusing to participate in discovery at all, much less agree to a short extension to complete discovery as to the existing parties. Like this entire litigation, that is wildly disingenuous—and Plaintiff doesn't even address this about-face in his response.

The Court should grant Freeway's motion and allow Freeway sixty days after the Court rules on ECF No. 20 to pursue the discovery it has already served.

## II.    ARGUMENT

### A.    Freeway Diligently Pursued Discovery, and Plaintiff's Refusal to Meaningfully Respond Is the Only Reason It Remains Outstanding

Freeway's motion established that it met Rule 16(b)(4)'s good cause standard, which turns on the diligence of the party seeking the modification. ECF No. 24 at 4–5 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Plaintiff doesn't dispute that Freeway was diligent. Nor could he, given that Freeway served its discovery well before the discovery cutoff and filed this motion before that deadline.

Unable to contest Freeway's diligence, Plaintiff instead argues (at 7) that Freeway doesn't meet the good cause standard because "the extension is unnecessary." But he cites no case law supporting a "necessity" requirement under Rule 16(b)(4). Nor could he. Freeway filed this motion

before the discovery period closed, so the heightened factors that govern reopening a closed period don't apply.

Freeway was candid about its reasons for the relief it sought. It moved "out of an abundance of caution, to extend the discovery period sixty (60) days from the Court's ruling on Plaintiff's motion." ECF No. 24 at 2–3. That is not an effort to "litigate around Plaintiff's pending stay request," as Plaintiff contends (at 5). A temporary pause and a post-ruling extension are entirely compatible. Plaintiff's requested stay decides whether discovery waits for the Court's ruling; Freeway's requested extension preserves the window for when that ruling issues. And Freeway still has not sought compulsory document production or substantive discovery responses from Plaintiff, because it would be a waste of all parties' resources to file discovery motions with two motions already pending before the Court, particularly when Plaintiff refuses to respond primarily because those very motions are pending. Freeway knows the Court would not appreciate such filings now, so it hasn't charted that path.

Plaintiff's conduct is the only reason the discovery remains incomplete. Plaintiff served written responses and objections, but produced no responsive documents, did not sit for a deposition, and did not permit the requested device inspection.[1] Though the Court has issued no stay, Plaintiff postponed compliance until after a ruling that has not yet occurred and ran out the clock in the meantime. He now repeatedly emphasizes (at 2, 6, 7) that discovery has closed and argues that the Court can address discovery later if it denies or defers ruling on ECF No. 20. Plaintiff wants it both ways: he withheld discovery based on a stay the Court never granted,

---

[1] Plaintiff emphasizes (at 4) that he served written responses and therefore did not "refuse" discovery. But the relevant point is not whether Plaintiff served papers labeled as responses; it is that those responses withheld the discovery itself, conditioned production on a future ruling, and left the deposition and inspection incomplete before the cutoff.

Page 3 –  **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO EXTEND THE DISCOVERY PERIOD**

**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 783-0695

watched the period expire, and now invokes that expiration as the reason Freeway cannot complete the discovery. The Court should not reward Plaintiff for his self-created delay.

Plaintiff's "manufacture[d] urgency" argument confuses urgency to compel discovery responses with urgency to preserve one's rights before a deadline passes. Plaintiff concedes that "in the event the Court denies or defers ruling on Plaintiff's motion, any stay would be lifted, entitling Freeway to the responses it has already sought." Pl.'s Resp. at 7 (quoting ECF No. 24 at 6). Had Plaintiff agreed merely to preserve the parties' positions pending the Court's ruling, this motion practice would have been unnecessary. Instead, he acknowledges Freeway's entitlement while insisting that the time to obtain the discovery has passed. That concession should end this dispute.

HLF's position confirms the same point. It sought emergency relief from an allegedly imminent deposition, despite the absence of any emergency and despite Freeway's repeated willingness to accommodate extensions on subpoena compliance. *See* ECF No. 24 at 2 (describing the courtesy extensions Freeway granted on its third-party subpoenas); *In re Subpoena to Heidarpour Law Firm, PLLC*, No. 1:26-mc-00099-RJL-ZMF (D.D.C. June 24, 2026). On June 25, 2026, after HLF filed an emergency motion on the eve of Freeway's lead counsel's trial and thus without a response from Freeway, Judge Leon issued a minute order staying the subpoena and referring the case to Magistrate Judge Faruqui. And four days later, on June 29, 2026, Judge Faruqui set a normal briefing schedule on the motion to quash. Neither order explained its reasoning or made any findings. Yet Plaintiff would have this Court believe (at 5) that the D.C. court "has determined Freeway's attempt at investigating a law firm warrants orderly briefing before anything must be produced." Two routine scheduling orders entered without even hearing from Freeway determined nothing of the sort. And either way, that proceeding governs only

whether and when HLF must respond to the subpoena. It has no bearing on whether the discovery period in this case should remain open to receive that response. That is particularly true given that HLF's lead argument is that Freeway should get its remaining discovery from Plaintiff *before* it gets discovery from HLF. That position is wrong because Plaintiff does not possess the information Freeway seeks from HLF. But it exposes the disingenuousness of Plaintiff's and HLF's coordinated positions.

So does Plaintiff's own position before Freeway filed its motion to deny certification. The day before that filing, Plaintiff sought to add parties and claims, which would have required significant additional discovery. The next day, Plaintiff's position flipped once discovery no longer served as leverage for the sue-and-settle scheme Freeway had outed.

