Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Telephone: 215-225-5529

Attorney for Plaintiff and the Proposed Class

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | | |
|---|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated, | : : : | CIVIL ACTION FILE NO. **6:25-cv-01869-MC** |
| Plaintiff, | : : : | REQUEST TO STRIKE DEFENDANT'S UNAUTHORIZED REPLY (ECF NO. 31) |
| v. | : : | |
| FREEWAY INSURANCE SERVICES OF AMERICA, LLC, | : : | TCPA (47 U.S.C. § 227) |
| Defendant. | : : | DEMAND FOR JURY TRIAL |

## INTRODUCTION

Plaintiff Chet Michael Wilson opposes Defendant's Reply in Support of Its Motion to Extend the Discovery Period (ECF No. 31) because LR 26-3(c) does not permit a reply in support of a discovery motion absent the Court's direction, and because the reply raises new arguments that appear nowhere in Defendant's motion. In the alternative, if the Court elects to consider ECF No. 31, Plaintiff requests leave to file a sur-reply within seven days of the Court's order.

Request to Strike Reply                     1

**ARGUMENT**

### I.    The Reply Is Not Authorized by the Local Rules.

LR 26-3(c) is titled "No Replies" and provides: "Unless otherwise directed by the Court, a movant may not file a reply supporting a discovery motion." LR 7-1(e)(2) says the same thing from the other direction, permitting a party to file only an "allowable reply" and cross-referencing LR 26-3(c).

Defendant's motion is a discovery motion. It is captioned as a motion to extend the discovery period, the only relief it seeks concerns discovery, and its sole asserted ground is that discovery it served has (allegedly) not been answered. ECF No. 24 at 2-3. Both parties briefed it as a discovery motion. Both the motion and responses were filed within the ten-page limit LR 26-3(b) sets for discovery motions, included the certificates of compliance that rule requires, and Defendant did not suggest otherwise.

Defendant did not ask for leave to reply, and the Court has not directed a reply. Under LR 26-3(c), that ends the matter. *See Hanson v. Oregon*, No. 3:21-cv-780-SI, 2021 WL 8442625, at *2 n.3 (D. Or. 2021) ("Any party may request relief from a local rule, *see* LR 1-4, but a party may not simply ignore them."). The Court should not consider ECF No. 31.

### II.    The Reply Is Separately Improper Because It Raises New Arguments.

Even if a reply were allowed, ECF No. 31 is not a proper one. Defendant's motion identified the grounds on which it claimed to need the outstanding discovery. The reply adds a new one, sanctions. Defendant now argues that the discovery "bears on any sanctions Freeway may seek, an inquiry that would survive even if this case is dismissed," ECF No. 31 at 2, devotes a portion of its argument to that theory, *id.* at 7-8, and invokes *Cooter & Gell* for the proposition that Courts retain jurisdiction to address sanctions after dismissals. The word "sanctions" does

Request to Strike Reply                                2

not appear anywhere in ECF No. 24. Neither does *Cooter & Gell* or any argument about the Court's post-dismissal jurisdiction, which may nevertheless be raised at a more appropriate time.

Nor is the new theory responsive to anything in Plaintiff's opposition, which likewise did not address sanctions. Defendant was free to identify every basis on which it claimed to need more time for discovery when it filed its motion. It chose the bases it chose, and Plaintiff answered them. A reply is not an opportunity to add a new one after the response has been filed. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). If the Court does not strike ECF No. 31 in its entirety, it should disregard the sanctions theory.

### III.  In the Alternative, Plaintiff Should Be Permitted a Short Surreply.

If the Court is inclined to authorize the reply, Plaintiff should have an opportunity to respond to the arguments made for the first time in it. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (a court should not consider new material presented in a reply "without giving the [non-]movant an opportunity to respond"). Among other things, the surreply would explain that, *first*, no sanctions motion is pending, and Defendant's accusations are unsupported and hyperbolic. An unfiled, prospective sanctions request cannot supply good cause to hold open a discovery period that has closed seeking sanctions for conduct allegedly during the course of the litigation, and nothing about that inquiry requires an extension now.

*Second*, discovery is not an investigative tool for conducting broad-ranging discovery on issues unrelated to the claims and defenses in the case, and is any event premature. A sanctions theory aimed at other plaintiffs, other law firms, and other cases does not change that. The Court has stated that it "does not intend to act on any of Mr. Wilson's cases until it has ruled on the Motion to Deny Class Certification (ECF No. 19) and Motion to Voluntary Dismissal (ECF No.

Request to Strike Reply                          3

20)" in this case, with oral argument set for August 19, 2026. ECF No. 30. That is reason enough to decide those motions *before* addressing discovery (if any), not a reason to extend the discovery period now.

## CONCLUSION

The Court should decline to consider ECF No. 31. In the alternative, if it elects to consider them, the Court should give leave to file a sur-reply.

RESPECTFULLY SUBMITTED AND DATED this 21st day of July, 2026.

> */s/ Andrew Roman Perrong*
> Andrew Roman Perrong, Esq.
> OSB No. 243320
> Perrong Law LLC
> 1669 Edgewood Road, Suite 218
> Yardley, PA 19067
> Telephone: 215-225-5529
> a@perronglaw.com
> Lead Attorney for Plaintiff and the Proposed
> Class

## CERTIFICATE OF COMPLIANCE

This document complies with the applicable page limitations for discovery motions because it does not exceed ten pages, including headings, footnotes, and quotations, but excluding the caption, signature block, exhibits, and any certificates of counsel.

Dated: July 21, 2026

> */s/ Andrew Roman Perrong*
> Andrew Roman Perrong, Esq.

Request to Strike Reply                              4

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Andrew Roman Perrong
Andrew Roman Perrong

Request to Strike Reply                    5