Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Telephone: 215-225-5529

*Attorney for Plaintiff and the Proposed Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FREEWAY INSURANCE SERVICES OF AMERICA, LLC,<br><br>    Defendant. | Case No. 6:25-cv-01869-MC<br><br>**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO EXTEND**<br><br>TCPA (47 U.S.C. § 227)<br><br>DEMAND FOR JURY TRIAL |

## PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO EXTEND

**INTRODUCTION**

Pursuant to the Court's Order of July 27, 2026, ECF No. 38, Plaintiff Chet Michael Wilson respectfully submits this sur-reply addressing the arguments Freeway advanced in its Reply in Support of Its Motion to Extend the Discovery Period, ECF No. 31.

Freeway's reply confirms that its motion should be denied. It leads with a ground that appears nowhere in its motion, sanctions, and the sole authority it offers for that ground, *Cooter & Gell*, defeats the request rather than supporting it. It answers Plaintiff's self-refutation point with the assertion that "[s]ufficiency is not exclusivity," but five days later told this Court that no amount of discovery could change the outcome of the very motion the discovery supposedly serves, to say nothing of an unfiled sanctions brief that would necessarily rest on the evidence already before this Court. ECF No. 32 at 6. It builds its brief around a single sentence of Plaintiff's opposition that makes no concession and timing that Freeway's own choices created.

**ARGUMENT**

**I.      The New Sanctions Theory Cannot Supply Good Cause, and *Cooter & Gell* Refutes It.**

Freeway's reply opens with a rationale absent from its motion, that the outstanding discovery "bears on any sanctions Freeway may seek, an inquiry that would survive even if this case is dismissed." ECF No. 31 at 1; *see also id.* at 6-7. Rule 16(b)(4) asks whether the movant has shown good cause for the modification it sought, and the inquiry focuses "upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). But nowhere in Freeway's original motion was "sanctions" ever given as a reason to need to seek additional discovery, and the word appears nowhere in the motion.

The theory also fails on its own terms. No sanctions motion is pending, and Freeway identifies no rule or order conditioning a future sanctions request on the fact discovery period

Sur-Reply to Motion to Extend                    1

remaining open, let alone what conceivable amount of discovery could possibly bear on proving up sanctionable conduct already committed. A party cannot hold open a closed discovery period by announcing that it may someday move for unspecified sanctions. *Cooter & Gell* makes the point for Plaintiff. It holds that a federal court "may consider collateral issues after an action is no longer pending," 496 U.S. 384, 395 (1990), including sanctions after a voluntary dismissal. But no part of *Cooter & Gell* stands for the proposition that a court may extend discovery into collateral issues after an action is no longer pending in order to decide them, and the word "discovery" appears nowhere in that opinion. Even assuming, *arguendo*, that some sanctions inquiry survives dismissal, then nothing is lost by allowing the fact discovery period to remain closed. If some sanctionable conduct occurred (it did not), then Freeway already has a more than adequate record of the conduct in this matter to make the necessary showing. Whatever collateral proceeding Freeway may someday initiate will be governed by the rules applicable to it, on a record and a schedule the Court sets at that time. That is an argument against urgency.

## II.    Freeway's Own Class Certification Reply Forecloses Its "Sufficiency Is Not Exclusivity" Answer.

Plaintiff's opposition to the motion to extend observed that Freeway cannot tell the Court its adequacy record is complete while demanding sixty more days to complete it. Freeway responds that "[s]ufficiency is not exclusivity" and that it seeks discovery it "already knows will corroborate additional grounds." ECF No. 31 at 6.

That answer did not survive the week. In its reply supporting the motion to deny certification, Freeway confirmed to this Court that no amount of discovery will make Plaintiff or his counsel adequate or cure the other issues Freeway says preclude certification. ECF No. 32 at 6. Freeway cannot simultaneously represent that no amount of discovery can change the outcome of the motion the Court will hear on August 19 and that it needs sixty days of discovery bearing

on that same motion. Under *Johnson*, the question is the movant's reason for the extension. Where the movant has told the Court the discovery cannot affect the result, no reason remains.

Freeway's alternative framing is no better. Discovery sought to "corroborate" grounds a party says it "already knows" is not discovery in aid of a claim or defense. The Rules impose a proportionality, not a sufficiency, requirement, and require a showing of good cause to extend discovery. If the federal courts were to grant extensions of discovery on the premise that a party wanted additional discovery to shore up its points after conceding that the discovery it had already obtained was sufficient, no case would ever be tried. Discovery exists to prove a claim a party has reason to believe is viable, "not to find out if it has any basis for a claim." *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990); *accord Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978).

