Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Telephone: 215-225-5529

*Attorney for Plaintiff and the Proposed Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FREEWAY INSURANCE SERVICES OF AMERICA, LLC,<br><br>    Defendant. | Case No. 6:25-cv-01869-MC<br><br>**PLAINTIFF'S MOTION TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION**<br><br>TCPA (47 U.S.C. § 227)<br><br>DEMAND FOR JURY TRIAL |

**PLAINTIFF'S MOTION TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION**

**MOTION**

Plaintiff Chet Michael Wilson moves the Court, pursuant to Local Rule 7-1(e)(3), for leave to file the attached sur-reply in further opposition to Freeway's Motion to Deny Class Certification (ECF No. 19). Plaintiff seeks leave to file the attached brief sur-reply to address arguments and evidence raised for the first time in Freeway's reply brief (ECF No. 32) and the Third Declaration of Ryan D. Watstein filed in support of it (ECF No. 33).

**BRIEF IN SUPPORT**

"When a party has raised new arguments or presented new evidence in a reply to an opposition, the court may permit the other party to counter the new arguments or evidence." *Or. Nat. Desert Ass'n v. Cain*, 17 F. Supp. 3d 1037, 1048 (D. Or. 2014) (quoting *Jordan v. Terhune*, 2009 WL 276764, at *3 (E.D. Cal. Feb. 5, 2009)) (granting leave to file a surreply even though it was doubtful the arguments were "in fact, new"); *see also Cnty. of Multnomah v. Mortg. Elec. Registration Sys., Inc.*, No. 3:13–cv–00144–HZ, 2013 WL 12210102, at *4 (D. Or. Apr. 18, 2013) (finding a reply brief "could be construed as introducing new arguments" and granting leave to file a sur-reply). This Court applied that standard days ago in granting Freeway leave to file a sur-reply addressing Plaintiff's reply on his motion to dismiss. ECF No. 35. The same standard supports the same relief here, and Freeway has partially agreed to the requested relief.

Good cause exists. Freeway's reply does not merely respond to Plaintiff's opposition. Rather, it advances a series of new theories and authority on new evidence, in a brief to which Plaintiff has no right of response, including allegations of forgery and Mr. Wilson agreeing to settle his claims pursuant to some blanket authorization, and advances further arguments as part of an ever-shifting narrative centered on alleged inadequacy that Plaintiff has had no opportunity to be heard on.

Motion to File Sur-Reply                    1

Freeway's reply is also built on evidence supplied for the first time in that document. It relies throughout on the Third Watstein Declaration and the exhibits attached to it, ECF No. 33, none of which accompanied the opening motion, and much of which postdates it. Freeway itself sought leave to file a surreply on the ground that Plaintiff's reply "relies extensively on five attachments proffered for the first time on reply." ECF No. 34 at 2. Freeway's reply here relies on considerably more. Despite this, the proposed sur-reply does not attach any additional documents or evidence beyond that which is already in the record.

The proposed sur-reply is narrow. It is limited to addressing the new matters identified in the reply, does not reargue points already briefed, and is accompanied by no new declaration or exhibit. Granting leave will permit the Court to resolve a motion of consequence to Plaintiff and to the related actions now held pending its resolution, ECF No. 30, on a record to which both sides have had a fair opportunity to respond.

For these reasons, Plaintiff respectfully requests that the Court grant leave to file the attached sur-reply.

RESPECTFULLY SUBMITTED AND DATED this 3rd day of August, 2026.

> */s/ Andrew Roman Perrong*
> Andrew Roman Perrong, Esq.
> OSB No. 243320
> Perrong Law LLC
> 1669 Edgewood Road, Suite 218
> Yardley, PA 19067
> Telephone: 215-225-5529
> a@perronglaw.com
>
> Lead Attorney for Plaintiff and the Proposed Class

Motion to File Sur-Reply                     2

**LOCAL RULE 7-1 CERTIFICATION**

Pursuant to Local Rule 7-1(a)(1), the undersigned certifies that the parties made a good faith effort, an audioconference on July 29, 2026 (between attorney Andrew Perrong for Plaintiff and Timothy Fransen and James Ruley for Defendant) and follow-up electronic mail correspondence, to resolve the disputes presented by this motion. Defendant Freeway has stated its position as follows:

> Following up on our conferral Wednesday, Freeway does not object to Plaintiff filing a sur-reply, so long as it is limited to matters Plaintiff has not previously had an opportunity to address. To the extent the sur-reply goes beyond that scope, Freeway reserves the right to seek appropriate relief, including leave to file a response.

Date: August 3, 2026

/s/ Andrew Roman Perrong
Andrew Roman Perrong

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record

/s/ Andrew Roman Perrong
Andrew Roman Perrong

**CERTIFICATE OF PAGE COUNT**

This brief complies with the applicable page-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains exactly 2 pages, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

Dated: August 3, 2026.

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.