Timothy J. Fransen, OSB No. 073938
tfransen@cosgravelaw.com
**COSGRAVE VERGEER KESTER LLP**
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

Ryan D. Watstein (*Pro Hac Vice*)
ryan@wtlaw.com
James M. Ruley (*Pro Hac Vice*)
jruley@wtlaw.com
Rebecca Rhym (*Pro Hac Vice* Pending)
rrhym@wtlaw.com
**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 782-0695

*Attorneys for Defendant*
*Freeway Insurance Services of America, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**EUGENE DIVISION**

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FREEWAY INSURANCE SERVICES OF AMERICA, LLC,<br><br>Defendant. | Case No. 6:25-cv-01869-MC<br><br>**DEFENDANT FREEWAY INSURANCE SERVICES OF AMERICA, LLC'S NOTICE OF NEW EVIDENCE** |

**DEFENDANT'S NOTICE OF NEW EVIDENCE**

To ensure the record is as complete as possible, Freeway submits this notice of newly acquired evidence relevant to the August 19 hearing. Freeway seeks no new relief.

After briefing on Freeway's motion closed, counsel for the defendant in *Robertson v. Plain-English Media, LLC*, No. 3:24-cv-429 (D. Nev.), provided Freeway's counsel with 259 Bates-numbered pages that the Heidarpour Law Firm, PLLC ("HLF") produced in that case in response to a Rule 45 subpoena. Watstein Decl. ¶¶ 4–5. That production includes HLF's master contingent fee agreement with Robertson; fourteen claim-specific retainers; HLF's referral agreements and fee splits with co-counsel; eighteen settlement disbursement statements; three executed settlement agreements and releases, two of which contain wire instructions; twenty-five pre-suit demand letters; and internal firm email, including Mr. Heidarpour's own inbox and sent items, printed on May 6, 2026. *Id.* ¶ 6 & Ex. A. Mr. Heidarpour authenticated the production on May 11, 2026, swearing the pages are "true and correct copies of records maintained by HLF in the ordinary course of business." *Id.* ¶ 5 & Ex. B.

HLF produced those 259 pages under oath, unredacted, without a privilege log, and without a confidentiality order. Nine days later, Freeway served its subpoena in this case. HLF responded with fourteen pages, redacted on no stated basis, and stamped "Highly Confidential" under a protective order that doesn't exist. It then retained a former Acting Solicitor General to move to quash. In other words, HLF simultaneously took diametrically opposite positions on the same categories of records. Why? Because the consequences differ. In *Robertson*, no motion challenging adequacy was pending, and the case has since been dismissed. Here, the same documents would go before a Court weighing adequacy. ECF Nos. 19, 30.

Those records confirm what Freeway has already explained to this Court. And they supply first-hand proof Freeway previously lacked. To start, the *Robertson* production confirms that the

<table>
<tr><td>Page 1 – <strong>DEFENDANT'S NOTICE OF NEW EVIDENCE</strong></td><td><strong>WATSTEIN TEREPKA LLP</strong><br>75 14th Street NE, Suite 2600<br>Atlanta, Georgia 30309<br>Telephone: (404) 782-0695</td></tr>
</table>

power of attorney provision contained in Wilson's retainer agreement is not a one-off. HLF's master agreement with Robertson likewise lets HLF "execute all claims, contracts, settlements, checks, drafts, compromises, covenants, releases, verifications, dismissals and deposits, in every respect, as though Client were personally doing so," and authorize any settlement it "deems practical and reasonable." *Id.* ¶¶ 7–8 (HLF00110–00111). It also contains the same termination obligations: the client must repay HLF's expenses on outstanding claims for which HLF has incurred costs or fees, and HLF has thirty days to settle claims then in negotiation. *Id.* ¶ 8.

The new documents also demonstrate that these arrangements are designed to profit counsel rather than the class by using the "class action" label to generate *in terrorem* settlements greater than permissible statutory damages. Each claim-specific agreement provides that "any amount obtained in excess of your statutory damages are either costs or attorney's fees and belong to us." *Id.* ¶ 10. The eighteen disbursement statements produced in *Robertson* show the end result of that arrangement: Across the eighteen matters, $633,500 was recovered and $566,000—nearly 90%—went to counsel, and nothing went to any absent class member. *Id.* ¶ 11. And to collect her small fraction of the settlement, Robertson was required to "RELEASE, ACQUIT, AND FOREVER DISCHARGE . . . HEIDARPOUR LAW FIRM, PLLC, ANDREW HEIDARPOUR, FROM ANY AND ALL MANNER OF ACTIONS . . . WHETHER KNOWN OR UNKNOWN." *Id.* ¶ 11.

Robertson and her counsel received an average of $35,000 per settlement. If Wilson obtained the same recovery across each of his 60 cases that have resolved to date,[1] he and his attorneys would have recovered **$2.1 million**. And with the same 90/10% split, Wilson would have

---

[1] Although it's impossible to tell whether all the cases dismissed from the docket were settled or abandoned, it is standard practice for cases to be dismissed without filing a notice of settlement.

Page 2 – **DEFENDANT'S NOTICE OF NEW EVIDENCE**

recovered $210,000 while his attorneys would have recovered nearly $1.9 million. That just accounts for filed cases. For Robertson, HLF sent out nearly as many pre-suit demands as filed lawsuits. If the same happened for Wilson, the recovery would easily double.[2] That would mean around **$4 million** generated by filed or threatened "class actions" with no class recovery.

This, of course, is extrapolation. Freeway believes the numbers are likely significantly higher for Wilson. That's particularly true given Freeway also recently learned that Wilson's counsel's individual demands have eclipsed **a quarter million dollars**, and given the likely quantity of demand letters (the undersigned's clients alone received around a dozen).

These terms confirm the inadequacy that Freeway explained in its pending motion: HLF clients are contractually and economically disincentivized from performing the function Rule 23(a)(4) requires, and counsel uses those terms and the class mechanism, *en masse*, to generate fees in excess of what the statute permits, with little going to their client and nothing to the class. The production also confirms that the additional discovery Freeway seeks is relevant, identifiable, and obtainable. HLF assembled these categories—fee agreements, referral agreements and fee splits, disbursement statements, and demand letters—for another claimant and swore to them as ordinary-course business records. The same categories exist for Plaintiff, and—while the record is already more than sufficient to deny certification—they remain relevant to the terms on which any Rule 41(a)(2) dismissal should be entered and to any collateral proceedings that follow.

[*signature on following page*]

---

[2] Once again, these numbers are conservative. The undersigned's small firm has responded to at least a dozen pre-suit demands on behalf of Wilson in less than two years.

Page 3 – **DEFENDANT'S NOTICE OF NEW EVIDENCE**

**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 782-0695

Dated: August 12, 2026

*/s/ Ryan D. Watstein*
Ryan D. Watstein (*Pro Hac Vice*)
ryan@wtlaw.com
James M. Ruley (*Pro Hac Vice*)
jruley@wtlaw.com
Rebecca Rhym (*Pro Hac Vice* Pending)
rrhym@wtlaw.com
**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 782-0695

Timothy J. Fransen, OSB No. 073938
tfransen@cosgravelaw.com
**COSGRAVE VERGEER KESTER LLP**
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

*Attorneys for Defendant Freeway Insurance
Services of America, LLC*

Page 4 – **DEFENDANT'S NOTICE OF NEW
EVIDENCE**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on August 12, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Ryan D. Watstein
Ryan D. Watstein

Page 1 – **CERTIFICATE OF SERVICE**

**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 782-0695