Plaintiff's remaining arguments concern the scope of particular discovery requests. He challenges Freeway's requests as irrelevant, privileged, burdensome, and disproportionate. He may assert those objections through the ordinary process, but they don't establish that Freeway lacks good cause for more time to complete discovery after the Court rules. A scheduling extension is not a "standing license" to obtain every item requested, as Plaintiff suggests (at 7). Plaintiff, HLF, and Freeway will retain all rights and obligations under Rules 26, 34, 37, and 45, including the obligation to confer and the ability to seek request-specific relief where necessary. Extending the deadline decides only when otherwise permissible discovery may be completed.

Plaintiff's approach would produce the least efficient result. He asks the Court to leave the deadline expired, decide the pending motions, and then entertain a new scheduling request if discovery later becomes appropriate. That would guarantee another fight over reopening, timeliness, and scope. Plaintiff's own reliance on reopening standards in his response previews that dispute. A conditional sixty-day extension avoids it, imposes no immediate production

Page 5 –  **DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION TO EXTEND THE
DISCOVERY PERIOD**

**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 783-0695

obligation, and preserves all objections. And sixty days reasonably accommodates document production and review, depositions, inspections, resolution of discovery disputes, and follow-up discovery, if required.

### B. The Discovery Is Relevant to Class Certification, Any Terms of Dismissal, and Sanctions

Even if Freeway had to show the outstanding discovery is necessary, it easily could. Start with class certification. Plaintiff argues that Freeway's positions are incompatible: Freeway supposedly cannot claim the record suffices to deny certification while seeking more discovery at the same time. This argument fails. Sufficiency is not exclusivity. Freeway contends that the existing record independently warrants denial, but it also seeks responses to timely discovery that it already knows will corroborate additional grounds—which is exactly why Plaintiff doesn't want to provide it. Indeed, if the discovery Freeway seeks were helpful to Plaintiff's position, he would have turned it over. Freeway's class-certification motion itself distinguished fundamental defects that require no further discovery from the fact-intensive investigation needed to determine how Plaintiff's number entered Freeway's system. *See generally* ECF No. 19. The requested discovery bears on who submitted the lead form, whether Plaintiff or another person authorized the contact, and Plaintiff's adequacy and control of the litigation—including evidence showing the seriousness of the sue-and-settle scheme and attorney control, both of which upend adequacy.

The discovery will also shape any terms of dismissal the Court considers under Rule 41(a)(2), including by illuminating the circumstances surrounding Plaintiff's effort to dismiss after Freeway initiated that discovery. *See* ECF No. 23 at 14–16 (collecting cases where courts have allowed discovery despite impending dismissal or to investigate fraud on the court). That need is especially apparent now. Judge McShane has ordered that he will oversee all fourteen TCPA cases brought by Mr. Wilson in this District and that the Court will not act in those cases until resolving

Page 6 –  **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO EXTEND THE DISCOVERY PERIOD**

the two pending motions here. ECF No. 30. The issues presented here are therefore not isolated to one action, and preserving a limited period to complete relevant discovery is neither speculative nor unnecessary.

Finally, there are sanctions. Freeway's investigation has documented the coordinated enterprise through which Plaintiff and HLF originate and use one-off claims like this one to generate *in terrorem* leverage. The investigation also indicates that Plaintiff's own claim here (and even more likely, his later claims, some of which may be pending in this District) may have been manufactured. *See generally* ECF No. 19; ECF No. 19-1, Watstein Decl. Plaintiff's deposition, the device inspection, and HLF's subpoena response go directly to those questions. A device inspection is exactly how the litigation fraud in *Human v. Fisher Investments*, --- F.R.D. ----, 2026 WL 925576, at *9–11 (E.D. Mo. Mar. 31, 2026), came to light. And the inquiry does not disappear if Plaintiff dismisses his case: a court retains jurisdiction to address sanctions and related collateral matters after a voluntary dismissal. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990) ("[A] federal court may consider collateral issues after an action is no longer pending."). Dismissal would therefore moot neither the discovery nor the need for time to complete it. In any event, Freeway need not prove the merits of each discovery request to show that preserving time to complete and, if necessary, litigate that discovery serves a legitimate purpose.

## III.    CONCLUSION

By Plaintiff's own account, Freeway will be entitled to the outstanding discovery if this case proceeds. The only thing his opposition protects is the expiration of a deadline he ran out himself, after claiming just a few weeks earlier that the case should restart because he wanted to add claims and parties for additional leverage. The Court should extend the discovery period sixty (60) days from its ruling on ECF No. 20.

Page 7 –  **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO EXTEND THE DISCOVERY PERIOD**

WATSTEIN TEREPKA LLP
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 783-0695

Dated: July 16, 2026

/s/ Ryan D. Watstein

Ryan D. Watstein (*Pro Hac Vice*)
ryan@wtlaw.com
James M. Ruley (*Pro Hac Vice*)
jruley@wtlaw.com
**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 783-0695

Timothy J. Fransen, OSB No. 073938
tfransen@cosgravelaw.com
**COSGRAVE VERGEER KESTER LLP**
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

*Attorneys for Defendant Freeway Insurance*
*Services of America, LLC*

Page 8 –  **DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION TO EXTEND THE
DISCOVERY PERIOD**

**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 783-0695

## CERTIFICATE OF SERVICE

I hereby certify that, on July 16, 2026, I electronically filed the foregoing Defendant Freeway Insurance Services of America, LLC's Reply in Support of Its Motion to Extend the Discovery Period with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

DATED: July 16, 2026

*/s/ Ryan D. Watstein*
Ryan D. Watstein

Page 1 – **CERTIFICATE OF SERVICE**

**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 783-0695