### III.    Plaintiff Conceded Nothing.

Freeway builds much of its reply on one sentence: that "[w]hatever discovery Freeway is entitled to, it will be entitled to when and if the Court denies the stay." ECF No. 31 at 1 (quoting ECF No. 27 at 7). Freeway calls this a concession that "should end this dispute." *Id.* at 4. Read as written, it says the opposite. Entitlement, if any, is to be measured under Rules 26(b)(1) and 34 after the Court rules, not conceded in advance.

Moreover, Plaintiff has never agreed that forensic imaging of his personal devices, his iCloud account, or the third-party material Freeway seeks is relevant to any element of his individual TCPA claim or to any Rule 23 requirement, or that any of it is proportional to the needs of this case. Freeway confirms the point. It concedes that the parties "retain all rights and obligations under Rules 26, 34, 37, and 45" and that extending the deadline "decides only when

otherwise permissible discovery may be completed." ECF No. 31 at 5. Every dispute of consequence therefore remains, and the extension resolves none of them.

### IV.    The Timing Problem Is Freeway's Own.

Freeway says Plaintiff "ran out the clock." ECF No. 31 at 3-4. The record shows that Freeway made each of the choices that produced the gap it now complains of.

Freeway served its written discovery roughly thirty days before the cutoff, ECF No. 24 at 5, so responses came due at the very edge of the period, leaving no room for the conferral and motion practice that ordinarily follows objections. It noticed a deposition and demanded a device inspection on that same compressed schedule. It granted courtesy extensions on its third-party subpoenas that pushed those responses past the cutoff. *Id.* at 2. And it decided, deliberately, by its own account, not to seek relief: "Freeway still has not sought compulsory document production or substantive discovery responses from Plaintiff." ECF No. 31 at 3. Rule 37 was available throughout. Freeway declined to use it.

Plaintiff, meanwhile, served timely verified written responses, answered what was not objectionable, and specified a production time keyed to the Court's ruling, the mechanism Rule 34(b)(2)(B) expressly contemplates. Freeway may believe that time unreasonable. The remedy for that belief was a motion to compel, not a scheduling extension. Because good cause under Rule 16(b)(4) "primarily considers the diligence of the party seeking the amendment," *Johnson*, 975 F.2d at 609, a movant that structured its own discovery to fall due at the deadline and then declined the relief the Rules provide has not carried its burden.

### V.    Freeway's Remaining Arguments Do Not Establish Good Cause.

Freeway repeatedly invokes a June conferral in which Plaintiff raised a potential amendment, calling Plaintiff's later position an "about-face." A conferral about a possible

amendment is not a discovery position, and Rule 16(b)(4) looks to the *movant's diligence*, not the non-movant's litigation choices. In any event, Plaintiff's decision was to seek dismissal *with prejudice*, the most complete relief Freeway could obtain, which would moot the certification dispute and the discovery attached to it. *See Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1407 (9th Cir. 1989).

Nor does the proceeding in the District of Columbia change matters. Plaintiff did not argue that the orders entered in *In re Subpoena to Heidarpour Law Firm, PLLC*, No. 1:26-mc-00099-RJL-ZMF (D.D.C.), resolved the merits of the motion to quash. The point is narrower and remains unrebutted, and that is that the timing of any response to that subpoena is controlled by another court's schedule, so extending this Court's cutoff would neither produce that material nor accelerate it.

Finally, Freeway warns that denial will produce a later fight over reopening. It will not. If the Court denies dismissal, it will set a schedule in the ordinary course under Rule 16, as it would in any case. Even considering this Court's orders concerning Mr. Wilson's other cases in this District, the Court has stated that it does not intend to act in those cases until it has ruled on ECF Nos. 19 and 20, with argument set for August 19, 2026. That is a reason to rule first, not a reason to extend discovery now. A floating sixty-day window keyed to an undated future ruling, with every scope dispute expressly preserved, is the less manageable option.

## CONCLUSION

For these reasons and those stated in Plaintiff's opposition, the Court should deny Freeway's motion to extend the discovery period. In the alternative, the Court should defer any question of a further discovery schedule until it rules on ECF Nos. 19 and 20, and limit any discovery it may then authorize to what is relevant and proportional.

Sur-Reply to Motion to Extend                    5

RESPECTFULLY SUBMITTED AND DATED this 3rd day of August, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
OSB No. 243320
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Telephone: 215-225-5529
a@perronglaw.com
Lead Attorney for Plaintiff and the Proposed
Class

## CERTIFICATE OF COMPLIANCE

This memorandum complies with the applicable page and word-count limitations under

LR 26-3(b) and LR 7-2(b) because it does not exceed ten pages, including headings, footnotes,

and quotations, but excluding the caption, signature block, exhibits, and any certificates of counsel.

Dated: August 3, 2026

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date, which will automatically

send a copy to all attorneys of record on the case.

Dated: August 3, 2026          */s/ Andrew Roman Perrong*
                                Andrew Roman Perrong, Esq.

Sur-Reply to Motion to Extend          6