Timothy J. Fransen, OSB No. 073938
tfransen@cosgravelaw.com
**COSGRAVE VERGEER KESTER LLP**
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

Ryan D. Watstein (*Pro Hac Vice*)
ryan@wtlaw.com
James M. Ruley (*Pro Hac Vice*)
jruley@wtlaw.com
Rebecca Rhym (*Pro Hac Vice* Pending)
rrhym@wtlaw.com
**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 782-0695

*Attorneys for Defendant*
*Freeway Insurance Services of America, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**EUGENE DIVISION**

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>    v.<br><br>FREEWAY INSURANCE SERVICES OF AMERICA, LLC,<br><br>       Defendant. | Case No. 6:25-cv-01869-MC<br><br>**DECLARATION OF RYAN D. WATSTEIN IN SUPPORT OF DEFENDANT FREEWAY INSURANCE SERVICES OF AMERICA, LLC'S NOTICE OF NEW EVIDENCE** |

1.     My name is Ryan D. Watstein. I am an attorney and co-founder of Watstein Terepka LLP, an approximately 25-lawyer firm based at 75 14th Street NE, Suite 2600, Atlanta, Georgia 30309. I am over the age of 18, of sound mind, and competent to make this Declaration. I make this Declaration based on my personal knowledge.

2.     I am counsel of record for Defendant Freeway Insurance Services of America, LLC ("Freeway") in this case. Based on my active participation and supervision of all material aspects of the defense of this matter, I have personal knowledge of the matters set forth herein.

3.     I have defended more than 600 TCPA class actions in 30+ jurisdictions across the country as lead counsel. My firm and I also prosecute select class actions for plaintiffs.

4.     On July 27, 2026, attorneys at Greenspoon Marder, defense counsel in another TCPA class action brought by Erin Robertson—another serial litigant whose claims originate with HLF—provided my firm with documents bearing Bates numbers HLF00001 through HLF00259. A true and correct copy of that production is attached hereto as **Exhibit A**.

5.     HLF had produced those documents in response to a subpoena issued in *Robertson v. Plain-English Media, LLC*, No. 3:24-cv-429 (D. Nev.) ("*Robertson v. Plain-English*"). The materials included a declaration executed under penalty of perjury on May 11, 2026 by Andrew Heidarpour as authorized representative of HLF, averring that the "documents produced herewith and Bates stamped HLF00001 through HLF00259 are true and correct copies of records maintained by HLF in the ordinary course of business." A true and correct copy of that declaration is attached hereto as **Exhibit B**.

6.     The production includes HLF's master contingent fee agreement with the claimant; fourteen claim-specific retainers; HLF's referral agreements and fee splits with co-counsel; eighteen settlement disbursement statements; three executed settlement agreements and releases, two of which contain wire instructions; twenty-five pre-suit demand letters; and internal firm emails, including messages from Mr. Heidarpour's inbox and sent folders that were printed on May 6, 2026. The production also includes bank routing and account numbers belonging to HLF and its co-counsel (which Freeway redacted for this filing) at HLF00230 and HLF00237.

Page 1 – **DECLARATION OF RYAN D. WATSTEIN IN SUPPORT OF DEFENDANT'S NOTICE OF NEW EVIDENCE**

**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 782-0695

7.      HLF produced a Contingent Fee Agreement executed by HLF and Erin Robertson on June 4, 2024 ("June 4 Robertson Agreement"). HLF00110–00111. The June 4 Robertson Agreement covers "any and all" of the claimant's claims under the Telephone Consumer Protection Act and Fair Debt Collection Practices Act. It authorizes HLF to associate co-counsel on any or all such claims and provides that any later agreement with co-counsel supersedes the original agreement only as to the specific claim covered by the later agreement.

8.      The agreement also grants HLF power of attorney to "execute all claims, contracts, settlements, checks, drafts, compromises, covenants, releases, verifications, dismissals and deposits, in every respect, as though Client were personally doing so"; grants HLF settlement authority to authorize any settlement it "deems practical and reasonable"; and gives HLF thirty days after termination to settle or relinquish claims then in negotiation. It further requires the claimant to repay costs incurred on outstanding claims and prohibits direct communication with an alleged violator after retaining HLF. *Id.*

9.      I reviewed the claim-specific engagement agreements contained in HLF's production. Each postdates the June 4, 2024 agreement. The earliest is dated June 25, 2024, and appears at HLF00057 through HLF00059.

10.     One representative agreement appears at Bates numbers HLF00001 through HLF00007 and is dated August 2, 2024. Like Wilson's August 29, 2025 agreement, it limits the claimant's individual recovery to the statutory damages available for the alleged violations, provides that any remaining or excess recovery belongs to counsel as attorneys' fees or costs, and allocates 30% of the attorneys' fees to HLF. I reviewed each of the claim-specific agreements in the production. Each contains substantially identical terms, including the following: "any amount obtained in excess of your statutory damages are either costs or attorney's fees and belong to us."

11.     HLF's production also included eighteen "settlement statements" bearing Bates numbers HLF00228, HLF00235 through HLF00236, HLF00241 through HLF00243, and HLF00248 through HLF00259. Each statement identifies the settlement amount, the amount allocated to attorneys' fees and costs, and the amount allocated to the claimant. Across the eighteen

Page 2 – **DECLARATION OF RYAN D. WATSTEIN IN SUPPORT OF DEFENDANT'S NOTICE OF NEW EVIDENCE**

**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 782-0695

statements, the settlement amounts total $633,500, the amounts allocated to attorneys' fees and costs total $566,000, and the amounts allocated to the claimant total $65,500. No statement reflects a payment to any person other than the claimant and her counsel. Each also contains a declaration in the claimant's name authorizing the stated disbursements and a release of claims. The releases were substantially identical and read as follows:

> I, ERIN ROBERTSON, RELEASE, ACQUIT, AND FOREVER DISCHARGE RELEASE [*sic*] PARONICH LAW, P.C., ANTHONY PARONICH, HEIDARPOUR LAW FIRM, PLLC, ANDREW HEIDARPOUR, FROM ANY AND ALL MANNER OF ACTIONS, CAUSES OF ACTION, SUITS, JUDGMENTS, DEMANDS, CLAIMS, RIGHTS, INTERESTS, REMEDIES OF ANY NATURE, KIND OR DESCRIPTION WHATSOEVER IN LAW OR IN EQUITY THAT I HAD, NOW HAVE, OR MAY HAVE AGAINST THEM, WHETHER KNOWN OR UNKNOWN, UP TO AND INCLUDING THE DATE OF MY SIGNATURE, INCLUDING BUT NOT LIMITED TO IN RELATION TO [*sic*] LITIGATION AGAINST [THE DEFENDANT(S)].

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 12, 2026 in Atlanta, Georgia.

*/s/ Ryan D. Watstein*
Ryan D. Watstein

# EXHIBIT A

# CLASS ACTION AUTHORIZATION

Subject of representation**: ERIN ROBERTSON**("CLIENT") retains and authorizes **KAUFMAN P.A., HEIDARPOUR LAW FIRM, PLLC AND PARONICH LAW, PC** (collectively "attorneys" or "LAW FIRMS") to (i) investigate potential claims and defenses against **AMERICAN PROTECTION PLANS LLC d/b/a ARW HOME (**DEFENDANT) concerning violations of the **Telephone Consumer Protection Act** (ii) if the attorneys' investigation shows that such a claim would have merit and that filing suit is appropriate, to file suit.

Client acknowledges that attorneys have not made any promise or prediction to Client about the outcome of Client's claims or causes of action.

As part of Attorneys' representation of Client, Attorneys will investigate whether some or all of Client's claims may be best pursued through a class action lawsuit.  If, after consultation with Attorneys, Client and Attorneys jointly elect to proceed with a class action, Client agrees to act as class representative(s) in that suit.  In that event, Client will be expected to act in the best interests of the entire class and not take any actions detrimental to the class.  It will be the goal of any potential class action pursued by the Client and the Attorneys to obtain just compensation for any losses sustained by Client and members of the class as well as to seek any other appropriate relief such as injunctive or declaratory relief for the benefit of Client and members of the class. Client understands that in order for a case to be certified as a class action, it must be shown to the Court that there are common questions of law and fact which exist among all of the class members. On that basis, the Client understands that any class action claims will be limited to those claims which can be shown to exist for each class member.  Client also understands that there are a number of special responsibilities associated with acting as a Class Representative, which have been explained to Client prior to the execution of this Agreement and which Client agrees to undertake.

## Duties of Client as a Class Representative

A.     A class representative volunteers to represent many other people with similar claims and damages, because he/she believes: (1) it is important that all benefit from the lawsuit equally, (2) that a class lawsuit will save time, money and effort and will benefit all parties, and (3) that the class action is an important tool to assure compliance with the law, product safety and honest marketing practices.

B.     In order for Attorneys to effectively advocate Client's interests and the interests of all putative class members, Client's assistance and cooperation is required.  Client agrees to accept the duty to assist and cooperate with Attorneys as fully as possible during the pendency of the class action.  Client agrees and understands the duties as class representative, and agrees to:

1. promptly furnish Attorneys with all information and documents in Client's possession or control when requested;
2. be fully candid and truthful regarding all information and documents provided to Attorneys;
3. represent the interests of all members of the class;

HLF00001

4.    always consider the interests of the class just as he/she would consider his/her own interests;

5.    participate actively in the lawsuit, such as by testifying at deposition and trial, answering written interrogatories and by keeping generally aware of the status and progress of the lawsuit;

6.    recognize and accept that any resolution of the lawsuit, such as by settlement or dismissal, is subject to court approval and must be structured in the best interest of the class as a whole;

7.    keep the Attorneys advised of Client's current address and telephone number at all times while this case is pending; and,

8.    be generally knowledgeable with respect to the subject matter and progress of the lawsuit.

9.    client is to advise the attorneys in advance of seeking any further relief under the bankruptcy laws (which may result in transfer of Client's claim to a trustee).

C.  Client understands that if the lawsuit proceeds as a class action, Client's share of any judgment or any settlement will be determined on the same basis as that used to determine the share of the amount received by members of the entire class and that Client is not entitled to special treatment due to service as class representative.  Client also understands that Client may apply for an incentive/service award, but any such award and any amount is in the court's discretion.

D.  Client understands that a certified class action case cannot be settled or dismissed without the approval of the court.

**Fees**.  Client and the Attorneys agree that any fee for the Attorneys' services to Client or the class will be contingent upon effecting a recovery or successful result from the parties against whom the claims are brought.  Client understands that Attorneys will advance all costs necessary for prosecution of Client's claims (to the extent applicable law and ethics rules allow), with these costs to be repaid to Attorneys solely out of any settlement, judgment or award, after the attorneys' fees have been deducted.  Client further understands that Attorneys will pay any or all of Defendant' costs (to the extent applicable law and ethics rules allow) in the unlikely event that the Court orders such, if our litigation is unsuccessful.

Attorneys will receive the greater of (a) one-third (33 and 1/3%) of the total settlement proceeds, award or judgment, if any; or (b) the greater of the amount of any attorneys' fees incurred relating to the Claim.  The Client also understands that the Attorneys will have the ability to negotiate an award for attorneys' fees separately from any recovery for the Client. Client understands that this fee is not set by law and was negotiable between Attorneys and Client. Client understands that no settlement of Client's individual claims will be made without Client's approval. Client agrees not to waive in whole or in part the right to recover attorneys' fees and/or costs as a condition of settlement.

In the event that this case is settled on an individual basis and not settled on a class action basis we will attempt to negotiate settlement/s for full statutory damages in the maximum  amount

HLF00002

of $500 for negligent violations and up to $1,500 for willful violations and  independently negotiate our attorney's fees and costs; however, a negotiated settlement may  range anywhere up to $1,500 per violation, which is the maximum that you may be entitled  to recover under the statute. In the event we negotiate an individual settlement, that  settlement may include payment of attorney's fees directly to us based on the amount of time  spent on the matter multiplied by our hourly rates. At times, we may request the defendant  apply a multiplier based on certain risk factors in bringing this action. The amount of  payment of our attorney's fees (with or without a multiplier) may be greater than the amount  of statutory damages you recover. You further agree that any amount obtained in excess of  your statutory damages are either costs or attorney's fees and belong to us.

*EER*

Client acknowledges and agrees that Heidarpour Law Firm will receive 30% of the fees after costs and that the remaining two Law Firms will split the remaining fees after costs. Kaufman P.A., and Paronich Law, PC shall retain local counsel on an hourly basis. The Attorneys shall presume that the division in the previous sentences represents an equitable, just, proportional, and accurate reflection of the Law Firms' anticipated contributions to the resolution of the Action. If there is a material and substantial deviation from the anticipated work distribution, fees may be reallocated at the conclusion of the litigation to account for any such deviation.  Any reallocation does not affect Client's recovery.

**Expenses or Costs**.  Paronich Law and Kaufman P.A. will advance costs and litigation expenses, repayable only from a recovery as set forth above.  Expenses and costs include, but are not limited to: court filing fees, fees for service of process, messenger services, expert and consultant's fees, computer services, external photocopying expenses, travel and court reporter's fees.  Client will not have to pay fees or expenses of prosecution to Client's attorneys except as stated above.

Joint Costs associated with experts (including expert related travel costs), depositions (court reporters, videographers, and transcripts), class certification (including notice to the class), mediation and trial shall be paid as they are incurred based on each firm's percentage of the fee. Other costs such as travel related expenses for attorneys or support staff, external photocopying, printing, or PACER charges shall be reimbursed from any recovery prior to any calculation or allocation of that recovery to attorneys' fees. If recovery is insufficient to reimburse all costs, Joint Costs and expenses shall be reimbursed prior to the reimbursement of other costs and expenses.

**Assignment of right to fee award:**  Client assigns to the attorneys all rights conferred by statute or rule to recover attorneys' fees from Defendant.

**Other Counsel.** Client acknowledges and agrees that attorneys may retain co-counsel or local counsel to represent Client.  In such an event, these lawyers will be compensated out of the fees paid to attorneys and such representation will not affect Client's recovery.

**Statute of limitations:** There are short time frames provided by law for the filing of claims with some that expire within a year.  It is essential that this form be returned as soon as possible.

**Communication Via E-mail:**  In the Attorneys' experience, it is often necessary to

HLF00003

communicate with the CLIENT in writing. Communications that the LAW FIRM would ordinarily make to the CLIENT by letter can often be made more quickly by email. However, there may be risks associated with email communication. The LAW FIRM has no control over the computer networks and systems through which messages between the LAW FIRM and CLIENT pass, or over the computer system networks and systems CLIENT uses to receive and store emails sent by the LAW FIRM. Accordingly, it is impossible for the LAW FIRM to ensure that confidential communications between the LAW FIRM and CLIENT will not be seen or intercepted by third-parties. Nevertheless, the CLIENT wishes to authorize the LAW FIRM to communicate with CLIENT by email as has been done already.

**Competing Suits** – Attorneys will not represent any other plaintiff in any other suit against the above Defendant without promptly notifying the other team members of their intent to do so. In the event that any member of the team participates in any other class action involving the same claims and against the above Defendant that suit is subject to the provisions of this agreement as if that action had been filed with the matter identified in this agreement.

**Sharing of Work** – The Attorneys anticipate that they will equally be responsible for this matter and allocate work by agreement.

**Contemporaneous Records** – Each Attorney agrees to keep detailed, contemporaneous records of all billable time expended and all necessary costs, disbursements and expenses incurred in these cases, and maintain separate records of such time and costs for each matter. The attorneys will periodically exchange estimates of time expended in order balance the work load as envisioned by this agreement.

**Support for Recovery of Costs, Litigation Expenses, and Fees** – All Attorneys agree to fully cooperate and support each other's motions for fees and expenses in accordance with applicable law, if necessary.

**Statement Of Client's Rights.** Before signing this contract, Client acknowledges that they received and read the Statement of Client's Rights attached to this Agreement, and understand each of the rights set forth herein and therein. Client has signed the statement and received a signed copy to keep and to refer to while being represented by Law Firm.

**Right To Cancel.** This contract may be canceled by written notification to Law Firm at any time within three (3) business days of the date the contract was signed, as shown below, and if canceled, Client shall not be obligated to pay any fees to Law Firm for the work performed during that time. If Law Firm has advanced funds to others in representation of Client, Law Firm is entitled to be reimbursed for such amounts as it has reasonably advanced on behalf of Client.

**Governing Law.** This agreement shall be governed by the laws of the state of Florida.

**Dispute Resolution** – Any dispute between the ATTORNEYS to this Agreement must be subject of arbitration before a single arbitrator in accordance with the rules of JAMS. The arbitrator's fees and any other common expense will be shared equally by the parties, except the arbitrator will order that the reasonable expenses (other than attorneys' fees) of the prevailing party, if any, be borne by the other party. **THIS PROVISION DOES NOT APPLY TO CLIENT.**

## STATEMENT OF CLIENT RIGHTS

Before you, the prospective client, arrange a contingent fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not a part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights:

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with one lawyer you may talk with other lawyers.

2. Any contingent fee contract must be in writing and you have 3 business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within 3 business days of signing the contract. If you withdraw from the contract within the first 3 business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the 3-day period, you may have to pay a fee for work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training, and experience. If you ask, the lawyer should tell you specifically about the lawyer's actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4. Before signing a contingent fee contract with you, a lawyer must advise you whether the lawyer intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, the lawyer should tell you what kind of fee sharing arrangement will be made with other lawyers. If lawyers from different law firms will represent you, at least 1 lawyer from each law firm must sign the contingent fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary

HLF00005

costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered on the amount recovered minus the costs.

7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money that you might have to pay to your lawyer for costs and liability you might have for attorney's fees to the other side.

8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement you need not pay any money to anyone, including your lawyer. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9. You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11. If at any time you, the client, believe that your lawyer has charged an excessive or illegal fee, you have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call 904-561-5600, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit.

Dated: 08/02/2024

*Erin E. Robertson*
_____
Erin Robertson

███████████████

Reno, NV 89502

███████████████

*Andrew Heidarpour*
_____
Andrew Heidarpour
Heidarpour Law Firm, PLLC
1300 Pennsylvania Ave NW
Washington, DC 20004
aheidarpour@hlfirm.com

_____
Avi R. Kaufman
Kaufman PA
237 S Dixie Hwy, 4th Floor
Coral Gables, FL 33133
kaufman@kaufmanpa.com

_____
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

# CLASS ACTION AUTHORIZATION

Subject of representation**: ERIN ROBERTSON**("CLIENT") retains and authorizes **Kaufman P.A., Heidarpour Law Firm, PLLC and Paronich Law, PC** (collectively "attorneys" or "LAW FIRMS") to (i) investigate potential claims and defenses against **AMERICOR FUNDING, LLC  (**DEFENDANT) concerning violations of the **Telephone Consumer Protection Act** (ii) if the attorneys' investigation shows that such a claim would have merit and that filing suit is appropriate, to file suit.

Client acknowledges that attorneys have not made any promise or prediction to Client about the outcome of Client's claims or causes of action.

As part of Attorneys' representation of Client, Attorneys will investigate whether some or all of Client's claims may be best pursued through a class action lawsuit.  If, after consultation with Attorneys, Client and Attorneys jointly elect to proceed with a class action, Client agrees to act as class representative(s) in that suit.  In that event, Client will be expected to act in the best interests of the entire class and not take any actions detrimental to the class.  It will be the goal of any potential class action pursued by the Client and the Attorneys to obtain just compensation for any losses sustained by Client and members of the class as well as to seek any other appropriate relief such as injunctive or declaratory relief for the benefit of Client and members of the class. Client understands that in order for a case to be certified as a class action, it must be shown to the Court that there are common questions of law and fact which exist among all of the class members. On that basis, the Client understands that any class action claims will be limited to those claims which can be shown to exist for each class member.  Client also understands that there are a number of special responsibilities associated with acting as a Class Representative, which have been explained to Client prior to the execution of this Agreement and which Client agrees to undertake.

## Duties of Client as a Class Representative

A.    A class representative volunteers to represent many other people with similar claims and damages, because he/she believes: (1) it is important that all benefit from the lawsuit equally, (2) that a class lawsuit will save time, money and effort and will benefit all parties, and (3) that the class action is an important tool to assure compliance with the law, product safety and honest marketing practices.

B.    In order for Attorneys to effectively advocate Client's interests and the interests of all putative class members, Client's assistance and cooperation is required.  Client agrees to accept the duty to assist and cooperate with Attorneys as fully as possible during the pendency of the class action.  Client agrees and understands the duties as class representative, and agrees to:

1.    promptly furnish Attorneys with all information and documents in Client's possession or control when requested;
2.    be fully candid and truthful regarding all information and documents provided to Attorneys;
3.    represent the interests of all members of the class;

4.    always consider the interests of the class just as he/she would consider his/her own interests;

5.    participate actively in the lawsuit, such as by testifying at deposition and trial, answering written interrogatories and by keeping generally aware of the status and progress of the lawsuit;

6.    recognize and accept that any resolution of the lawsuit, such as by settlement or dismissal, is subject to court approval and must be structured in the best interest of the class as a whole;

7.    keep the Attorneys advised of Client's current address and telephone number at all times while this case is pending; and,

8.    be generally knowledgeable with respect to the subject matter and progress of the lawsuit.

9.    client is to advise the attorneys in advance of seeking any further relief under the bankruptcy laws (which may result in transfer of Client's claim to a trustee).

C.  Client understands that if the lawsuit proceeds as a class action, Client's share of any judgment or any settlement will be determined on the same basis as that used to determine the share of the amount received by members of the entire class and that Client is not entitled to special treatment due to service as class representative.  Client also understands that Client may apply for an incentive/service award, but any such award and any amount is in the court's discretion.

D.  Client understands that a certified class action case cannot be settled or dismissed without the approval of the court.

**Fees**.  Client and the Attorneys agree that any fee for the Attorneys' services to Client or the class will be contingent upon effecting a recovery or successful result from the parties against whom the claims are brought.  Client understands that Attorneys will advance all costs necessary for prosecution of Client's claims (to the extent applicable law and ethics rules allow), with these costs to be repaid to Attorneys solely out of any settlement, judgment or award, after the attorneys' fees have been deducted.  Client further understands that Attorneys will pay any or all of Defendant' costs (to the extent applicable law and ethics rules allow) in the unlikely event that the Court orders such, if our litigation is unsuccessful.

Attorneys will receive the greater of (a) one-third (33 and 1/3%) of the total settlement proceeds, award or judgment, if any; or (b) the greater of the amount of any attorneys' fees incurred relating to the Claim.  The Client also understands that the Attorneys will have the ability to negotiate an award for attorneys' fees separately from any recovery for the Client. Client understands that this fee is not set by law and was negotiable between Attorneys and Client. Client understands that no settlement of Client's individual claims will be made without Client's approval. Client agrees not to waive in whole or in part the right to recover attorneys' fees and/or costs as a condition of settlement.

In the event that this case is settled on an individual basis and not settled on a class action basis we will attempt to negotiate settlement/s for full statutory damages in the maximum  amount

of $500 for negligent violations and up to $1,500 for willful violations and independently negotiate our attorney's fees and costs; however, a negotiated settlement may range anywhere up to $1,500 per violation, which is the maximum that you may be entitled to recover under the statute. In the event we negotiate an individual settlement, that settlement may include payment of attorney's fees directly to us based on the amount of time spent on the matter multiplied by our hourly rates. At times, we may request the defendant apply a multiplier based on certain risk factors in bringing this action. The amount of payment of our attorney's fees (with or without a multiplier) may be greater than the amount of statutory damages you recover. You further agree that any amount obtained in excess of your statutory damages are either costs or attorney's fees and belong to us.

*EER*

Client acknowledges and agrees that Heidarpour Law Firm will receive 30% of the fees after costs and that the remaining two Law Firms will split the remaining fees after costs. Kaufman P.A., and Paronich Law, PC shall retain local counsel on an hourly basis. The Attorneys shall presume that the division in the previous sentences represents an equitable, just, proportional, and accurate reflection of the Law Firms' anticipated contributions to the resolution of the Action. If there is a material and substantial deviation from the anticipated work distribution, fees may be reallocated at the conclusion of the litigation to account for any such deviation. Any reallocation does not affect Client's recovery.

**Expenses or Costs.** Paronich Law and Kaufman P.A. will advance costs and litigation expenses, repayable only from a recovery as set forth above. Expenses and costs include, but are not limited to: court filing fees, fees for service of process, messenger services, expert and consultant's fees, computer services, external photocopying expenses, travel and court reporter's fees. Client will not have to pay fees or expenses of prosecution to Client's attorneys except as stated above.

Joint Costs associated with experts (including expert related travel costs), depositions (court reporters, videographers, and transcripts), class certification (including notice to the class), mediation and trial shall be paid as they are incurred based on each firm's percentage of the fee. Other costs such as travel related expenses for attorneys or support staff, external photocopying, printing, or PACER charges shall be reimbursed from any recovery prior to any calculation or allocation of that recovery to attorneys' fees. If recovery is insufficient to reimburse all costs, Joint Costs and expenses shall be reimbursed prior to the reimbursement of other costs and expenses.

**Assignment of right to fee award:** Client assigns to the attorneys all rights conferred by statute or rule to recover attorneys' fees from Defendant.

**Other Counsel.** Client acknowledges and agrees that attorneys may retain co-counsel or local counsel to represent Client. In such an event, these lawyers will be compensated out of the fees paid to attorneys and such representation will not affect Client's recovery.

**Statute of limitations:** There are short time frames provided by law for the filing of claims with some that expire within a year. It is essential that this form be returned as soon as possible.

**Communication Via E-mail:** In the Attorneys' experience, it is often necessary to

communicate with the CLIENT in writing. Communications that the LAW FIRM would ordinarily make to the CLIENT by letter can often be made more quickly by email. However, there may be risks associated with email communication. The LAW FIRM has no control over the computer networks and systems through which messages between the LAW FIRM and CLIENT pass, or over the computer system networks and systems CLIENT uses to receive and store emails sent by the LAW FIRM. Accordingly, it is impossible for the LAW FIRM to ensure that confidential communications between the LAW FIRM and CLIENT will not be seen or intercepted by third-parties. Nevertheless, the CLIENT wishes to authorize the LAW FIRM to communicate with CLIENT by email as has been done already.

**Competing Suits** – Attorneys will not represent any other plaintiff in any other suit against the above Defendant without promptly notifying the other team members of their intent to do so. In the event that any member of the team participates in any other class action involving the same claims and against the above Defendant that suit is subject to the provisions of this agreement as if that action had been filed with the matter identified in this agreement.

**Sharing of Work** – The Attorneys anticipate that they will equally be responsible for this matter and allocate work by agreement.

**Contemporaneous Records** – Each Attorney agrees to keep detailed, contemporaneous records of all billable time expended and all necessary costs, disbursements and expenses incurred in these cases, and maintain separate records of such time and costs for each matter. The attorneys will periodically exchange estimates of time expended in order balance the work load as envisioned by this agreement.

**Support for Recovery of Costs, Litigation Expenses, and Fees** – All Attorneys agree to fully cooperate and support each other's motions for fees and expenses in accordance with applicable law, if necessary.

**Statement Of Client's Rights.** Before signing this contract, Client acknowledges that they received and read the Statement of Client's Rights attached to this Agreement, and understand each of the rights set forth herein and therein. Client has signed the statement and received a signed copy to keep and to refer to while being represented by Law Firm.

**Right To Cancel.** This contract may be canceled by written notification to Law Firm at any time within three (3) business days of the date the contract was signed, as shown below, and if canceled, Client shall not be obligated to pay any fees to Law Firm for the work performed during that time. If Law Firm has advanced funds to others in representation of Client, Law Firm is entitled to be reimbursed for such amounts as it has reasonably advanced on behalf of Client.

**Governing Law.** This agreement shall be governed by the laws of the state of Florida.

**Dispute Resolution** – Any dispute between the ATTORNEYS to this Agreement must be subject of arbitration before a single arbitrator in accordance with the rules of JAMS. The arbitrator's fees and any other common expense will be shared equally by the parties, except the arbitrator will order that the reasonable expenses (other than attorneys' fees) of the prevailing party, if any, be borne by the other party. **THIS PROVISION DOES NOT APPLY TO CLIENT.**

## STATEMENT OF CLIENT RIGHTS

Before you, the prospective client, arrange a contingent fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not a part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights:

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with one lawyer you may talk with other lawyers.

2. Any contingent fee contract must be in writing and you have 3 business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within 3 business days of signing the contract. If you withdraw from the contract within the first 3 business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the 3-day period, you may have to pay a fee for work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training, and experience. If you ask, the lawyer should tell you specifically about the lawyer's actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4. Before signing a contingent fee contract with you, a lawyer must advise you whether the lawyer intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, the lawyer should tell you what kind of fee sharing arrangement will be made with other lawyers. If lawyers from different law firms will represent you, at least 1 lawyer from each law firm must sign the contingent fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary

costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered on the amount recovered minus the costs.

7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money that you might have to pay to your lawyer for costs and liability you might have for attorney's fees to the other side.

8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement you need not pay any money to anyone, including your lawyer. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9. You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11. If at any time you, the client, believe that your lawyer has charged an excessive or illegal fee, you have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call 904-561-5600, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit.

HLF00013

Dated: 07/13/2024

*Erin E. Robertson*
_____
Erin Robertson

██████████████████████
Reno, NV 89523

████████████████

_Andrew Heidarpour_
_____
Andrew Heidarpour
Heidarpour Law Firm, PLLC
1300 Pennsylvania Ave NW
Washington, DC 20004
aheidarpour@hlfirm.com

_____
Avi R. Kaufman
Kaufman PA
237 S Dixie Hwy, 4th Floor
Coral Gables, FL 33133
kaufman@kaufmanpa.com

_____
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

HLF00014

# CLASS ACTION AUTHORIZATION

Subject of representation**: ERIN ROBERTSON**(“CLIENT”) retains and authorizes **KAUFMAN P.A., HEIDARPOUR LAW FIRM, PLLC AND PARONICH LAW, PC** (collectively “attorneys” or “LAW FIRMS”) to (i) investigate potential claims and defenses against **BANK OF AMERICA CORPORATION** (DEFENDANT) concerning violations of the **Telephone Consumer Protection Act** (ii) if the attorneys' investigation shows that such a claim would have merit and that filing suit is appropriate, to file suit.

Client acknowledges that attorneys have not made any promise or prediction to Client about the outcome of Client's claims or causes of action.

As part of Attorneys' representation of Client, Attorneys will investigate whether some or all of Client's claims may be best pursued through a class action lawsuit.  If, after consultation with Attorneys, Client and Attorneys jointly elect to proceed with a class action, Client agrees to act as class representative(s) in that suit.  In that event, Client will be expected to act in the best interests of the entire class and not take any actions detrimental to the class.  It will be the goal of any potential class action pursued by the Client and the Attorneys to obtain just compensation for any losses sustained by Client and members of the class as well as to seek any other appropriate relief such as injunctive or declaratory relief for the benefit of Client and members of the class. Client understands that in order for a case to be certified as a class action, it must be shown to the Court that there are common questions of law and fact which exist among all of the class members. On that basis, the Client understands that any class action claims will be limited to those claims which can be shown to exist for each class member.  Client also understands that there are a number of special responsibilities associated with acting as a Class Representative, which have been explained to Client prior to the execution of this Agreement and which Client agrees to undertake.

## <u>Duties of Client as a Class Representative</u>

A.    A class representative volunteers to represent many other people with similar claims and damages, because he/she believes: (1) it is important that all benefit from the lawsuit equally, (2) that a class lawsuit will save time, money and effort and will benefit all parties, and (3) that the class action is an important tool to assure compliance with the law, product safety and honest marketing practices.

B.    In order for Attorneys to effectively advocate Client's interests and the interests of all putative class members, Client's assistance and cooperation is required.  Client agrees to accept the duty to assist and cooperate with Attorneys as fully as possible during the pendency of the class action.  Client agrees and understands the duties as class representative, and agrees to:

1.    promptly furnish Attorneys with all information and documents in Client's possession or control when requested;
2.    be fully candid and truthful regarding all information and documents provided to Attorneys;
3.    represent the interests of all members of the class;

HLF00015

4.     always consider the interests of the class just as he/she would consider his/her own interests;

5.     participate actively in the lawsuit, such as by testifying at deposition and trial, answering written interrogatories and by keeping generally aware of the status and progress of the lawsuit;

6.     recognize and accept that any resolution of the lawsuit, such as by settlement or dismissal, is subject to court approval and must be structured in the best interest of the class as a whole;

7.     keep the Attorneys advised of Client's current address and telephone number at all times while this case is pending; and,

8.     be generally knowledgeable with respect to the subject matter and progress of the lawsuit.

9.     client is to advise the attorneys in advance of seeking any further relief under the bankruptcy laws (which may result in transfer of Client's claim to a trustee).

C. Client understands that if the lawsuit proceeds as a class action, Client's share of any judgment or any settlement will be determined on the same basis as that used to determine the share of the amount received by members of the entire class and that Client is not entitled to special treatment due to service as class representative. Client also understands that Client may apply for an incentive/service award, but any such award and any amount is in the court's discretion.

D. Client understands that a certified class action case cannot be settled or dismissed without the approval of the court.

**Fees**. Client and the Attorneys agree that any fee for the Attorneys' services to Client or the class will be contingent upon effecting a recovery or successful result from the parties against whom the claims are brought. Client understands that Attorneys will advance all costs necessary for prosecution of Client's claims (to the extent applicable law and ethics rules allow), with these costs to be repaid to Attorneys solely out of any settlement, judgment or award, after the attorneys' fees have been deducted. Client further understands that Attorneys will pay any or all of Defendant' costs (to the extent applicable law and ethics rules allow) in the unlikely event that the Court orders such, if our litigation is unsuccessful.

Attorneys will receive the greater of (a) one-third (33 and 1/3%) of the total settlement proceeds, award or judgment, if any; or (b) the greater of the amount of any attorneys' fees incurred relating to the Claim. The Client also understands that the Attorneys will have the ability to negotiate an award for attorneys' fees separately from any recovery for the Client. Client understands that this fee is not set by law and was negotiable between Attorneys and Client. Client understands that no settlement of Client's individual claims will be made without Client's approval. Client agrees not to waive in whole or in part the right to recover attorneys' fees and/or costs as a condition of settlement.

In the event that this case is settled on an individual basis and not settled on a class action basis we will attempt to negotiate settlement/s for full statutory damages in the maximum amount

of $500 for negligent violations and up to $1,500 for willful violations and independently negotiate our attorney's fees and costs; however, a negotiated settlement may range anywhere up to $1,500 per violation, which is the maximum that you may be entitled to recover under the statute. In the event we negotiate an individual settlement, that settlement may include payment of attorney's fees directly to us based on the amount of time spent on the matter multiplied by our hourly rates. At times, we may request the defendant apply a multiplier based on certain risk factors in bringing this action. The amount of payment of our attorney's fees (with or without a multiplier) may be greater than the amount of statutory damages you recover. You further agree that any amount obtained in excess of your statutory damages are either costs or attorney's fees and belong to us.

*EER*

Client acknowledges and agrees that Heidarpour Law Firm will receive 30% of the fees after costs and that the remaining two Law Firms will split the remaining fees after costs. Kaufman P.A., and Paronich Law, PC shall retain local counsel on an hourly basis. The Attorneys shall presume that the division in the previous sentences represents an equitable, just, proportional, and accurate reflection of the Law Firms' anticipated contributions to the resolution of the Action. If there is a material and substantial deviation from the anticipated work distribution, fees may be reallocated at the conclusion of the litigation to account for any such deviation. Any reallocation does not affect Client's recovery.

**Expenses or Costs**. Paronich Law and Kaufman P.A. will advance costs and litigation expenses, repayable only from a recovery as set forth above. Expenses and costs include, but are not limited to: court filing fees, fees for service of process, messenger services, expert and consultant's fees, computer services, external photocopying expenses, travel and court reporter's fees. Client will not have to pay fees or expenses of prosecution to Client's attorneys except as stated above.

Joint Costs associated with experts (including expert related travel costs), depositions (court reporters, videographers, and transcripts), class certification (including notice to the class), mediation and trial shall be paid as they are incurred based on each firm's percentage of the fee. Other costs such as travel related expenses for attorneys or support staff, external photocopying, printing, or PACER charges shall be reimbursed from any recovery prior to any calculation or allocation of that recovery to attorneys' fees. If recovery is insufficient to reimburse all costs, Joint Costs and expenses shall be reimbursed prior to the reimbursement of other costs and expenses.

**Assignment of right to fee award:** Client assigns to the attorneys all rights conferred by statute or rule to recover attorneys' fees from Defendant.

**Other Counsel.** Client acknowledges and agrees that attorneys may retain co-counsel or local counsel to represent Client. In such an event, these lawyers will be compensated out of the fees paid to attorneys and such representation will not affect Client's recovery.

**Statute of limitations:** There are short time frames provided by law for the filing of claims with some that expire within a year. It is essential that this form be returned as soon as possible.

**Communication Via E-mail:** In the Attorneys' experience, it is often necessary to

communicate with the CLIENT in writing. Communications that the LAW FIRM would ordinarily make to the CLIENT by letter can often be made more quickly by email. However, there may be risks associated with email communication. The LAW FIRM has no control over the computer networks and systems through which messages between the LAW FIRM and CLIENT pass, or over the computer system networks and systems CLIENT uses to receive and store emails sent by the LAW FIRM. Accordingly, it is impossible for the LAW FIRM to ensure that confidential communications between the LAW FIRM and CLIENT will not be seen or intercepted by third-parties. Nevertheless, the CLIENT wishes to authorize the LAW FIRM to communicate with CLIENT by email as has been done already.

**Competing Suits** – Attorneys will not represent any other plaintiff in any other suit against the above Defendant without promptly notifying the other team members of their intent to do so. In the event that any member of the team participates in any other class action involving the same claims and against the above Defendant that suit is subject to the provisions of this agreement as if that action had been filed with the matter identified in this agreement.

**Sharing of Work** – The Attorneys anticipate that they will equally be responsible for this matter and allocate work by agreement.

**Contemporaneous Records** – Each Attorney agrees to keep detailed, contemporaneous records of all billable time expended and all necessary costs, disbursements and expenses incurred in these cases, and maintain separate records of such time and costs for each matter. The attorneys will periodically exchange estimates of time expended in order balance the work load as envisioned by this agreement.

**Support for Recovery of Costs, Litigation Expenses, and Fees** – All Attorneys agree to fully cooperate and support each other's motions for fees and expenses in accordance with applicable law, if necessary.

**Statement Of Client's Rights.** Before signing this contract, Client acknowledges that they received and read the Statement of Client's Rights attached to this Agreement, and understand each of the rights set forth herein and therein. Client has signed the statement and received a signed copy to keep and to refer to while being represented by Law Firm.

**Right To Cancel.** This contract may be canceled by written notification to Law Firm at any time within three (3) business days of the date the contract was signed, as shown below, and if canceled, Client shall not be obligated to pay any fees to Law Firm for the work performed during that time. If Law Firm has advanced funds to others in representation of Client, Law Firm is entitled to be reimbursed for such amounts as it has reasonably advanced on behalf of Client.

**Governing Law.** This agreement shall be governed by the laws of the state of Florida.

**Dispute Resolution** – Any dispute between the ATTORNEYS to this Agreement must be subject of arbitration before a single arbitrator in accordance with the rules of JAMS. The arbitrator's fees and any other common expense will be shared equally by the parties, except the arbitrator will order that the reasonable expenses (other than attorneys' fees) of the prevailing party, if any, be borne by the other party. **THIS PROVISION DOES NOT APPLY TO CLIENT.**

HLF00018

## STATEMENT OF CLIENT RIGHTS

Before you, the prospective client, arrange a contingent fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not a part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights:

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with one lawyer you may talk with other lawyers.

2. Any contingent fee contract must be in writing and you have 3 business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within 3 business days of signing the contract. If you withdraw from the contract within the first 3 business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the 3-day period, you may have to pay a fee for work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training, and experience. If you ask, the lawyer should tell you specifically about the lawyer's actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4. Before signing a contingent fee contract with you, a lawyer must advise you whether the lawyer intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, the lawyer should tell you what kind of fee sharing arrangement will be made with other lawyers. If lawyers from different law firms will represent you, at least 1 lawyer from each law firm must sign the contingent fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary

HLF00019

costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered on the amount recovered minus the costs.

7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money that you might have to pay to your lawyer for costs and liability you might have for attorney's fees to the other side.

8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement you need not pay any money to anyone, including your lawyer. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9. You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11. If at any time you, the client, believe that your lawyer has charged an excessive or illegal fee, you have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call 904-561-5600, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit.

HLF00020

Dated: 10/28/2024

*Erin E. Robertson*
_____
Erin Robertson

██████████████████
Reno, NV 89502

██████████████████


*Andrew Heidarpour*
_____
Andrew Heidarpour
Heidarpour Law Firm, PLLC
1300 Pennsylvania Ave NW
Washington, DC 20004
aheidarpour@hlfirm.com

_____
Avi R. Kaufman
Kaufman PA
237 S Dixie Hwy, 4th Floor
Coral Gables, FL 33133
kaufman@kaufmanpa.com

_____
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

## CLASS ACTION AUTHORIZATION

**Subject of representation:** **ERIN ROBERTSON**("CLIENT") retains and authorizes **KAUFMAN P.A., HEIDARPOUR LAW FIRM, PLLC AND PARONICH LAW, PC** (collectively "attorneys" or "LAW FIRMS") to (i) investigate potential claims and defenses against **COVERAGEX LLC** (DEFENDANT) concerning violations of the **Telephone Consumer Protection Act** (ii) if the attorneys' investigation shows that such a claim would have merit and that filing suit is appropriate, to file suit.

Client acknowledges that attorneys have not made any promise or prediction to Client about the outcome of Client's claims or causes of action.

As part of Attorneys' representation of Client, Attorneys will investigate whether some or all of Client's claims may be best pursued through a class action lawsuit. If, after consultation with Attorneys, Client and Attorneys jointly elect to proceed with a class action, Client agrees to act as class representative(s) in that suit. In that event, Client will be expected to act in the best interests of the entire class and not take any actions detrimental to the class. It will be the goal of any potential class action pursued by the Client and the Attorneys to obtain just compensation for any losses sustained by Client and members of the class as well as to seek any other appropriate relief such as injunctive or declaratory relief for the benefit of Client and members of the class. Client understands that in order for a case to be certified as a class action, it must be shown to the Court that there are common questions of law and fact which exist among all of the class members. On that basis, the Client understands that any class action claims will be limited to those claims which can be shown to exist for each class member. Client also understands that there are a number of special responsibilities associated with acting as a Class Representative, which have been explained to Client prior to the execution of this Agreement and which Client agrees to undertake.

### Duties of Client as a Class Representative

A.    A class representative volunteers to represent many other people with similar claims and damages, because he/she believes: (1) it is important that all benefit from the lawsuit equally, (2) that a class lawsuit will save time, money and effort and will benefit all parties, and (3) that the class action is an important tool to assure compliance with the law, product safety and honest marketing practices.

B.    In order for Attorneys to effectively advocate Client's interests and the interests of all putative class members, Client's assistance and cooperation is required. Client agrees to accept the duty to assist and cooperate with Attorneys as fully as possible during the pendency of the class action. Client agrees and understands the duties as class representative, and agrees to:

1. promptly furnish Attorneys with all information and documents in Client's possession or control when requested;
2. be fully candid and truthful regarding all information and documents provided to Attorneys;
3. represent the interests of all members of the class;
4. always consider the interests of the class just as he/she would consider his/her own interests;

5.      participate actively in the lawsuit, such as by testifying at deposition and trial, answering written interrogatories and by keeping generally aware of the status and progress of the lawsuit;

6.      recognize and accept that any resolution of the lawsuit, such as by settlement or dismissal, is subject to court approval and must be structured in the best interest of the class as a whole;

7.      keep the Attorneys advised of Client's current address and telephone number at all times while this case is pending; and,

8.      be generally knowledgeable with respect to the subject matter and progress of the lawsuit.

9.      client is to advise the attorneys in advance of seeking any further relief under the bankruptcy laws (which may result in transfer of Client's claim to a trustee).

C.  Client understands that if the lawsuit proceeds as a class action, Client's share of any judgment or any settlement will be determined on the same basis as that used to determine the share of the amount received by members of the entire class and that Client is not entitled to special treatment due to service as class representative.  Client also understands that Client may apply for an incentive/service award, but any such award and any amount is in the court's discretion.

D.  Client understands that a certified class action case cannot be settled or dismissed without the approval of the court.

**Fees**.  Client and the Attorneys agree that any fee for the Attorneys' services to Client or the class will be contingent upon effecting a recovery or successful result from the parties against whom the claims are brought.  Client understands that Attorneys will advance all costs necessary for prosecution of Client's claims (to the extent applicable law and ethics rules allow), with these costs to be repaid to Attorneys solely out of any settlement, judgment or award, after the attorneys' fees have been deducted.  Client further understands that Attorneys will pay any or all of Defendant' costs (to the extent applicable law and ethics rules allow) in the unlikely event that the Court orders such, if our litigation is unsuccessful.

Attorneys will receive the greater of (a) one-third (33 and 1/3%) of the total settlement proceeds, award or judgment, if any; or (b) the greater of the amount of any attorneys' fees incurred relating to the Claim.  The Client also understands that the Attorneys will have the ability to negotiate an award for attorneys' fees separately from any recovery for the Client. Client understands that this fee is not set by law and was negotiable between Attorneys and Client. Client understands that no settlement of Client's individual claims will be made without Client's approval. Client agrees not to waive in whole or in part the right to recover attorneys' fees and/or costs as a condition of settlement.

In the event that this case is settled on an individual basis and not settled on a class action basis we will attempt to negotiate settlement/s for full statutory damages in the maximum  amount of $500 for negligent violations and up to $1,500 for willful violations and  independently negotiate our attorney's fees and costs; however, a negotiated settlement may  range anywhere up to $1,500

HLF00023

per violation, which is the maximum that you may be entitled  to recover under the statute. In the event we negotiate an individual settlement, that  settlement may include payment of attorney's fees directly to us based on the amount of time  spent on the matter multiplied by our hourly rates. At times, we may request the defendant  apply a multiplier based on certain risk factors in bringing this action. The amount of  payment of our attorney's fees (with or without a multiplier) may be greater than the amount  of statutory damages you recover. You further agree that any amount obtained in excess of  your statutory damages are either costs or attorney's fees and belong to us.

*EER*

Client acknowledges and agrees that Heidarpour Law Firm will receive 30% of the fees after costs and that the remaining two Law Firms will split the remaining fees after costs. Kaufman P.A., and Paronich Law, PC shall retain local counsel on an hourly basis. The Attorneys shall presume that the division in the previous sentences represents an equitable, just, proportional, and accurate reflection of the Law Firms' anticipated contributions to the resolution of the Action. If there is a material and substantial deviation from the anticipated work distribution, fees may be reallocated at the conclusion of the litigation to account for any such deviation.  Any reallocation does not affect Client's recovery.

**Expenses or Costs**.  Paronich Law and Kaufman P.A. will advance costs and litigation expenses, repayable only from a recovery as set forth above.  Expenses and costs include, but are not limited to: court filing fees, fees for service of process, messenger services, expert and consultant's fees, computer services, external photocopying expenses, travel and court reporter's fees.  Client will not have to pay fees or expenses of prosecution to Client's attorneys except as stated above.

Joint Costs associated with experts (including expert related travel costs), depositions (court reporters, videographers, and transcripts), class certification (including notice to the class), mediation and trial shall be paid as they are incurred based on each firm's percentage of the fee. Other costs such as travel related expenses for attorneys or support staff, external photocopying, printing, or PACER charges shall be reimbursed from any recovery prior to any calculation or allocation of that recovery to attorneys' fees. If recovery is insufficient to reimburse all costs, Joint Costs and expenses shall be reimbursed prior to the reimbursement of other costs and expenses.

**Assignment of right to fee award:**  Client assigns to the attorneys all rights conferred by statute or rule to recover attorneys' fees from Defendant.

**Other Counsel.** Client acknowledges and agrees that attorneys may retain co-counsel or local counsel to represent Client.  In such an event, these lawyers will be compensated out of the fees paid to attorneys and such representation will not affect Client's recovery.

**Statute of limitations:** There are short time frames provided by law for the filing of claims with some that expire within a year.  It is essential that this form be returned as soon as possible.

**Communication Via E-mail:**  In the Attorneys' experience, it is often necessary to communicate with the CLIENT in writing.  Communications that the LAW FIRM would ordinarily make to the CLIENT by letter can often be made more quickly by email.  However,

there may be risks associated with email communication. The LAW FIRM has no control over the computer networks and systems through which messages between the LAW FIRM and CLIENT pass, or over the computer system networks and systems CLIENT uses to receive and store emails sent by the LAW FIRM. Accordingly, it is impossible for the LAW FIRM to ensure that confidential communications between the LAW FIRM and CLIENT will not be seen or intercepted by third-parties. Nevertheless, the CLIENT wishes to authorize the LAW FIRM to communicate with CLIENT by email as has been done already.

**Competing Suits** – Attorneys will not represent any other plaintiff in any other suit against the above Defendant without promptly notifying the other team members of their intent to do so. In the event that any member of the team participates in any other class action involving the same claims and against the above Defendant that suit is subject to the provisions of this agreement as if that action had been filed with the matter identified in this agreement.

**Sharing of Work** – The Attorneys anticipate that they will equally be responsible for this matter and allocate work by agreement.

**Contemporaneous Records** – Each Attorney agrees to keep detailed, contemporaneous records of all billable time expended and all necessary costs, disbursements and expenses incurred in these cases, and maintain separate records of such time and costs for each matter. The attorneys will periodically exchange estimates of time expended in order balance the work load as envisioned by this agreement.

**Support for Recovery of Costs, Litigation Expenses, and Fees** – All Attorneys agree to fully cooperate and support each other's motions for fees and expenses in accordance with applicable law, if necessary.

**Statement Of Client's Rights.** Before signing this contract, Client acknowledges that they received and read the Statement of Client's Rights attached to this Agreement, and understand each of the rights set forth herein and therein. Client has signed the statement and received a signed copy to keep and to refer to while being represented by Law Firm.

**Right To Cancel.** This contract may be canceled by written notification to Law Firm at any time within three (3) business days of the date the contract was signed, as shown below, and if canceled, Client shall not be obligated to pay any fees to Law Firm for the work performed during that time. If Law Firm has advanced funds to others in representation of Client, Law Firm is entitled to be reimbursed for such amounts as it has reasonably advanced on behalf of Client.

**Governing Law.** This agreement shall be governed by the laws of the state of Florida.

**Dispute Resolution** – Any dispute between the ATTORNEYS to this Agreement must be subject of arbitration before a single arbitrator in accordance with the rules of JAMS. The arbitrator's fees and any other common expense will be shared equally by the parties, except the arbitrator will order that the reasonable expenses (other than attorneys' fees) of the prevailing party, if any, be borne by the other party. **THIS PROVISION DOES NOT APPLY TO CLIENT.**

## STATEMENT OF CLIENT RIGHTS

Before you, the prospective client, arrange a contingent fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not a part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights:

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with one lawyer you may talk with other lawyers.

2. Any contingent fee contract must be in writing and you have 3 business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within 3 business days of signing the contract. If you withdraw from the contract within the first 3 business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the 3-day period, you may have to pay a fee for work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training, and experience. If you ask, the lawyer should tell you specifically about the lawyer's actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4. Before signing a contingent fee contract with you, a lawyer must advise you whether the lawyer intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, the lawyer should tell you what kind of fee sharing arrangement will be made with other lawyers. If lawyers from different law firms will represent you, at least 1 lawyer from each law firm must sign the contingent fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary

costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered on the amount recovered minus the costs.

7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money that you might have to pay to your lawyer for costs and liability you might have for attorney's fees to the other side.

8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement you need not pay any money to anyone, including your lawyer. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9. You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11. If at any time you, the client, believe that your lawyer has charged an excessive or illegal fee, you have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call 904-561-5600, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit.

HLF00027

Dated: 07/08/2024

*Erin E. Robertson*
_____
Erin Robertson

███████████████████████

Reno, NV 89523

███████████████████

_____
Avi R. Kaufman
Kaufman PA
237 S Dixie Hwy, 4th Floor
Coral Gables, FL 33133
kaufman@kaufmanpa.com

_____
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

*Andrew Heidarpour*
_____
Andrew Heidarpour
Heidarpour Law Firm, PLLC
1300 Pennsylvania Ave NW
Washington, DC 20004
aheidarpour@hlfirm.com

HLF00028

Docusign Envelope ID: 30F255CE-457E-4EA8-941F-AC2948C8EFD1

# CLASS ACTION AUTHORIZATION

Subject of representation: **ERIN ROBERTSON**("CLIENT") retains and authorizes **KAUFMAN P.A., HEIDARPOUR LAW FIRM, PLLC AND PARONICH LAW, PC** (collectively "attorneys" or "LAW FIRMS") to (i) investigate potential claims and defenses against **EHEALTH INSURANCE SERVICES, INC (**DEFENDANT) concerning violations of the **Telephone Consumer Protection Act** (ii) if the attorneys' investigation shows that such a claim would have merit and that filing suit is appropriate, to file suit.

Client acknowledges that attorneys have not made any promise or prediction to Client about the outcome of Client's claims or causes of action.

As part of Attorneys' representation of Client, Attorneys will investigate whether some or all of Client's claims may be best pursued through a class action lawsuit.  If, after consultation with Attorneys, Client and Attorneys jointly elect to proceed with a class action, Client agrees to act as class representative(s) in that suit.  In that event, Client will be expected to act in the best interests of the entire class and not take any actions detrimental to the class.  It will be the goal of any potential class action pursued by the Client and the Attorneys to obtain just compensation for any losses sustained by Client and members of the class as well as to seek any other appropriate relief such as injunctive or declaratory relief for the benefit of Client and members of the class. Client understands that in order for a case to be certified as a class action, it must be shown to the Court that there are common questions of law and fact which exist among all of the class members. On that basis, the Client understands that any class action claims will be limited to those claims which can be shown to exist for each class member.  Client also understands that there are a number of special responsibilities associated with acting as a Class Representative, which have been explained to Client prior to the execution of this Agreement and which Client agrees to undertake.

## Duties of Client as a Class Representative

A.      A class representative volunteers to represent many other people with similar claims and damages, because he/she believes: (1) it is important that all benefit from the lawsuit equally, (2) that a class lawsuit will save time, money and effort and will benefit all parties, and (3) that the class action is an important tool to assure compliance with the law, product safety and honest marketing practices.

B.      In order for Attorneys to effectively advocate Client's interests and the interests of all putative class members, Client's assistance and cooperation is required.  Client agrees to accept the duty to assist and cooperate with Attorneys as fully as possible during the pendency of the class action.  Client agrees and understands the duties as class representative, and agrees to:

1.      promptly furnish Attorneys with all information and documents in Client's possession or control when requested;
2.      be fully candid and truthful regarding all information and documents provided to Attorneys;
3.      represent the interests of all members of the class;

HLF00029

Docusign Envelope ID: 30F255CE-457E-4EA8-941F-AC2948C8EFD1

4.    always consider the interests of the class just as he/she would consider his/her own interests;

5.    participate actively in the lawsuit, such as by testifying at deposition and trial, answering written interrogatories and by keeping generally aware of the status and progress of the lawsuit;

6.    recognize and accept that any resolution of the lawsuit, such as by settlement or dismissal, is subject to court approval and must be structured in the best interest of the class as a whole;

7.    keep the Attorneys advised of Client's current address and telephone number at all times while this case is pending; and,

8.    be generally knowledgeable with respect to the subject matter and progress of the lawsuit.

9.    client is to advise the attorneys in advance of seeking any further relief under the bankruptcy laws (which may result in transfer of Client's claim to a trustee).

C.  Client understands that if the lawsuit proceeds as a class action, Client's share of any judgment or any settlement will be determined on the same basis as that used to determine the share of the amount received by members of the entire class and that Client is not entitled to special treatment due to service as class representative.  Client also understands that Client may apply for an incentive/service award, but any such award and any amount is in the court's discretion.

D.  Client understands that a certified class action case cannot be settled or dismissed without the approval of the court.

**Fees**.  Client and the Attorneys agree that any fee for the Attorneys' services to Client or the class will be contingent upon effecting a recovery or successful result from the parties against whom the claims are brought.  Client understands that Attorneys will advance all costs necessary for prosecution of Client's claims (to the extent applicable law and ethics rules allow), with these costs to be repaid to Attorneys solely out of any settlement, judgment or award, after the attorneys' fees have been deducted.  Client further understands that Attorneys will pay any or all of Defendant' costs (to the extent applicable law and ethics rules allow) in the unlikely event that the Court orders such, if our litigation is unsuccessful.

Attorneys will receive the greater of (a) one-third (33 and 1/3%) of the total settlement proceeds, award or judgment, if any; or (b) the greater of the amount of any attorneys' fees incurred relating to the Claim.  The Client also understands that the Attorneys will have the ability to negotiate an award for attorneys' fees separately from any recovery for the Client. Client understands that this fee is not set by law and was negotiable between Attorneys and Client. Client understands that no settlement of Client's individual claims will be made without Client's approval. Client agrees not to waive in whole or in part the right to recover attorneys' fees and/or costs as a condition of settlement.

In the event that this case is settled on an individual basis and not settled on a class action basis we will attempt to negotiate settlement/s for full statutory damages in the maximum  amount

HLF00030

Docusign Envelope ID: 30F255CE-457E-4EA8-941F-AC2948C8EFD1

of $500 for negligent violations and up to $1,500 for willful violations and independently negotiate our attorney's fees and costs; however, a negotiated settlement may range anywhere up to $1,500 per violation, which is the maximum that you may be entitled to recover under the statute. In the event we negotiate an individual settlement, that settlement may include payment of attorney's fees directly to us based on the amount of time spent on the matter multiplied by our hourly rates. At times, we may request the defendant apply a multiplier based on certain risk factors in bringing this action. The amount of payment of our attorney's fees (with or without a multiplier) may be greater than the amount of statutory damages you recover. You further agree that any amount obtained in excess of your statutory damages are either costs or attorney's fees and belong to us.

Client acknowledges and agrees that Heidarpour Law Firm will receive 30% of the fees after costs and that the remaining two Law Firms will split the remaining fees after costs. Kaufman P.A., and Paronich Law, PC shall retain local counsel on an hourly basis. The Attorneys shall presume that the division in the previous sentences represents an equitable, just, proportional, and accurate reflection of the Law Firms' anticipated contributions to the resolution of the Action. If there is a material and substantial deviation from the anticipated work distribution, fees may be reallocated at the conclusion of the litigation to account for any such deviation. Any reallocation does not affect Client's recovery.

**Expenses or Costs**. Paronich Law and Kaufman P.A. will advance costs and litigation expenses, repayable only from a recovery as set forth above. Expenses and costs include, but are not limited to: court filing fees, fees for service of process, messenger services, expert and consultant's fees, computer services, external photocopying expenses, travel and court reporter's fees. Client will not have to pay fees or expenses of prosecution to Client's attorneys except as stated above.

Joint Costs associated with experts (including expert related travel costs), depositions (court reporters, videographers, and transcripts), class certification (including notice to the class), mediation and trial shall be paid as they are incurred based on each firm's percentage of the fee. Other costs such as travel related expenses for attorneys or support staff, external photocopying, printing, or PACER charges shall be reimbursed from any recovery prior to any calculation or allocation of that recovery to attorneys' fees. If recovery is insufficient to reimburse all costs, Joint Costs and expenses shall be reimbursed prior to the reimbursement of other costs and expenses.

**Assignment of right to fee award:** Client assigns to the attorneys all rights conferred by statute or rule to recover attorneys' fees from Defendant.

**Other Counsel.** Client acknowledges and agrees that attorneys may retain co-counsel or local counsel to represent Client. In such an event, these lawyers will be compensated out of the fees paid to attorneys and such representation will not affect Client's recovery.

**Statute of limitations:** There are short time frames provided by law for the filing of claims with some that expire within a year. It is essential that this form be returned as soon as possible.

**Communication Via E-mail:** In the Attorneys' experience, it is often necessary to

Docusign Envelope ID: 30F255CE-457E-4EA8-941F-AC2948C8EFD1

communicate with the CLIENT in writing. Communications that the LAW FIRM would ordinarily make to the CLIENT by letter can often be made more quickly by email. However, there may be risks associated with email communication. The LAW FIRM has no control over the computer networks and systems through which messages between the LAW FIRM and CLIENT pass, or over the computer system networks and systems CLIENT uses to receive and store emails sent by the LAW FIRM. Accordingly, it is impossible for the LAW FIRM to ensure that confidential communications between the LAW FIRM and CLIENT will not be seen or intercepted by third-parties. Nevertheless, the CLIENT wishes to authorize the LAW FIRM to communicate with CLIENT by email as has been done already.

**Competing Suits** – Attorneys will not represent any other plaintiff in any other suit against the above Defendant without promptly notifying the other team members of their intent to do so. In the event that any member of the team participates in any other class action involving the same claims and against the above Defendant that suit is subject to the provisions of this agreement as if that action had been filed with the matter identified in this agreement.

**Sharing of Work** – The Attorneys anticipate that they will equally be responsible for this matter and allocate work by agreement.

**Contemporaneous Records** – Each Attorney agrees to keep detailed, contemporaneous records of all billable time expended and all necessary costs, disbursements and expenses incurred in these cases, and maintain separate records of such time and costs for each matter. The attorneys will periodically exchange estimates of time expended in order balance the work load as envisioned by this agreement.

**Support for Recovery of Costs, Litigation Expenses, and Fees** – All Attorneys agree to fully cooperate and support each other's motions for fees and expenses in accordance with applicable law, if necessary.

**Statement Of Client's Rights.** Before signing this contract, Client acknowledges that they received and read the Statement of Client's Rights attached to this Agreement, and understand each of the rights set forth herein and therein. Client has signed the statement and received a signed copy to keep and to refer to while being represented by Law Firm.

**Right To Cancel.** This contract may be canceled by written notification to Law Firm at any time within three (3) business days of the date the contract was signed, as shown below, and if canceled, Client shall not be obligated to pay any fees to Law Firm for the work performed during that time. If Law Firm has advanced funds to others in representation of Client, Law Firm is entitled to be reimbursed for such amounts as it has reasonably advanced on behalf of Client.

**Governing Law.** This agreement shall be governed by the laws of the state of Florida.

**Dispute Resolution** – Any dispute between the ATTORNEYS to this Agreement must be subject of arbitration before a single arbitrator in accordance with the rules of JAMS. The arbitrator's fees and any other common expense will be shared equally by the parties, except the arbitrator will order that the reasonable expenses (other than attorneys' fees) of the prevailing party, if any, be borne by the other party. **THIS PROVISION DOES NOT APPLY TO CLIENT.**

Docusign Envelope ID: 30F255CE-457E-4EA8-941F-AC2948C8EFD1

## <u>STATEMENT OF CLIENT RIGHTS</u>

Before you, the prospective client, arrange a contingent fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not a part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights:

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with one lawyer you may talk with other lawyers.

2. Any contingent fee contract must be in writing and you have 3 business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within 3 business days of signing the contract. If you withdraw from the contract within the first 3 business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the 3-day period, you may have to pay a fee for work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training, and experience. If you ask, the lawyer should tell you specifically about the lawyer's actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4. Before signing a contingent fee contract with you, a lawyer must advise you whether the lawyer intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, the lawyer should tell you what kind of fee sharing arrangement will be made with other lawyers. If lawyers from different law firms will represent you, at least 1 lawyer from each law firm must sign the contingent fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary

HLF00033

Docusign Envelope ID: 30F255CE-457E-4EA8-941F-AC2948C8EFD1

costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered on the amount recovered minus the costs.

7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money that you might have to pay to your lawyer for costs and liability you might have for attorney's fees to the other side.

8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement you need not pay any money to anyone, including your lawyer. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9. You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11. If at any time you, the client, believe that your lawyer has charged an excessive or illegal fee, you have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call 904-561-5600, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit.

Docusign Envelope ID: 30F255CE-457E-4EA8-941F-AC2948C8EFD1

Dated: 07/24/2024

*Erin E. Robertson*

Erin Robertson

████████████████

Reno, NV 89523

████████████████

*Avi kaufman*
─036BD1295C25485...

Avi R. Kaufman
Kaufman PA
237 S Dixie Hwy, 4th Floor
Coral Gables, FL 33133
kaufman@kaufmanpa.com

DocuSigned by:
*Anthony Paronich*
─BE8BD1DACF1B4A7...

Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

*Andrew Heidarpour*

Andrew Heidarpour
Heidarpour Law Firm, PLLC
1300 Pennsylvania Ave NW
Washington, DC 20004
aheidarpour@hlfirm.com

HLF00035

# CLASS ACTION AUTHORIZATION

Subject of representation**: ERIN ROBERTSON**("CLIENT") retains and authorizes **KAUFMAN P.A., HEIDARPOUR LAW FIRM, PLLC AND PARONICH LAW, PC** (collectively "attorneys" or "LAW FIRMS") to (i) investigate potential claims and defenses against **PATRIOT HEALTH FLORIDA, INC**. (DEFENDANT) concerning violations of the **Telephone Consumer Protection Act and Florida Telephone Solicitation Act** (ii) if the attorneys' investigation shows that such a claim would have merit and that filing suit is appropriate, to file suit.

Client acknowledges that attorneys have not made any promise or prediction to Client about the outcome of Client's claims or causes of action.

As part of Attorneys' representation of Client, Attorneys will investigate whether some or all of Client's claims may be best pursued through a class action lawsuit. If, after consultation with Attorneys, Client and Attorneys jointly elect to proceed with a class action, Client agrees to act as class representative(s) in that suit. In that event, Client will be expected to act in the best interests of the entire class and not take any actions detrimental to the class. It will be the goal of any potential class action pursued by the Client and the Attorneys to obtain just compensation for any losses sustained by Client and members of the class as well as to seek any other appropriate relief such as injunctive or declaratory relief for the benefit of Client and members of the class. Client understands that in order for a case to be certified as a class action, it must be shown to the Court that there are common questions of law and fact which exist among all of the class members. On that basis, the Client understands that any class action claims will be limited to those claims which can be shown to exist for each class member. Client also understands that there are a number of special responsibilities associated with acting as a Class Representative, which have been explained to Client prior to the execution of this Agreement and which Client agrees to undertake.

## Duties of Client as a Class Representative

A. A class representative volunteers to represent many other people with similar claims and damages, because he/she believes: (1) it is important that all benefit from the lawsuit equally, (2) that a class lawsuit will save time, money and effort and will benefit all parties, and (3) that the class action is an important tool to assure compliance with the law, product safety and honest marketing practices.

B. In order for Attorneys to effectively advocate Client's interests and the interests of all putative class members, Client's assistance and cooperation is required. Client agrees to accept the duty to assist and cooperate with Attorneys as fully as possible during the pendency of the class action. Client agrees and understands the duties as class representative, and agrees to:

1. promptly furnish Attorneys with all information and documents in Client's possession or control when requested;
2. be fully candid and truthful regarding all information and documents provided to Attorneys;
3. represent the interests of all members of the class;

4.  always consider the interests of the class just as he/she would consider his/her own interests;

5.  participate actively in the lawsuit, such as by testifying at deposition and trial, answering written interrogatories and by keeping generally aware of the status and progress of the lawsuit;

6.  recognize and accept that any resolution of the lawsuit, such as by settlement or dismissal, is subject to court approval and must be structured in the best interest of the class as a whole;

7.  keep the Attorneys advised of Client's current address and telephone number at all times while this case is pending; and,

8.  be generally knowledgeable with respect to the subject matter and progress of the lawsuit.

9.  client is to advise the attorneys in advance of seeking any further relief under the bankruptcy laws (which may result in transfer of Client's claim to a trustee).

C.  Client understands that if the lawsuit proceeds as a class action, Client's share of any judgment or any settlement will be determined on the same basis as that used to determine the share of the amount received by members of the entire class and that Client is not entitled to special treatment due to service as class representative.  Client also understands that Client may apply for an incentive/service award, but any such award and any amount is in the court's discretion.

D.  Client understands that a certified class action case cannot be settled or dismissed without the approval of the court.

**Fees**.  Client and the Attorneys agree that any fee for the Attorneys' services to Client or the class will be contingent upon effecting a recovery or successful result from the parties against whom the claims are brought.  Client understands that Attorneys will advance all costs necessary for prosecution of Client's claims (to the extent applicable law and ethics rules allow), with these costs to be repaid to Attorneys solely out of any settlement, judgment or award, after the attorneys' fees have been deducted.  Client further understands that Attorneys will pay any or all of Defendant' costs (to the extent applicable law and ethics rules allow) in the unlikely event that the Court orders such, if our litigation is unsuccessful.

Attorneys will receive the greater of (a) one-third (33 and 1/3%) of the total settlement proceeds, award or judgment, if any; or (b) the greater of the amount of any attorneys' fees incurred relating to the Claim.  The Client also understands that the Attorneys will have the ability to negotiate an award for attorneys' fees separately from any recovery for the Client. Client understands that this fee is not set by law and was negotiable between Attorneys and Client. Client understands that no settlement of Client's individual claims will be made without Client's approval. Client agrees not to waive in whole or in part the right to recover attorneys' fees and/or costs as a condition of settlement.

In the event that this case is settled on an individual basis and not settled on a class action basis we will attempt to negotiate settlement/s for full statutory damages in the maximum   amount

HLF00037

of $500 for negligent violations and up to $1,500 for willful violations and  independently negotiate our attorney's fees and costs; however, a negotiated settlement may  range anywhere up to $1,500 per violation, which is the maximum that you may be entitled  to recover under the statute. In the event we negotiate an individual settlement, that  settlement may include payment of attorney's fees directly to us based on the amount of time  spent on the matter multiplied by our hourly rates. At times, we may request the defendant  apply a multiplier based on certain risk factors in bringing this action. The amount of  payment of our attorney's fees (with or without a multiplier) may be greater than the amount  of statutory damages you recover. You further agree that any amount obtained in excess of  your statutory damages are either costs or attorney's fees and belong to us.



Client acknowledges and agrees that Heidarpour Law Firm will receive 30% of the fees after costs and that the remaining two Law Firms will split the remaining fees after costs. Kaufman P.A., and Paronich Law, PC shall retain local counsel on an hourly basis. The Attorneys shall presume that the division in the previous sentences represents an equitable, just, proportional, and accurate reflection of the Law Firms' anticipated contributions to the resolution of the Action. If there is a material and substantial deviation from the anticipated work distribution, fees may be reallocated at the conclusion of the litigation to account for any such deviation.  Any reallocation does not affect Client's recovery.

**Expenses or Costs**.  Paronich Law and Kaufman P.A. will advance costs and litigation expenses, repayable only from a recovery as set forth above.  Expenses and costs include, but are not limited to: court filing fees, fees for service of process, messenger services, expert and consultant's fees, computer services, external photocopying expenses, travel and court reporter's fees.  Client will not have to pay fees or expenses of prosecution to Client's attorneys except as stated above.

Joint Costs associated with experts (including expert related travel costs), depositions (court reporters, videographers, and transcripts), class certification (including notice to the class), mediation and trial shall be paid as they are incurred based on each firm's percentage of the fee. Other costs such as travel related expenses for attorneys or support staff, external photocopying, printing, or PACER charges shall be reimbursed from any recovery prior to any calculation or allocation of that recovery to attorneys' fees. If recovery is insufficient to reimburse all costs, Joint Costs and expenses shall be reimbursed prior to the reimbursement of other costs and expenses.

**Assignment of right to fee award:**  Client assigns to the attorneys all rights conferred by statute or rule to recover attorneys' fees from Defendant.

**Other Counsel.** Client acknowledges and agrees that attorneys may retain co-counsel or local counsel to represent Client.  In such an event, these lawyers will be compensated out of the fees paid to attorneys and such representation will not affect Client's recovery.

**Statute of limitations:** There are short time frames provided by law for the filing of claims with some that expire within a year.  It is essential that this form be returned as soon as possible.

**Communication Via E-mail:**  In the Attorneys' experience, it is often necessary to

communicate with the CLIENT in writing. Communications that the LAW FIRM would ordinarily make to the CLIENT by letter can often be made more quickly by email. However, there may be risks associated with email communication. The LAW FIRM has no control over the computer networks and systems through which messages between the LAW FIRM and CLIENT pass, or over the computer system networks and systems CLIENT uses to receive and store emails sent by the LAW FIRM. Accordingly, it is impossible for the LAW FIRM to ensure that confidential communications between the LAW FIRM and CLIENT will not be seen or intercepted by third-parties. Nevertheless, the CLIENT wishes to authorize the LAW FIRM to communicate with CLIENT by email as has been done already.

**Competing Suits** – Attorneys will not represent any other plaintiff in any other suit against the above Defendant without promptly notifying the other team members of their intent to do so. In the event that any member of the team participates in any other class action involving the same claims and against the above Defendant that suit is subject to the provisions of this agreement as if that action had been filed with the matter identified in this agreement.

**Sharing of Work** – The Attorneys anticipate that they will equally be responsible for this matter and allocate work by agreement.

**Contemporaneous Records** – Each Attorney agrees to keep detailed, contemporaneous records of all billable time expended and all necessary costs, disbursements and expenses incurred in these cases, and maintain separate records of such time and costs for each matter. The attorneys will periodically exchange estimates of time expended in order balance the work load as envisioned by this agreement.

**Support for Recovery of Costs, Litigation Expenses, and Fees** – All Attorneys agree to fully cooperate and support each other's motions for fees and expenses in accordance with applicable law, if necessary.

**Statement Of Client's Rights.** Before signing this contract, Client acknowledges that they received and read the Statement of Client's Rights attached to this Agreement, and understand each of the rights set forth herein and therein. Client has signed the statement and received a signed copy to keep and to refer to while being represented by Law Firm.

**Right To Cancel.** This contract may be canceled by written notification to Law Firm at any time within three (3) business days of the date the contract was signed, as shown below, and if canceled, Client shall not be obligated to pay any fees to Law Firm for the work performed during that time. If Law Firm has advanced funds to others in representation of Client, Law Firm is entitled to be reimbursed for such amounts as it has reasonably advanced on behalf of Client.

**Governing Law.** This agreement shall be governed by the laws of the state of Florida.

**Dispute Resolution** – Any dispute between the ATTORNEYS to this Agreement must be subject of arbitration before a single arbitrator in accordance with the rules of JAMS. The arbitrator's fees and any other common expense will be shared equally by the parties, except the arbitrator will order that the reasonable expenses (other than attorneys' fees) of the prevailing party, if any, be borne by the other party. **THIS PROVISION DOES NOT APPLY TO CLIENT.**

## STATEMENT OF CLIENT RIGHTS

Before you, the prospective client, arrange a contingent fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not a part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights:

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with one lawyer you may talk with other lawyers.

2. Any contingent fee contract must be in writing and you have 3 business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within 3 business days of signing the contract. If you withdraw from the contract within the first 3 business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the 3-day period, you may have to pay a fee for work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training, and experience. If you ask, the lawyer should tell you specifically about the lawyer's actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4. Before signing a contingent fee contract with you, a lawyer must advise you whether the lawyer intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, the lawyer should tell you what kind of fee sharing arrangement will be made with other lawyers. If lawyers from different law firms will represent you, at least 1 lawyer from each law firm must sign the contingent fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary

HLF00040

costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered on the amount recovered minus the costs.

7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money that you might have to pay to your lawyer for costs and liability you might have for attorney's fees to the other side.

8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement you need not pay any money to anyone, including your lawyer. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9. You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11. If at any time you, the client, believe that your lawyer has charged an excessive or illegal fee, you have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call 904-561-5600, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit.

HLF00041

Dated: 05/06/2025

_____
Erin Robertson

██████████████████████
Reno, NV 89502

██████████████████████

_____
Avi R. Kaufman
Kaufman PA
237 S Dixie Hwy, 4th Floor
Coral Gables, FL 33133
kaufman@kaufmanpa.com

_____
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

_____
Andrew Heidarpour
Heidarpour Law Firm, PLLC
1300 Pennsylvania Ave NW
Washington, DC 20004
aheidarpour@hlfirm.com

Docusign Envelope ID: 7EC4F062-11DB-4936-AB10-7B8F2DA83A3E

# CLASS ACTION AUTHORIZATION

**Subject of representation: ERin ROBERTSON**("CLIENT") retains and authorizes **KAUFMAN P.A., HEIDARPOUR LAW FIRM, PLLC AND PARONICH LAW, PC** (collectively "attorneys" or "LAW FIRMS") to (i) investigate potential claims and defenses against **EXCEL IMPACT, LLC d/b/a HEALTHPLANRATE (**DEFENDANT) ) concerning violations of the **Telephone Consumer Protection Act and Florida Telephone Solicitation Act** (ii) if the attorneys' investigation shows that such a claim would have merit and that filing suit is appropriate, to file suit.

Client acknowledges that attorneys have not made any promise or prediction to Client about the outcome of Client's claims or causes of action.

As part of Attorneys' representation of Client, Attorneys will investigate whether some or all of Client's claims may be best pursued through a class action lawsuit. If, after consultation with Attorneys, Client and Attorneys jointly elect to proceed with a class action, Client agrees to act as class representative(s) in that suit. In that event, Client will be expected to act in the best interests of the entire class and not take any actions detrimental to the class. It will be the goal of any potential class action pursued by the Client and the Attorneys to obtain just compensation for any losses sustained by Client and members of the class as well as to seek any other appropriate relief such as injunctive or declaratory relief for the benefit of Client and members of the class. Client understands that in order for a case to be certified as a class action, it must be shown to the Court that there are common questions of law and fact which exist among all of the class members. On that basis, the Client understands that any class action claims will be limited to those claims which can be shown to exist for each class member. Client also understands that there are a number of special responsibilities associated with acting as a Class Representative, which have been explained to Client prior to the execution of this Agreement and which Client agrees to undertake.

## Duties of Client as a Class Representative

A.      A class representative volunteers to represent many other people with similar claims and damages, because he/she believes: (1) it is important that all benefit from the lawsuit equally, (2) that a class lawsuit will save time, money and effort and will benefit all parties, and (3) that the class action is an important tool to assure compliance with the law, product safety and honest marketing practices.

B.      In order for Attorneys to effectively advocate Client's interests and the interests of all putative class members, Client's assistance and cooperation is required. Client agrees to accept the duty to assist and cooperate with Attorneys as fully as possible during the pendency of the class action. Client agrees and understands the duties as class representative, and agrees to:

1.      promptly furnish Attorneys with all information and documents in Client's possession or control when requested;
2.      be fully candid and truthful regarding all information and documents provided to Attorneys;
3.      represent the interests of all members of the class;

Docusign Envelope ID: 7EC4F062-11DB-4936-AB10-7B8F2DA83A3E

4.    always consider the interests of the class just as he/she would consider his/her own interests;

5.    participate actively in the lawsuit, such as by testifying at deposition and trial, answering written interrogatories and by keeping generally aware of the status and progress of the lawsuit;

6.    recognize and accept that any resolution of the lawsuit, such as by settlement or dismissal, is subject to court approval and must be structured in the best interest of the class as a whole;

7.    keep the Attorneys advised of Client's current address and telephone number at all times while this case is pending; and,

8.    be generally knowledgeable with respect to the subject matter and progress of the lawsuit.

9.    client is to advise the attorneys in advance of seeking any further relief under the bankruptcy laws (which may result in transfer of Client's claim to a trustee).

C.    Client understands that if the lawsuit proceeds as a class action, Client's share of any judgment or any settlement will be determined on the same basis as that used to determine the share of the amount received by members of the entire class and that Client is not entitled to special treatment due to service as class representative. Client also understands that Client may apply for an incentive/service award, but any such award and any amount is in the court's discretion.

D.    Client understands that a certified class action case cannot be settled or dismissed without the approval of the court.

**Fees**. Client and the Attorneys agree that any fee for the Attorneys' services to Client or the class will be contingent upon effecting a recovery or successful result from the parties against whom the claims are brought. Client understands that Attorneys will advance all costs necessary for prosecution of Client's claims (to the extent applicable law and ethics rules allow), with these costs to be repaid to Attorneys solely out of any settlement, judgment or award, after the attorneys' fees have been deducted. Client further understands that Attorneys will pay any or all of Defendant' costs (to the extent applicable law and ethics rules allow) in the unlikely event that the Court orders such, if our litigation is unsuccessful.

Attorneys will receive the greater of (a) one-third (33 and 1/3%) of the total settlement proceeds, award or judgment, if any; or (b) the greater of the amount of any attorneys' fees incurred relating to the Claim. The Client also understands that the Attorneys will have the ability to negotiate an award for attorneys' fees separately from any recovery for the Client. Client understands that this fee is not set by law and was negotiable between Attorneys and Client. Client understands that no settlement of Client's individual claims will be made without Client's approval. Client agrees not to waive in whole or in part the right to recover attorneys' fees and/or costs as a condition of settlement.

In the event that this case is settled on an individual basis and not settled on a class action basis we will attempt to negotiate settlement/s for full statutory damages in the maximum  amount

HLF00044

Docusign Envelope ID: 7EC4F062-11DB-4936-AB10-7B8F2DA83A3E

of $500 for negligent violations and up to $1,500 for willful violations and independently negotiate our attorney's fees and costs; however, a negotiated settlement may range anywhere up to $1,500 per violation, which is the maximum that you may be entitled to recover under the statute. In the event we negotiate an individual settlement, that settlement may include payment of attorney's fees directly to us based on the amount of time spent on the matter multiplied by our hourly rates. At times, we may request the defendant apply a multiplier based on certain risk factors in bringing this action. The amount of payment of our attorney's fees (with or without a multiplier) may be greater than the amount of statutory damages you recover. You further agree that any amount obtained in excess of your statutory damages are either costs or attorney's fees and belong to us.

*EER*

Client acknowledges and agrees that Heidarpour Law Firm will receive 30% of the fees after costs and that the remaining two Law Firms will split the remaining fees after costs. Kaufman P.A., and Paronich Law, PC shall retain local counsel on an hourly basis. The Attorneys shall presume that the division in the previous sentences represents an equitable, just, proportional, and accurate reflection of the Law Firms' anticipated contributions to the resolution of the Action. If there is a material and substantial deviation from the anticipated work distribution, fees may be reallocated at the conclusion of the litigation to account for any such deviation. Any reallocation does not affect Client's recovery.

**Expenses or Costs**.  Paronich Law and Kaufman P.A. will advance costs and litigation expenses, repayable only from a recovery as set forth above.  Expenses and costs include, but are not limited to: court filing fees, fees for service of process, messenger services, expert and consultant's fees, computer services, external photocopying expenses, travel and court reporter's fees.  Client will not have to pay fees or expenses of prosecution to Client's attorneys except as stated above.

Joint Costs associated with experts (including expert related travel costs), depositions (court reporters, videographers, and transcripts), class certification (including notice to the class), mediation and trial shall be paid as they are incurred based on each firm's percentage of the fee. Other costs such as travel related expenses for attorneys or support staff, external photocopying, printing, or PACER charges shall be reimbursed from any recovery prior to any calculation or allocation of that recovery to attorneys' fees. If recovery is insufficient to reimburse all costs, Joint Costs and expenses shall be reimbursed prior to the reimbursement of other costs and expenses.

**Assignment of right to fee award:**  Client assigns to the attorneys all rights conferred by statute or rule to recover attorneys' fees from Defendant.

**Other Counsel.** Client acknowledges and agrees that attorneys may retain co-counsel or local counsel to represent Client.  In such an event, these lawyers will be compensated out of the fees paid to attorneys and such representation will not affect Client's recovery.

**Statute of limitations:** There are short time frames provided by law for the filing of claims with some that expire within a year.  It is essential that this form be returned as soon as possible.

**Communication Via E-mail:**  In the Attorneys' experience, it is often necessary to

Docusign Envelope ID: 7EC4F062-11DB-4936-AB10-7B8F2DA83A3E

communicate with the CLIENT in writing. Communications that the LAW FIRM would ordinarily make to the CLIENT by letter can often be made more quickly by email. However, there may be risks associated with email communication. The LAW FIRM has no control over the computer networks and systems through which messages between the LAW FIRM and CLIENT pass, or over the computer system networks and systems CLIENT uses to receive and store emails sent by the LAW FIRM. Accordingly, it is impossible for the LAW FIRM to ensure that confidential communications between the LAW FIRM and CLIENT will not be seen or intercepted by third-parties. Nevertheless, the CLIENT wishes to authorize the LAW FIRM to communicate with CLIENT by email as has been done already.

**Competing Suits** – Attorneys will not represent any other plaintiff in any other suit against the above Defendant without promptly notifying the other team members of their intent to do so. In the event that any member of the team participates in any other class action involving the same claims and against the above Defendant that suit is subject to the provisions of this agreement as if that action had been filed with the matter identified in this agreement.

**Sharing of Work** – The Attorneys anticipate that they will equally be responsible for this matter and allocate work by agreement.

**Contemporaneous Records** – Each Attorney agrees to keep detailed, contemporaneous records of all billable time expended and all necessary costs, disbursements and expenses incurred in these cases, and maintain separate records of such time and costs for each matter. The attorneys will periodically exchange estimates of time expended in order balance the work load as envisioned by this agreement.

**Support for Recovery of Costs, Litigation Expenses, and Fees** – All Attorneys agree to fully cooperate and support each other's motions for fees and expenses in accordance with applicable law, if necessary.

**Statement Of Client's Rights.** Before signing this contract, Client acknowledges that they received and read the Statement of Client's Rights attached to this Agreement, and understand each of the rights set forth herein and therein. Client has signed the statement and received a signed copy to keep and to refer to while being represented by Law Firm.

**Right To Cancel.** This contract may be canceled by written notification to Law Firm at any time within three (3) business days of the date the contract was signed, as shown below, and if canceled, Client shall not be obligated to pay any fees to Law Firm for the work performed during that time. If Law Firm has advanced funds to others in representation of Client, Law Firm is entitled to be reimbursed for such amounts as it has reasonably advanced on behalf of Client.

**Governing Law.** This agreement shall be governed by the laws of the state of Florida.

**Dispute Resolution** – Any dispute between the ATTORNEYS to this Agreement must be subject of arbitration before a single arbitrator in accordance with the rules of JAMS. The arbitrator's fees and any other common expense will be shared equally by the parties, except the arbitrator will order that the reasonable expenses (other than attorneys' fees) of the prevailing party, if any, be borne by the other party. **THIS PROVISION DOES NOT APPLY TO CLIENT.**

HLF00046

Docusign Envelope ID: 7EC4F062-11DB-4936-AB10-7B8F2DA83A3E

## STATEMENT OF CLIENT RIGHTS

Before you, the prospective client, arrange a contingent fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not a part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights:

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with one lawyer you may talk with other lawyers.

2. Any contingent fee contract must be in writing and you have 3 business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within 3 business days of signing the contract. If you withdraw from the contract within the first 3 business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the 3-day period, you may have to pay a fee for work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training, and experience. If you ask, the lawyer should tell you specifically about the lawyer's actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4. Before signing a contingent fee contract with you, a lawyer must advise you whether the lawyer intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, the lawyer should tell you what kind of fee sharing arrangement will be made with other lawyers. If lawyers from different law firms will represent you, at least 1 lawyer from each law firm must sign the contingent fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary

HLF00047

Docusign Envelope ID: 7EC4F062-11DB-4936-AB10-7B8F2DA83A3E

costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered on the amount recovered minus the costs.

7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money that you might have to pay to your lawyer for costs and liability you might have for attorney's fees to the other side.

8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement you need not pay any money to anyone, including your lawyer. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9. You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11. If at any time you, the client, believe that your lawyer has charged an excessive or illegal fee, you have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call 904-561-5600, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit.

Docusign Envelope ID: 7EC4F062-11DB-4936-AB10-7B8F2DA83A3E

Dated: 09/30/2024

*Erin E. Robertson*

Erin Robertson

████████████████

Reno, NV 89502

████████████████

Signed by:

*Avi kaufman*

036BD1295C25485...

Avi R. Kaufman
Kaufman PA
237 S Dixie Hwy, 4th Floor
Coral Gables, FL 33133
kaufman@kaufmanpa.com

DocuSigned by:

*Anthony Paronich*

BE8BD1DACF1B4A7...

Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

*Andrew Heidarpour*

Andrew Heidarpour
Heidarpour Law Firm, PLLC
1300 Pennsylvania Ave NW
Washington, DC 20004
aheidarpour@hlfirm.com

HLF00049

# CLASS ACTION AUTHORIZATION

Subject of representation**: ERIN ROBERTSON**("CLIENT") retains and authorizes **KAUFMAN P.A., HEIDARPOUR LAW FIRM, PLLC AND PARONICH LAW, PC** (collectively "attorneys" or "LAW FIRMS") to (i) investigate potential claims and defenses against **Generation.XYZ (**DEFENDANT) concerning violations of the **Telephone Consumer Protection Act** (ii) if the attorneys' investigation shows that such a claim would have merit and that filing suit is appropriate, to file suit.

Client acknowledges that attorneys have not made any promise or prediction to Client about the outcome of Client's claims or causes of action.

As part of Attorneys' representation of Client, Attorneys will investigate whether some or all of Client's claims may be best pursued through a class action lawsuit. If, after consultation with Attorneys, Client and Attorneys jointly elect to proceed with a class action, Client agrees to act as class representative(s) in that suit. In that event, Client will be expected to act in the best interests of the entire class and not take any actions detrimental to the class. It will be the goal of any potential class action pursued by the Client and the Attorneys to obtain just compensation for any losses sustained by Client and members of the class as well as to seek any other appropriate relief such as injunctive or declaratory relief for the benefit of Client and members of the class. Client understands that in order for a case to be certified as a class action, it must be shown to the Court that there are common questions of law and fact which exist among all of the class members. On that basis, the Client understands that any class action claims will be limited to those claims which can be shown to exist for each class member. Client also understands that there are a number of special responsibilities associated with acting as a Class Representative, which have been explained to Client prior to the execution of this Agreement and which Client agrees to undertake.

## Duties of Client as a Class Representative

A.      A class representative volunteers to represent many other people with similar claims and damages, because he/she believes: (1) it is important that all benefit from the lawsuit equally, (2) that a class lawsuit will save time, money and effort and will benefit all parties, and (3) that the class action is an important tool to assure compliance with the law, product safety and honest marketing practices.

B.      In order for Attorneys to effectively advocate Client's interests and the interests of all putative class members, Client's assistance and cooperation is required. Client agrees to accept the duty to assist and cooperate with Attorneys as fully as possible during the pendency of the class action. Client agrees and understands the duties as class representative, and agrees to:

1.    promptly furnish Attorneys with all information and documents in Client's possession or control when requested;
2.    be fully candid and truthful regarding all information and documents provided to Attorneys;
3.    represent the interests of all members of the class;

4.  always consider the interests of the class just as he/she would consider his/her own interests;

5.  participate actively in the lawsuit, such as by testifying at deposition and trial, answering written interrogatories and by keeping generally aware of the status and progress of the lawsuit;

6.  recognize and accept that any resolution of the lawsuit, such as by settlement or dismissal, is subject to court approval and must be structured in the best interest of the class as a whole;

7.  keep the Attorneys advised of Client's current address and telephone number at all times while this case is pending; and,

8.  be generally knowledgeable with respect to the subject matter and progress of the lawsuit.

9.  client is to advise the attorneys in advance of seeking any further relief under the bankruptcy laws (which may result in transfer of Client's claim to a trustee).

C.  Client understands that if the lawsuit proceeds as a class action, Client's share of any judgment or any settlement will be determined on the same basis as that used to determine the share of the amount received by members of the entire class and that Client is not entitled to special treatment due to service as class representative.  Client also understands that Client may apply for an incentive/service award, but any such award and any amount is in the court's discretion.

D.  Client understands that a certified class action case cannot be settled or dismissed without the approval of the court.

**Fees**.  Client and the Attorneys agree that any fee for the Attorneys' services to Client or the class will be contingent upon effecting a recovery or successful result from the parties against whom the claims are brought.  Client understands that Attorneys will advance all costs necessary for prosecution of Client's claims (to the extent applicable law and ethics rules allow), with these costs to be repaid to Attorneys solely out of any settlement, judgment or award, after the attorneys' fees have been deducted.  Client further understands that Attorneys will pay any or all of Defendant' costs (to the extent applicable law and ethics rules allow) in the unlikely event that the Court orders such, if our litigation is unsuccessful.

Attorneys will receive the greater of (a) one-third (33 and 1/3%) of the total settlement proceeds, award or judgment, if any; or (b) the greater of the amount of any attorneys' fees incurred relating to the Claim.  The Client also understands that the Attorneys will have the ability to negotiate an award for attorneys' fees separately from any recovery for the Client. Client understands that this fee is not set by law and was negotiable between Attorneys and Client. Client understands that no settlement of Client's individual claims will be made without Client's approval. Client agrees not to waive in whole or in part the right to recover attorneys' fees and/or costs as a condition of settlement.

In the event that this case is settled on an individual basis and not settled on a class action basis we will attempt to negotiate settlement/s for full statutory damages in the maximum amount

HLF00051

of $500 for negligent violations and up to $1,500 for willful violations and  independently negotiate our attorney's fees and costs; however, a negotiated settlement may  range anywhere up to $1,500 per violation, which is the maximum that you may be entitled  to recover under the statute. In the event we negotiate an individual settlement, that  settlement may include payment of attorney's fees directly to us based on the amount of time  spent on the matter multiplied by our hourly rates. At times, we may request the defendant  apply a multiplier based on certain risk factors in bringing this action. The amount of  payment of our attorney's fees (with or without a multiplier) may be greater than the amount  of statutory damages you recover. You further agree that any amount obtained in excess of  your statutory damages are either costs or attorney's fees and belong to us.

*EER*

Client acknowledges and agrees that Heidarpour Law Firm will receive 30% of the fees after costs and that the remaining two Law Firms will split the remaining fees after costs. Kaufman P.A., and Paronich Law, PC shall retain local counsel on an hourly basis. The Attorneys shall presume that the division in the previous sentences represents an equitable, just, proportional, and accurate reflection of the Law Firms' anticipated contributions to the resolution of the Action. If there is a material and substantial deviation from the anticipated work distribution, fees may be reallocated at the conclusion of the litigation to account for any such deviation.  Any reallocation does not affect Client's recovery.

**Expenses or Costs**.  Paronich Law and Kaufman P.A. will advance costs and litigation expenses, repayable only from a recovery as set forth above.  Expenses and costs include, but are not limited to: court filing fees, fees for service of process, messenger services, expert and consultant's fees, computer services, external photocopying expenses, travel and court reporter's fees.  Client will not have to pay fees or expenses of prosecution to Client's attorneys except as stated above.

Joint Costs associated with experts (including expert related travel costs), depositions (court reporters, videographers, and transcripts), class certification (including notice to the class), mediation and trial shall be paid as they are incurred based on each firm's percentage of the fee. Other costs such as travel related expenses for attorneys or support staff, external photocopying, printing, or PACER charges shall be reimbursed from any recovery prior to any calculation or allocation of that recovery to attorneys' fees. If recovery is insufficient to reimburse all costs, Joint Costs and expenses shall be reimbursed prior to the reimbursement of other costs and expenses.

**Assignment of right to fee award:**  Client assigns to the attorneys all rights conferred by statute or rule to recover attorneys' fees from Defendant.

**Other Counsel.** Client acknowledges and agrees that attorneys may retain co-counsel or local counsel to represent Client.  In such an event, these lawyers will be compensated out of the fees paid to attorneys and such representation will not affect Client's recovery.

**Statute of limitations:** There are short time frames provided by law for the filing of claims with some that expire within a year.  It is essential that this form be returned as soon as possible.

**Communication Via E-mail:**  In the Attorneys' experience, it is often necessary to

communicate with the CLIENT in writing.  Communications that the LAW FIRM would ordinarily make to the CLIENT by letter can often be made more quickly by email.  However, there may be risks associated with email communication.  The LAW FIRM has no control over the computer networks and systems through which messages between the LAW FIRM and CLIENT pass, or over the computer system networks and systems CLIENT uses to receive and store emails sent by the LAW FIRM.  Accordingly, it is impossible for the LAW FIRM to ensure that confidential communications between the LAW FIRM and CLIENT will not be seen or intercepted by third-parties.  Nevertheless, the CLIENT wishes to authorize the LAW FIRM to communicate with CLIENT by email as has been done already.

**Competing Suits** – Attorneys will not represent any other plaintiff in any other suit against the above Defendant without promptly notifying the other team members of their intent to do so. In the event that any member of the team participates in any other class action involving the same claims and against the above Defendant that suit is subject to the provisions of this agreement as if that action had been filed with the matter identified in this agreement.

**Sharing of Work** – The Attorneys anticipate that they will equally be responsible for this matter and allocate work by agreement.

**Contemporaneous Records** – Each Attorney agrees to keep detailed, contemporaneous records of all billable time expended and all necessary costs, disbursements and expenses incurred in these cases, and maintain separate records of such time and costs for each matter.  The attorneys will periodically exchange estimates of time expended in order balance the work load as envisioned by this agreement.

**Support for Recovery of Costs, Litigation Expenses, and Fees** – All Attorneys agree to fully cooperate and support each other's motions for fees and expenses in accordance with applicable law, if necessary.

**Statement Of Client's Rights.** Before signing this contract, Client acknowledges that they received and read the Statement of Client's Rights attached to this Agreement, and understand each of the rights set forth herein and therein. Client has signed the statement and received a signed copy to keep and to refer to while being represented by Law Firm.

**Right To Cancel.** This contract may be canceled by written notification to Law Firm at any time within three (3) business days of the date the contract was signed, as shown below, and if canceled, Client shall not be obligated to pay any fees to Law Firm for the work performed during that time. If Law Firm has advanced funds to others in representation of Client, Law Firm is entitled to be reimbursed for such amounts as it has reasonably advanced on behalf of Client.

**Governing Law.** This agreement shall be governed by the laws of the state of Florida.

**Dispute Resolution** – Any dispute between the ATTORNEYS to this Agreement must be subject of arbitration before a single arbitrator in accordance with the rules of JAMS. The arbitrator's fees and any other common expense will be shared equally by the parties, except the arbitrator will order that the reasonable expenses (other than attorneys' fees) of the prevailing party, if any, be borne by the other party.  **THIS PROVISION DOES NOT APPLY TO CLIENT.**

## STATEMENT OF CLIENT RIGHTS

Before you, the prospective client, arrange a contingent fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not a part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights:

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with one lawyer you may talk with other lawyers.

2. Any contingent fee contract must be in writing and you have 3 business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within 3 business days of signing the contract. If you withdraw from the contract within the first 3 business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the 3-day period, you may have to pay a fee for work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training, and experience. If you ask, the lawyer should tell you specifically about the lawyer's actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4. Before signing a contingent fee contract with you, a lawyer must advise you whether the lawyer intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, the lawyer should tell you what kind of fee sharing arrangement will be made with other lawyers. If lawyers from different law firms will represent you, at least 1 lawyer from each law firm must sign the contingent fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary

HLF00054

costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered on the amount recovered minus the costs.

7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money that you might have to pay to your lawyer for costs and liability you might have for attorney's fees to the other side.

8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement you need not pay any money to anyone, including your lawyer. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9. You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11. If at any time you, the client, believe that your lawyer has charged an excessive or illegal fee, you have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call 904-561-5600, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit.

HLF00055

Dated: 09/21/2024

*Erin E. Robertson*
_____
Erin Robertson
██████████████
Reno, NV 89502
██████████████

_____
Avi R. Kaufman
Kaufman PA
237 S Dixie Hwy, 4th Floor
Coral Gables, FL 33133
kaufman@kaufmanpa.com

_____
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

*Andrew Heidarpour*
_____
Andrew Heidarpour
Heidarpour Law Firm, PLLC
1300 Pennsylvania Ave NW
Washington, DC 20004
aheidarpour@hlfirm.com

HLF00056

## CONTINGENT FEE AGREEMENT

**ERIN ROBERTSON** ("Client") hereby retains **Heidarpour Law Firm, Paronich Law, P.C.**, (collectively "the Attorneys"), and other lawyers they may need to associate with, to perform the legal services described below. The attorneys agree to perform these services faithfully and with due diligence.

1.    The Attorneys will investigate and prosecute potential bases for a class action suit against **HEALTHPLANONE, LLC**. and/or associated entities, for transmitting telephone calls to the Client in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 (the "Class Action Claims"). I understand that the Attorneys have agreed to investigate claims and may assert claims on my behalf. The Attorneys make no guarantees or assurances with respect to the outcome of such a class action suit.

2.    I agree to be named by the Attorneys as a class representative in a suit asserting the Class Action Claims. I understand that as a class representative, I represent the interests of the entire class of consumers, and not just my own interest. I agree to cooperate fully in any discovery that is permitted of the class representatives, including the production of any documents. I understand that, at the Attorneys' discretion, other individuals may also serve as   additional class representatives. I understand that I must work with other class representatives   to serve the best interests of all class members. Client and the Attorneys affirm that Client is   not employed by nor related to any of the Attorneys.

3.    The Attorneys will advance all litigation costs and expenses that they determine are necessary for the investigation and prosecution of the Class Action Claims. I understand that   the Attorneys will be reimbursed for these costs and expenses, but only from any money   received in settlement or as a result of the entry of judgment.

4.    Unlike in personal injury cases, in TCPA cases, fees are negotiable rather than set by statute.   I understand that any attorneys' fees for services rendered regarding the Class Action Claims   will be contingent on a recovery from the defendant, and that my attorneys will receive their   out-of-pocket costs first. I understand that in most classwide resolutions, the court reviews   and awards appropriate attorney's fees. I agree that any attorney's fees for services incurred   prosecuting this litigation may be paid directly by the defendant to the attorneys and/or paid   from the net amount recovered for the entire class.

5.    I understand that the Attorneys will divide any attorney's fees recovered for the services rendered in prosecution of the claim as follows: 30% to Heidarpour Law Firm PLLC, and 70 % for Paronich Law, P.C. (Anthony Paronich will be responsible for local counsel and fees). All attorneys carry liability insurance.

6.    I understand that I have no obligation to pay my attorneys' fees or costs except from amounts   collected on my behalf and on behalf of the class. If I incur any costs relating to my role as a   class plaintiff, my Attorneys will advance such costs. If class certification occurs, I   understand that the court controls the terms and conditions concerning the payment of  attorneys' fees and costs.

HLF00057

7.    In the event that this case is settled on an individual basis and not settled on a class action basis we will attempt to negotiate settlement/s for full statutory damages in the maximum amount of $500 for negligent violations and up to $1,500 for willful violations and independently negotiate our attorney's fees and costs; however, a negotiated settlement may range anywhere up to $1,500 per violation, which is the maximum that you may be entitled to recover under the statute. In the event we negotiate an individual settlement, that settlement may include payment of attorney's fees directly to us based on the amount of time spent on the matter multiplied by our hourly rates. At times, we may request the defendant apply a multiplier based on certain risk factors in bringing this action. The amount of payment of our attorney's fees (with or without a multiplier) may be greater than the amount of statutory damages you recover. You further agree that any amount obtained in excess of your statutory damages are either costs or attorney's fees and belong to us.

8.    The contingency arrangement agreed upon if this action settles on an individual basis is that you will receive up to your full statutory damages depending if the violations are determined to be negligent or willful. The remainder will represent our attorney's fees and costs; Costs will be paid directly to us, independent from any statutory damages you receive. Our intention is that those costs will not reduce your recovery; Through the execution of this agreement, we are not agreeing to represent you in any additional matters not directly negotiated and discussed in this agreement. Any legal services not expressly outlined herein, must be negotiated separately; This contingency fee is not set by law, but is negotiable between us and you.

### Duties of Client as a Class Representative

A.    A class representative volunteers to represent many other people with similar claims and damages, because he/she believes: (1) it is important that all benefit from the lawsuit equally, (2) that a class lawsuit will save time, money and effort and will benefit all parties, and (3) that the class action is an important tool to assure compliance with the law, product safety and honest marketing practices.

B.    In order for Attorneys to effectively advocate Client's interests and the interests of all putative class members, Client's assistance and cooperation is required. Client agrees to accept the duty to assist and cooperate with Attorneys as fully as possible during the pendency of the class action. Client agrees and understands the duties as class representative, and agrees to:

1.    promptly furnish Attorneys with all information and documents in Client's possession or control when requested;
2.    be fully candid and truthful regarding all information and documents provided to Attorneys;
3.    represent the interests of all members of the class;
4.    always consider the interests of the class just as he/she would consider his/her own interests;

HLF00058

5.    participate actively in the lawsuit, such as by testifying at deposition and trial, answering written interrogatories and by keeping generally aware of the status and progress of the lawsuit;

6.    recognize and accept that any resolution of the lawsuit, such as by settlement or dismissal, is subject to court approval and must be structured in the best interest of the class as a whole;

7.    keep the Attorneys advised of Client's current address and telephone number at all times while this case is pending; and,

8.    be generally knowledgeable with respect to the subject matter and progress of the lawsuit.

9.    client is to advise the attorneys in advance of seeking any further relief under the bankruptcy laws (which may result in transfer of Client's claim to a trustee).

C.  Client understands that if the lawsuit proceeds as a class action, Client's share of any judgment or any settlement will be determined on the same basis as that used to determine the share of the amount received by members of the entire class and that Client is not entitled to special treatment due to service as class representative.  Client also understands that Client may apply for an incentive/service award, but any such award and any amount is in the court's discretion.

D.  Client understands that a certified class action case cannot be settled or dismissed without the approval of the court.

I have read this fee agreement and agree to its terms and have signed it as my free act and deed this 25th day of June 2024

*Erin E. Robertson*
_____
Erin Robertson

*Andrew Heidarpour*
_____
Andrew Heidarpour

_____
Anthony Paronich

HLF00059

DocuSign Envelope ID: 914C3BBA-AE6B-43D1-A1A6-9ECE7C996DF1

## CONTINGENT FEE AGREEMENT

**ERIN ROBERTSON** ("Client") hereby retains **Heidarpour Law Firm, Paronich Law, P.C**., (collectively "the Attorneys"), and other lawyers they may need to associate with, to perform the legal services described below. The attorneys agree to perform these services faithfully and with due diligence.

1. The Attorneys will investigate and prosecute potential bases for a class action suit against **HEALTHPLANONE, LLC, LEAD GENERATION INC.** and/or associated entities, for transmitting telephone calls to the Client in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 (the "Class Action Claims"). I understand that the Attorneys have agreed to investigate claims and may assert claims on my behalf. The Attorneys make no guarantees or assurances with respect to the outcome of such a class action suit.

2. I agree to be named by the Attorneys as a class representative in a suit asserting the Class Action Claims. I understand that as a class representative, I represent the interests of the entire class of consumers, and not just my own interest. I agree to cooperate fully in any discovery that is permitted of the class representatives, including the production of any documents. I understand that, at the Attorneys' discretion, other individuals may also serve as   additional class representatives. I understand that I must work with other class representatives   to serve the best interests of all class members. Client and the Attorneys affirm that Client is   not employed by nor related to any of the Attorneys.

3. The Attorneys will advance all litigation costs and expenses that they determine are necessary for the investigation and prosecution of the Class Action Claims. I understand that  the Attorneys will be reimbursed for these costs and expenses, but only from any money  received in settlement or as a result of the entry of judgment.

4. Unlike in personal injury cases, in TCPA cases, fees are negotiable rather than set by statute.  I understand that any attorneys' fees for services rendered regarding the Class Action Claims   will be contingent on a recovery from the defendant, and that my attorneys will receive their  out-of-pocket costs first. I understand that in most classwide resolutions, the court reviews   and awards appropriate attorney's fees. I agree that any attorney's fees for services incurred   prosecuting this litigation may be paid directly by the defendant to the attorneys and/or paid   from the net amount recovered for the entire class.

5. I understand that the Attorneys will divide any attorney's fees recovered for the services rendered in prosecution of the claim as follows: 30% to Heidarpour Law Firm PLLC, and 70 % for Paronich Law, P.C. (Anthony Paronich will be responsible for local counsel and fees). All attorneys carry liability insurance.

6. I understand that I have no obligation to pay my attorneys' fees or costs except from amounts   collected on my behalf and on behalf of the class. If I incur any costs relating to my role as a  class plaintiff, my Attorneys will advance such costs. If class certification occurs, I  understand that the court controls the terms and conditions concerning the payment of  attorneys' fees and costs.

HLF00060

DocuSign Envelope ID: 914C3BBA-AE6B-43D1-A1A6-9ECE7C996DF1

7. In the event that this case is settled on an individual basis and not settled on a class action basis we will attempt to negotiate settlement/s for full statutory damages in the maximum amount of $500 for negligent violations and up to $1,500 for willful violations and independently negotiate our attorney's fees and costs; however, a negotiated settlement may range anywhere up to $1,500 per violation, which is the maximum that you may be entitled to recover under the statute. In the event we negotiate an individual settlement, that settlement may include payment of attorney's fees directly to us based on the amount of time spent on the matter multiplied by our hourly rates. At times, we may request the defendant apply a multiplier based on certain risk factors in bringing this action. The amount of payment of our attorney's fees (with or without a multiplier) may be greater than the amount of statutory damages you recover. You further agree that any amount obtained in excess of your statutory damages are either costs or attorney's fees and belong to us. *EER*

8. The contingency arrangement agreed upon if this action settles on an individual basis is that you will receive up to your full statutory damages depending if the violations are determined to be negligent or willful. The remainder will represent our attorney's fees and costs; Costs will be paid directly to us, independent from any statutory damages you receive. Our intention is that those costs will not reduce your recovery; Through the execution of this agreement, we are not agreeing to represent you in any additional matters not directly negotiated and discussed in this agreement. Any legal services not expressly outlined herein, must be negotiated separately; This contingency fee is not set by law, but is negotiable between us and you.

### Duties of Client as a Class Representative

A. A class representative volunteers to represent many other people with similar claims and damages, because he/she believes: (1) it is important that all benefit from the lawsuit equally, (2) that a class lawsuit will save time, money and effort and will benefit all parties, and (3) that the class action is an important tool to assure compliance with the law, product safety and honest marketing practices.

B. In order for Attorneys to effectively advocate Client's interests and the interests of all putative class members, Client's assistance and cooperation is required. Client agrees to accept the duty to assist and cooperate with Attorneys as fully as possible during the pendency of the class action. Client agrees and understands the duties as class representative, and agrees to:

1. promptly furnish Attorneys with all information and documents in Client's possession or control when requested;
2. be fully candid and truthful regarding all information and documents provided to Attorneys;
3. represent the interests of all members of the class;
4. always consider the interests of the class just as he/she would consider his/her own interests;

DocuSign Envelope ID: 914C3BBA-AE6B-43D1-A1A6-9ECE7C996DF1

5. participate actively in the lawsuit, such as by testifying at deposition and trial, answering written interrogatories and by keeping generally aware of the status and progress of the lawsuit;

6. recognize and accept that any resolution of the lawsuit, such as by settlement or dismissal, is subject to court approval and must be structured in the best interest of the class as a whole;

7. keep the Attorneys advised of Client's current address and telephone number at all times while this case is pending; and,

8. be generally knowledgeable with respect to the subject matter and progress of the lawsuit.

9. client is to advise the attorneys in advance of seeking any further relief under the bankruptcy laws (which may result in transfer of Client's claim to a trustee).

C. Client understands that if the lawsuit proceeds as a class action, Client's share of any judgment or any settlement will be determined on the same basis as that used to determine the share of the amount received by members of the entire class and that Client is not entitled to special treatment due to service as class representative. Client also understands that Client may apply for an incentive/service award, but any such award and any amount is in the court's discretion.

D. Client understands that a certified class action case cannot be settled or dismissed without the approval of the court.

I have read this fee agreement and agree to its terms and have signed it as my free act and deed this 1st day of July 2024

*Erin E. Robertson*
_____
Erin Robertson

*Andrew Heidarpour*
_____
Andrew Heidarpour

DocuSigned by:
*Anthony Paronich*
_____
Anthony Paronich

# CLASS ACTION AUTHORIZATION

Subject of representation**: ERIN ROBERTSON**("CLIENT") retains and authorizes **KAUFMAN P.A., HEIDARPOUR LAW FIRM, PLLC AND PARONICH LAW, PC** (collectively "attorneys" or "LAW FIRMS") to (i) investigate potential claims and defenses against **IDEAL CONCEPTS, INC. d/b/a INSUREME** (DEFENDANT) concerning violations of the **Telephone Consumer Protection Act** (ii) if the attorneys' investigation shows that such a claim would have merit and that filing suit is appropriate, to file suit.

Client acknowledges that attorneys have not made any promise or prediction to Client about the outcome of Client's claims or causes of action.

As part of Attorneys' representation of Client, Attorneys will investigate whether some or all of Client's claims may be best pursued through a class action lawsuit.  If, after consultation with Attorneys, Client and Attorneys jointly elect to proceed with a class action, Client agrees to act as class representative(s) in that suit.  In that event, Client will be expected to act in the best interests of the entire class and not take any actions detrimental to the class.  It will be the goal of any potential class action pursued by the Client and the Attorneys to obtain just compensation for any losses sustained by Client and members of the class as well as to seek any other appropriate relief such as injunctive or declaratory relief for the benefit of Client and members of the class. Client understands that in order for a case to be certified as a class action, it must be shown to the Court that there are common questions of law and fact which exist among all of the class members. On that basis, the Client understands that any class action claims will be limited to those claims which can be shown to exist for each class member.  Client also understands that there are a number of special responsibilities associated with acting as a Class Representative, which have been explained to Client prior to the execution of this Agreement and which Client agrees to undertake.

## <u>Duties of Client as a Class Representative</u>

A.    A class representative volunteers to represent many other people with similar claims and damages, because he/she believes: (1) it is important that all benefit from the lawsuit equally, (2) that a class lawsuit will save time, money and effort and will benefit all parties, and (3) that the class action is an important tool to assure compliance with the law, product safety and honest marketing practices.

B.    In order for Attorneys to effectively advocate Client's interests and the interests of all putative class members, Client's assistance and cooperation is required.  Client agrees to accept the duty to assist and cooperate with Attorneys as fully as possible during the pendency of the class action.  Client agrees and understands the duties as class representative, and agrees to:

1. promptly furnish Attorneys with all information and documents in Client's possession or control when requested;
2. be fully candid and truthful regarding all information and documents provided to Attorneys;
3. represent the interests of all members of the class;

4.  always consider the interests of the class just as he/she would consider his/her own interests;

5.  participate actively in the lawsuit, such as by testifying at deposition and trial, answering written interrogatories and by keeping generally aware of the status and progress of the lawsuit;

6.  recognize and accept that any resolution of the lawsuit, such as by settlement or dismissal, is subject to court approval and must be structured in the best interest of the class as a whole;

7.  keep the Attorneys advised of Client's current address and telephone number at all times while this case is pending; and,

8.  be generally knowledgeable with respect to the subject matter and progress of the lawsuit.

9.  client is to advise the attorneys in advance of seeking any further relief under the bankruptcy laws (which may result in transfer of Client's claim to a trustee).

C.  Client understands that if the lawsuit proceeds as a class action, Client's share of any judgment or any settlement will be determined on the same basis as that used to determine the share of the amount received by members of the entire class and that Client is not entitled to special treatment due to service as class representative.  Client also understands that Client may apply for an incentive/service award, but any such award and any amount is in the court's discretion.

D.  Client understands that a certified class action case cannot be settled or dismissed without the approval of the court.

**Fees**.  Client and the Attorneys agree that any fee for the Attorneys' services to Client or the class will be contingent upon effecting a recovery or successful result from the parties against whom the claims are brought.  Client understands that Attorneys will advance all costs necessary for prosecution of Client's claims (to the extent applicable law and ethics rules allow), with these costs to be repaid to Attorneys solely out of any settlement, judgment or award, after the attorneys' fees have been deducted.  Client further understands that Attorneys will pay any or all of Defendant' costs (to the extent applicable law and ethics rules allow) in the unlikely event that the Court orders such, if our litigation is unsuccessful.

Attorneys will receive the greater of (a) one-third (33 and 1/3%) of the total settlement proceeds, award or judgment, if any; or (b) the greater of the amount of any attorneys' fees incurred relating to the Claim.  The Client also understands that the Attorneys will have the ability to negotiate an award for attorneys' fees separately from any recovery for the Client. Client understands that this fee is not set by law and was negotiable between Attorneys and Client. Client understands that no settlement of Client's individual claims will be made without Client's approval. Client agrees not to waive in whole or in part the right to recover attorneys' fees and/or costs as a condition of settlement.

In the event that this case is settled on an individual basis and not settled on a class action basis we will attempt to negotiate settlement/s for full statutory damages in the maximum  amount

HLF00064

of $500 for negligent violations and up to $1,500 for willful violations and  independently negotiate our attorney's fees and costs; however, a negotiated settlement may  range anywhere up to $1,500 per violation, which is the maximum that you may be entitled  to recover under the statute. In the event we negotiate an individual settlement, that  settlement may include payment of attorney's fees directly to us based on the amount of time  spent on the matter multiplied by our hourly rates. At times, we may request the defendant  apply a multiplier based on certain risk factors in bringing this action. The amount of  payment of our attorney's fees (with or without a multiplier) may be greater than the amount  of statutory damages you recover. You further agree that any amount obtained in excess of  your statutory damages are either costs or attorney's fees and belong to us.

*EER*

Client acknowledges and agrees that Heidarpour Law Firm will receive 30% of the fees after costs and that the remaining two Law Firms will split the remaining fees after costs. Kaufman P.A., and Paronich Law, PC shall retain local counsel on an hourly basis. The Attorneys shall presume that the division in the previous sentences represents an equitable, just, proportional, and accurate reflection of the Law Firms' anticipated contributions to the resolution of the Action. If there is a material and substantial deviation from the anticipated work distribution, fees may be reallocated at the conclusion of the litigation to account for any such deviation.  Any reallocation does not affect Client's recovery.

**Expenses or Costs**.  Paronich Law and Kaufman P.A. will advance costs and litigation expenses, repayable only from a recovery as set forth above.  Expenses and costs include, but are not limited to: court filing fees, fees for service of process, messenger services, expert and consultant's fees, computer services, external photocopying expenses, travel and court reporter's fees.  Client will not have to pay fees or expenses of prosecution to Client's attorneys except as stated above.

Joint Costs associated with experts (including expert related travel costs), depositions (court reporters, videographers, and transcripts), class certification (including notice to the class), mediation and trial shall be paid as they are incurred based on each firm's percentage of the fee. Other costs such as travel related expenses for attorneys or support staff, external photocopying, printing, or PACER charges shall be reimbursed from any recovery prior to any calculation or allocation of that recovery to attorneys' fees. If recovery is insufficient to reimburse all costs, Joint Costs and expenses shall be reimbursed prior to the reimbursement of other costs and expenses.

**Assignment of right to fee award:**  Client assigns to the attorneys all rights conferred by statute or rule to recover attorneys' fees from Defendant.

**Other Counsel.** Client acknowledges and agrees that attorneys may retain co-counsel or local counsel to represent Client.  In such an event, these lawyers will be compensated out of the fees paid to attorneys and such representation will not affect Client's recovery.

**Statute of limitations:** There are short time frames provided by law for the filing of claims with some that expire within a year.  It is essential that this form be returned as soon as possible.

**Communication Via E-mail:**  In the Attorneys' experience, it is often necessary to

communicate with the CLIENT in writing. Communications that the LAW FIRM would ordinarily make to the CLIENT by letter can often be made more quickly by email. However, there may be risks associated with email communication. The LAW FIRM has no control over the computer networks and systems through which messages between the LAW FIRM and CLIENT pass, or over the computer system networks and systems CLIENT uses to receive and store emails sent by the LAW FIRM. Accordingly, it is impossible for the LAW FIRM to ensure that confidential communications between the LAW FIRM and CLIENT will not be seen or intercepted by third-parties. Nevertheless, the CLIENT wishes to authorize the LAW FIRM to communicate with CLIENT by email as has been done already.

**Competing Suits** – Attorneys will not represent any other plaintiff in any other suit against the above Defendant without promptly notifying the other team members of their intent to do so. In the event that any member of the team participates in any other class action involving the same claims and against the above Defendant that suit is subject to the provisions of this agreement as if that action had been filed with the matter identified in this agreement.

**Sharing of Work** – The Attorneys anticipate that they will equally be responsible for this matter and allocate work by agreement.

**Contemporaneous Records** – Each Attorney agrees to keep detailed, contemporaneous records of all billable time expended and all necessary costs, disbursements and expenses incurred in these cases, and maintain separate records of such time and costs for each matter. The attorneys will periodically exchange estimates of time expended in order balance the work load as envisioned by this agreement.

**Support for Recovery of Costs, Litigation Expenses, and Fees** – All Attorneys agree to fully cooperate and support each other's motions for fees and expenses in accordance with applicable law, if necessary.

**Statement Of Client's Rights.** Before signing this contract, Client acknowledges that they received and read the Statement of Client's Rights attached to this Agreement, and understand each of the rights set forth herein and therein. Client has signed the statement and received a signed copy to keep and to refer to while being represented by Law Firm.

**Right To Cancel.** This contract may be canceled by written notification to Law Firm at any time within three (3) business days of the date the contract was signed, as shown below, and if canceled, Client shall not be obligated to pay any fees to Law Firm for the work performed during that time. If Law Firm has advanced funds to others in representation of Client, Law Firm is entitled to be reimbursed for such amounts as it has reasonably advanced on behalf of Client.

**Governing Law.** This agreement shall be governed by the laws of the state of Florida.

**Dispute Resolution** – Any dispute between the ATTORNEYS to this Agreement must be subject of arbitration before a single arbitrator in accordance with the rules of JAMS. The arbitrator's fees and any other common expense will be shared equally by the parties, except the arbitrator will order that the reasonable expenses (other than attorneys' fees) of the prevailing party, if any, be borne by the other party. **THIS PROVISION DOES NOT APPLY TO CLIENT.**

## STATEMENT OF CLIENT RIGHTS

Before you, the prospective client, arrange a contingent fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not a part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights:

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with one lawyer you may talk with other lawyers.

2. Any contingent fee contract must be in writing and you have 3 business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within 3 business days of signing the contract. If you withdraw from the contract within the first 3 business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the 3-day period, you may have to pay a fee for work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training, and experience. If you ask, the lawyer should tell you specifically about the lawyer's actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4. Before signing a contingent fee contract with you, a lawyer must advise you whether the lawyer intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, the lawyer should tell you what kind of fee sharing arrangement will be made with other lawyers. If lawyers from different law firms will represent you, at least 1 lawyer from each law firm must sign the contingent fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary

HLF00067

costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered on the amount recovered minus the costs.

7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money that you might have to pay to your lawyer for costs and liability you might have for attorney's fees to the other side.

8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement you need not pay any money to anyone, including your lawyer. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9. You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11. If at any time you, the client, believe that your lawyer has charged an excessive or illegal fee, you have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call 904-561-5600, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit.

HLF00068

Dated: 11/25/2024

*Erin E. Robertson*
_____
Erin Robertson

█████████████████████

Reno, NV 89502

█████████████████████

_____
Avi R. Kaufman
Kaufman PA
237 S Dixie Hwy, 4th Floor
Coral Gables, FL 33133
kaufman@kaufmanpa.com

_____
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

*Andrew Heidarpour*
_____
Andrew Heidarpour
Heidarpour Law Firm, PLLC
1300 Pennsylvania Ave NW
Washington, DC 20004
aheidarpour@hlfirm.com

HLF00069



245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
www.kazlg.com

August 30 , 2024

**Erin Robertson**
███████████████████
**Reno, NV 89502**
███████████████

*RE: Class Representative Fee Agreement*

Dear **Erin Robertson**

Thank you for agreeing to assist Kazerouni Law Group, APC ("We," "Our," "Us", and "The Firm") in the litigation involving **FIRST PREMIER HOME WARRANTY CORP.** (hereinafter referred to as "Defendant"). The purpose of this letter is to memorialize our engagement to represent
you as a class representative in the above-referenced action against Defendant for violations of the Telephone Consumer Protection Act. This agreement does not extend to any other matter or any appeal that you may wish to file, absent a subsequent signed written agreement between you and us.
You have advised us and shown us documentation sent to you by Defendant. Based on our discussion with you and our explanation of the law, Defendant has violated either federal law or state law, and perhaps both.
You have advised us that your only relationship to the Defendant consists of the events leading to these illegal acts. We have advised you that based upon our experience in prosecuting class actions under the federal and state law and our preliminary investigation into the facts and circumstances of this case, it is our opinion that a lawsuit is meritorious. We will continue with our investigation. We will shortly be sending you a draft copy of the complaint for your review. Assuming that we file the complaint and name you as a class representative, you will have certain duties and responsibilities to the class.

You have agreed to cooperate with the attorneys in this case and to comply with all reasonable requests for information. You also agree to provide us with copies of all relevant records and to participate in discovery in this action as necessary, by, among other things, answering interrogatories, producing documents to the Defendant and giving deposition and trial testimony if requested. You understand that you may be required to testify at trial. We will make every effort to comply with your scheduling requirements. We will also advance all travel costs on behalf of the class.

We may apply to the Court for a special award to compensate the class representative(s) for their contribution to the action. You understand, however, that unless such an award is approved by the

**CALIFORNIA** - **NEVADA** - **TEXAS** - **ARIZONA** - **MINNESOTA** - **WASHINGTON**

HLF00070

Court you will only be entitled to your pro rata share of funds available for distribution to all class members.

In the event that this case is settled on an individual basis and not settled on a class action basis, we will attempt to negotiate settlement/s for any applicable statutory damages and any applicable actual damages, and independently negotiate our attorney's fees and costs. If we recover and collect funds for you in a lump sum, through settlement or by any other method, and your claim includes actual damages, statutory damages and attorney fees, you will receive 55% of the gross recovery minus any unpaid costs. However, your portion of this recovery amount is capped at your actual damages, plus your statutory damages for your case. Anything beyond that amount will be apportioned as attorney fees and costs. Note that attorney fees are not costs under this agreement and in strict compliance with California Rules of Professional Conduct, Rule 5.4, we cannot fee split attorneys' fees with you, the client. Attorneys' fees shall be calculated as follows: 45% of the gross recovery, plus any surplus amount beyond your actual damages and your statutory damages for your case. The term "gross recovery" means: the total of all amounts received by settlement, arbitration award or judgment, or otherwise. "Gross recovery" shall also include the reasonable value of all non-monetary proceeds. Any order, award, or agreement for payment of attorneys' fees paid or awarded from any other party are the sole property of Attorney and shall be paid directly to Attorney and not included in any calculation of recovery, costs, or fees, except as provided in this Agreement.

If an order or agreement is made or entered for attorneys' fees and if the amount of such ordered or agreed attorneys' fees is equal to, or greater than, the contingent attorneys' fees to which Attorney would otherwise be entitled under this Agreement, Attorney agrees to accept such ordered or agreed attorneys' fees as payment in full for services rendered under this Agreement.

Monetary sanctions awarded to The Firm during the course of this litigation shall not be considered part of Client's recovery in this action. Such sanctions shall be deemed compensation to counsel for extraordinary time and effort expended as a result of an opposing party's bad faith conduct or failure to comply with discovery demands, court orders or similar obligations.

We will advance all costs and expenses of the litigation and you will not be responsible for the moneys regardless of the outcome of this case. At the conclusion of the case, the attorneys for plaintiffs will apply to the court for an award of fees and the reimbursement of expenses based upon, among other things, the time expended, the difficulty of the litigation and, of course, the results achieved. You understand that such an award of attorneys' fees may be as much as 33 1/3% of any settlement fund or judgment, although the amount actually awarded is within the sole discretion of the court.

Although you will not be responsible for our legal fees, costs and expenses as part of your fiduciary obligations, you should be aware of our billing practices. We will maintain records of our time and expenses that may be submitted to the court in support of our application for attorneys' fees and reimbursement of expenses. We will bill the case at our prevailing hourly rates for attorneys, paralegals, law clerks, legal interns and other support staff. These rates are periodically adjusted; hourly charges are in minimum units of one-quarter hour. Costs and expenses include professional fees and costs charged by investigators, experts, consultants, and others as well as expenses

**Page 2 of 8**

HLF00071

including copying, process servers, on-line research, travel, messengers, telephone, postage, fax, and other usual and customary expenses at our usual and customary charges for such items. Charges for meals and related items associated with meetings among attorneys may also be included in expenses.

We have the option at our sole discretion to obtain loans or lines of credit to advance costs and other expenses.  In the event We obtain such loans or lines of credit to finance this matter, then the costs of borrowing the money (the interest paid to the bank along with any associated costs) shall also be recoverable as a cost item.

Obviously, as with any type of litigation, we are unable to guarantee any particular result or outcome. It is very important that you maintain the confidentiality of this retainer agreement and all communications with our law firm.

Please note that The Firm has not been retained to provide tax advice. Client should consult with tax advisors regarding any potential tax consequences and understands that The Firm is not providing tax advice. Client agrees to seek tax advice elsewhere and to hold The Firm harmless from any tax effects.

Please return a signed copy of this agreement as soon as possible, since it is critical to act immediately.

Thank you for your trust and confidence. We look forward to working with you.

Sincerely,


**By:**

_____
Kazerouni Law Group, APC
Abbas Kazerounian, Esq.


**I hereby agree to be a class representative in the above-referenced class action against FIRST PREMIER HOME WARRANTY CORP.**

*Erin E. Robertson*
_____

**Erin Robertson**

HLF00072

August 30 , 2024

**RE: Erin Robertson – Class Representative Duties**

1.      A class representative <u>represents the interests of all members of the class </u>throughout the litigation and to recover damages for the class.

2.      A class representative <u>has claims which are typical </u>of those of the class, and thus involve <u>common issues of law or of fact</u>. For example, as a class representative, your claims against the defendant are <u>typical </u>of the class claims against the defendant, because each class member incurred damage or injuries as a result of a common event or common practice.

3.      A class representative <u>always considers the interests of the class </u>just as the class representative would consider his or her own interests.

4.      A class representative <u>participates actively in the lawsuit</u>, such as by answering written interrogatories and producing documents, testifying at deposition and at trial, by keeping generally aware of the lawsuit's progress, and by promptly telling class counsel if your contact information has changed.

5.      A class representative <u>recognizes and accepts that any resolution of the lawsuit</u>, such as by settlement or dismissal, is subject to court approval, and must be in the best interests of the class as a whole.

6.      A class representative <u>accepts </u>the possibility that, in the event the case is lost, the court may assess certain of defendant's costs of litigation against the class representative.

7.      A class representative is <u>not required to be sophisticated or knowledgeable </u>about the lawsuit's subject or about the law.  However, the class representative should be interested, on a continuous basis, in the lawsuit's progress. He or she must make every effort to provide class counsel and the court with all relevant facts of which the class representative is aware.

8.      A class representative <u>volunteers to represent many other people with similar claims </u>and damages, because the class representative believes that it is important that all benefit from the lawsuit equally, because a class lawsuit will save time, money, and effort, and thus will benefit all parties and the court, and because the class action is an important tool to assure compliance with the law and duties of care, and to ensure just compensation to all class members similarly situated.

I have reviewed and acknowledge my duties as a class representative for the matter involving FIRST PREMIER HOME WARRANTY CORP. .

Dated: _08/14/2024_____

_Erin E. Robertson_____
Erin Robertson

**Page 4 of 8**

HLF00073

August 30 , 2024

**RE: – Erin Robertson Preservation of Evidence**

Please be advised that you have a duty to preserve all evidence regarding the facts of this lawsuit. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action.

You must preserve all data of any type (including but not limited to paper records, electronic data on a computer, cell phone, voice messaging system, or other communication or data storage device) relating to the lawsuit or the facts that make up this lawsuit. This includes, but is not necessarily limited to, any written material such as witness statements, logs, diary entries, bills, cell phone records (including the cell phone itself), screen shots of calls or text messages from the Defendant, audio recordings, and notes of conversation with the Defendant or its agents. Furthermore, you have a duty to preserve and not interfere with the evidence in any manner.

You must not dispose of any of this discovery material, as we expect that it will be requested by the Defendant in the course of the litigation. Failure to preserve this discovery material will likely result in a request by the Defendant for a spoliation of evidence and possible dismissal of this lawsuit with an order for you to pay Defendant's attorneys' fees and costs. Failure to preserve evidence may also result in different or additional sanctions by the Court.

By signing below, you hereby affirm that you have been given notice to not destroy, conceal or alter any paper or electronic files and other data generated by and/or stored that is in your possession or control on your computer/s and storage media (e.g., hard disks, floppy disks, backup tapes, Zip cartridges, CDs, DVDs, etc.), or any other electronic data, such as voice mail that may be relevant to your case. **IF YOU ARE UNSURE PLEASE FEEL FREE TO CONSULT US.**

Additionally, in order to avoid spoliation of evidence, you must suspend certain normal computer maintenance procedures (should your computer be in ANY way related to the litigation), including but not limited to such procedures as de-fragmenting hard drives, deleting internet cookies, deleting browser history and favorites, and running any "disk clean-up" processes. Electronic documents and the storage media on which they reside may contain relevant, discoverable information beyond that which may be found in printed documents. Therefore, even where a paper copy exists, you must retain all documents in their electronic form along with information about those documents contained on the media.

Further, any of your comments on social media regarding the lawsuit or the conduct leading up to the lawsuit may be discoverable, and therefore, you must take steps to preserve such information.

**Page 5 of 8**

HLF00074

Although we advise you not to publicly comment regarding this lawsuit, you must not delete any comments on any social media that you may have already made regarding this lawsuit.

Prior to signing, please inform us whether you have any questions or concerns about the obligation to preserve evidence as it has been explained to you.


Yours Truly,

Abbas Kazerounian, Esq.


Date: 08/14/2024 _____          Read and understood by: _Erin E. Robertson_____

                                                            Erin Robertson


**Page 6 of 8**

HLF00075

# **Mediation Disclosure Notification and Acknowledgment**

To promote communication in mediation, California law generally makes mediation a confidential process. California's mediation confidentiality laws are laid out in Sections 703.5 and 1115 to 1129, inclusive, of the Evidence Code. Those laws establish the confidentiality of mediation and limit the disclosure, admissibility, and a court's consideration of communications, writings, and conduct in connection with a mediation. In general, those laws mean the following:

- All communications, negotiations, or settlement offers in the course of a mediation must remain confidential.

- Statements made and writings prepared in connection with a mediation are not admissible or subject to discovery or compelled disclosure in noncriminal proceedings.

- A mediator's report, opinion, recommendation, or finding about what occurred in a mediation may not be submitted to or considered by a court or another adjudicative body.

- A mediator cannot testify in any subsequent civil proceeding about any communication or conduct occurring at, or in connection with, a mediation.

This means that all communications between you and your attorney made in preparation for a mediation, or during a mediation, are confidential and cannot be disclosed or used (except in extremely limited circumstances), even if you later decide to sue your attorney for malpractice because of something that happens during the mediation.

I, **Erin Robertson**, understand that, unless all participants agree otherwise, no oral or written communication made during a mediation, or in preparation for a mediation, including communications between me and my attorney, can be used as evidence in any subsequent noncriminal legal action including an action against my attorney for malpractice or an ethical violation.

NOTE: This disclosure and signed acknowledgment does not limit your attorney's potential liability to you for professional malpractice, or prevent you from (1) reporting any professional misconduct by your attorney to the State Bar of California or (2) cooperating with any disciplinary investigation or criminal prosecution of your attorney.

Erin Robertson  *Erin E. Robertson*                    Abbas Kazerounian, Esq.

Date: ___08/14/2024___                              Date: _____

HLF00076

## Electronic Mail Communications/Confidential Communications

Be advised that you have the right to opt-out of confidential communications with your attorneys sent via electronic mail (e-mail). Attorneys have the express duty to maintain client confidences and shield confidential communications with clients from disclosure to third parties. All information provided by you is given careful attention to remain confidential and we have taken crucial steps to ensure the technological security of electronic communications between us.

We want you to be aware that communications sent via e-mail have the potential to be permanently available once created and carry the risk of being shared with unauthorized third-parties. In sending and receiving communications with your attorneys please consider the location of the computer or device you primarily use to communicate confidential electronic information. If you use a work computer and/or work email address, your confidential information may be at risk of being disclosed to your employer. Additionally, unauthorized third-parties may have the opportunity to access confidential electronic information if you use a public computer or one which is shared. Furthermore, if the device you use to transmit information is connected to a public or shared wi-fi, your information may be at risk of being accessible to unauthorized third-parties.

If you are concerned with the risks e-mail communications carry, you have the right to opt-out of future e-mail communications with your attorneys. In this event we will only communicate with you either over the telephone or through mailed correspondence. If this is something you prefer, please fill out the opt-out request form and return it to our office. We will note your file and no longer communicate with you via email.  If you have any questions concerning the use of email in communicating with your attorneys, please feel free to give us a call and we can discuss further. Prior to signing, please inform us whether you have any questions or concerns about your rights regarding e-mail communications.

*__**Please sign and check the appropriate box below then return this document to inform us whether you wish to opt-out of email communications with our offices.**__*

### Opt-out Request

☒        I DO NOT want to opt out of email communications with my attorneys and wish to continue to communicate via email with my attorneys.

☐        I DO want to opt out of email communications with my attorneys and no longer wish to communicate via email with my attorneys.

*Erin E. Robertson*
_____          08/14/2024
Erin Robertson                                                                    Date

HLF00077



245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
www.ka_lg.com

July 30 , 2024

**Erin Robertson**
███████████████

**Reno, NV 89502**

███████████████

*RE: Class Representative Fee Agreement*

Dear **Erin Robertson**

Thank you for agreeing to assist Kazerouni Law Group, APC ("We," "Our," "Us", and "The Firm") in the litigation involving **Strategic Health Care Marketing and / or Plain-English Media LLC d/b/a Plain-English Health Care.** (hereinafter referred to as "Defendant"). The purpose of this letter is to memorialize our engagement to represent you as a class representative in the above-referenced action against Defendant for violations of the Telephone Consumer Protection Act. This agreement does not extend to any other matter or any appeal that you may wish to file, absent a subsequent signed written agreement between you and us.

You have advised us and shown us documentation sent to you by Defendant. Based on our discussion with you and our explanation of the law, Defendant has violated either federal law or state law, and perhaps both.

You have advised us that your only relationship to the Defendant consists of the events leading to these illegal acts. We have advised you that based upon our experience in prosecuting class actions under the federal and state law and our preliminary investigation into the facts and circumstances of this case, it is our opinion that a lawsuit is meritorious. We will continue with our investigation. We will shortly be sending you a draft copy of the complaint for your review. Assuming that we file the complaint and name you as a class representative, you will have certain duties and responsibilities to the class.

You have agreed to cooperate with the attorneys in this case and to comply with all reasonable requests for information. You also agree to provide us with copies of all relevant records and to participate in discovery in this action as necessary, by, among other things, answering interrogatories, producing documents to the Defendant and giving deposition and trial testimony if requested. You understand that you may be required to testify at trial. We will make every effort to comply with your scheduling requirements. We will also advance all travel costs on behalf of the class.

We may apply to the Court for a special award to compensate the class representative(s) for their contribution to the action. You understand, however, that unless such an award is approved by the

CALIFORNIA - NEVADA - TEXAS - ARIZONA - MINNESOTA - WASHINGTON

HLF00078

Court you will only be entitled to your pro rata share of funds available for distribution to all class members.

In the event that this case is settled on an individual basis and not settled on a class action basis, we will attempt to negotiate settlement/s for any applicable statutory damages and any applicable actual damages, and independently negotiate our attorney's fees and costs. If we recover and collect funds for you in a lump sum, through settlement or by any other method, and your claim includes actual damages, statutory damages and attorney fees, you will receive 55% of the gross recovery minus any unpaid costs. However, your portion of this recovery amount is capped at your actual damages, plus your statutory damages for your case.  Anything beyond that amount will be apportioned as attorney fees and costs. Note that attorney fees are not costs under this agreement and in strict compliance with California Rules of Professional Conduct, Rule 5.4, we cannot fee split attorneys' fees with you, the client. Attorneys' fees shall be calculated as follows: 45% of the gross recovery, plus any surplus amount beyond your actual damages and your statutory damages for your case. The term "gross recovery" means: the total of all amounts received by settlement, arbitration award or judgment, or otherwise. "Gross recovery" shall also include the reasonable value of all non-monetary proceeds. Any order, award, or agreement for payment of attorneys' fees paid or awarded from any other party are the sole property of Attorney and shall be paid directly to Attorney and not included in any calculation of recovery, costs, or fees, except as provided in this Agreement.

If an order or agreement is made or entered for attorneys' fees and if the amount of such ordered or agreed attorneys' fees is equal to, or greater than, the contingent attorneys' fees to which Attorney would otherwise be entitled under this Agreement, Attorney agrees to accept such ordered or agreed attorneys' fees as payment in full for services rendered under this Agreement.

Monetary sanctions awarded to The Firm during the course of this litigation shall not be considered part of Client's recovery in this action. Such sanctions shall be deemed compensation to counsel for extraordinary time and effort expended as a result of an opposing party's bad faith conduct or failure to comply with discovery demands, court orders or similar obligations.

We will advance all costs and expenses of the litigation and you will not be responsible for the moneys regardless of the outcome of this case. At the conclusion of the case, the attorneys for plaintiffs will apply to the court for an award of fees and the reimbursement of expenses based upon, among other things, the time expended, the difficulty of the litigation and, of course, the results achieved. You understand that such an award of attorneys' fees may be as much as 33 1/3% of any settlement fund or judgment, although the amount actually awarded is within the sole discretion of the court.

Although you will not be responsible for our legal fees, costs and expenses as part of your fiduciary obligations, you should be aware of our billing practices. We will maintain records of our time and expenses that may be submitted to the court in support of our application for attorneys' fees and reimbursement of expenses. We will bill the case at our prevailing hourly rates for attorneys, paralegals, law clerks, legal interns and other support staff. These rates are periodically adjusted; hourly charges are in minimum units of one-quarter hour.  Costs and expenses include professional fees and costs charged by investigators, experts, consultants, and others as well as expenses

HLF00079

including copying, process servers, on-line research, travel, messengers, telephone, postage, fax, and other usual and customary expenses at our usual and customary charges for such items. Charges for meals and related items associated with meetings among attorneys may also be included in expenses.

We have the option at our sole discretion to obtain loans or lines of credit to advance costs and other expenses.  In the event We obtain such loans or lines of credit to finance this matter, then the costs of borrowing the money (the interest paid to the bank along with any associated costs) shall also be recoverable as a cost item.

Obviously, as with any type of litigation, we are unable to guarantee any particular result or outcome. It is very important that you maintain the confidentiality of this retainer agreement and all communications with our law firm.

Please note that The Firm has not been retained to provide tax advice. Client should consult with tax advisors regarding any potential tax consequences and understands that The Firm is not providing tax advice. Client agrees to seek tax advice elsewhere and to hold The Firm harmless from any tax effects.

Please return a signed copy of this agreement as soon as possible, since it is critical to act immediately.


Thank you for your trust and confidence. We look forward to working with you.

Sincerely,


**By:**

_____
Kazerouni Law Group, APC
Abbas Kazerounian, Esq.


**I hereby agree to be a class representative in the above-referenced class action against Strategic Health Care Marketing and / or Plain-English Media LLC d/b/a Plain-English Health Care.**

*Erin E. Robertson*
_____

**Erin Robertson**

HLF00080

July 30 , 2024

**RE: Erin Robertson – Class Representative Duties**

1.  A class representative <u>represents the interests of all members of the class</u> throughout the litigation and to recover damages for the class.

2.  A class representative <u>has claims which are typical</u> of those of the class, and thus involve <u>common issues of law or of fact</u>. For example, as a class representative, your claims against the defendant are <u>typical</u> of the class claims against the defendant, because each class member incurred damage or injuries as a result of a common event or common practice.

3.  A class representative <u>always considers the interests of the class</u> just as the class representative would consider his or her own interests.

4.  A class representative <u>participates actively in the lawsuit</u>, such as by answering written interrogatories and producing documents, testifying at deposition and at trial, by keeping generally aware of the lawsuit's progress, and by promptly telling class counsel if your contact information has changed.

5.  A class representative <u>recognizes and accepts that any resolution of the lawsuit</u>, such as by settlement or dismissal, is subject to court approval, and must be in the best interests of the class as a whole.

6.  A class representative <u>accepts</u> the possibility that, in the event the case is lost, the court may assess certain of defendant's costs of litigation against the class representative.

7.  A class representative is <u>not required to be sophisticated or knowledgeable</u> about the lawsuit's subject or about the law.  However, the class representative should be interested, on a continuous basis, in the lawsuit's progress. He or she must make every effort to provide class counsel and the court with all relevant facts of which the class representative is aware.

8.  A class representative <u>volunteers to represent many other people with similar claims</u> and damages, because the class representative believes that it is important that all benefit from the lawsuit equally, because a class lawsuit will save time, money, and effort, and thus will benefit all parties and the court, and because the class action is an important tool to assure compliance with the law and duties of care, and to ensure just compensation to all class members similarly situated.

I have reviewed and acknowledge my duties as a class representative for the matter involving Strategic Health Care Marketing and / or Plain-English Media LLC d/b/a Plain-English Health Care. .

Dated:  ___07/30/2024___

_Erin E. Robertson_
Erin Robertson

**Page 4 of 8**

HLF00081

July 30 , 2024

**RE: – Erin Robertson Preservation of Evidence**

Please be advised that you have a duty to preserve all evidence regarding the facts of this lawsuit. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action.

You must preserve all data of any type (including but not limited to paper records, electronic data on a computer, cell phone, voice messaging system, or other communication or data storage device) relating to the lawsuit or the facts that make up this lawsuit. This includes, but is not necessarily limited to, any written material such as witness statements, logs, diary entries, bills, cell phone records (including the cell phone itself), screen shots of calls or text messages from the Defendant, audio recordings, and notes of conversation with the Defendant or its agents. Furthermore, you have a duty to preserve and not interfere with the evidence in any manner.

You must not dispose of any of this discovery material, as we expect that it will be requested by the Defendant in the course of the litigation. Failure to preserve this discovery material will likely result in a request by the Defendant for a spoliation of evidence and possible dismissal of this lawsuit with an order for you to pay Defendant's attorneys' fees and costs. Failure to preserve evidence may also result in different or additional sanctions by the Court.

By signing below, you hereby affirm that you have been given notice to not destroy, conceal or alter any paper or electronic files and other data generated by and/or stored that is in your possession or control on your computer/s and storage media (e.g., hard disks, floppy disks, backup tapes, Zip cartridges, CDs, DVDs, etc.), or any other electronic data, such as voice mail that may be relevant to your case. **IF YOU ARE UNSURE PLEASE FEEL FREE TO CONSULT US.**

Additionally, in order to avoid spoliation of evidence, you must suspend certain normal computer maintenance procedures (should your computer be in ANY way related to the litigation), including but not limited to such procedures as de-fragmenting hard drives, deleting internet cookies, deleting browser history and favorites, and running any "disk clean-up" processes. Electronic documents and the storage media on which they reside may contain relevant, discoverable information beyond that which may be found in printed documents. Therefore, even where a paper copy exists, you must retain all documents in their electronic form along with information about those documents contained on the media.

Further, any of your comments on social media regarding the lawsuit or the conduct leading up to the lawsuit may be discoverable, and therefore, you must take steps to preserve such information.

**Page 5 of 8**

HLF00082

Although we advise you not to publicly comment regarding this lawsuit, you must not delete any comments on any social media that you may have already made regarding this lawsuit.

Prior to signing, please inform us whether you have any questions or concerns about the obligation to preserve evidence as it has been explained to you.


Yours Truly,

Abbas Kazerounian, Esq.



Date: 07/30/2024                    Read and understood by: _Erin E. Robertson_

                                                      Erin Robertson


**Page 6 of 8**

HLF00083

## <u>Mediation Disclosure Notification and Acknowledgment</u>

To promote communication in mediation, California law generally makes mediation a confidential process. California's mediation confidentiality laws are laid out in Sections 703.5 and 1115 to 1129, inclusive, of the Evidence Code. Those laws establish the confidentiality of mediation and limit the disclosure, admissibility, and a court's consideration of communications, writings, and conduct in connection with a mediation. In general, those laws mean the following:

- All communications, negotiations, or settlement offers in the course of a mediation must remain confidential.

- Statements made and writings prepared in connection with a mediation are not admissible or subject to discovery or compelled disclosure in noncriminal proceedings.

- A mediator's report, opinion, recommendation, or finding about what occurred in a mediation may not be submitted to or considered by a court or another adjudicative body.

- A mediator cannot testify in any subsequent civil proceeding about any communication or conduct occurring at, or in connection with, a mediation.

This means that all communications between you and your attorney made in preparation for a mediation, or during a mediation, are confidential and cannot be disclosed or used (except in extremely limited circumstances), even if you later decide to sue your attorney for malpractice because of something that happens during the mediation.

I, **Erin Robertson**, understand that, unless all participants agree otherwise, no oral or written communication made during a mediation, or in preparation for a mediation, including communications between me and my attorney, can be used as evidence in any subsequent noncriminal legal action including an action against my attorney for malpractice or an ethical violation.

NOTE: This disclosure and signed acknowledgment does not limit your attorney's potential liability to you for professional malpractice, or prevent you from (1) reporting any professional misconduct by your attorney to the State Bar of California or (2) cooperating with any disciplinary investigation or criminal prosecution of your attorney.


Erin Robertson  *Erin E. Robertson*                    Abbas Kazerounian, Esq.

Date:  07/30/2024                                       Date:

HLF00084

## **Electronic Mail Communications/Confidential Communications**

Be advised that you have the right to opt-out of confidential communications with your attorneys sent via electronic mail (e-mail). Attorneys have the express duty to maintain client confidences and shield confidential communications with clients from disclosure to third parties. All information provided by you is given careful attention to remain confidential and we have taken crucial steps to ensure the technological security of electronic communications between us.

We want you to be aware that communications sent via e-mail have the potential to be permanently available once created and carry the risk of being shared with unauthorized third-parties. In sending and receiving communications with your attorneys please consider the location of the computer or device you primarily use to communicate confidential electronic information. If you use a work computer and/or work email address, your confidential information may be at risk of being disclosed to your employer. Additionally, unauthorized third-parties may have the opportunity to access confidential electronic information if you use a public computer or one which is shared. Furthermore, if the device you use to transmit information is connected to a public or shared wi-fi, your information may be at risk of being accessible to unauthorized third-parties.

If you are concerned with the risks e-mail communications carry, you have the right to opt-out of future e-mail communications with your attorneys. In this event we will only communicate with you either over the telephone or through mailed correspondence. If this is something you prefer, please fill out the opt-out request form and return it to our office. We will note your file and no longer communicate with you via email.  If you have any questions concerning the use of email in communicating with your attorneys, please feel free to give us a call and we can discuss further. Prior to signing, please inform us whether you have any questions or concerns about your rights regarding e-mail communications.

*__**Please sign and check the appropriate box below then return this document to inform us whether you wish to opt-out of email communications with our offices.**__*

### **Opt-out Request**

☒        I DO NOT want to opt out of email communications with my attorneys and wish to continue to communicate via email with my attorneys.

☐        I DO want to opt out of email communications with my attorneys and no longer wish to communicate via email with my attorneys.

*Erin E. Robertson*
_____          07/30/2024
Erin Robertson                                                      Date

**Page 8 of 8**

HLF00085



245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
www.kazlg.com

July 19 , 2024

**Erin Robertson**

████████████████████

**Reno, NV 89502**

██████████████████▌

*RE: Class Representative Fee Agreement*

Dear **Erin Robertson**

Thank you for agreeing to assist Kazerouni Law Group, APC ("We," "Our," "Us", and "The Firm") in the litigation involving **FIDELITY LIFE ASSOCIATION** (hereinafter referred to as "Defendant"). The purpose of this letter is to memorialize our engagement to represent you as a class representative in the above-referenced action against Defendant for violations of the Telephone Consumer Protection Act. This agreement does not extend to any other matter or any appeal that you may wish to file, absent a subsequent signed written agreement between you and us.
You have advised us and shown us documentation sent to you by Defendant. Based on our discussion with you and our explanation of the law, Defendant has violated either federal law or state law, and perhaps both.

You have advised us that your only relationship to the Defendant consists of the events leading to these illegal acts. We have advised you that based upon our experience in prosecuting class actions under the federal and state law and our preliminary investigation into the facts and circumstances of this case, it is our opinion that a lawsuit is meritorious. We will continue with our investigation. We will shortly be sending you a draft copy of the complaint for your review. Assuming that we file the complaint and name you as a class representative, you will have certain duties and responsibilities to the class.

You have agreed to cooperate with the attorneys in this case and to comply with all reasonable requests for information. You also agree to provide us with copies of all relevant records and to participate in discovery in this action as necessary, by, among other things, answering interrogatories, producing documents to the Defendant and giving deposition and trial testimony if requested. You understand that you may be required to testify at trial. We will make every effort to comply with your scheduling requirements. We will also advance all travel costs on behalf of the class.

We may apply to the Court for a special award to compensate the class representative(s) for their contribution to the action. You understand, however, that unless such an award is approved by the

**CALIFORNIA** - **NEVADA** - **TEXAS** - **ARIZONA** - **MINNESOTA** - **WASHINGTON**

Court you will only be entitled to your pro rata share of funds available for distribution to all class members.

In the event that this case is settled on an individual basis and not settled on a class action basis, we will attempt to negotiate settlement/s for any applicable statutory damages and any applicable actual damages, and independently negotiate our attorney's fees and costs. If we recover and collect funds for you in a lump sum, through settlement or by any other method, and your claim includes actual damages, statutory damages and attorney fees, you will receive 55% of the gross recovery minus any unpaid costs. However, your portion of this recovery amount is capped at your actual damages, plus your statutory damages for your case.  Anything beyond that amount will be apportioned as attorney fees and costs. Note that attorney fees are not costs under this agreement and in strict compliance with California Rules of Professional Conduct, Rule 5.4, we cannot fee split attorneys' fees with you, the client. Attorneys' fees shall be calculated as follows: 45% of the gross recovery, plus any surplus amount beyond your actual damages and your statutory damages for your case. The term "gross recovery" means: the total of all amounts received by settlement, arbitration award or judgment, or otherwise. "Gross recovery" shall also include the reasonable value of all non-monetary proceeds. Any order, award, or agreement for payment of attorneys' fees paid or awarded from any other party are the sole property of Attorney and shall be paid directly to Attorney and not included in any calculation of recovery, costs, or fees, except as provided in this Agreement.

If an order or agreement is made or entered for attorneys' fees and if the amount of such ordered or agreed attorneys' fees is equal to, or greater than, the contingent attorneys' fees to which Attorney would otherwise be entitled under this Agreement, Attorney agrees to accept such ordered or agreed attorneys' fees as payment in full for services rendered under this Agreement.

Monetary sanctions awarded to The Firm during the course of this litigation shall not be considered part of Client's recovery in this action. Such sanctions shall be deemed compensation to counsel for extraordinary time and effort expended as a result of an opposing party's bad faith conduct or failure to comply with discovery demands, court orders or similar obligations.

We will advance all costs and expenses of the litigation and you will not be responsible for the moneys regardless of the outcome of this case. At the conclusion of the case, the attorneys for plaintiffs will apply to the court for an award of fees and the reimbursement of expenses based upon, among other things, the time expended, the difficulty of the litigation and, of course, the results achieved. You understand that such an award of attorneys' fees may be as much as 33 1/3% of any settlement fund or judgment, although the amount actually awarded is within the sole discretion of the court.

Although you will not be responsible for our legal fees, costs and expenses as part of your fiduciary obligations, you should be aware of our billing practices. We will maintain records of our time and expenses that may be submitted to the court in support of our application for attorneys' fees and reimbursement of expenses. We will bill the case at our prevailing hourly rates for attorneys, paralegals, law clerks, legal interns and other support staff. These rates are periodically adjusted; hourly charges are in minimum units of one-quarter hour.  Costs and expenses include professional fees and costs charged by investigators, experts, consultants, and others as well as expenses

HLF00087

including copying, process servers, on-line research, travel, messengers, telephone, postage, fax, and other usual and customary expenses at our usual and customary charges for such items. Charges for meals and related items associated with meetings among attorneys may also be included in expenses.

We have the option at our sole discretion to obtain loans or lines of credit to advance costs and other expenses. In the event We obtain such loans or lines of credit to finance this matter, then the costs of borrowing the money (the interest paid to the bank along with any associated costs) shall also be recoverable as a cost item.

Obviously, as with any type of litigation, we are unable to guarantee any particular result or outcome. It is very important that you maintain the confidentiality of this retainer agreement and all communications with our law firm.

Please note that The Firm has not been retained to provide tax advice. Client should consult with tax advisors regarding any potential tax consequences and understands that The Firm is not providing tax advice. Client agrees to seek tax advice elsewhere and to hold The Firm harmless from any tax effects.

Please return a signed copy of this agreement as soon as possible, since it is critical to act immediately.


Thank you for your trust and confidence. We look forward to working with you.

Sincerely,


**By:**

_____
Kazerouni Law Group, APC
Abbas Kazerounian, Esq.

**I hereby agree to be a class representative in the above-referenced class action against FIDELITY LIFE ASSOCIATION**


_Erin E. Robertson_
_____

**Erin Robertson**

**Page 3 of 8**

HLF00088

July 19 , 2024

**RE: Erin Robertson – Class Representative Duties**

1.    A class representative <u>represents the interests of all members of the class</u> throughout the litigation and to recover damages for the class.

2.    A class representative <u>has claims which are typical</u> of those of the class, and thus involve <u>common issues of law or of fact</u>. For example, as a class representative, your claims against the defendant are <u>typical</u> of the class claims against the defendant, because each class member incurred damage or injuries as a result of a common event or common practice.

3.    A class representative <u>always considers the interests of the class</u> just as the class representative would consider his or her own interests.

4.    A class representative <u>participates actively in the lawsuit</u>, such as by answering written interrogatories and producing documents, testifying at deposition and at trial, by keeping generally aware of the lawsuit's progress, and by promptly telling class counsel if your contact information has changed.

5.    A class representative <u>recognizes and accepts that any resolution of the lawsuit</u>, such as by settlement or dismissal, is subject to court approval, and must be in the best interests of the class as a whole.

6.    A class representative <u>accepts</u> the possibility that, in the event the case is lost, the court may assess certain of defendant's costs of litigation against the class representative.

7.    A class representative is <u>not required to be sophisticated or knowledgeable</u> about the lawsuit's subject or about the law.  However, the class representative should be interested, on a continuous basis, in the lawsuit's progress. He or she must make every effort to provide class counsel and the court with all relevant facts of which the class representative is aware.

8.    A class representative <u>volunteers to represent many other people with similar claims</u> and damages, because the class representative believes that it is important that all benefit from the lawsuit equally, because a class lawsuit will save time, money, and effort, and thus will benefit all parties and the court, and because the class action is an important tool to assure compliance with the law and duties of care, and to ensure just compensation to all class members similarly situated.

I have reviewed and acknowledge my duties as a class representative for the matter involving FIDELITY LIFE ASSOCIATION.

Dated: _07/19/2024_____

_Erin E. Robertson_
_____
Erin Robertson

**Page 4 of 8**

HLF00089

July 19 , 2024

**RE: – Erin Robertson Preservation of Evidence**

Please be advised that you have a duty to preserve all evidence regarding the facts of this lawsuit. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action.

You must preserve all data of any type (including but not limited to paper records, electronic data on a computer, cell phone, voice messaging system, or other communication or data storage device) relating to the lawsuit or the facts that make up this lawsuit. This includes, but is not necessarily limited to, any written material such as witness statements, logs, diary entries, bills, cell phone records (including the cell phone itself), screen shots of calls or text messages from the Defendant, audio recordings, and notes of conversation with the Defendant or its agents. Furthermore, you have a duty to preserve and not interfere with the evidence in any manner.

You must not dispose of any of this discovery material, as we expect that it will be requested by the Defendant in the course of the litigation. Failure to preserve this discovery material will likely result in a request by the Defendant for a spoliation of evidence and possible dismissal of this lawsuit with an order for you to pay Defendant's attorneys' fees and costs. Failure to preserve evidence may also result in different or additional sanctions by the Court.

By signing below, you hereby affirm that you have been given notice to not destroy, conceal or alter any paper or electronic files and other data generated by and/or stored that is in your possession or control on your computer/s and storage media (e.g., hard disks, floppy disks, backup tapes, Zip cartridges, CDs, DVDs, etc.), or any other electronic data, such as voice mail that may be relevant to your case. **IF YOU ARE UNSURE PLEASE FEEL FREE TO CONSULT US.**

Additionally, in order to avoid spoliation of evidence, you must suspend certain normal computer maintenance procedures (should your computer be in ANY way related to the litigation), including but not limited to such procedures as de-fragmenting hard drives, deleting internet cookies, deleting browser history and favorites, and running any "disk clean-up" processes. Electronic documents and the storage media on which they reside may contain relevant, discoverable information beyond that which may be found in printed documents. Therefore, even where a paper copy exists, you must retain all documents in their electronic form along with information about those documents contained on the media.

Further, any of your comments on social media regarding the lawsuit or the conduct leading up to the lawsuit may be discoverable, and therefore, you must take steps to preserve such information.

**Page 5 of 8**

HLF00090

Although we advise you not to publicly comment regarding this lawsuit, you must not delete any comments on any social media that you may have already made regarding this lawsuit.

Prior to signing, please inform us whether you have any questions or concerns about the obligation to preserve evidence as it has been explained to you.

Yours Truly,

Abbas Kazerounian, Esq.

Date: 07/19/2024        Read and understood by: _Erin E. Robertson_

                              Erin Robertson

**Page 6 of 8**

HLF00091

## **Mediation Disclosure Notification and Acknowledgment**

To promote communication in mediation, California law generally makes mediation a confidential process. California's mediation confidentiality laws are laid out in Sections 703.5 and 1115 to 1129, inclusive, of the Evidence Code. Those laws establish the confidentiality of mediation and limit the disclosure, admissibility, and a court's consideration of communications, writings, and conduct in connection with a mediation. In general, those laws mean the following:

- All communications, negotiations, or settlement offers in the course of a mediation must remain confidential.

- Statements made and writings prepared in connection with a mediation are not admissible or subject to discovery or compelled disclosure in noncriminal proceedings.

- A mediator's report, opinion, recommendation, or finding about what occurred in a mediation may not be submitted to or considered by a court or another adjudicative body.

- A mediator cannot testify in any subsequent civil proceeding about any communication or conduct occurring at, or in connection with, a mediation.

This means that all communications between you and your attorney made in preparation for a mediation, or during a mediation, are confidential and cannot be disclosed or used (except in extremely limited circumstances), even if you later decide to sue your attorney for malpractice because of something that happens during the mediation.

I, **Erin Robertson**, understand that, unless all participants agree otherwise, no oral or written communication made during a mediation, or in preparation for a mediation, including communications between me and my attorney, can be used as evidence in any subsequent noncriminal legal action including an action against my attorney for malpractice or an ethical violation.

NOTE: This disclosure and signed acknowledgment does not limit your attorney's potential liability to you for professional malpractice, or prevent you from (1) reporting any professional misconduct by your attorney to the State Bar of California or (2) cooperating with any disciplinary investigation or criminal prosecution of your attorney.


Erin Robertson  *Erin E. Robertson*                    Abbas Kazerounian, Esq.

Date: _07/19/2024_                                     Date: _____

**Page 7 of 8**

HLF00092

## Electronic Mail Communications/Confidential Communications

Be advised that you have the right to opt-out of confidential communications with your attorneys sent via electronic mail (e-mail). Attorneys have the express duty to maintain client confidences and shield confidential communications with clients from disclosure to third parties. All information provided by you is given careful attention to remain confidential and we have taken crucial steps to ensure the technological security of electronic communications between us.

We want you to be aware that communications sent via e-mail have the potential to be permanently available once created and carry the risk of being shared with unauthorized third-parties. In sending and receiving communications with your attorneys please consider the location of the computer or device you primarily use to communicate confidential electronic information. If you use a work computer and/or work email address, your confidential information may be at risk of being disclosed to your employer. Additionally, unauthorized third-parties may have the opportunity to access confidential electronic information if you use a public computer or one which is shared. Furthermore, if the device you use to transmit information is connected to a public or shared wi-fi, your information may be at risk of being accessible to unauthorized third-parties.

If you are concerned with the risks e-mail communications carry, you have the right to opt-out of future e-mail communications with your attorneys. In this event we will only communicate with you either over the telephone or through mailed correspondence. If this is something you prefer, please fill out the opt-out request form and return it to our office. We will note your file and no longer communicate with you via email.  If you have any questions concerning the use of email in communicating with your attorneys, please feel free to give us a call and we can discuss further. Prior to signing, please inform us whether you have any questions or concerns about your rights regarding e-mail communications.

*__**Please sign and check the appropriate box below then return this document to inform us whether you wish to opt-out of email communications with our offices.**__*

## Opt-out Request

☒        I DO NOT want to opt out of email communications with my attorneys and wish to continue to communicate via email with my attorneys.

☐        I DO want to opt out of email communications with my attorneys and no longer wish to communicate via email with my attorneys.

*Erin E. Robertson*
_____          07/19/2024
Erin Robertson                                                        Date

**Page 8 of 8**

HLF00093



245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
www.kazlg.com

REFERRAL AGREEMENT

*Erin Robertson V. FIRST PREMIER HOME WARRANTY CORP.*

This referral agreement is entered into by and between Kazerouni Law Group, APC ("KLG") and Heidarpour Law Firm, PLLC ("HLF") related to Client Erin Robertson's claim against FIRST PREMIER HOME WARRANTY CORP. unsolicited phone calls (the "Matter").

**ATTORNEYS' FEES**

In the event the Matter settles or otherwise comes to a favorable conclusion, HLF will receive 20% (twenty percent) of KLG's share of attorneys' fees.

KLG and HLF further agree that if any additional attorneys or counsel become involved in the Matter, KLG and HLF's respective shares shall remain in the same proportion unless a modified agreement is executed by KLG and HLF indicating the contrary.

**The attorneys, who are the parties hereto, have executed or approved this referral agreement on the dates accompanying their signatures below.**

KAZEROUNI LAW GROUP, APC


_____          _____
Abbas Kazerounian, Esq.                    Date


HEIDARPOUR LAW FIRM, PLLC


*Andrew Heidarpour*
_____          08/14/24
Andrew Heidarpour, Esq.                    _____
                                           Date


CLIENT SIGNATURE ON NEXT PAGE

Page 1 of 2

HLF00094

Client Erin Robertson has reviewed and approved of this referral agreement on the date accompanying her signature below.

CLIENT

*Erin E. Robertson*                                    08/14/2024

**Erin Robertson**                                          **Date**

HLF00095



245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
www.kazlg.com

REFERRAL AGREEMENT

*Erin Robertson V. FIDELITY LIFE ASSOCIATION*

This referral agreement is entered into by and between Kazerouni Law Group, APC ("KLG") and Heidarpour Law Firm, PLLC ("HLF") related to Client Erin Robertson's claim against FIDELITY LIFE ASSOCIATION Name involving unsolicited phone calls (the "Matter").

**ATTORNEYS' FEES**

In the event the Matter settles or otherwise comes to a favorable conclusion, HLF will receive 20% (twenty percent) of KLG's share of attorneys' fees.

KLG and HLF further agree that if any additional attorneys or counsel become involved in the Matter, KLG and HLF's respective shares shall remain in the same proportion unless a modified agreement is executed by KLG and HLF indicating the contrary.

**The attorneys, who are the parties hereto, have executed or approved this referral agreement on the dates accompanying their signatures below.**

KAZEROUNI LAW GROUP, APC

_____
Abbas Kazerounian, Esq.                                      Date

HEIDARPOUR LAW FIRM, PLLC

*Andrew Heidarpour*
_____                    07/20/24
Andrew Heidarpour, Esq.                                      Date

CLIENT SIGNATURE ON NEXT PAGE

Page 1 of 2

HLF00096

Client Erin Robertson has reviewed and approved of this referral agreement on the date accompanying her signature below.

CLIENT

_Erin E. Robertson_                    07/19/2024

**Erin Robertson**                    **Date**

HLF00097



245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone:  (800) 400-6808
Facsimile:   (800) 520-5523
www.kazlg.com

REFERRAL AGREEMENT *Erin Robertson V. Strategic Health Care Marketing and / or Plain-English Media LLC d/b/a Plain-English Health Care.*

This referral agreement is entered into by and between Kazerouni Law Group, APC ("KLG") and Heidarpour Law Firm, PLLC ("HLF") related to Client Erin Robertson's claim against Strategic Health Care Marketing and / or Plain-English Media LLC d/b/a Plain-English Health Care.unsolicited phone calls (the "Matter").

**ATTORNEYS' FEES**

In the event the Matter settles or otherwise comes to a favorable conclusion, HLF will receive 20% (twenty percent) of KLG's share of attorneys' fees.

KLG and HLF further agree that if any additional attorneys or counsel become involved in the Matter, KLG and HLF's respective shares shall remain in the same proportion unless a modified agreement is executed by KLG and HLF indicating the contrary.

**The attorneys, who are the parties hereto, have executed or approved this referral agreement on the dates accompanying their signatures below.**

KAZEROUNI LAW GROUP, APC


_____          _____
Abbas Kazerounian, Esq.                 Date


HEIDARPOUR LAW FIRM, PLLC


*Andrew Heidarpour*          07/30/24
Andrew Heidarpour, Esq.                 Date


CLIENT SIGNATURE ON NEXT PAGE


Page 1 of 2

HLF00098

**Client Erin Robertson has reviewed and approved of this referral agreement on the date accompanying her signature below.**

CLIENT

*Erin E. Robertson*                 07/30/2024

**Erin Robertson**                          **Date**

HLF00099



245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
www.kazlg.com

August 30 , 2024

**Erin Robertson**

██████████████

**Reno, NV 89502**

██████████████

*RE: Class Representative Fee Agreement*

Dear **Erin Robertson**

Thank you for agreeing to assist Kazerouni Law Group, APC ("We," "Our," "Us", and "The Firm") in the litigation involving **FIRST PREMIER HOME WARRANTY CORP.** (hereinafter referred to as"Defendant"). The purpose of this letter is to memorialize our engagement to represent
you as a class representative in the above-referenced action against Defendant for violations of the Telephone Consumer Protection Act. This agreement does not extend to any other matter or any appeal that you may wish to file, absent a subsequent signed written agreement between you and us.
You have advised us and shown us documentation sent to you by Defendant. Based on our discussion with you and our explanation of the law, Defendant has violated either federal law or state law, and perhaps both.
You have advised us that your only relationship to the Defendant consists of the events leading to these illegal acts. We have advised you that based upon our experience in prosecuting class actions under the federal and state law and our preliminary investigation into the facts and circumstances of this case, it is our opinion that a lawsuit is meritorious. We will continue with our investigation. We will shortly be sending you a draft copy of the complaint for your review. Assuming that we file the complaint and name you as a class representative, you will have certain duties and responsibilities to the class.

You have agreed to cooperate with the attorneys in this case and to comply with all reasonable requests for information. You also agree to provide us with copies of all relevant records and to participate in discovery in this action as necessary, by, among other things, answering interrogatories, producing documents to the Defendant and giving deposition and trial testimony if requested. You understand that you may be required to testify at trial. We will make every effort to comply with your scheduling requirements. We will also advance all travel costs on behalf of the class.

We may apply to the Court for a special award to compensate the class representative(s) for their contribution to the action. You understand, however, that unless such an award is approved by the

Court you will only be entitled to your pro rata share of funds available for distribution to all class members.

In the event that this case is settled on an individual basis and not settled on a class action basis, we will attempt to negotiate settlement/s for any applicable statutory damages and any applicable actual damages, and independently negotiate our attorney's fees and costs. If we recover and collect funds for you in a lump sum, through settlement or by any other method, and your claim includes actual damages, statutory damages and attorney fees, you will receive 55% of the gross recovery minus any unpaid costs. However, your portion of this recovery amount is capped at your actual damages, plus your statutory damages for your case. Anything beyond that amount will be apportioned as attorney fees and costs. Note that attorney fees are not costs under this agreement and in strict compliance with California Rules of Professional Conduct, Rule 5.4, we cannot fee split attorneys' fees with you, the client. Attorneys' fees shall be calculated as follows: 45% of the gross recovery, plus any surplus amount beyond your actual damages and your statutory damages for your case. The term "gross recovery" means: the total of all amounts received by settlement, arbitration award or judgment, or otherwise. "Gross recovery" shall also include the reasonable value of all non-monetary proceeds. Any order, award, or agreement for payment of attorneys' fees paid or awarded from any other party are the sole property of Attorney and shall be paid directly to Attorney and not included in any calculation of recovery, costs, or fees, except as provided in this Agreement.

If an order or agreement is made or entered for attorneys' fees and if the amount of such ordered or agreed attorneys' fees is equal to, or greater than, the contingent attorneys' fees to which Attorney would otherwise be entitled under this Agreement, Attorney agrees to accept such ordered or agreed attorneys' fees as payment in full for services rendered under this Agreement.

Monetary sanctions awarded to The Firm during the course of this litigation shall not be considered part of Client's recovery in this action. Such sanctions shall be deemed compensation to counsel for extraordinary time and effort expended as a result of an opposing party's bad faith conduct or failure to comply with discovery demands, court orders or similar obligations.

We will advance all costs and expenses of the litigation and you will not be responsible for the moneys regardless of the outcome of this case. At the conclusion of the case, the attorneys for plaintiffs will apply to the court for an award of fees and the reimbursement of expenses based upon, among other things, the time expended, the difficulty of the litigation and, of course, the results achieved. You understand that such an award of attorneys' fees may be as much as 33 1/3% of any settlement fund or judgment, although the amount actually awarded is within the sole discretion of the court.

Although you will not be responsible for our legal fees, costs and expenses as part of your fiduciary obligations, you should be aware of our billing practices. We will maintain records of our time and expenses that may be submitted to the court in support of our application for attorneys' fees and reimbursement of expenses. We will bill the case at our prevailing hourly rates for attorneys, paralegals, law clerks, legal interns and other support staff. These rates are periodically adjusted; hourly charges are in minimum units of one-quarter hour. Costs and expenses include professional fees and costs charged by investigators, experts, consultants, and others as well as expenses

**Page 2 of 8**

HLF00101

including copying, process servers, on-line research, travel, messengers, telephone, postage, fax, and other usual and customary expenses at our usual and customary charges for such items. Charges for meals and related items associated with meetings among attorneys may also be included in expenses.

We have the option at our sole discretion to obtain loans or lines of credit to advance costs and other expenses.  In the event We obtain such loans or lines of credit to finance this matter, then the costs of borrowing the money (the interest paid to the bank along with any associated costs) shall also be recoverable as a cost item.

Obviously, as with any type of litigation, we are unable to guarantee any particular result or outcome. It is very important that you maintain the confidentiality of this retainer agreement and all communications with our law firm.

Please note that The Firm has not been retained to provide tax advice. Client should consult with tax advisors regarding any potential tax consequences and understands that The Firm is not providing tax advice. Client agrees to seek tax advice elsewhere and to hold The Firm harmless from any tax effects.

Please return a signed copy of this agreement as soon as possible, since it is critical to act immediately.


Thank you for your trust and confidence. We look forward to working with you.

Sincerely,


**By:**

_____
Kazerouni Law Group, APC
Abbas Kazerounian, Esq.


**I hereby agree to be a class representative in the above-referenced class action against FIRST PREMIER HOME WARRANTY CORP.**


_____

**Erin Robertson**

**Page 3 of 8**

HLF00102

August 30 , 2024

**RE: Erin Robertson – Class Representative Duties**

1.    A class representative <u>represents the interests of all members of the class</u> throughout the litigation and to recover damages for the class.

2.    A class representative <u>has claims which are typical</u> of those of the class, and thus involve <u>common issues of law or of fact</u>. For example, as a class representative, your claims against the defendant are <u>typical</u> of the class claims against the defendant, because each class member incurred damage or injuries as a result of a common event or common practice.

3.    A class representative <u>always considers the interests of the class</u> just as the class representative would consider his or her own interests.

4.    A class representative <u>participates actively in the lawsuit</u>, such as by answering written interrogatories and producing documents, testifying at deposition and at trial, by keeping generally aware of the lawsuit's progress, and by promptly telling class counsel if your contact information has changed.

5.    A class representative <u>recognizes and accepts that any resolution of the lawsuit</u>, such as by settlement or dismissal, is subject to court approval, and must be in the best interests of the class as a whole.

6.    A class representative <u>accepts</u> the possibility that, in the event the case is lost, the court may assess certain of defendant's costs of litigation against the class representative.

7.    A class representative is <u>not required to be sophisticated or knowledgeable</u> about the lawsuit's subject or about the law.  However, the class representative should be interested, on a continuous basis, in the lawsuit's progress. He or she must make every effort to provide class counsel and the court with all relevant facts of which the class representative is aware.

8.    A class representative <u>volunteers to represent many other people with similar claims</u> and damages, because the class representative believes that it is important that all benefit from the lawsuit equally, because a class lawsuit will save time, money, and effort, and thus will benefit all parties and the court, and because the class action is an important tool to assure compliance with the law and duties of care, and to ensure just compensation to all class members similarly situated.

I have reviewed and acknowledge my duties as a class representative for the matter involving FIRST PREMIER HOME WARRANTY CORP. .

Dated: _____

_____
Erin Robertson

**Page 4 of 8**

HLF00103

August 30 , 2024

**RE: – Erin Robertson Preservation of Evidence**

Please be advised that you have a duty to preserve all evidence regarding the facts of this lawsuit. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action.

You must preserve all data of any type (including but not limited to paper records, electronic data on a computer, cell phone, voice messaging system, or other communication or data storage device) relating to the lawsuit or the facts that make up this lawsuit. This includes, but is not necessarily limited to, any written material such as witness statements, logs, diary entries, bills, cell phone records (including the cell phone itself), screen shots of calls or text messages from the Defendant, audio recordings, and notes of conversation with the Defendant or its agents. Furthermore, you have a duty to preserve and not interfere with the evidence in any manner.

You must not dispose of any of this discovery material, as we expect that it will be requested by the Defendant in the course of the litigation. Failure to preserve this discovery material will likely result in a request by the Defendant for a spoliation of evidence and possible dismissal of this lawsuit with an order for you to pay Defendant's attorneys' fees and costs. Failure to preserve evidence may also result in different or additional sanctions by the Court.

By signing below, you hereby affirm that you have been given notice to not destroy, conceal or alter any paper or electronic files and other data generated by and/or stored that is in your possession or control on your computer/s and storage media (e.g., hard disks, floppy disks, backup tapes, Zip cartridges, CDs, DVDs, etc.), or any other electronic data, such as voice mail that may be relevant to your case. **IF YOU ARE UNSURE PLEASE FEEL FREE TO CONSULT US.**

Additionally, in order to avoid spoliation of evidence, you must suspend certain normal computer maintenance procedures (should your computer be in ANY way related to the litigation), including but not limited to such procedures as de-fragmenting hard drives, deleting internet cookies, deleting browser history and favorites, and running any "disk clean-up" processes. Electronic documents and the storage media on which they reside may contain relevant, discoverable information beyond that which may be found in printed documents. Therefore, even where a paper copy exists, you must retain all documents in their electronic form along with information about those documents contained on the media.

Further, any of your comments on social media regarding the lawsuit or the conduct leading up to the lawsuit may be discoverable, and therefore, you must take steps to preserve such information.

**Page 5 of 8**

HLF00104

Although we advise you not to publicly comment regarding this lawsuit, you must not delete any comments on any social media that you may have already made regarding this lawsuit.

Prior to signing, please inform us whether you have any questions or concerns about the obligation to preserve evidence as it has been explained to you.


Yours Truly,

Abbas Kazerounian, Esq.


Date:_____          Read and understood by: _____

                                                        Erin Robertson


**Page 6 of 8**

HLF00105

## **Mediation Disclosure Notification and Acknowledgment**

To promote communication in mediation, California law generally makes mediation a confidential process. California's mediation confidentiality laws are laid out in Sections 703.5 and 1115 to 1129, inclusive, of the Evidence Code. Those laws establish the confidentiality of mediation and limit the disclosure, admissibility, and a court's consideration of communications, writings, and conduct in connection with a mediation. In general, those laws mean the following:

- All communications, negotiations, or settlement offers in the course of a mediation must remain confidential.

- Statements made and writings prepared in connection with a mediation are not admissible or subject to discovery or compelled disclosure in noncriminal proceedings.

- A mediator's report, opinion, recommendation, or finding about what occurred in a mediation may not be submitted to or considered by a court or another adjudicative body.

- A mediator cannot testify in any subsequent civil proceeding about any communication or conduct occurring at, or in connection with, a mediation.

This means that all communications between you and your attorney made in preparation for a mediation, or during a mediation, are confidential and cannot be disclosed or used (except in extremely limited circumstances), even if you later decide to sue your attorney for malpractice because of something that happens during the mediation.

I, **Erin Robertson**, understand that, unless all participants agree otherwise, no oral or written communication made during a mediation, or in preparation for a mediation, including communications between me and my attorney, can be used as evidence in any subsequent noncriminal legal action including an action against my attorney for malpractice or an ethical violation.

NOTE: This disclosure and signed acknowledgment does not limit your attorney's potential liability to you for professional malpractice, or prevent you from (1) reporting any professional misconduct by your attorney to the State Bar of California or (2) cooperating with any disciplinary investigation or criminal prosecution of your attorney.


Erin Robertson                                        Abbas Kazerounian, Esq.

Date: _____          Date: _____


**Page 7 of 8**

HLF00106

**Electronic Mail Communications/Confidential Communications**

Be advised that you have the right to opt-out of confidential communications with your attorneys sent via electronic mail (e-mail). Attorneys have the express duty to maintain client confidences and shield confidential communications with clients from disclosure to third parties. All information provided by you is given careful attention to remain confidential and we have taken crucial steps to ensure the technological security of electronic communications between us.

We want you to be aware that communications sent via e-mail have the potential to be permanently available once created and carry the risk of being shared with unauthorized third-parties. In sending and receiving communications with your attorneys please consider the location of the computer or device you primarily use to communicate confidential electronic information. If you use a work computer and/or work email address, your confidential information may be at risk of being disclosed to your employer. Additionally, unauthorized third-parties may have the opportunity to access confidential electronic information if you use a public computer or one which is shared. Furthermore, if the device you use to transmit information is connected to a public or shared wi-fi, your information may be at risk of being accessible to unauthorized third-parties.

If you are concerned with the risks e-mail communications carry, you have the right to opt-out of future e-mail communications with your attorneys. In this event we will only communicate with you either over the telephone or through mailed correspondence. If this is something you prefer, please fill out the opt-out request form and return it to our office. We will note your file and no longer communicate with you via email.  If you have any questions concerning the use of email in communicating with your attorneys, please feel free to give us a call and we can discuss further. Prior to signing, please inform us whether you have any questions or concerns about your rights regarding e-mail communications.

*__**Please sign and check the appropriate box below then return this document to inform us whether you wish to opt-out of email communications with our offices.**__*

**Opt-out Request**

☒        I DO NOT want to opt out of email communications with my attorneys and wish to continue to communicate via email with my attorneys.

☐        I DO want to opt out of email communications with my attorneys and no longer wish to communicate via email with my attorneys.

_____
Erin Robertson                                                    Date

**Page 8 of 8**

HLF00107



<div align="right">245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
www.kazlg.com</div>

REFERRAL AGREEMENT

*Erin Robertson V. FIRST PREMIER HOME WARRANTY CORP.*

This referral agreement is entered into by and between Kazerouni Law Group, APC ("KLG") and Heidarpour Law Firm, PLLC ("HLF") related to Client Erin Robertson's claim against FIRST PREMIER HOME WARRANTY CORP.unsolicited phone calls (the "Matter").

**ATTORNEYS' FEES**
In the event the Matter settles or otherwise comes to a favorable conclusion, HLF will receive 20% (twenty percent) of KLG's share of attorneys' fees.

KLG and HLF further agree that if any additional attorneys or counsel become involved in the Matter, KLG and HLF's respective shares shall remain in the same proportion unless a modified agreement is executed by KLG and HLF indicating the contrary.

**The attorneys, who are the parties hereto, have executed or approved this referral agreement on the dates accompanying their signatures below.**

KAZEROUNI LAW GROUP, APC

_____                          _____
Abbas Kazerounian, Esq.                                Date

HEIDARPOUR LAW FIRM, PLLC

_____                          _____
Andrew Heidarpour, Esq.                                Date

CLIENT SIGNATURE ON NEXT PAGE

Page 1 of 2

HLF00108

**Client Erin Robertson has reviewed and approved of this referral agreement on the date accompanying her signature below.**

CLIENT

_____

**Erin Robertson**                              **Date**

Page 2 of 2

HLF00109

1

# <u>CONTINGENT FEE AGREEMENT</u>

**Erin E. Robertson**, **hereinafter referred to as "Client", and Heidarpour Law Firm, PLLC hereinafter referred to as "HLF",**

**agree to the following contract for legal services.**

## <u>EXPECTATION OF SERVICES</u>

1. Client hereby retains HLF to represent them for any and all claims regarding Telephone Consumer Protection Act (TCPA) and Fair Debt Collection Practices Act (FDCPA) violations.

## <u>SCOPE OF WORK AND INTENT</u>

2. HLF will determine whether to pursue a claim on Client's behalf against the named parties. HLF has the right to refuse any claim without explanation. Client acknowledges that the initial intent in retaining HLF is to resolve their claim without litigation and to attempt to successfully negotiate a reasonable and amicable settlement between the alleged violator and the client. Client understands that if the alleged violator does not respond or settle, that litigation may be required.

## <u>LITIGATION</u>

3. **<u>HLF MAY, AT ITS DISCRETION, CO-COUNSEL WITH A FIRM TO EFFECTIVELY AND FAITHFULLY RESOLVE CLIENT'S CLAIM. CLIENT AUTHORIZES HLF TO CO-COUNSEL ON ANY OR ALL OF CLIENT'S CLAIMS. CLIENT UNDERSTANDS THAT A PORTION OF THE FEES EARNED BY HLF MAY BE SHARED WITH CO-COUNSEL. CLIENT ALSO UNDERSTANDS, A NEW FEE AGREEMENT ACKNOWLEDGING CO-COUNSEL'S ROLE MAY NEED TO BE EXECUTED BY CLIENT. CLIENT UNDERSTANDS THE NEW FEE AGREEMENT  SHALL SUPERSEED THIS AGREEMENT FOR THE SPECIFIC CLAIM IN WHICH THE NEW AGREEMENT WAS DRAFTED FOR</u>** . *EER*

## <u>FEE AGREEMENT</u>

4. Client understands that HLF will be paid on a contingency basis. HLF shall be compensated **40%** of the amount recovered if the case is settled before a lawsuit is filed, **45%** of the amount recovered after the filing of a lawsuit, unless the case is settled within **30 days** of filing of such suit, and **50%** of the amount recovered if there is a trial on the merits. The fees described above do not include any costs of litigation, including but not limited to, filing fees, mailing costs, witness expenses, or travel. The contingency fee shall be determined after a deduction of Costs. In the event there is no recovery on a claim, the Client will owe **<u>NO FEES OR COSTS</u>** to HLF.

## <u>PAYMENTS</u>

5. If successful, the settlement amount will either be deposited into HLF's IOLTA trust and the Client will be paid by check from HLF, or two checks will be written upon settlement, one of which will go directly to Client, the other to HLF.

## <u>FEE SHARING</u>

6. Client agrees that a portion of HLF's profits may be distributed to non-attorneys for services provided to HLF.

## <u>POWER OF ATTORNEY</u>

7. Client grants HLF power of attorney to act on their behalf and to execute all claims, contracts, settlements, checks, drafts, compromises, covenants, releases, verifications, dismissals and deposits, in every respect, as though Client were personally doing so.

HLF00110

2

## SETTLEMENT AUTHORITY

8. Client acknowledges that based on HLF's expertise in TCPA claims, that it is best suited to negotiate and determine if any settlement offer received is reasonable based on the TCPA violation. Therefore, Client grants HLF settlement authority to authorize any settlement it deems practical and reasonable.

## TERMINATION

9. Client may terminate this Agreement by giving written notice to HLF at any time. Upon notice by Client, HLF has 30 days to settle or relinquish any claims that are in negotiation status at the time of the notice. HLF may terminate this Agreement by giving written notice to Client at any time. In the event the Client has outstanding claims in which HLF has incurred costs or fees, HLF will be reimbursed those costs by Client. HLF will also relinquish representation of all claims upon notice except those that are pending receipt of settlement.

## EXCLUSIVITY

10. Client agrees that upon retaining HLF, it will have no further contact with the alleged violator. This includes, but is not limited to: discussing settlements, discussing legality of violation, etc. If the Client receives any written, electronic or oral communication from the alleged violator or its representative, it will direct them to HLF immediately.

## JURISDICTION, VENUE AND CHOICE OF LAW

11. This Agreement shall be governed and construed in accordance with the laws of the District of Columbia, and the Parties agree to submit themselves to the exclusive jurisdiction of D.C. Courts in Washington, D.C. for any action arising out of or in connection with this Agreement.

## SEVERABILITY IN EVENT OF PARTIAL INVALIDITY.

12. If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

## ACKNOWLEDGEMENT

13. This Agreement is inclusive of all TCPA and FDCPA claims submitted by the Client to HLF.

Dated: _06/04/2024_____          HLF:_*Andrew Heidarpour*_____

Client Signature: _*Erin E. Robertson*_____          Dated:_06/04/2024_____

Client Name: _____          **Heidarpour Law Firm, PLLC**
**By: Andrew W. Heidarpour**
**D.C. Bar # 1022137**

Client Phone: _____

Client Address: _____

Emergency Contact: Name:_____Charles R. Godkin_____Telephone Number:____(775) 224-9727____

HLF00111

     **Dana Oliver <doliver.heidarpourlawfirm@gmail.com>**

## Pre-Suit Notification of Federal Telemarketing Law Violation re PolicyBright
1 message

**Dana Oliver** <doliver.heidarpourlawfirm@gmail.com>                                    Mon, Jan 27, 2025 at 9:30 PM
To: contact@policybright.org, sergek@leadeconomy.com
Cc: Andrew Heidarpour <aheidarpour@hlfirm.com>

**ATTN: LEGAL DEPARTMENT**

**Hi, my name is Dana Oliver from Heidarpour Law Firm, PLLC. I am sending this correspondence on behalf of my client. Please review it at your earliest convenience.**

**Thank you**

----
Dana J. Oliver, Esq.
Heidarpour Law Firm, PLLC
www.HLFirm.com
DOliver.HeidarpourLawFirm@gmail.com
[P] 202-234-2727

 **CL_PolicyBright 012725 Final.pdf**
213K

HLF00112

 Gmail

Dana Oliver <doliver.heidarpourlawfirm@gmail.com>

## Re: Pre-Suit Notification of Federal Telemarketing Law Violation re PolicyBright
1 message

**Dana Oliver** <doliver.heidarpourlawfirm@gmail.com>    Mon, Feb 10, 2025 at 4:20 PM
To: Responses Responses <unsubresponses@gmail.com>
Cc: Andrew Heidarpour <aheidarpour@hlfirm.com>

Hello PolicyBright Admin,

Our client, Erin Robertson, did not visit the websites you referenced or provide consent to receive telemarketing texts. Your records do not establish that she personally submitted her information. If you maintain that consent was given, please provide further documentation, including server logs that link her specific device to the form submission. Otherwise, we are prepared to move forward as necessary.

Regards,
----

Dana J. Oliver, Esq.
Heidarpour Law Firm, PLLC
www.HLFirm.com
DOliver.HeidarpourLawFirm@gmail.com
[P] 202-234-2727


On Tue, Feb 4, 2025 at 12:01 PM Responses Responses <unsubresponses@gmail.com> wrote:

Hello Dana,

Thank you for reaching out. We have reviewed your correspondence and have researched the number in question:

█████████

This particular number █████████ has provided **prior express written consent** on these websites:

- On August 16th, 2024 on website: https://fcifisms.com/ - joranaya proof attached and screenshot consent.
  - Phone: ████████
  - IP: 170.203.237.194
  - Zip: 89511
- On October 14th, 2024 on website: https://1stpremierlending.com/ - screenshots attached.
  - Phone: ████████
  - IP: 35.151.76.165
  - Zip: 89511
- On October 23rd, 2024 on website: https://brightadvances.com/- screenshots attached.
  - Phone: ████████
  - IP: 174.208.98.62
  - Zip: 89511

PolicyBright is listed as a marketing partner on the above websites and had the right to SMS the consumer at that time.

We trust that this resolves your inquiry.

PolicyBright Admin
contact@policybright.org

On Mon, Jan 27, 2025 at 9:31 PM Dana Oliver <doliver.heidarpourlawfirm@gmail.com> wrote:

**ATTN: LEGAL DEPARTMENT**

**Hi, my name is Dana Oliver from Heidarpour Law Firm, PLLC. I am sending this correspondence on behalf of my client. Please review it at your earliest convenience.**

**Thank you**

----

Dana J. Oliver, Esq.
Heidarpour Law Firm, PLLC
www.HLFirm.com
DOliver.HeidarpourLawFirm@gmail.com
[P] 202-234-2727

HLF00114

 **Dana Oliver <doliver.heidarpourlawfirm@gmail.com>**

## Pre-Suit Notification of Federal Telemarketing Law Violation re Allied Health Agency (re Robertson)

1 message

**Dana Oliver** <doliver.heidarpourlawfirm@gmail.com>                                Mon, Mar 24, 2025 at 7:22 PM
To: info@alliedhealth-agency.com, support@exchange.healthcare, licensing@insurancelicenseadmin.com
Cc: Andrew Heidarpour <aheidarpour@hlfirm.com>

**ATTN: LEGAL DEPARTMENT**

**Hi, my name is Dana Oliver from Heidarpour Law Firm, PLLC. I am sending this correspondence on behalf of my client. Please review it at your earliest convenience.**

**Thank you**

----
Dana J. Oliver, Esq.
Heidarpour Law Firm, PLLC
www.HLFirm.com
DOliver.HeidarpourLawFirm@gmail.com
[P] 202-234-2727

 **CL_Allied Health Agency (re Robertson) 032425 Final.pdf**
213K

HLF00115

 Gmail

Dana Oliver <doliver.heidarpourlawfirm@gmail.com>

## Re: Pre-Suit Notification of Federal Telemarketing Law Violation re PolicyBright
1 message

**Dana Oliver** <doliver.heidarpourlawfirm@gmail.com>
To: Responses Responses <unsubresponses@gmail.com>
Cc: Andrew Heidarpour <aheidarpour@hlfirm.com>

Fri, Apr 4, 2025 at 7:05 PM

You failed to respond to our February 10th message. The screenshots and PDFs you previously provided contain no identifying information linking our client, Erin Robertson, to the form submissions you referenced. She did not provide consent, and your materials don't come close to proving otherwise.

Unless we hear from you with something substantive, we will proceed accordingly.

Regards,

----

Dana J. Oliver, Esq.
Heidarpour Law Firm, PLLC
www.HLFirm.com
DOliver.HeidarpourLawFirm@gmail.com
[P] 202-234-2727


On Mon, Feb 10, 2025 at 4:20 PM Dana Oliver <doliver.heidarpourlawfirm@gmail.com> wrote:
Hello PolicyBright Admin,

Our client, Erin Robertson, did not visit the websites you referenced or provide consent to receive telemarketing texts. Your records do not establish that she personally submitted her information. If you maintain that consent was given, please provide further documentation, including server logs that link her specific device to the form submission. Otherwise, we are prepared to move forward as necessary.

Regards,

---

Dana J. Oliver, Esq.
Heidarpour Law Firm, PLLC
www.HLFirm.com
DOliver.HeidarpourLawFirm@gmail.com
[P] 202-234-2727


On Tue, Feb 4, 2025 at 12:01 PM Responses Responses <unsubresponses@gmail.com> wrote:
Hello Dana,

Thank you for reaching out. We have reviewed your correspondence and have researched the number in question:

████████████

This particular number ████████████ has provided **prior express written consent** on these websites:

- On August 16th, 2024 on website: https://fcifisms.com/ - joranaya proof attached and screenshot consent.
  - Phone: ████████████
  - IP: 170.203.237.194
  - Zip: 89511
- On October 14th, 2024 on website: https://1stpremierlending.com/ - screenshots attached.
  - Phone: ████████████
  - IP: 35.151.76.165
  - Zip: 89511
- On October 23rd, 2024 on website: https://brightadvances.com/- screenshots attached.

- Phone: ██████████
- IP: 174.208.98.62
- Zip: 89511

PolicyBright is listed as a marketing partner on the above websites and had the right to SMS the consumer at that time.

We trust that this resolves your inquiry.

PolicyBright Admin
contact@policybright.org

On Mon, Jan 27, 2025 at 9:31 PM Dana Oliver <doliver.heidarpourlawfirm@gmail.com> wrote:

> **ATTN: LEGAL DEPARTMENT**
>
> **Hi, my name is Dana Oliver from Heidarpour Law Firm, PLLC. I am sending this correspondence on behalf of my client. Please review it at your earliest convenience.**
>
> **Thank you**
>
> ----
> Dana J. Oliver, Esq.
> Heidarpour Law Firm, PLLC
> www.HLFirm.com
> DOliver.HeidarpourLawFirm@gmail.com
> [P] 202-234-2727

HLF00117

## M Gmail

Dana Oliver <doliver.heidarpourlawfirm@gmail.com>

## Re: Pre-Suit Notification of Federal Telemarketing Law Violation re PolicyBright

1 message

**Responses Responses** <unsubresponses@gmail.com>                        Thu, Apr 10, 2025 at 9:00 AM
To: Dana Oliver <doliver.heidarpourlawfirm@gmail.com>
Cc: Andrew Heidarpour <aheidarpour@hlfirm.com>

Hello Dana,

Thank you for reaching out again.

As requested attached are the relevant server logs showing the device details, IP addresses, timestamps, and user data associated with the form submissions that led to the messages sent to █████████. These logs align with consent records from the sites in question that reflect standard industry compliance practices.

Erin Robertson's information was submitted multiple times with consistent details across multiple websites. Per TCPA standards, PolicyBright had the right to send text messages to █████████.

We hope this resolves any uncertainty for your inquiry.

PolicyBright Admin
contact@policybright.org

On Fri, Apr 4, 2025 at 7:06 PM Dana Oliver <doliver.heidarpourlawfirm@gmail.com> wrote:
> You failed to respond to our February 10th message. The screenshots and PDFs you previously provided contain no identifying information linking our client, Erin Robertson, to the form submissions you referenced. She did not provide consent, and your materials don't come close to proving otherwise.
>
> Unless we hear from you with something substantive, we will proceed accordingly.
>
> Regards,
> ----
> Dana J. Oliver, Esq.
> Heidarpour Law Firm, PLLC
> www.HLFirm.com
> DOliver.HeidarpourLawFirm@gmail.com
> [P] 202-234-2727
>
>
> On Mon, Feb 10, 2025 at 4:20 PM Dana Oliver <doliver.heidarpourlawfirm@gmail.com> wrote:
>> Hello PolicyBright Admin,
>>
>> Our client, Erin Robertson, did not visit the websites you referenced or provide consent to receive telemarketing texts. Your records do not establish that she personally submitted her information. If you maintain that consent was given, please provide further documentation, including server logs that link her specific device to the form submission. Otherwise, we are prepared to move forward as necessary.
>>
>> Regards,
>> ----
>> Dana J. Oliver, Esq.
>> Heidarpour Law Firm, PLLC
>> www.HLFirm.com
>> DOliver.HeidarpourLawFirm@gmail.com
>> [P] 202-234-2727

HLF00118

On Tue, Feb 4, 2025 at 12:01 PM Responses Responses <unsubresponses@gmail.com> wrote:
Hello Dana,

Thank you for reaching out. We have reviewed your correspondence and have researched the number in question: ▮▮▮▮▮▮▮

This particular number ▮▮▮▮▮▮ has provided **prior express written consent** on these websites:

- On August 16th, 2024 on website: https://fcifisms.com/ - joranaya proof attached and screenshot consent.
  - Phone: ▮▮▮▮▮▮
  - IP: 170.203.237.194
  - Zip: 89511
- On October 14th, 2024 on website: https://1stpremierlending.com/ - screenshots attached.
  - Phone: ▮▮▮▮▮▮
  - IP: 35.151.76.165
  - Zip: 89511
- On October 23rd, 2024 on website: https://brightadvances.com/- screenshots attached.
  - Phone: ▮▮▮▮▮▮
  - IP: 174.208.98.62
  - Zip: 89511

PolicyBright is listed as a marketing partner on the above websites and had the right to SMS the consumer at that time.

We trust that this resolves your inquiry.

PolicyBright Admin
contact@policybright.org

On Mon, Jan 27, 2025 at 9:31 PM Dana Oliver <doliver.heidarpourlawfirm@gmail.com> wrote:

### ATTN: LEGAL DEPARTMENT

**Hi, my name is Dana Oliver from Heidarpour Law Firm, PLLC. I am sending this correspondence on behalf of my client. Please review it at your earliest convenience.**

**Thank you**

----
Dana J. Oliver, Esq.
Heidarpour Law Firm, PLLC
www.HLFirm.com
DOliver.HeidarpourLawFirm@gmail.com
[P] 202-234-2727

**ServerLogs -** ▮▮▮▮▮▮ **.csv**
1K

 Gmail

**Dana Oliver <doliver.heidarpourlawfirm@gmail.com>**

# Pre-Suit Notification of Federal Telemarketing Law Violation re Patriot Health (re Robertson)

1 message

**Dana Oliver** <doliver.heidarpourlawfirm@gmail.com>                    Thu, Apr 17, 2025 at 11:38 AM
To: tracy@ccgfamily.com, accessibility@ccgfamily.com, info@ccgfamily.com, support@patriothealth.com
Cc: Andrew Heidarpour <aheidarpour@hlfirm.com>

**ATTN: LEGAL DEPARTMENT**

**Hi, my name is Dana Oliver from Heidarpour Law Firm, PLLC. I am sending this correspondence on behalf of my client. Please review it at your earliest convenience.**

**Thank you**

----
Dana J. Oliver, Esq.
Heidarpour Law Firm, PLLC
www.HLFirm.com
DOliver.HeidarpourLawFirm@gmail.com
[P] 202-234-2727



📄 **CL_Patriot Health (re Robertson) 041725 Final.pdf**
212K

HLF00120

 Gmail

**Dana Oliver <doliver.heidarpourlawfirm@gmail.com>**

## Re: Letters regarding the Alleged Violation of the TCPA - Erin Robertson, Kyle Rashley, and Nicholas Dungey

1 message

**Dana Oliver** <doliver.heidarpourlawfirm@gmail.com>                          Mon, Apr 28, 2025 at 10:35 AM
To: Matt Ramin <MRamin@connellfoley.com>
Cc: "Leo J. Hurley, Jr." <LHurley@connellfoley.com>, "Aaron H. Gould" <agould@connellfoley.com>, Cherylyn Tanner <CTanner@connellfoley.com>, Andrew Heidarpour <aheidarpour@hlfirm.com>

Dear Mr. Hurley,

We acknowledge receipt of your April 24, 2025 letters regarding the claims of Kyle Rashley, Erin Robertson, and Nicholas Dungey. Without waiving any rights, we are willing to allow Patriot Health until May 1, 2025 to complete its investigation and provide a substantive response.

Regards,
----
Dana J. Oliver, Esq.
Heidarpour Law Firm, PLLC
www.HLFirm.com
DOliver.HeidarpourLawFirm@gmail.com
[P] 202-234-2727


On Thu, Apr 24, 2025 at 11:57 AM Matt Ramin <MRamin@connellfoley.com> wrote:

> Good afternoon Mr. Oliver,
>
> Please find attached for your review, letter correspondence regarding the above referenced matter.
>
> Should you have any questions or concerns, please do not hesitate to contact us at our office.
>
> Thank you,
>
> **Mahrad (Matt) Ramin**
>
> *Paralegal*
>
> Connell Foley LLP
> Harborside 5 | 185 Hudson Street, Suite 2510 | Jersey City, NJ 07311
>
> Phone   201.521.1000
>
> Direct   201.631.7842

HLF00121

Fax      201.521.0100

mramin@connellfoley.com

**website | map |**

A TRADITION OF LEGAL EXCELLENCE SINCE 1938

**Roseland • Jersey City • Newark • New York • Philadelphia**

**STATEMENT OF CONFIDENTIALITY:**  The information contained in this transmission including any attached documentation is privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify Connell Foley LLP immediately by replying to this email. Please delete all copies of this message and any attachments immediately.

HLF00122



**Dana Oliver <doliver.heidarpourlawfirm@gmail.com>**

## Pre-Suit Notification of Federal Telemarketing Law Violation

1 message

**Dana Oliver** <doliver.heidarpourlawfirm@gmail.com>                          Tue, Aug 6, 2024 at 8:44 PM
To: info@starianconsulting.com, info@xanaducreativeagency.com
Cc: Andrew Heidarpour <aheidarpour@hlfirm.com>

**ATTN: LEGAL DEPARTMENT**

**Hi, my name is Dana Oliver from Heidarpour Law Firm, PLLC. I am sending this correspondence on behalf of my client. Please review it at your earliest convenience.**

**Thank you**

--
Dana J. Oliver, Esq.
Heidarpour Law Firm, PLLC
www.HLFirm.com
DOliver.HeidarpourLawFirm@gmail.com
[P] 202-234-2727


**CL_InsuranceCloud365 080624 Final.pdf**
404K

HLF00123

 **Gmail**                                                    **Dana Oliver <doliver.heidarpourlawfirm@gmail.com>**

## (PLEASE REVIEW) Pre-Suit Notification of Federal Telemarketing Law Violation
1 message

**Dana Oliver** <doliver.heidarpourlawfirm@gmail.com>                      Wed, Aug 7, 2024 at 11:25 AM
To: Andrew Heidarpour <aheidarpour@hlfirm.com>

**Good morning Mr. Cutright;**

**We have another client who has received unlawful calls, details are below:**

    **Name: Erin Robertson**
    **Phone:** ▆▆▆▆▆▆

**The number is also listed on the Do Not Call Registry.  Please look into this and get back with me when you have a moment.  Thank you.**

--
Dana J. Oliver, Esq.
Heidarpour Law Firm, PLLC
www.HLFirm.com
DOliver.HeidarpourLawFirm@gmail.com
[P] 202-234-2727

HLF00124



Dana Oliver <doliver.heidarpourlawfirm@gmail.com>

## Re: Fwd: Pre-Suit Notification of Federal Telemarketing Law Violation

1 message

**Dana Oliver** <doliver.heidarpourlawfirm@gmail.com>                    Thu, Aug 8, 2024 at 1:29 PM
To: manal@apello.net
Cc: Andrew Heidarpour <aheidarpour@hlfirm.com>

Dear Manal Elayan,

Thank you for your reply.  I'm now handling the claim for this matter.  I believe Andrew previously indicated to you that the documents you provided do not show the client's consent.

Please provide your attorneys' contact information so they may accept service.

Thank you,
----
Dana J. Oliver, Esq.
Heidarpour Law Firm, PLLC
www.HLFirm.com
DOliver.HeidarpourLawFirm@gmail.com
[P] 202-234-2727


On Wed, Aug 7, 2024 at 11:39 AM <manal@apello.net> wrote:
> Good afternoon,
>
> We are in receipt of your letter; however, we have been in contact with
> Andrew Heidarprour from your office regarding this matter. We have
> exchanged multiple emails regarding Erin Robertson. I have attached the
> information for your convenience. Regarding your letter specifically,
> InsuranceCloud365 does not own short code 71988. We have gone ahead and
> inquired with the Attorney General of California to file a complaint. I
> have attached the opt-ins, the several IP addresses she has used to
> disguise her identity and the letter sent to Attorney Andrew Heidarpour.
>
> Sincerely,
>
> Manal Elayan
> Paralegal for Apello Family of Companies
> O-745 Lake Michigan Drive NW
> Grand Rapids, Michigan 49534
>
> On 2024-08-07 14:04, Joe Delfgauw wrote:
> > ---------- Forwarded message ---------
> > From: Dana Oliver <doliver.heidarpourlawfirm@gmail.com>
> > Date: Wed, Aug 7, 2024 at 1:59 PM
> > Subject: Pre-Suit Notification of Federal Telemarketing Law Violation
> > To: <info@text-calibur.com>, <joe@joedelfgauw.com>
> > Cc: Andrew Heidarpour <aheidarpour@hlfirm.com>
> >
> > ATTN: LEGAL DEPARTMENT
> >
> > Hi, my name is Dana Oliver from Heidarpour Law Firm, PLLC. I am
> > sending this correspondence on behalf of my client. Please review it
> > at your earliest convenience. Thank you
> >
> > --

HLF00125

```
>
> Dana J. Oliver, Esq.
> Heidarpour Law Firm, PLLC
> www.HLFirm.com [1]
> DOliver.HeidarpourLawFirm@gmail.com
> [P] 202-234-2727 [2]
>
> Links:
> ------
> [1] http://www.hlfirm.com/
> [2] tel:(202)%20234-2727
```

--
Sincerely,

Manal Elayan
Paralegal for Apello Family of Companies
O-745 Lake Michigan Drive NW
Grand Rapids, Michigan 49534

HLF00126

 **Dana Oliver <doliver.heidarpourlawfirm@gmail.com>**

## RE: Pre-Suit Notification of Federal Telemarketing Law Violation
1 message

**Cutright, Austin** <austin.cutright@uhc.com>                    Fri, Aug 9, 2024 at 5:16 AM
To: Dana Oliver <doliver.heidarpourlawfirm@gmail.com>

Good morning Ms. Oliver,


Thank you for the message. Please let this email acknowledge receipt of  the below allegations for you client . USHEALTH Advisors, LLC (Advisors) will conduct a thorough investigation and will respond at the conclusion of that investigation. That said, please provide any proof to substantiate the alleged contact(s) that are in violation and how USHEALTH Advisors, LLC (Advisors) is or may be related to the allegations made.


Thank you,


**Austin Cutright**
Attorney, Legal Department

**USHEALTH Group®**
300 Burnett Street, Suite 200
Fort Worth, Texas 76102 **|** (952) 202-6593


---

**From:** Dana Oliver <doliver.heidarpourlawfirm@gmail.com>
**Sent:** Thursday, August 8, 2024 2:40 PM
**To:** Cutright, Austin <austin.cutright@uhc.com>
**Cc:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Subject:** Pre-Suit Notification of Federal Telemarketing Law Violation


**Caution: External email. Do not open attachments or click on links if you do not recognize the sender.**


**Good morning Mr. Cutright;**

**We have another client who has received unlawful calls, details are below:**

> **Name: Erin Robertson**
> **Phone:** ▓▓▓▓▓▓▓

**The number is also listed on the Do Not Call Registry.  Please look into this and get back with me when you have a moment. Thank you.**

HLF00127

--

Dana J. Oliver, Esq.

Heidarpour Law Firm, PLLC
www.HLFirm.com

DOliver.HeidarpourLawFirm@gmail.com
[P] 202-234-2727

This e-mail, including attachments, may include confidential and/or
proprietary information, and may be used only by the person or entity
to which it is addressed. If the reader of this e-mail is not the intended
recipient or intended recipient's authorized agent, the reader is hereby
notified that any dissemination, distribution or copying of this e-mail is
prohibited. If you have received this e-mail in error, please notify the
sender by replying to this message and delete this e-mail immediately.

HLF00128



**Dana Oliver <doliver.heidarpourlawfirm@gmail.com>**

## Pre-Suit Notification of Federal Telemarketing Law Violation
1 message

**Dana Oliver** <doliver.heidarpourlawfirm@gmail.com>                     Fri, Aug 9, 2024 at 4:22 PM
To: compliance@yesomni.com, avsar@omnimilitaryloans.com, customersupport@omnimilitaryloans.com,
teamsupport@yesomni.com
Cc: Andrew Heidarpour <aheidarpour@hlfirm.com>

**ATTN: LEGAL DEPARTMENT**

**Hi, my name is Dana Oliver from Heidarpour Law Firm, PLLC. I am sending this correspondence on behalf of my client. Please review it at your earliest convenience.**

**Thank you**
----
Dana J. Oliver, Esq.
Heidarpour Law Firm, PLLC
www.HLFirm.com
DOliver.HeidarpourLawFirm@gmail.com
[P] 202-234-2727

 **CL_Omni Financial 080924 Final.pdf**
488K

HLF00129



**Dana Oliver <doliver.heidarpourlawfirm@gmail.com>**

# Pre-Suit Notification of Federal Telemarketing Law Violation

1 message

**Dana Oliver** <doliver.heidarpourlawfirm@gmail.com>    Tue, Aug 13, 2024 at 10:49 AM
To: harden.lee@gmail.com, lharden@lcocasino.com, Customers@eloanwarehouse.com, scotts968@yahoo.com, loanselectus@aol.com
Cc: Andrew Heidarpour <aheidarpour@hlfirm.com>

**ATTN: LEGAL DEPARTMENT**

**Hi, my name is Dana Oliver from Heidarpour Law Firm, PLLC. I am sending this correspondence on behalf of my client. Please review it at your earliest convenience.**

**Thank you**

----

Dana J. Oliver, Esq.
Heidarpour Law Firm, PLLC
www.HLFirm.com
DOliver.HeidarpourLawFirm@gmail.com
[P] 202-234-2727

 **CL_eLoan Warehouse 081324 Final.pdf**
412K

HLF00130



**Dana Oliver <doliver.heidarpourlawfirm@gmail.com>**

## Pre-Suit Notification of Federal Telemarketing Law Violation
1 message

**Dana Oliver** <doliver.heidarpourlawfirm@gmail.com>                    Fri, Aug 16, 2024 at 11:47 AM
To: imtiyaz_haque@yahoo.com, ihaque@movoto.com, legal@ojo.com, customercare@movoto.com
Cc: Andrew Heidarpour <aheidarpour@hlfirm.com>

**ATTN: LEGAL DEPARTMENT**

**Hi, my name is Dana Oliver from Heidarpour Law Firm, PLLC. I am sending this correspondence on behalf of my client. Please review it at your earliest convenience.**

**Thank you**
----
Dana J. Oliver, Esq.
Heidarpour Law Firm, PLLC
www.HLFirm.com
DOliver.HeidarpourLawFirm@gmail.com
[P] 202-234-2727


**CL_Movoto 081624 Final.pdf**
213K

HLF00131

 **Gmail**

**Dana Oliver <doliver.heidarpourlawfirm@gmail.com>**

## Pre-Suit Notification of Federal Telemarketing Law Violation re Bank of America
1 message

**Dana Oliver** <doliver.heidarpourlawfirm@gmail.com>    Wed, Aug 21, 2024 at 5:44 PM
To: lauren.mogensen@bofa.com, dandan.liu2@bofa.com
Cc: Andrew Heidarpour <aheidarpour@hlfirm.com>

**ATTN: LEGAL DEPARTMENT**

**Hi, my name is Dana Oliver from Heidarpour Law Firm, PLLC. I am sending this correspondence on behalf of my client. Please review it at your earliest convenience.**

**Thank you**

----
Dana J. Oliver, Esq.
Heidarpour Law Firm, PLLC
www.HLFirm.com
DOliver.HeidarpourLawFirm@gmail.com
[P] 202-234-2727

 **CL_Bank of America 082124 Final.pdf**
212K

HLF00132

 **Dana Oliver <doliver.heidarpourlawfirm@gmail.com>**

## Attn: eLoan Warehouse - Follow-Up re Pre-Suit Notification of Federal Telemarketing Law Violation

1 message

**Dana Oliver** <doliver.heidarpourlawfirm@gmail.com>                                              Sun, Aug 25, 2024 at 10:19 PM
To: harden.lee@gmail.com, Customers@eloanwarehouse.com, scotts968@yahoo.com
Cc: Andrew Heidarpour <aheidarpour@hlfirm.com>

**ATTN: LEGAL DEPARTMENT**

I'm following up on the letter I sent on **August 13, 2024** regarding concerns related to unsolicited telemarketing communications from your company, or some company on your behalf, to our client, **Erin Robertson**, whose wireless line is ███████▓. Please confirm receipt of this email and let me know if you intend to address the matter. If we do not hear back from you by **September 2, 2024**, my client will consider all available legal remedies.

Attached for your reference is my original letter.

Thank you for your prompt attention to this matter.

Best regards,
----
Dana J. Oliver, Esq.
Heidarpour Law Firm, PLLC
www.HLFirm.com
DOliver.HeidarpourLawFirm@gmail.com
[P] 202-234-2727

 **CL_eLoan Warehouse 081324 Final.pdf**
412K

HLF00133

 **Dana Oliver <doliver.heidarpourlawfirm@gmail.com>**

## Attn: eLoan Warehouse - Follow-Up re Pre-Suit Notification of Federal Telemarketing Law Violation

1 message

**Dana Oliver** <doliver.heidarpourlawfirm@gmail.com>                    Sun, Aug 25, 2024 at 10:19 PM
To: harden.lee@gmail.com, Customers@eloanwarehouse.com, scotts968@yahoo.com
Cc: Andrew Heidarpour <aheidarpour@hlfirm.com>

**ATTN: LEGAL DEPARTMENT**

I'm following up on the letter I sent on **August 13, 2024** regarding concerns related to unsolicited telemarketing communications from your company, or some company on your behalf, to our client, **Erin Robertson**, whose wireless line is ███████. Please confirm receipt of this email and let me know if you intend to address the matter. If we do not hear back from you by **September 2, 2024**, my client will consider all available legal remedies.

Attached for your reference is my original letter.

Thank you for your prompt attention to this matter.

Best regards,
----
Dana J. Oliver, Esq.
Heidarpour Law Firm, PLLC
www.HLFirm.com
DOliver.HeidarpourLawFirm@gmail.com
[P] 202-234-2727



📄 **CL_eLoan Warehouse 081324 Final.pdf**
412K

HLF00134

 **Dana Oliver <doliver.heidarpourlawfirm@gmail.com>**

## Attn: Omni Financial - Follow-Up re Pre-Suit Notification of Federal Telemarketing Law Violation

1 message

**Dana Oliver** <doliver.heidarpourlawfirm@gmail.com>    Sun, Aug 25, 2024 at 10:13 PM
To: compliance@yesomni.com, customersupport@omnimilitaryloans.com, teamsupport@yesomni.com
Cc: Andrew Heidarpour <aheidarpour@hlfirm.com>

**ATTN: LEGAL DEPARTMENT**

I'm following up on the letter I sent on **August 9, 2024** regarding concerns related to unsolicited telemarketing communications from your company, or some company on your behalf, to our client, **Erin Robertson**, whose wireless line is ███████████'. Please confirm receipt of this email and let me know if you intend to address the matter. If we do not hear back from you by **September 2, 2024**, my client will consider all available legal remedies.

Attached for your reference is my original letter.

Thank you for your prompt attention to this matter.

Best regards,
----
Dana J. Oliver, Esq.
Heidarpour Law Firm, PLLC
www.HLFirm.com
DOliver.HeidarpourLawFirm@gmail.com
[P] 202-234-2727

 **CL_Omni Financial 080924 Final.pdf**
488K

HLF00135

 Gmail

Dana Oliver <doliver.heidarpourlawfirm@gmail.com>

## RE: EXTERNAL - Attn: Omni Financial - Follow-Up re Pre-Suit Notification of Federal Telemarketing Law Violation

1 message

**Compliance Omni** <compliance@yesomni.com>                    Mon, Aug 26, 2024 at 1:31 PM
To: Dana Oliver <doliver.heidarpourlawfirm@gmail.com>, Andrew Heidarpour <aheidarpour@hlfirm.com>
Cc: Compliance Omni <compliance@yesomni.com>

Good afternoon.

Thank you for the follow up email below.

Our response was mailed on August 20th.  For your convenience, a copy of the mailed response is attached.

Thank you again.

**Kristena Arnold, Senior Compliance Officer**
**Omni Financial**

Direct: 702.778.8490 x 7602

karnold@yesomni.com

www.yesomni.com

---

**From:** Dana Oliver <doliver.heidarpourlawfirm@gmail.com>
**Sent:** Monday, August 26, 2024 1:13 AM
**To:** Compliance Omni <compliance@yesomni.com>; customersupport@omnimilitaryloans.com; Team Support <teamsupport@yesomni.com>
**Cc:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Subject:** EXTERNAL - Attn: Omni Financial - Follow-Up re Pre-Suit Notification of Federal Telemarketing Law Violation

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

**ATTN: LEGAL DEPARTMENT**

HLF00136

I'm following up on the letter I sent on **August 9, 2024** regarding concerns related to unsolicited telemarketing communications from your company, or some company on your behalf, to our client, **Erin Robertson**, whose wireless line is ███████. Please confirm receipt of this email and let me know if you intend to address the matter. If we do not hear back from you by **September 2, 2024**, my client will consider all available legal remedies.

Attached for your reference is my original letter.

Thank you for your prompt attention to this matter.

Best regards,

----

Dana J. Oliver, Esq.

Heidarpour Law Firm, PLLC
www.HLFirm.com

DOliver.HeidarpourLawFirm@gmail.com
[P] 202-234-2727

This message, and any attachments, is for the intended recipient(s) only and may contain information that is legally privileged, confidential and/or proprietary. Any use, disclosure, copying, distribution, or transmittal of information contained in this email by individuals who are not the intended recipients may be a violation of law and is strictly prohibited. If you are not the intended recipient, please notify the sender and immediately delete this message.

 **ERobertson Response Letter.pdf**
92K

HLF00137

    **Dana Oliver <doliver.heidarpourlawfirm@gmail.com>**

## Re: Pre-Suit Notification of Federal Telemarketing Law Violation re Bank of America
1 message

**Dana Oliver** <doliver.heidarpourlawfirm@gmail.com>    Sun, Sep 1, 2024 at 11:20 AM
To: lauren.mogensen@bofa.com, dandan.liu2@bofa.com
Cc: Andrew Heidarpour <aheidarpour@hlfirm.com>

ATTN: LEGAL DEPARTMENT,

I am following up on the letter and email I sent on August 21, 2024, regarding our client's concerns about apparent TCPA violations by your company. Since we have not yet received a response, I wanted to ensure our communication reached you and that there are no issues needing to be addressed. Please find the original letter attached for your reference. We kindly request that you respond at your earliest convenience, but no later than **September 9, 2024**. Thank you for your attention to this matter, and I look forward to your prompt response.

Best regards,
----
Dana J. Oliver, Esq.
Heidarpour Law Firm, PLLC
www.HLFirm.com
DOliver.HeidarpourLawFirm@gmail.com
[P] 202-234-2727

On Wed, Aug 21, 2024 at 5:44 PM Dana Oliver <doliver.heidarpourlawfirm@gmail.com> wrote:

> **ATTN: LEGAL DEPARTMENT**
>
> **Hi, my name is Dana Oliver from Heidarpour Law Firm, PLLC. I am sending this correspondence on behalf of my client. Please review it at your earliest convenience.**
>
> **Thank you**
> ----
> Dana J. Oliver, Esq.
> Heidarpour Law Firm, PLLC
> www.HLFirm.com
> DOliver.HeidarpourLawFirm@gmail.com
> [P] 202-234-2727

 **CL_Bank of America 082124 Final.pdf**
212K

HLF00138

 **Gmail**                                    **Dana Oliver <doliver.heidarpourlawfirm@gmail.com>**

## Pre-Suit Notification of Federal Telemarketing Law Violation re Albert Corporation
1 message

**Dana Oliver** <doliver.heidarpourlawfirm@gmail.com>                    Thu, Sep 5, 2024 at 7:53 PM
To: michael.friedman@albert.com, courtney.wald@albert.com, support@albert.com, complaints@albert.com
Cc: Andrew Heidarpour <aheidarpour@hlfirm.com>

**ATTN: LEGAL DEPARTMENT**

**Hi, my name is Dana Oliver from Heidarpour Law Firm, PLLC. I am sending this correspondence on behalf of my client. Please review it at your earliest convenience.**

**Thank you**
----
Dana J. Oliver, Esq.
Heidarpour Law Firm, PLLC
www.HLFirm.com
DOliver.HeidarpourLawFirm@gmail.com
[P] 202-234-2727

**CL_Albert Corporation 090524 Final.pdf**
211K

HLF00139

 Gmail

**Dana Oliver <doliver.heidarpourlawfirm@gmail.com>**

# Attn: eLoan Warehouse - Urgent Follow-Up Regarding TCPA Violations
1 message

**Dana Oliver** <doliver.heidarpourlawfirm@gmail.com>    Sat, Sep 7, 2024 at 10:30 PM
To: harden.lee@gmail.com, Customers@eloanwarehouse.com, scotts968@yahoo.com
Cc: Andrew Heidarpour <aheidarpour@hlfirm.com>

**ATTN: LEGAL DEPARTMENT**

I am writing to follow up on my previous emails sent on **August 13** and **August 25, 2024** regarding unsolicited telemarketing communications received by our client, **Erin Robertson**, on their wireless line, ▮▮▮▮▮▮▮'. Despite our repeated attempts to address this matter, we have yet to receive any response from your office. It's critical that we hear from you immediately. If we do not receive a response by **September 13, 2024**, my client will have no choice but to consider all legal remedies available to them, including filing a claim in Federal Court.

Attached for your reference is my original letter.

Thank you for your prompt attention.

Best regards,
----
Dana J. Oliver, Esq.
Heidarpour Law Firm, PLLC
www.HLFirm.com
DOliver.HeidarpourLawFirm@gmail.com
[P] 202-234-2727

 **CL_eLoan Warehouse 081324 Final.pdf**
412K

HLF00140

 **Dana Oliver <doliver.heidarpourlawfirm@gmail.com>**

## Pre-Suit Notification of Federal Telemarketing Law Violation re Great LLC
1 message

**Dana Oliver** <doliver.heidarpourlawfirm@gmail.com>                              Sun, Sep 8, 2024 at 7:08 PM
To: "support@badcreditloans.com" <support@badcreditloans.com>, "jasmineramin@gmail.com" <jasmineramin@gmail.com>
Cc: Andrew Heidarpour <aheidarpour@hlfirm.com>

**ATTN: LEGAL DEPARTMENT**

**Hi, my name is Dana Oliver from Heidarpour Law Firm, PLLC. I am sending this correspondence on behalf of my client. Please review it at your earliest convenience.**

**Thank you**
----
Dana J. Oliver, Esq.
Heidarpour Law Firm, PLLC
www.HLFirm.com
DOliver.HeidarpourLawFirm@gmail.com
[P] 202-234-2727

 **CL_Great 090824 Final.pdf**
212K

HLF00141

 Gmail

**Dana Oliver <doliver.heidarpourlawfirm@gmail.com>**

## FW: Attn: eLoan Warehouse - Urgent Follow-Up Regarding TCPA Violations
1 message

**Saba Bazzazieh** <sbazzazieh@mshkawzilaw.com>                    Mon, Sep 9, 2024 at 9:58 AM
To: "doliver.heidarpourlawfirm@gmail.com" <doliver.heidarpourlawfirm@gmail.com>
Cc: "Nicole St. Germain" <nstgermain@mshkawzilaw.com>

Good afternoon, Ms. Oliver –

In reference to your email below, please be advised that a response to your August 13th letter was sent by our firm on behalf of our client via email on August 22, 2024 (please see attached for reference) and delivered via Federal Express (Tracking No. 778152664302) to the address associated with your law firm.

We ask that you direct any future communications regarding this matter to our firm's attention.

Sincerely,

Saba Bazzazieh

Mshkawzi Law, LLP

Cell: (480) 240-0238

sbazzazieh@mshkawzilaw.com

www.mshkawzilaw.com

CONFIDENTIAL COMMUNICATION: THIS MESSAGE IS A CONFIDENTIAL ATTORNEY COMMUNICATION ONLY FOR USE BY THE INTENDED RECIPIENT.  ANY INADVERTENT RECEIPT SHALL NOT CONSTITUTE A WAIVER OF ATTORNEY-CLIENT OR WORK PRODUCT PROTECTION.  IF RECEIVED IN ERROR, PLEASE NOTIFY SENDER IMMEDIATELY AND DELETE THIS MESSAGE.  THANK YOU FOR YOUR COOPERATION.

---

**From:** Dana Oliver <doliver.heidarpourlawfirm@gmail.com>
**Sent:** Saturday, September 7, 2024 11:30 PM
**To:** harden.lee@gmail.com <harden.lee@gmail.com>; ELW - Customers <customers@eloanwarehouse.com>; scotts968@yahoo.com <scotts968@yahoo.com>
**Cc:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Subject:** Attn: eLoan Warehouse - Urgent Follow-Up Regarding TCPA Violations

**ATTN: LEGAL DEPARTMENT**

I am writing to follow up on my previous emails sent on **August 13** and **August 25, 2024** regarding unsolicited telemarketing communications received by our client, **Erin Robertson**, on their wireless line, ▓▓▓▓▓▓▓▓▓". Despite our repeated attempts to address this matter, we have yet to receive any response from your office. It's critical that we hear from you immediately. If we do not receive a response by **September 13, 2024**, my client will have no choice but to consider all legal remedies available to them, including filing a claim in Federal Court.

Attached for your reference is my original letter.

Thank you for your prompt attention.

Best regards,

----

Dana J. Oliver, Esq.

Heidarpour Law Firm, PLLC
www.HLFirm.com

DOliver.HeidarpourLawFirm@gmail.com
[P] 202-234-2727

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

---------- Forwarded message ----------
From: Saba Bazzazieh <sbazzazieh@mshkawzilaw.com>
To: "doliver.heidarpourlawfirm@gmail.com" <doliver.heidarpourlawfirm@gmail.com>
Cc: "Nicole St. Germain" <nstgermain@mshkawzilaw.com>
Bcc:
Date: Thu, 22 Aug 2024 15:54:43 +0000
Subject: August 13 Letter/Lac Courte Oreilles Band of Lake Superior Chippewa Indians

Good afternoon, Ms. Oliver –

Please find the enclosed letter on behalf of my client the Lac Courte Oreilles Band of Lake Superior Chippewa Indians, a federally recognized tribe ("Tribe"), Lac Courte Oreilles Financial Services II, LLC ("LCOFS II"), a wholly-owned and operated arm and instrumentality of the Tribe, and Opichi Funds, LLC ("Opichi," dba, Eloanwarehouse), a wholly-owned and operated arm and economic subsidiary of LCOFS II and the Tribe.

A hard copy will follow via Federal Express.

Regards,

Saba Bazzazieh

HLF00143

Mshkawzi Law, LLP

Cell: (480) 240-0238

sbazzazieh@mshkawzilaw.com

www.mshkawzilaw.com

CONFIDENTIAL COMMUNICATION: THIS MESSAGE IS A CONFIDENTIAL ATTORNEY COMMUNICATION ONLY FOR USE BY THE INTENDED RECIPIENT. ANY INADVERTENT RECEIPT SHALL NOT CONSTITUTE A WAIVER OF ATTORNEY-CLIENT OR WORK PRODUCT PROTECTION. IF RECEIVED IN ERROR, PLEASE NOTIFY SENDER IMMEDIATELY AND DELETE THIS MESSAGE. THANK YOU FOR YOUR COOPERATION.

**2 attachments**

 **2024 08 22 Response to D. Oliver (E Robinson).pdf**
188K

**August 13 Letter/Lac Courte Oreilles Band of Lake Superior Chippewa Indians.eml**
265K

HLF00144



HLF00145



| | | | |
|---|---|---|---|
| income | | Accept Credit Card Payments | |
| Business Bank Account | — | Ship Products | — |

**Owner Information**

| | | | |
|---|---|---|---|
| Phone | ☎ ▮▮▮▮ | Lead Name | Erin Robertson |
| Email | ▮▮▮▮ | Cell Phone ⓘ | |
| Date of birth ⓘ | ▮▮ 1985 | Personal Credit Score ⓘ | Needs Work (499 or below) corresponds to the credit score range of Needs Work (499 or below). |
| SSN ⓘ | ▮▮▮0000 | Annual Personal Income | — |
| Credit Pull ⓘ | Soft Pull | Served in Military | |
| Is US Citizen | | % of Ownership | 100 |

**Owner Address**

| | |
|---|---|
| Same as Business Address | ✓ |

**Mortgage Loan Information**

| | | | |
|---|---|---|---|
| Home Loan Type | — | Type of Property | — |
| Usage of Property | — | Property Zip Code | — |
| Already have Home | — | Working with Agent | — |
| When Buy Home | — | Estimated Purchase Price | — |
| Down Payment | — | Accounts with Banks | — |
| First Buying Home | — | Have Co Borrower | — |
| House Hold Income | — | | |

**Personal Loan Information**

| | | | |
|---|---|---|---|
| Employment Status | — | Education Level More | — |
| Own/Rent Home | — | Yearly Income | — |

**Student Loan Information**

| | | | |
|---|---|---|---|
| US Citizen More | — | School Name | — |
| Type of Degree | — | Degree Type More | — |
| Enrollment Status | — | Graduation Date | — |
| Annual Employment Income | — | Additional Income | — |
| Add a Cosigner | — | Additional Income Frequency | — |
| War of Study | — | Study Year More | — |
| School Term | — | School Term More | — |
| Student MI | — | | |

**Website Contact Form**

| | | | |
|---|---|---|---|
| Contact Form Full Name | — | Contact Form Email | — |
| What can we help you with | — | Contact Message | — |

**Marketing Information**

| | | | |
|---|---|---|---|
| Referrer URL | — | Campaign Parameter | — |
| Ad Group Parameter | — | Keyword Parmeter | — |

**Campaign Information**

| | | | |
|---|---|---|---|
| Clicked on Disaster Campaign | — | Disaster Campaign Sent | — |
| Unable to Contact | — | cLeadID | 4470003000919643582 |

**Cake Info**

| | | | |
|---|---|---|---|
| Cake Campaign ID | — | Cake Campaign Key | — |
| Jorreya Lead ID | — | Cake Lead ID | — |
| Ckm Key 4 | — | Ckm key 5 | — |

**PPC Campaign Information**

| | | | |
|---|---|---|---|
| First Visit Campaign ID | — | Last Visit Campaign ID | — |
| First Visit keyword | — | First Visit Creative | — |
| First Visit ad campaign id | — | First Visit group id | — |
| First Visit device | — | First Visit gclid | — |
| Last Visit keyword | — | Last Visit Creative | — |
| Last Visit ad campaign id | — | Last Visit group id | — |
| Last Visit device | — | Last Visit gclid | — |

**Google Analytics**

| | | | |
|---|---|---|---|
| _ga | — | _gid | — |
| gclsrc | — | utm_source | — |
| utm_medium | — | kclickid | — |

HLF00146



HLF00147



**Campaigns**

| Campaign Name | Status | Type | Start Date | End Date | Expected Revenue | Budgeted Cost | Member Status | Service Status |
|---|---|---|---|---|---|---|---|---|
| SBA Campaign 2 | Active | Zoho Campaigns | | | | | Sent | Sent |
| SBA Campaign 1 | Active | Zoho Campaigns | | | | | Sent | Sent |
| 4th of July 2024 | Active | Zoho Campaigns | | | | | Sent | Sent |

**ZohoSign Documents**

| ZohoSign Documents Name | Email | Document Status | Created By |
|---|---|---|---|
| 03-Lendzi Funding Application Form - 1 Signer | | Expired | Eliceo Rosales |

**Box Files**

No files exists for this record.

**Lead Status History**

| Stage | Lead Status | Duration (Days) | Modified Time | Modified By |
|---|---|---|---|---|
| Dead Lead | DL-IS-DNC | | 07-18-2024 11:25 AM | Lendzi Admin |
| Initial Sales | IS-Unable to contact | 23 | 06-25-2024 12:34 PM | John Ok |
| Initial Sales | Initial Sales | 4 | 06-21-2024 08:59 PM | Brady Kloeckener |
| | No Value | 0 | 06-21-2024 08:59 PM | Brady Kloeckener |

HLF00148



HLF00149

 Outlook

**Re: TCPA**

**From** Andrew Heidarpour <aheidarpour@hlfirm.com>

**Date** Wed 7/24/2024 12:17 PM

**To** Eisen, Mark <MEisen@beneschlaw.com>

So you wait a month after I give a response to ask again? Again I ask, what investigation has your client conducted during this past month?

----

Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727



This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**From:** Eisen, Mark <MEisen@beneschlaw.com>
**Sent:** Wednesday, July 24, 2024 12:16 PM
**To:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Subject:** Re: TCPA

Hey Andrew,

That is the same answer you gave then. What I asked then (and am seeking clarification on now) is which provision of the TCPA is your client claiming was violated.



Mark S. Eisen
(he/him/his)
Litigation Partner
Co-Chair of the Telephone Consumer Protection Act Practice
Benesch Friedlander Coplan & Aronoff LLP

HLF00150

t: 312.212.4956 | MEisen@beneschlaw.com

www.beneschlaw.com

71 South Wacker Drive, Suite 1600 , Chicago , IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

On Jul 24, 2024, at 11:14 AM, Andrew Heidarpour <aheidarpour@hlfirm.com> wrote:

Mark, this question was asked a month ago, and a response was given. Calls and texts in violation of the TCPA. Seems we are back to where we were a month ago. You have had this claim for exactly 1 month. What investigation has your client conducted during this past month?

Regards

----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727

<Outlook-wgnkwdmy.png>

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Eisen, Mark <MEisen@beneschlaw.com>
**Sent:** Tuesday, July 23, 2024 4:44 PM
**To:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Subject:** RE: TCPA

Hey Andrew,

I'm continuing to look into this with the client.  Can you clarify the nature of the alleged claim?  You mentioned below the types of outreach, but did not indicate the nature of the alleged violation.

Thanks,

Mark

Mark  S.  Eisen

HLF00151

( he/him/his )

Litigation Partner
Co-Chair of the Telephone Consumer Protection Act Practice
Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4956 | MEisen@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600 , Chicago , IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Sent:** Friday, July 19, 2024 8:43 AM
**To:** Eisen, Mark <MEisen@beneschlaw.com>
**Subject:** Re: TCPA

Hi Mark, any update?

----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727

<image001.png>

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Eisen, Mark <MEisen@beneschlaw.com>
**Sent:** Tuesday, July 9, 2024 8:30 PM
**To:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Subject:** RE: TCPA

Andrew,

I expect we'll be able to respond on this next week.

Mark

<image002.jpg>

Mark  S.  Eisen

( he/him/his )

HLF00152

> Litigation Partner
> Co-Chair of the Telephone Consumer Protection Act Practice
> Benesch Friedlander Coplan & Aronoff LLP
>
> t: 312.212.4956 | MEisen@beneschlaw.com
>
> www.beneschlaw.com
>
> 71 South Wacker Drive, Suite 1600 , Chicago , IL 60606-4637
>
> Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Sent:** Friday, July 5, 2024 4:25 PM
**To:** Eisen, Mark <MEisen@beneschlaw.com>
**Subject:** Re: TCPA

Hi Mark, any update?

Regards

----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727

<image001.png>

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**From:** Eisen, Mark <MEisen@beneschlaw.com>
**Sent:** Friday, June 28, 2024 9:46 AM
**To:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Subject:** RE: TCPA

Andrew,

Hope all is well.  We are investigating and intend to get back to you as soon as we can.  In light of the upcoming holidays next week, I expect we will have a response after the July 4 holiday.

Have a great weekend,

Mark

HLF00153

Mark S. Eisen
(he/him/his)
Litigation Partner
Co-Chair of the Telephone Consumer Protection Act Practice
Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4956 | MEisen@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Sent:** Monday, June 24, 2024 7:43 PM
**To:** Eisen, Mark <MEisen@beneschlaw.com>
**Subject:** Re: TCPA

She received texts and multiple calls.

Regards

----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727

<image001.png>

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**From:** Eisen, Mark <MEisen@beneschlaw.com>
**Sent:** Monday, June 24, 2024 11:57 AM
**To:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Subject:** RE: TCPA

Thanks Andrew.  Yes, we do.  Can you provide some detail as to the nature of the alleged claim? We will get ahold of the client and get back to you.

Mark

HLF00154

Mark  S.  Eisen

( he/him/his )

Litigation Partner

Co-Chair of the Telephone Consumer Protection Act Practice

Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4956 | MEisen@beneschlaw.com

www.beneschlaw.com

71 South Wacker Drive, Suite 1600 ,  Chicago ,  IL  60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Sent:** Monday, June 24, 2024 11:28 AM
**To:** Eisen, Mark <MEisen@beneschlaw.com>
**Subject:** TCPA

Hi, my client Erin Robertson, number, ███████ , has received texts and calls from Leaf Filter.

Do you still represent them?

Regards

----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727

<image001.png>

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

HLF00155

 **Outlook**

## Re: Erin Robertson

**From** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Date** Wed 8/7/2024 3:40 PM
**To** manal@apello.net <manal@apello.net>

Hi, these are not my client's purported consents. Please provide your attorney's contact information.

Regards

----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727



This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**From:** manal@apello.net <manal@apello.net>
**Sent:** Friday, August 2, 2024 3:48 PM
**To:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Subject:** Erin Robertson

Good afternoon,

Since our preliminary search was not enough, we reached out to four companies for further information regarding your client's opt-ins:

1) server company,
2) software company,
3) our carriers,
4) our internal lead management system team.

HLF00156

All four parties show the same data, that your client has been in our system well over 200 times starting in August of 2020 with the IP address 174.222.134.151. Most recently she opted-in to the www.Hatchitt.com/signup/ website in July of 2024 with the IP address 174.193.53.193. Per the information provided to you, this should make it clear that your client is trying to capitalize on the law. All four companies concur with what our internal software showed. Your client opted-in with the IP addresses provided as well as using the same phone number ███████████, and the following email addresses ████████████████████████████████████████████. All IP addresses are within the Sacramento area.

Furthermore, please see below all the different IP Addresses and locations that your client used to opt-in. We placed your client on the DNC list but she continued to opt-in. This information should make it clear that your client is trying to capitalize on the law and we have decided to move forward with filing a complaint with the attorney general's office in California regarding this matter. This could potentially lead to excessive attorney fees, loss of time, loss of business and potential business. As of recent, in Payne v. Sierva Networks, Inc 2024 WL 3585119 (N.D. Cal. July 29, 2024) the court granted an affirmative motion to deny certification in a suit arising out of alleged calls to numbers on the DNC list that may be the beginning of the end for TCPA DNC class actions. It should also be noted that in order for Ms. Robertson to provide her information, she had to check the box agreeing to receiving communication.

| IP Adresses | Location |
| --- | --- |
| 174.222.5.73 | Santa Rosa, California |
| 174.222.134.151 | Sacramento, California |
| 174.222.5.186 | Santa Rosa, California |
| 174.222.20.238 | Chico, California |
| 174.222.4.38 | Bakersfield, California |
| 174.222.139.125 | Sacramento, California |
| 174.222.1.41 | Visalia, California |
| 174.222.138.99 | Oakdale, California |
| 174.222.16.254 | Hanford, California |
| 174.222.6.56 | Nevada, Reno |
| 174.222.19.12 | Visalia, California |
| 174.222.130.221 | Tulare, California |
| 174.222.146.55 | Roseville, California |
| 174.222.139.45 | Sacramento, California |
| 174.222.128.144 | Bakersfield, California |
| 75.141.216.50 | Nevada, Reno |
| 71.9.18.59 | Nevada, Reno |
| 174.208.173.213 | Visalia, California |
| 47.33.37.96 | Nevada, Reno |
| 174.208.96.19 | Cupertino, California |

HLF00157

174.208.109.167    Visalia, California
47.36.73.79          Nevada, Reno
174.208.109.102    Visalia, California
174.208.99.77        San Jose, California
174.208.103.170    Nevada, Reno
174.208.167.121    Redding, California
174.208.161.214    Roseville, California
174.208.106.56    Eureka, California
174.208.106.40    Eureka, California
174.208.161.24    Roseville, California
174.208.98.122    Sacramento, California
174.208.174.141    Arcata, California
174.193.48.232    Chico, California
174.193.52.185    Nevada, Reno
174.236.224.25    Nevada, Reno
174.208.171.253    Chico, California
174.236.225.52    Chico, California
35.151.75.168        Nevada, Reno
174.208.162.131    Salt Lake City, Utah
174.236.225.88      Sacramento, California
174.236.226.203    Nevada, Reno
174.236.225.195    Sacramento, California
174.193.53.193    Sacramento, California
170.203.237.194    Nevada, Reno

--
Sincerely,

Manal Elayan
Paralegal for Apello Family of Companies
O-745 Lake Michigan Drive NW
Grand Rapids, Michigan 49534

HLF00158

 Outlook

---

## Auto Reply Confirmation - UniqueCardServices -[0435D12F1514]

**From** Unique Card Services Member Services <memberservices@uniquecardservices.com>
**Date** Tue 7/30/2024 8:30 AM
**To** Andrew Heidarpour <aheidarpour@hlfirm.com>

---

Thank you for your email.

This is an automated message to advise you that we have received your email and will respond shortly.

Our email department hours are Monday through Friday from 9:00 a.m. to 5:00 p.m., Eastern Time. If you are emailing after normal business hours you can expect a response the next business day.

In the meantime, an overview of our shopping club program is listed below to assist you with general questions.

Our Shopping Card has no interest accrual on any purchase and your minimum payment on outstanding purchase balance is just $25 or 15% of the balance, whichever is greater. We do not allow balance transfers or cash advances. The Unique Platinum membership is pre-approved and our Shopping Site contains over 14,000 items to choose from and require the member to typically pay only the shipping and processing charge prior to check out. The price of the product will be applied to the balance on your Unique Platinum Account.

You can use your card on our shopping club site, which was designed for members only at www.myuniqueoutlet.com. Members are given an opportunity each time they visit to submit requests for merchandise they would like to see on the site. However, please understand the request is not a guarantee that the item will be made available for purchase. Be assured that our Product Development Department is constantly searching the marketplace and working with manufacturers to bring the best values to our membership. Once you are a member, you will have full access to our current line of products. Our line includes: Electronics, Household Items, Power Tools, Toys, Outside Gear, Sporting Goods, etc.

Sincerely,
Member Services
Fulfillment Center

------------------------------------------------------------------
Date: 2024-07-30
------------------------------------------------------------------
Name: Andrew Heidarpour
Email: aheidarpour@hlfirm.com
------------------------------------------------------------------
ATTN: LEGAL DEPARTMENT

HLF00159

Hi, my name is Andrew Heidarpour from Heidarpour Law Firm, PLLC. I am sending this correspondence on behalf of my client. Please review it at your earliest convenience.
Thank you


----

Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com<http://www.hlfirm.com/>
AHeidarpour@HLFirm.com
[P] 202-234-2727<tel:(202)%20234-2727>


[cid:9b8a6cd9-7b0b-4184-8b69-4cf482e00ab9]

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.


Powered by LiveZilla Help Desk Software [https://www.livezilla.net]

[0435D12F1514]

HLF00160

Inbox - Andrew Heidarpour - Outlook

 **Outlook**

## Re: Violation of the telephone consumer act

**From** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Date** Fri 9/27/2024 10:58 AM
**To**   Gada Saunders <GadaS@upgraderemodeling.com>

I have yet to be contacted or receive the contact information for Kristof Koletar. Therefore, this claim will be given to local counsel for filing.

Regards

----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727



This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**From:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Sent:** Tuesday, September 3, 2024 2:09 PM
**To:** Gada Saunders <GadaS@upgraderemodeling.com>
**Subject:** Re: Violation of the telephone consumer act

Please provide Kristof Koletar's contact information.

Regards

----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com

HLF00161

AHeidarpour@HLFirm.com
[P] 202-234-2727



This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Gada Saunders <GadaS@upgraderemodeling.com>
**Sent:** Tuesday, August 27, 2024 2:17 PM
**To:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Subject:** Re: Violation of the telephone consumer act

Hey Andrew,
My name is Gada Saunders, I'm the owner of Upgrade Remodeling. I've forwarded all of this to our lawyer, Kristof Koletar you should hear from him soon.
Thank you,
Gada Saunders
Upgrade Remodeling

Get Outlook for iOS

---

**From:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Sent:** Tuesday, August 27, 2024 12:40:23 PM
**To:** Khader Mughrabi <KhaderM@upgraderemodeling.com>
**Cc:** Gada Saunders <GadaS@upgraderemodeling.com>; Aniyah Johnson <AniyahJ@upgraderemodeling.com>; Salwah Mughrabi <SalwahM@upgraderemodeling.com>
**Subject:** Re: Violation of the telephone consumer act

Hi, circling back on the below.

Regards

----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727

HLF00162



This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Sent:** Monday, August 19, 2024 12:01 PM
**To:** Khader Mughrabi <KhaderM@upgraderemodeling.com>
**Cc:** Gada Saunders <GadaS@upgraderemodeling.com>; Aniyah Johnson <AniyahJ@upgraderemodeling.com>; Salwah Mughrabi <SalwahM@upgraderemodeling.com>
**Subject:** Re: Violation of the telephone consumer act

Actually, the number is not disconnected. Who is the third party?

Regards
----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727



This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Khader Mughrabi <KhaderM@upgraderemodeling.com>
**Sent:** Monday, August 19, 2024 11:15 AM
**To:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Cc:** Gada Saunders <GadaS@upgraderemodeling.com>; Aniyah Johnson <AniyahJ@upgraderemodeling.com>;

HLF00163

Salwah Mughrabi <SalwahM@upgraderemodeling.com>
**Subject:** Re: Violation of the telephone consumer act

Dear Mr. Heidarpour,

We receive prospects information from 3rd party . The prospects have to sign an authorization allowing us to contact them via phone call or text.
We do not do any cold calls.
The phone number you sent us has been disconnected and the name is fictious.
What I sent shows you that whoever used that number filled out the information for us to contact them.
We know for a fact we did not violate any laws or regulations & can prove it if need be.
If you're going to serve us then go ahead & do it & do not send any more emails as this will be the last time you will hear from me.

Thanks.
K. Elmughrabi

---

**From:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Sent:** Sunday, August 18, 2024 12:22 PM
**To:** Khader Mughrabi <KhaderM@upgraderemodeling.com>
**Cc:** Gada Saunders <GadaS@upgraderemodeling.com>; Aniyah Johnson <AniyahJ@upgraderemodeling.com>; Salwah Mughrabi <SalwahM@upgraderemodeling.com>
**Subject:** Re: Violation of the telephone consumer act

We will wait until 08/22/24 for a response.

----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727



This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Sent:** Monday, August 12, 2024 12:28 PM

HLF00164

**To:** Khader Mughrabi <KhaderM@upgraderemodeling.com>
**Cc:** Gada Saunders <GadaS@upgraderemodeling.com>; Aniyah Johnson <AniyahJ@upgraderemodeling.com>; Salwah Mughrabi <SalwahM@upgraderemodeling.com>
**Subject:** Re: Violation of the telephone consumer act

Hi, this is not my client's consent. Are you authorized to accept service?

Regards

----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727



This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**From:** Khader Mughrabi <KhaderM@upgraderemodeling.com>
**Sent:** Friday, August 9, 2024 2:29 PM
**To:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Cc:** Gada Saunders <GadaS@upgraderemodeling.com>; Aniyah Johnson <AniyahJ@upgraderemodeling.com>; Salwah Mughrabi <SalwahM@upgraderemodeling.com>
**Subject:** Violation of the telephone consumer act

Mr. Andrew W. Heidarpour,
Below is the link that your client used to give us authorization to call him at .

https://cert.trustedform.com/9999315904d7e571e47a8e85190f7b7c9dddbf7c/assets/?shared_token=WVZoWU5sSlNabWxqVVZGdmNYbGpibXRMYkV4TWJrSXdlR05qSzB3M2JIYzFUVUZNWTFFekwxTnJiVUZOY205dU1qTkZTRllyWmxFemVXdHhObVJTTkVadE1GZzFaMnhqUVZZCWU5tWkVVbFV6U21relNqaHJaRkJJYUN0QmNUUUnhlRTl4SzB0WVowSnhjRUU5TFMxYVIxbDZWWMGMyVWs1VGMxbzVUR2xhYYjNaNlozaEJQVDA9LS00MDRlMzE0OGE0MjZiZDYyYjgwMDM4YzAxY2RjN2M1ZmIxMTUyNTZl#legacy_session_replay

Push play on top of the form and it will show all the information being inserted in the form.

HLF00165

We use 3rd party marketing aggregators that supply us with prospects that are scrubbed against the DNC list plus they have to approve an explicit authorization
Before we contact them.
Please let me know if you need any further proof.

Thanks
K. Mughrabi
757-353-0360

HLF00166

Inbox - Andrew Heidarpour - Outlook

 **Outlook**

---

## Pre-Suit Notification of Federal Telemarketing Law Violation

**From** Andrew Heidarpour <aheidarpour@hlfirm.com>

**Date** Tue 7/16/2024 2:21 PM

**To**    arron.kallenberg@gmail.com <arron.kallenberg@gmail.com>; akallenberg@wildalaskancompany.com
<akallenberg@wildalaskancompany.com>; jwalton@wildalaskancompany.com
<jwalton@wildalaskancompany.com>; sockeye@wildalaskancompany.com
<sockeye@wildalaskancompany.com>

📎 1 attachment (224 KB)

CL_Wild Alaskan Company.pdf;

**ATTN: LEGAL DEPARTMENT**

**Hi, my name is Andrew Heidarpour from Heidarpour Law Firm, PLLC. I am sending this correspondence on behalf of my client. Please review it at your earliest convenience.**

**Thank you**

----

Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727



This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

HLF00167

 Outlook

---

## Re: Pre-Suit Notification of Federal Telemarketing Law Violation

**From** Andrew Heidarpour <aheidarpour@hlfirm.com>

**Date** Tue 6/18/2024 12:46 PM

**To** info@choicefinancial.co <info@choicefinancial.co>; info@choice-financial.net <info@choice-financial.net>; scottmorrone@gmail.com <scottmorrone@gmail.com>

Hi, my firm previously sent correspondence regarding violations of the TCPA but have yet to receive a response.

Was my prior correspondence received?

Regards

----

Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727



This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Andrew Heidarpour

**Sent:** Thursday, June 6, 2024 11:09 AM

**To:** info@choicefinancial.co <info@choicefinancial.co>; info@choice-financial.net <info@choice-financial.net>; scottmorrone@gmail.com <scottmorrone@gmail.com>

**Subject:** Pre-Suit Notification of Federal Telemarketing Law Violation

**ATTN: LEGAL DEPARTMENT**

**Hi, my name is Andrew Heidarpour from Heidarpour Law Firm, PLLC. I am sending this correspondence on behalf of my client. Please review it at your earliest convenience.**

HLF00168

**Thank you**


----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727



This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

HLF00169

 Outlook

---

## Re: Pre-Suit Notification of Federal Telemarketing Law Violation

**From** Shannon Gierasch <shannon.gierasch@westshorehome.com>
**Date** Tue 8/20/2024 6:44 PM
**To** Andrew Heidarpour <aheidarpour@hlfirm.com>

Andrew,

West Shore Home denies the allegations in your letter.

Further, it appears that Ms. Robertson is a professional plaintiff who has filed at least 10 putative class actions in multiple jurisdictions in the last 8 weeks. I will not go into all of the information that is publicly available about her, but it makes all of this even more questionable.

Any baseless or manufactured claims filed against the company will be met with an appropriate response.



**Shannon Gierasch**
General Counsel
Corporate
**(717) 880-1994**



Bringing Happiness to Every Home®

This email (including any attachments) is intended solely for the person or entity to whom it is addressed and may contain confidential, proprietary or privileged material. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this email in error, please notify the sender immediately then permanently delete the email and all copies (including any attachments).

---

**From:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Sent:** Sunday, August 18, 2024 12:24 PM

HLF00170

To: Shannon Gierasch <shannon.gierasch@westshorehome.com>
Subject: Re: Pre-Suit Notification of Federal Telemarketing Law Violation

CAUTION: This email originated from outside of the organization.

We will wait until 08/20/24 for a response.

Regards
----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727



This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

From: Shannon Gierasch <shannon.gierasch@westshorehome.com>
Sent: Tuesday, August 13, 2024 12:16 PM
To: Andrew Heidarpour <aheidarpour@hlfirm.com>
Subject: Re: Pre-Suit Notification of Federal Telemarketing Law Violation

Andrew,

Apologies, I was traveling for work and was out of the office.  I just returned today and will inquire.

Where is the claimant located?



**Shannon Gierasch**
General Counsel
Corporate
**(717) 880-1994**



Bringing Happiness to Every Home®

This email (including any attachments) is intended solely for the person or entity to whom it is addressed and may contain confidential, proprietary or privileged material. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this communication is

HLF00171

strictly prohibited. If you have received this email in error, please notify the sender immediately then permanently delete the email and all copies (including any attachments).

---

**From:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Sent:** Tuesday, August 13, 2024 12:06 PM
**To:** Shannon Gierasch <shannon.gierasch@westshorehome.com>
**Subject:** Re: Pre-Suit Notification of Federal Telemarketing Law Violation

CAUTION: This email originated from outside of the organization.

Hi, circling back.

Regards

----

Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727



This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Shannon Gierasch <shannon.gierasch@westshorehome.com>
**Sent:** Thursday, August 8, 2024 4:18 PM
**To:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Subject:** Re: Pre-Suit Notification of Federal Telemarketing Law Violation

Thank you.  I will look into this.



**Shannon Gierasch**
General Counsel
Corporate
(717) 880-1994

 

Bringing Happiness to Every Home®

HLF00172

This email (including any attachments) is intended solely for the person or entity to whom it is addressed and may contain confidential, proprietary or privileged material. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this email in error, please notify the sender immediately then permanently delete the email and all copies (including any attachments).

**From:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Sent:** Monday, August 5, 2024 11:58 AM
**To:** Shannon Gierasch <shannon.gierasch@westshorehome.com>
**Subject:** Re: Pre-Suit Notification of Federal Telemarketing Law Violation

CAUTION: This email originated from outside of the organization.

They were calls. Screenshots are attached. Let us know if you still have no record.

Regards

----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727



This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**From:** Shannon Gierasch <shannon.gierasch@westshorehome.com>
**Sent:** Tuesday, July 23, 2024 1:23 PM
**To:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Subject:** Re: Pre-Suit Notification of Federal Telemarketing Law Violation

Andrew,

Following up on the below.

HLF00173

Thank you,

**Shannon Gierasch**
**General Counsel**
Corporate
**(717) 880-1994**

  

 

Bringing Happiness to Every Home®

This email (including any attachments) is intended solely for the person or entity to whom it is addressed and may contain confidential, proprietary or privileged material. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this email in error, please notify the sender immediately then permanently delete the email and all copies (including any attachments).

---

**From:** Shannon Gierasch <shannon.gierasch@westshorehome.com>
**Sent:** Thursday, July 18, 2024 5:18 PM
**To:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Subject:** Re: Pre-Suit Notification of Federal Telemarketing Law Violation

Good Afternoon Andrew,

We do not have a record of this person and we certainly did not text her.  Can you please provide the text messages?

Thank you,

**Shannon Gierasch**
**General Counsel**
Corporate
**(717) 880-1994**

   

 

Bringing Happiness to Every Home®

HLF00174

This email (including any attachments) is intended solely for the person or entity to whom it is addressed and may contain confidential, proprietary or privileged material. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this email in error, please notify the sender immediately then permanently delete the email and all copies (including any attachments).

**From:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Sent:** Tuesday, July 16, 2024 12:03 PM
**To:** Licenses <Licenses@westshorehome.com>; Social <social@westshorehome.com>
**Subject:** Pre-Suit Notification of Federal Telemarketing Law Violation

Some people who received this message don't often get email from aheidarpour@hlfirm.com. Learn why this is important

CAUTION: This email originated from outside of the organization.

**ATTN: LEGAL DEPARTMENT**

**Hi, my name is Andrew Heidarpour from Heidarpour Law Firm, PLLC. I am sending this correspondence on behalf of my client. Please review it at your earliest convenience.**

**Thank you**

----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727



This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail

HLF00175

message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

HLF00176

 Outlook

## Re: Pre-Suit Notification of Federal Telemarketing Law Violation

**From** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Date** Tue 7/30/2024 2:08 PM
**To** Shaun Keefe <skeefe@winchoiceusa.com>
**Cc** Brian Johnson <bjohnson@winchoiceusa.com>

Hi, circling back.

Regards

----

Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727



This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**From:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Sent:** Wednesday, July 24, 2024 12:21 PM
**To:** Shaun Keefe <skeefe@winchoiceusa.com>
**Cc:** Brian Johnson <bjohnson@winchoiceusa.com>
**Subject:** Re: Pre-Suit Notification of Federal Telemarketing Law Violation

Hi, any update?

Regards

----

Andrew Heidarpour

HLF00177

Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727



This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Sent:** Friday, July 12, 2024 12:22 PM
**To:** Shaun Keefe <skeefe@winchoiceusa.com>
**Cc:** Brian Johnson <bjohnson@winchoiceusa.com>
**Subject:** Re: Pre-Suit Notification of Federal Telemarketing Law Violation

Hi, I have another client, Erin Robertson, who has received multiple calls to their wireless line,  ██████ .

Please investigate.

Regards

----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727



This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail

HLF00178

 Outlook

---

## Pre-Suit Notification of Federal Telemarketing Law Violation

**From** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Date** Thu 6/27/2024 2:48 PM
**To**   brian.bair@offerpad.com <brian.bair@offerpad.com>; adam.martinez@offerpad.com
         <adam.martinez@offerpad.com>; Info@Offerpad.com <Info@Offerpad.com>;
         benjamin.aronovitch@offerpad.com <benjamin.aronovitch@offerpad.com>

📎 1 attachment (224 KB)
CL_OfferPad.pdf;

**ATTN: LEGAL DEPARTMENT**

**Hi, my name is Andrew Heidarpour from Heidarpour Law Firm, PLLC. I am sending this correspondence on behalf of my client. Please review it at your earliest convenience.**

**Thank you**

----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727



This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

HLF00179

 Outlook

---

## Pre-Suit Notification of Federal Telemarketing Law Violation

---

**From** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Date** Thu 6/6/2024 11:14 AM
**To**    info@unitedhealthadvisers.com <info@unitedhealthadvisers.com>

📎 1 attachment (222 KB)
CL_United Health.pdf;

**ATTN: LEGAL DEPARTMENT**

**Hi, my name is Andrew Heidarpour from Heidarpour Law Firm, PLLC. I am sending this correspondence on behalf of my client. Please review it at your earliest convenience.**

**Thank you**

----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727



This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

HLF00180

 Outlook

---

## Pre-Suit Notification of Federal Telemarketing Law Violation

**From** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Date** Thu 6/27/2024 2:12 PM
**To** Vajira@coveragex.com <Vajira@coveragex.com>; compliance@coveragex.com <compliance@coveragex.com>; info@CoverageX.com <info@CoverageX.com>

📎 1 attachment (223 KB)
CL_Coverage X.pdf;

**ATTN: LEGAL DEPARTMENT**

**Hi, my name is Andrew Heidarpour from Heidarpour Law Firm, PLLC. I am sending this correspondence on behalf of my client. Please review it at your earliest convenience.**

**Thank you**

----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727



This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

HLF00181

**dana danaoliverlaw.com**

| | |
|---|---|
| **From:** | Kevin Polansky <kevin.polansky@nelsonmullins.com> |
| **Sent:** | Thursday, August 15, 2024 6:23 AM |
| **To:** | Andrew Heidarpour |
| **Cc:** | Daniel Curran |
| **Subject:** | RE: Erin Robertson; Response to June 6, 2024 Letter |

Andrew,

Just checking on the waiver and also seeing whether your client had a demand I can pass along to my client. Thanks.

Kevin



**KEVIN POLANSKY** **PARTNER**
kevin.polansky@nelsonmullins.com

**ONE FINANCIAL CENTER | SUITE 3500**

**BOSTON, MA 02111**

T **617.217.4720** F **617.217.4710**

**NELSONMULLINS.COM** **VCARD** **VIEW BIO**

---

**From:** Kevin Polansky <kevin.polansky@nelsonmullins.com>
**Sent:** Monday, August 12, 2024 12:48 PM
**To:** Andrew Heidarpour <aheidarpour@hlfirm.com>; Elizabeth Doud <elizabeth.doud@nelsonmullins.com>
**Cc:** Daniel Curran <daniel.curran@nelsonmullins.com>
**Subject:** RE: Erin Robertson; Response to June 6, 2024 Letter

Have local counsel send to us as we can waive service.  Thanks.



**KEVIN POLANSKY** **PARTNER**
kevin.polansky@nelsonmullins.com

**ONE FINANCIAL CENTER | SUITE 3500**

**BOSTON, MA 02111**

T **617.217.4720** F **617.217.4710**

**NELSONMULLINS.COM** **VCARD** **VIEW BIO**

---

**From:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Sent:** Monday, August 12, 2024 12:46 PM
**To:** Kevin Polansky <kevin.polansky@nelsonmullins.com>; Elizabeth Doud <elizabeth.doud@nelsonmullins.com>
**Cc:** Daniel Curran <daniel.curran@nelsonmullins.com>
**Subject:** Re: Erin Robertson; Response to June 6, 2024 Letter

1

<span style="color:red">HLF00182</span>

No, the complaint will be sent by local counsel. If we do not get confirmation on whether you will waive or accept service by tomorrow, then local will move forward accordingly.

Regards


----

Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727



This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Kevin Polansky <kevin.polansky@nelsonmullins.com>
**Sent:** Monday, August 12, 2024 12:42 PM
**To:** Andrew Heidarpour <aheidarpour@hlfirm.com>; Elizabeth Doud <elizabeth.doud@nelsonmullins.com>
**Cc:** Daniel Curran <daniel.curran@nelsonmullins.com>
**Subject:** RE: Erin Robertson; Response to June 6, 2024 Letter

We should be able to waive service. Can you send me the complaint?

**NELSON MULLINS**

---

**KEVIN POLANSKY   PARTNER**
kevin.polansky@nelsonmullins.com

ONE FINANCIAL CENTER | SUITE 3500

BOSTON, MA 02111

T 617.217.4720   F 617.217.4710

NELSONMULLINS.COM    VCARD  VIEW BIO

---

HLF00183

**From:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Sent:** Monday, August 12, 2024 12:34 PM
**To:** Kevin Polansky <kevin.polansky@nelsonmullins.com>; Elizabeth Doud <elizabeth.doud@nelsonmullins.com>
**Cc:** Daniel Curran <daniel.curran@nelsonmullins.com>
**Subject:** Re: Erin Robertson; Response to June 6, 2024 Letter

Yes


----

Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727




This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Kevin Polansky <kevin.polansky@nelsonmullins.com>
**Sent:** Monday, August 12, 2024 12:18 PM
**To:** Andrew Heidarpour <aheidarpour@hlfirm.com>; Elizabeth Doud <elizabeth.doud@nelsonmullins.com>
**Cc:** Daniel Curran <daniel.curran@nelsonmullins.com>
**Subject:** RE: Erin Robertson; Response to June 6, 2024 Letter

Andrew,

Service of what, a complaint?  Let me know and I'll find out, but I believe we will be. Thanks.

Kevin



**KEVIN POLANSKY  PARTNER**
kevin.polansky@nelsonmullins.com

ONE FINANCIAL CENTER | SUITE 3500

BOSTON, MA 02111

т 617.217.4720   ꜰ 617.217.4710

NELSONMULLINS.COM   VCARD   VIEW BIO

---

**From:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Sent:** Friday, August 9, 2024 2:41 PM
**To:** Elizabeth Doud <elizabeth.doud@nelsonmullins.com>
**Cc:** Kevin Polansky <kevin.polansky@nelsonmullins.com>; Daniel Curran <daniel.curran@nelsonmullins.com>
**Subject:** Re: Erin Robertson; Response to June 6, 2024 Letter

Hi, are you authorized to accept service?

Regards


----

Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727





This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Sent:** Wednesday, July 31, 2024 12:17 PM
**To:** Elizabeth Doud <elizabeth.doud@nelsonmullins.com>
**Cc:** Kevin Polansky <kevin.polansky@nelsonmullins.com>; Daniel Curran <daniel.curran@nelsonmullins.com>
**Subject:** Re: Erin Robertson; Response to June 6, 2024 Letter

Hi, circling back on this.

Regards

HLF00185

----

Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727



This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**From:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Sent:** Thursday, July 25, 2024 10:45 AM
**To:** Elizabeth Doud <elizabeth.doud@nelsonmullins.com>
**Cc:** Kevin Polansky <kevin.polansky@nelsonmullins.com>; Daniel Curran <daniel.curran@nelsonmullins.com>
**Subject:** Re: Erin Robertson; Response to June 6, 2024 Letter

The links for the purported consents are not valid, certificate is not found. Please re-send.

Regards

----

Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727



This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Elizabeth Doud <elizabeth.doud@nelsonmullins.com>
**Sent:** Monday, July 15, 2024 11:15 AM
**To:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Cc:** Kevin Polansky <kevin.polansky@nelsonmullins.com>; Daniel Curran <daniel.curran@nelsonmullins.com>
**Subject:** Erin Robertson; Response to June 6, 2024 Letter

Good Morning,

On behalf of Attorney Kevin P. Polansky, please see the attached correspondence in connection with the above-subject matter.

A hard copy will follow by first class mail.

Thank you,

Elizabeth



**ELIZABETH DOUD  ADMINISTRATIVE ASSISTANT**

elizabeth.doud@nelsonmullins.com

ONE FINANCIAL CENTER | SUITE 3500

BOSTON, MA 02111

HLF00187

т **617.217.4763**   ꜰ **617.217.4710**

**NELSONMULLINS.COM**

---

**Confidentiality Notice**

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.

HLF00188



fisherphillips.com

**Denver**
1125 17th Street
Suite 2400
Denver, CO  80202

(303) 218-3650 Tel
(303) 218-3651 Fax

**Writer's Direct Dial:**
(720) 644-2858

**Writer's E-mail:**
hross@fisherphillips.com

July 25, 2024

**Via Email to:** AHeidarpour@HLFirm.com
Andrew W. Heidarpour, Esq.
Heidarpour Law Firm, PLLC
1300 Pennsylvania Ave. NW 190-318
Washington, D.C. 20004

> **Re:**    *Erin Robertson's Claims against DH & RK Investments, LLC d/b/a Lendzi*

Dear Mr. Heidarpour:

As you know, Fisher & Phillips LLP has been retained to represent DH & RK Investments, LLC d/b/a Lendzi ("Lendzi") in connection with your client Erin Robertson's allegations of violation of the Telephone Consumer Protection Act ("TCPA"). Lendzi takes compliance with the TCPA very seriously, and to that end only contacts individuals who have explicitly provided consent. We have had the opportunity to review the documentation relating to Ms. Robertson's claim, and have determined that Ms. Robertson explicitly consented to being contacted by Lendzi.

Ms. Robertson created an account on Lendzi's website regarding her business, Ozzy's House Pet Boarding after clicking through to Lendzi's website on a link on the Fund.com website. *See* **Exhibit A**. During the account creation process, Ms. Robertson explicitly consented to being contacted by Lendzi using an auto-dialer and/or prerecorded voice, and via text, at the telephone she provided (▬▬▬▬▬). *See* **Exhibit B**. No request to opt out of any communications was received from until your letter dated July 18, 2024 was received, at which time all communication with Ms. Robertson was discontinued.

As Ms. Robertson consented to communications from Lendzi, there has been no violation of the TCPA as you allege. However, if you have additional information that you believe would be of assistance to us in evaluating this claim, please provide it at your earliest opportunity.

Very truly yours,

Hillary R. Ross

HRR:rh
Attachments

**Fisher & Phillips LLP**
Atlanta  Baltimore  Boston  Charlotte  Chicago  Cleveland  Columbia  Columbus  Dallas  Denver  Detroit  Fort Lauderdale  Gulfport  Houston
Irvine  Kansas City  Las Vegas  Los Angeles  Louisville  McLean  Memphis  Minneapolis  Nashville  New Jersey  New Orleans  New York  Orlando
Philadelphia  Phoenix  Pittsburgh  Portland  Sacramento  San Diego  San Francisco  Seattle  Tampa  Washington, DC  Woodland Hills

FP 51682795.1



June 27, 2024

Mr. Andrew Heidarpour
1300 Pennsylvania Ave., NW 190-318
Washington, DC 20004

Via email to:
AHeidarpour@HLFirm.com

Re: Erin Robertson

Dear Mr. Heidarpour:

On behalf of the Progressive Group of Insurance Companies ("Progressive"), I am responding to your letter dated June 6, 2024.  As Progressive previously communicated to you, we would provide a response by June 28, 2024.  Your client, Erin Robertson, alleges that sometime in April and in June of 2024 unsolicited telemarketing text messages were sent from telephone numbers 276-221-8731 and 276-221-8635 to "their wireless line ███████." On June 19, 2024, you also communicated to us that your client alleges a text was received from us.

Progressive has completed its investigation into this matter.  Progressive did not send nor cause to be sent any marketing texts to ███████7.   In addition, we have not discovered Progressive information related to these phone numbers, 276-221-8731 and 276-221-8635, nor do we have any association with them, nor any further information that we can provide in response to your client's claim.

Respectfully yours,
Progressive Group of Insurance Companies

Richard W. Jablonski
Assistant General Counsel

 Outlook

## Re: Pre-Suit Notification of Federal Telemarketing Law Violation

**From** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Date** Wed 6/26/2024 2:11 PM
**To**      Townsley, Madeline <Madeline.Townsley@huschblackwell.com>
**Cc**      Knepper, Matt <Matt.Knepper@huschblackwell.com>

Hi, any update?

Regards

----

Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727



This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**From:** Andrew Heidarpour
**Sent:** Thursday, June 20, 2024 2:15 PM
**To:** Townsley, Madeline <Madeline.Townsley@huschblackwell.com>
**Cc:** Knepper, Matt <Matt.Knepper@huschblackwell.com>
**Subject:** RE: Pre-Suit Notification of Federal Telemarketing Law Violation

No. Calls are from number 941-966-8847.

Regards
----

Andrew Heidarpour
Heidarpour Law Firm, PLLC

HLF00191

www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

On Jun 20, 2024 11:05 AM, "Townsley, Madeline" <Madeline.Townsley@huschblackwell.com> wrote:

Hi Andrew,

Can you confirm your client is receiving calls from the same numbers listed in your letter: 775-210-1369 and 775-210-1324?

Thanks,
Madeline

**Madeline Townsley**
**Attorney**
Direct: 314-480-1994
Madeline.Townsley@huschblackwell.com

**From:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Sent:** Thursday, June 20, 2024 1:49 PM
**To:** Knepper, Matt <Matt.Knepper@huschblackwell.com>
**Cc:** Townsley, Madeline <Madeline.Townsley@huschblackwell.com>
**Subject:** Re: Pre-Suit Notification of Federal Telemarketing Law Violation

[EXTERNAL EMAIL]

Hi, I have another client, Andira Fox, who has been unlawfully called to their wireless line, 941-405-9043.

Please investigate.

Regards

----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727

HLF00192

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**From:** Knepper, Matt <Matt.Knepper@huschblackwell.com>
**Sent:** Tuesday, June 18, 2024 2:06 PM
**To:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Cc:** Townsley, Madeline <Madeline.Townsley@huschblackwell.com>
**Subject:** FW: Pre-Suit Notification of Federal Telemarketing Law Violation

Hello Andrew –

I, along with Madeline Townsley, have been retained by Cigna with respect to the TCPA complaint that you previously transmitted to Cigna on or around June 11, 2024 .  We are looking into the allegations and will follow up soon with a response.  In the meantime, please direct all future correspondence to Madeline and me.

Thanks!

**Matt Knepper**
**Partner**
Direct:  314-480-1848
Matt.Knepper@huschblackwell.com

**From:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Sent:** Tuesday, June 18, 2024 12:18 PM
**To:** Triplett, Mike W <Michael.Triplett@CignaHealthcare.com>; Palmer, Eric P <Eric.Palmer@evernorth.com>; Let Us Help U <LetUsHelpU@CignaHealthcare.com>
**Subject:** [External] Re: Pre-Suit Notification of Federal Telemarketing Law Violation

Hi, my firm previously sent correspondence regarding violations of the TCPA, but have yet to receive a response.

Was my prior correspondence received?

Regards

----

Andrew Heidarpour

HLF00193

Heidarpour Law Firm, PLLC

www.HLFirm.com

AHeidarpour@HLFirm.com

[P] 202-234-2727

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Andrew Heidarpour
**Sent:** Tuesday, June 11, 2024 2:27 PM
**To:** mike.triplett@cigna.com <mike.triplett@cigna.com>; eric.palmer@cigna.com <eric.palmer@cigna.com>; letushelpu@cigna.com <letushelpu@cigna.com>
**Subject:** Pre-Suit Notification of Federal Telemarketing Law Violation

**ATTN: LEGAL DEPARTMENT**
**Hi, my name is Andrew Heidarpour from Heidarpour Law Firm, PLLC. I am sending this correspondence on behalf of my client. Please review it at your earliest convenience. Thank you**

----
Andrew Heidarpour
Heidarpour Law Firm, PLLC

www.HLFirm.com

AHeidarpour@HLFirm.com

[P] 202-234-2727

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this

HLF00194

e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

HLF00195

 **Outlook**

## Re: Pre-Suit Notification of Federal Telemarketing Law Violation

**From** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Date** Tue 6/18/2024 1:08 PM
**To** gyugyugfddrd@yahoo.com <gyugyugfddrd@yahoo.com>; joey.lin@briteboxllc.com
<joey.lin@briteboxllc.com>; jlin@vendaregroup.com <jlin@vendaregroup.com>; jlin@brandx.net
<jlin@brandx.net>; patrick.carlson@briteboxllc.com <patrick.carlson@briteboxllc.com>;
alex.parizo@briteboxllc.com <alex.parizo@briteboxllc.com>; accounting@briteboxllc.com
<accounting@briteboxllc.com>

Hi, my firm previously sent correspondence regarding violations of the TCPA, but have yet to receive a response.

Was my prior correspondence received?

Regards

----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727



This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**From:** Andrew Heidarpour
**Sent:** Monday, June 10, 2024 1:11 PM
**To:** gyugyugfddrd@yahoo.com <gyugyugfddrd@yahoo.com>; joey.lin@briteboxllc.com
<joey.lin@briteboxllc.com>; jlin@vendaregroup.com <jlin@vendaregroup.com>; jlin@brandx.net
<jlin@brandx.net>; patrick.carlson@briteboxllc.com <patrick.carlson@briteboxllc.com>;
alex.parizo@briteboxllc.com <alex.parizo@briteboxllc.com>; accounting@briteboxllc.com

HLF00196

&lt;accounting@briteboxllc.com&gt;

**Subject:** Pre-Suit Notification of Federal Telemarketing Law Violation

**ATTN: LEGAL DEPARTMENT**

**Hi, my name is Andrew Heidarpour from Heidarpour Law Firm, PLLC. I am sending this correspondence on behalf of my client. Please review it at your earliest convenience.**

**Thank you**

----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727



This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

HLF00197

 **Outlook**

---

### Pre-Suit Notification of Federal Telemarketing Law Violation

---

**From** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Date** Fri 6/7/2024 2:32 PM
**To** ad@nsure.com <ad@nsure.com>; contact@nsure.com <contact@nsure.com>

📎 1 attachment (192 KB)
CL_Nsure.pdf;

**ATTN: LEGAL DEPARTMENT**

**Hi, my name is Andrew Heidarpour from Heidarpour Law Firm, PLLC. I am sending this correspondence on behalf of my client. Please review it at your earliest convenience.**

**Thank you**

----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727



This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

HLF00198

 Outlook

---

**Re: Pre-Suit Notification of Federal Telemarketing Law Violation**

---

From   Erin Brady <erin.brady@stockton.com>
Date   Tue 6/18/2024 1:10 PM
To      Andrew Heidarpour <aheidarpour@hlfirm.com>
Cc      David Stockton <david@stockton.com>

Andrew,

We are in receipt of your prior correspondence. Thank you for following up.

In the interim, we researched the scenario described in your letter and conducted a review of our systems. Upon review, it appears that this phone number was submitted via an internet lead through the Mortgage Research Center, in which the consumer submitting the lead entered in their telephone number, email address, and name and requested to be contacted by a mortgage professional about financing. *TCPA consent was part of the collection of this lead.*

I would note, however, without disclosing nonpublic consumer information, that the customer name on the lead does not match your client's name. I am unclear at this stage whether another individual utilizes this same phone number or there was a mis-key, or whether the information from your client is incorrect or incomplete. In any event, we have now updated our systems to mark this telephone number as "Do Not Call" to ensure no future communications/calls are directed to the number.

Best Regards,

Erin





**Erin Brady**
**General Counsel**
P
www.stockton.com
88 C. Michael Davenport Blvd., Suite 1 | Frankfort | KY | 40601





Equal Housing Lender | SMC-NMLS: 8259 | Gramm-Leach-Bliley Act Disclosure.

**From:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Date:** Tuesday, June 18, 2024 at 12:56 PM
**To:** David Stockton <david@stockton.com>, Legal <legal@stockton.com>
**Subject:** Re: Pre-Suit Notification of Federal Telemarketing Law Violation

You don't often get email from aheidarpour@hlfirm com  Learn why this is important

Hi, my firm previously sent correspondence regarding violations of the TCPA, but have yet to receive a response.

Was my prior correspondence received?

Regards

HLF00199

----

Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727



This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Andrew Heidarpour
**Sent:** Friday, June 7, 2024 12:11 PM
**To:** dms@smcapproved.com <dms@smcapproved.com>; legal@stockton.com <legal@stockton.com>
**Subject:** Pre-Suit Notification of Federal Telemarketing Law Violation

**ATTN: LEGAL DEPARTMENT**

**Hi, my name is Andrew Heidarpour from Heidarpour Law Firm, PLLC. I am sending this correspondence on behalf of my client. Please review it at your earliest convenience.**

**Thank you**

----

Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727



This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

HLF00200

This e-mail may contain data that is confidential, proprietary or non-public personal information, as defined in the Gramm-Leach-Bliley Act. If you are not the intended recipient, please immediately destroy this email.

HLF00201

# HUSCH BLACKWELL

Matthew D. Knepper
Partner

8001 Forsyth Boulevard, Suite 1500
St. Louis, MO 63105
Direct: 314.480.1848
Fax: 314.480.1505
Matt.Knepper@huschblackwell.com

June 27, 2024

**VIA E-MAIL**

Andrew Heidarpour
1300 Pennsylvania Ave. NW 190-318
Washington, D.C. 20004
AHeidarpour@HLFirm.com
TEL: (202) 234-2727

      Re:    *June 11, 2024 Letter to Cigna*

Dear Counsel:

We have investigated the allegations in your letter dated June 11, 2024. In the letter, you allege that Cigna, or some company on Cigna's behalf, placed unsolicited telemarketing calls to your client Erin Robertson's cellular telephone number ███████ in violation of the Telephone Consumer Protection Act ("TCPA"). You allege that your client received these telemarketing calls from the following telephone numbers: 775-210-1369 and 775-210-1324.

Cigna neither owns nor places calls from the two phone numbers listed in your letter—775-210-1369 and 775-210-1324—nor are calls placed from those phone numbers on Cigna's behalf. Accordingly, based on our investigation to date, we believe that Cigna did not violate the TCPA or place, or cause to be placed, unsolicited calls to your client, Erin Robertson. To the extent that you have additional information about the calls at issue that you believe we should consider, please provide it and we will further investigate.

Sincerely,

HUSCH BLACKWELL LLP

*/s/ Matthew D. Knepper*

Matthew D. Knepper

Husch Blackwell LLP

HLF00202



1300 Pennsylvania Ave. NW 190-318
Washington, D.C. 20004
DOliver.HeidarpourLawFirm@gmail.com
TEL: (202) 234-2727

**Heidarpour Law Firm, PLLC**

Dana J. Oliver, Esq
CA BAR # 291082

**September 5, 2024**

**Via Email:** michael.friedman@albert.com; courtney.wald@albert.com; support@albert.com; complaints@albert.com

**Albert Corporation**
**ATTN: LEGAL DEPARTMENT**
**340 S Lemon Ave Ste 3801**
**Los Angeles, CA 90232**

      Re:   **Violation of the Telephone Consumer Protection Act**

To Whom It May Concern:

    My Client, Erin Robertson (Client), wishes to bring to your attention a telemarketing concern. In February, March, May, June, and August of 2024, my Client received unsolicited telemarketing texts to their wireless line ▆▆▆▆▆▆▆▆7, from your company or some company on your behalf, from number 32244. My Client did not provide their consent to your company to make these telemarketing texts. It is my understanding that according to the Telephone Consumer Protection Act, it is illegal to make marketing calls or texts to any wireless line using an ATDS or Pre-Recorded message without first obtaining the express written consent of the recipient or business. Furthermore, the number in question is also on the National Do-Not-Call Registry.

    Please forward to my attention all documents that evidence any purported consent to receive telemarketing texts from your company, as well as any other documents that support your position there is no claim against your company, if that is your contention. Before my Client proceeds with a formal claim, they wish to give your company the opportunity to explain their actions. Please forward this information to my attention by September 12, 2024. If we do not hear from you by that time, my Client will consider all legal remedies available, including but not limited to, filing a claim in Federal Court. By sending this letter, you as well as any third parties that you worked with related to the telephone campaign at issue, are hereby notified of your obligation to preserve all electronic and non-electronic files regarding this claim. This includes, but is not limited to, all e-mail communications and records reflecting telephone calls and text messages.

                        Sincerely,

                        Heidarpour Law Firm, PLLC

                        Dana J. Oliver, Esq

HLF00203



1300 Pennsylvania Ave. NW 190-318
Washington, D.C. 20004
DOliver.HeidarpourLawFirm@gmail.com
TEL: (202) 234-2727

Dana J. Oliver, Esq
CA BAR # 291082

**Heidarpour Law Firm, PLLC**

**March 24, 2025**

**Via Email:** info@alliedhealth-agency.com; support@exchange.healthcare; licensing@insurancelicenseadmin.com

**Allied Health Agency**
**ATTN: LEGAL DEPARTMENT**
**15400 Knoll Trail Dr Ste 360**
**Dallas, TX 75248**

Re:    Violation of the Telephone Consumer Protection Act

To Whom It May Concern:

Our client, Erin Robertson, wishes to bring to your attention a telemarketing concern. In June of 2024, our client received unsolicited telemarketing texts to their wireless line ███-████, from your company or some company on your behalf, from number 424-786-6772. Our client did not provide their consent to your company to make these telemarketing texts. It is our understanding that according to the Telephone Consumer Protection Act, it is illegal to make marketing calls or texts to any wireless line using an ATDS or Pre-Recorded message without first obtaining the express written consent of the recipient or business. Furthermore, the number in question is also on the National Do-Not-Call Registry.

Please forward to our attention all documents that evidence any purported consent to receive telemarketing texts from your company, as well as any other documents that support your position there is no claim against your company, if that is your contention. Before our client proceeds with a formal claim, they wish to give your company the opportunity to explain their actions. Please forward this information to our attention by April 1, 2025. If we do not hear from you by that time, our client will consider all legal remedies available, including but not limited to, filing a claim in Federal Court.

By sending this letter, you as well as any third parties that you worked with related to the telephone campaign at issue, are hereby notified of your obligation to preserve all electronic and non-electronic files regarding this claim. This includes, but is not limited to, all e-mail communications and records reflecting telephone calls and text messages.

Sincerely,

Heidarpour Law Firm, PLLC

Dana J. Oliver, Esq

HLF00204

1300 Pennsylvania Ave. NW 190-318
Washington, D.C. 20004
DOliver.HeidarpourLawFirm@gmail.com
TEL: (202) 234-2727



Dana J. Oliver, Esq
CA BAR # 291082

**Heidarpour Law Firm, PLLC**

**August 21, 2024**

**Via Email:** lauren.mogensen@bofa.com; dandan.liu2@bofa.com

**Bank of America Corporate Center**
**ATTN: LEGAL DEPARTMENT**
**100 North Tryon Street,**
**Charlotte, NC 28255**

      **Re:**    <u>**Violation of the Telephone Consumer Protection Act**</u>

To Whom It May Concern:

    My Client, Erin Robertson (Client), wishes to bring to your attention a telemarketing concern. In June of 2024, my Client received unsolicited telemarketing calls to their wireless line ▮▮▮▮▮▮▮, from your company or some company on your behalf, from number 800-850-7655. My Client did not provide their consent to your company to make these telemarketing calls. It is my understanding that according to the Telephone Consumer Protection Act, it is illegal to make marketing calls to any wireless line using an ATDS or Pre-Recorded message without first obtaining the express written consent of the recipient or business. Furthermore, the number in question is also on the National Do-Not-Call Registry.

    Please forward to my attention all documents that evidence any purported consent to receive telemarketing calls from your company, as well as any other documents that support your position there is no claim against your company, if that is your contention. Before my Client proceeds with a formal claim, they wish to give your company the opportunity to explain their actions. Please forward this information to my attention by August 28, 2024. If we do not hear from you by that time, my Client will consider all legal remedies available, including but not limited to, filing a claim in Federal Court. By sending this letter, you as well as any third parties that you worked with related to the telephone campaign at issue, are hereby notified of your obligation to preserve all electronic and non-electronic files regarding this claim. This includes, but is not limited to, all e-mail communications and records reflecting telephone calls.

                                     Sincerely,

                                   Heidarpour Law Firm, PLLC

                                   *Dana Oliver*

                                   Dana J. Oliver, Esq

HLF00205



1300 Pennsylvania Ave. NW 190-318
Washington, D.C. 20004
AHeidarpour@HLFirm.com
TEL: (202) 234-2727

**Heidarpour Law Firm, PLLC**

Andrew W. Heidarpour, Esq
D.C BAR # 1022137

**June 10, 2024**

**Via Email:** gyugyugfddrd@yahoo.com; joey.lin@briteboxllc.com; jlin@vendaregroup.com; jlin@brandx.net; patrick.carlson@briteboxllc.com; alex.parizo@briteboxllc.com; accounting@briteboxllc.com

**BriteBox, LLC**
**ATTN: LEGAL DEPARTMENT**
**7575 Dr. Phillips Blvd, Suite 350**
**Orlando, FL 32819**

Re:  **Violation of the Telephone Consumer Protection Act**

To Whom It May Concern:

My Client, Erin Robertson (Client), wishes to bring to your attention a telemarketing concern. In June of 2024, my Client received unsolicited telemarketing texts to their wireless line ████████, from your company or some company on your behalf, from number 25109. My Client did not provide their consent to your company to make these telemarketing texts. It is my understanding that according to the Telephone Consumer Protection Act, it is illegal to make marketing calls or texts to any wireless line using an ATDS or Pre-Recorded message without first obtaining the express written consent of the recipient or business. Furthermore, the number in question is also on the National Do-Not-Call Registry.

Please forward to my attention all documents that evidence any purported consent to receive telemarketing calls and text messages from your company, as well as any other documents that support your position there is no claim against your company, if that is your contention. Before my Client proceeds with a formal claim, they wish to give your company the opportunity to explain their actions. Please forward this information to my attention by Jun  17, 2024. If we do not hear from you by tha  time, my Clien  wil  consider all legal remedies available, including but not limited to, filing a claim in Federal Court. By sending this letter, you as well as any third parties that you worked with related to the telephone campaign at issue, are hereby notified of your obligation to preserve all electronic and non-electronic files regarding this claim. This includes, but is not limited to, all e-mail communications and records reflecting telephone calls and text messages.

Sincerely,

Heidarpour Law Firm, PLLC

*Andrew Heidarpour*

Andrew W. Heidarpour, Esq



1300 Pennsylvania Ave. NW 190-318
Washington, D.C. 20004
AHeidarpour@HLFirm.com
TEL: (202) 234-2727

Andrew W. Heidarpour, Esq
D.C BAR # 1022137

**Heidarpour Law Firm, PLLC**

**June 6, 2024**

Via Email: info@choicefinancial.co; info@choice-financial.net; scottmorrone@gmail.com

**Choice Financial Management**
**ATTN: LEGAL DEPARTMENT**
**3639 Midway Dr., Suite B**
**San Diego, CA 92110**

      Re:   <u>Violation of the Telephone Consumer Protection Act</u>

To Whom It May Concern:

      My Client, Erin Robertson (Client), wishes to bring to your attention a telemarketing concern. In May of 2024, my Client received unsolicited telemarketing calls to their wireless line █████████, from your company or some company on your behalf, from number 888-910-1626. My Client did not provide their consent to your company to make these telemarketing calls. It is my understanding that according to the Telephone Consumer Protection Act, it is illegal to make marketing calls to any wireless line using an ATDS or Pre-Recorded message without first obtaining the express written consent of the recipient or business. Furthermore, the number in question is also on the National Do-Not-Call Registry.

      Please forward to my attention all documents that evidence any purported consent to receive telemarketing calls from your company, as well as any other documents that support your position there is no claim against your company, if that is your contention. Before my Client proceeds with a formal claim, they wish to give your company the opportunity to explain their actions. Please forward this information to my attention by June 13, 2024. If we do not hear from you by that time, my Client will consider all legal remedies available, including but not limited to, filing a claim in Federal Court. By sending this letter, you as we l as any third parties that you worked with related to the telephone campaign at issue, are hereby notified of your obligation to preserve all electronic and non-electronic files regarding this claim. This includes, but is not limited to, all e-mail communications and records reflecting telephone calls.

                           Sincerely,

                         Heidarpour Law Firm, PLLC

                       *Andrew Heidarpour*

                       Andrew W. Heidarpour, Esq

1300 Pennsylvania Ave. NW 190-318
Washington, D.C. 20004
AHeidarpour@HLFirm.com
TEL: (202) 234-2727



**Heidarpour Law Firm, PLLC**

Andrew W. Heidarpour, Esq
D.C BAR # 1022137

**June 11, 2024**

**Via Email:** Mike.Triplett@cigna.com;   Eric.Palmer@cigna.com;   LetUsHelpU@cigna.com

**Cigna**
**ATTN: LEGAL DEPARTMENT**
**2101 Rosecrans Ave, Suite 3275**
**El Segundo, CA 90245**

>    Re:   <u>Violation of the Telephone Consumer Protection Act</u>

To Whom It May Concern:

My Client, Erin Robertson (Client), wishes to bring to your attention a telemarketing concern. In May of 2024, my Client received unsolicited telemarketing calls their wireless line ▮▮▮▮▮▮▮▮, from your company or some company on your behalf, from numbers 775-210-1369 and 775-210-1324. My Client did not provide their consent to your company to make these telemarketing calls. It is my understanding that according to the Telephone Consumer Protection Act, it is illegal to make marketing calls to any wireless line using an ATDS or Pre-Recorded message without first obtaining the express written consent of the recipient or business. Furthermore, the number in question is also on the National Do-Not-Call Registry.

Please forward to my attention all documents that evidence any purported consent to receive telemarketing calls from your company, as well as any other documents that support your position there is no claim against your company, if that is your contention. Before my Client proceeds with a formal claim, they wish to give your company the opportunity to explain their actions. Please forward this information to my attention by June 18, 2024. If we do not hear from you by that time, my Client will consider all legal remedies available, including but not limited to, filing a claim in Federal Court. By sending this letter, you as well as any third parties that you worked with related to the telephone campaign at issue, are hereby notified of your obligation to preserve all electronic and non-electronic files regarding this claim. This includes, but is not limited to, all e-mail communications and records reflecting telephone calls.

>                Sincerely,
>
>                Heidarpour Law Firm, PLLC
>
>                *Andrew Heidarpour*
>                Andrew W. Heidarpour, Esq



1300 Pennsylvania Ave. NW 190-318
Washington, D.C. 20004
AHeidarpour@HLFirm.com
TEL: (202) 234-2727

Andrew W. Heidarpour, Esq
D.C BAR # 1022137

**Heidarpour Law Firm, PLLC**

**June 27, 2024**

**Via Email:** Vajira@coveragex.com; compliance@coveragex.com; info@CoverageX.com

**CoverageX, LLC**
**ATTN: LEGAL DEPARTMENT**
**3430 Sunset Avenue**
**Ocean, NJ 07712**

Re:     **Violation of the Telephone Consumer Protection Act**

To Whom It May Concern:

My Client, Erin Robertson (Client), wishes to bring to your attention a telemarketing concern. In May and June of 2024, my Client received unsolicited telemarketing texts to their wireless line ███████, from your company or some company on your behalf, from number 205-316-2247. My Client did not provide their consent to your company to make these telemarketing texts. It is my understanding that according to the Telephone Consumer Protection Act, it is illegal to make marketing calls or texts to any wireless line using an ATDS or Pre-Recorded message without first obtaining the express written consent of the recipient or business.

Please forward to my attention all documents that evidence any purported consent to receive telemarketing texts from your company, as well as any other documents that support your position there is no claim against your company, if that is your contention. Before my Client proceeds with a formal claim, they wish to give your company the opportunity to explain their actions. Please forward this information to my attention by July 5, 2024. If we do not hear from you by that time, my Client will consider all legal remedies available, including but not limited to, filing a claim in Federal Court. By sending this letter, you as well as any third part es that you worked with related to the telephone campaign at issue, are her by notified of your obligation to preserve all electronic and non-electronic files regarding this claim. This includes, but is not limited to, all e-mail communications and records reflecting telephone calls and text messages.

Sincerely,

Heidarpour Law Firm, PLLC

*Andrew Heidarpour*

Andrew W. Heidarpour, Esq

www.HLFirm.com
HLF00209



1300 Pennsylvania Ave. NW 190-318
Washington, D.C. 20004
DOliver.HeidarpourLawFirm@gmail.com
TEL: (202) 234-2727

Dana J. Oliver, Esq
CA BAR # 291082

**Heidarpour Law Firm, PLLC**

**August 13, 2024**

**Via Email:** harden.lee@gmail.com; lharden@lcocasino.com;
Customers@eLoanWarehouse.com; scotts968@yahoo.com; loanselectus@aol.com

**eLoan Warehouse**
**ATTN: LEGAL DEPARTMENT**
**13526 W Trepania Rd**
**Hayward, WI 54843-2264**

Re:     **Violation of the Telephone Consumer Protection Act**

To Whom It May Concern:

My Client, Erin Robertson (Client), wishes to bring to your attention a telemarketing concern. In June, July, and August of 2024, my Client received unsolicited telemarketing texts to their wireless line ▮▮▮▮▮7, from your company or some company on your behalf, from number 34914. My Client did not provide their consent to your company to make these telemarketing texts. It is my understanding that according to the Telephone Consumer Protection Act, it is illegal to make marketing calls or texts to any wireless line using an ATDS or Pre-Recorded message without first obtaining the express written consent of the recipient or business.  Furthermore, the number in question is also on the National Do-Not-Call Registry.

Please forward to my attention all documents that evidence any purported consent to receive telemarketing texts from your company, as well as any other documents that support your position there is no claim against your company, if that is your contention. Before my Client proceeds with a formal claim, they wish to give your company the opportunity to explain their actions. Please forward this information to my attention by August 20, 2024.  If we do not hear from you by that time, my Client will consider all legal remedies available, including but not limited to, filing a claim in Federal Court. By sending this letter, you as well as any third parties that you worked with related to the telephone campaign at issue, are hereby notified of your obligation to preserve all electronic and non-electronic files regarding this claim. This includes, but is not limited to, all e-mail communications and records reflecting telephone calls and text messages.

Sincerely,

Heidarpour Law Firm, PLLC

Dana J. Oliver, Esq



**Heidarpour Law Firm, PLLC**

1300 Pennsylvania Ave. NW 190-318
Washington, D.C. 20004
DOliver.HeidarpourLawFirm@gmail.com
TEL: (202) 234-2727

Dana J. Oliver, Esq
CA BAR # 291082

**September 8, 2024**

**Via Email:** support@badcreditloans.com; jasmineramin@gmail.com

**Great LLC**
**ATTN: LEGAL DEPARTMENT**
**2661 N Pearl St #431**
**Tacoma, WA 98407**

**Re:    Violation of the Telephone Consumer Protection Act**

To Whom It May Concern:

My Client, Erin Robertson (Client), wishes to bring to your attention a telemarketing concern. In June, July, August and September of 2024, my Client received unsolicited telemarketing texts to their wireless line ███████, from your company or some company on your behalf, from number 71782. My Client did not provide their consent to your company to make these telemarketing texts. It is my understanding that according to the Telephone Consumer Protection Act, it is illegal to make marketing calls or texts to any wireless line using an ATDS or Pre-Recorded message without first obtaining the express written consent of the recipient or business.  Furthermore, the number in question is also on the National Do-Not-Call Registry.

Please forward to my attention all documents that evidence any purported consent to receive telemarketing texts from your company, as well as any other documents that support your position there is no claim against your company, if that is your contention. Before my Client proceeds with a formal claim, they wish to give your company the opportunity to explain their actions. Please forward this information to my attention by September 16, 2024. If we do not hear from you by that time, my Client will consider all legal remedies available, including but not limited to, filing a claim in Federal Court. By sending this letter, you as well as any third parties that you worked with related to the telephone campaign at issue, are hereby notified of your obligation to preserve all electronic and non-electronic files regarding this claim. This includes, but is not limited to, all e-mail communications and records reflecting telephone calls and text messages.

Sincerely,

Heidarpour Law Firm, PLLC

Dana J. Oliver, Esq

www.HLFirm.com
HLF00211



1300 Pennsylvania Ave. NW 190-318
Washington, D.C. 20004
DOliver.HeidarpourLawFirm@gmail.com
TEL: (202) 234-2727

Dana J. Oliver, Esq
CA BAR # 291082

**Heidarpour Law Firm, PLLC**

**August 7, 2024**

**Via Email:** info@text-calibur.com; joe@joedelfgauw.com

**InsuranceCloud365**
**ATTN: LEGAL DEPARTMENT**
**4398 Roger B. Chaffee**
**Grand Rapids, MI 49548**

  **Re: <u>Violation of the Telephone Consumer Protection Act</u>**

To Whom It May Concern:

  My Client, Erin Robertson (Client), wishes to bring to your attention a telemarketing concern. In July of 2024, my Client received unsolicited telemarketing texts to their wireless line ████████, from your company or some company on your behalf, from number 71988. My Client did not provide their consent to your company to make these telemarketing texts. It is my understanding that according to the Telephone Consumer Protection Act, it is illegal to make marketing calls or texts to any wireless line using an ATDS or Pre-Recorded message without first obtaining the express written consent of the recipient or business. Furthermore, the number in question is also on the National Do-Not-Call Registry.

  Please forward to my attention all documents that evidence any purported consent to receive telemarketing texts from your company, as well as any other documents that support your position there is no claim against your company, if that is your contention. Before my Client proceeds with a formal claim, they wish to give your company the opportunity to explain their actions. Please forward this information to my attention by August 14, 2024. If we do not hear from you by that time, my Client will consider all legal remedies available, including but not limited to, filing a claim in Federal Court. By sending this letter, you as well as any third parties that you worked with related to the telephone campaign at issue, are hereby notified of your obligation to preserve all electronic and non-electronic files regarding this claim. This includes, but is not limited to, all e-mail communications and records reflecting telephone calls and text messages.

        Sincerely,

        Heidarpour Law Firm, PLLC

        Dana J. Oliver, Esq

HLF00212



1300 Pennsylvania Ave. NW 190-318
Washington, D.C. 20004
AHeidarpour@HLFirm.com
TEL: (202) 234-2727

Andrew W. Heidarpour, Esq
D.C BAR # 1022137

**Heidarpour Law Firm, PLLC**

**June 10, 2024**

Via Email: support@marketwaycapital.com

**Marketway Capital Marketing**
**ATTN: LEGAL DEPARTMENT**
**1309 Coffeen Avenue, Ste 1200**
**Sheridan, Wyoming 82801**

   Re:   <u>Violation of the Telephone Consumer Protection Act</u>

To Whom It May Concern:

   My Client, Erin Robertson (Client), wishes to bring to your attention a telemarketing concern. In May of 2024, my Client received unsolicited telemarketing calls their wireless line ▮▮▮▮▮▮▮, from your company or some company on your behalf, from numbers 307-301-5779, 307-293-0025, 307-293-0429, 307-301-5804, 307-301-5830, 307-301-5676, and 307-293-0088. My Client did not provide their consent to your company to make these telemarketing calls. It is my understanding that according to the Telephone Consumer Protection Act, it is illegal to make marketing calls to any wireless line using an ATDS or Pre-Recorded message without first obtaining the express written consent of the recipient or business. Furthermore, the number in question is also on the National Do-Not-Call Registry.

   Please forward to my attention all documents that evidence any purported consent to receive telemarketing calls from your company, as well as any other documents that support your position there is no claim against your company, if that is your contention. Before my Client proceeds with a formal claim, they wish to give your company the opportunity to explain their actions. Please forward this information to my attention by June 17, 2024. If we do not hear from you by that time, my Client will consider all legal remedies available, including but not limited to, filing a claim in Federal Court. By sending this letter, you as well as any third parties that you worked with related to the telephone campaign at issue, are hereby notified of your obligation to preserve all electronic and non-electronic files regarding this claim. This includes, but is not limited to, all e-mail communications and records reflecting telephone calls.

            Sincerely,

            Heidarpour Law Firm, PLLC

            *Andrew Heidarpour*
            Andrew W. Heidarpour, Esq

www.HLFirm.com
<span style="color:red">HLF00213</span>



**Heidarpour Law Firm, PLLC**

1300 Pennsylvania Ave. NW 190-318
Washington, D.C. 20004
DOliver.HeidarpourLawFirm@gmail.com
TEL: (202) 234-2727

Dana J. Oliver, Esq
CA BAR # 291082

**August 16, 2024**

**Via Email:** imtiyaz_haque@yahoo.com; ihaque@movoto.com; legal@ojo.com;
customercare@movoto.com

**Movoto, Inc.**
**ATTN: LEGAL DEPARTMENT**
**1700 South Amphlett Blvd Suite 205**
**San Mateo, CA 94402 United States**

      **Re:**   **<u>Violation of the Telephone Consumer Protection Act</u>**

To Whom It May Concern:

     My Client, Erin Robertson (Client), wishes to bring to your attention a telemarketing concern. In July and August of 2024, my Client received unsolicited telemarketing texts to their wireless line ▮▮▮▮▮7, from your company or some company on your behalf, from number 775-522-2858. My Client did not provide their consent to your company to make these telemarketing texts. It is my understanding that according to the Telephone Consumer Protection Act, it is illegal to make marketing calls or texts to any wireless line using an ATDS or Pre-Recorded message without first obtaining the express written consent of the recipient or business. Furthermore, the number in question is also on the National Do-Not-Call Registry.

     Please forward to my attention all documents that evidence any purported consent to receive telemarketing texts from your company, as well as any other documents that support your position there is no claim against your company, if that is your contention. Before my Client proceeds with a formal claim, they wish to give your company the opportunity to explain their actions. Please forward this information to my attention by August 23, 2024. If we do not hear from you by that time, my Client will consider all legal remedies available, including but not limited to, filing a claim in Federal Court. By sending this letter, you as well as any third parties that you worked with related to the telephone campaign at issue, are hereby notified of your obligation to preserve all electronic and non-electronic files regarding this claim. This includes, but is not limited to, all e-mail communications and records reflecting telephone calls and text messages.

                       Sincerely,

                     Heidarpour Law Firm, PLLC

                     Dana J. Oliver, Esq

HLF00214



1300 Pennsylvania Ave. NW 190-318
Washington, D.C. 20004
AHeidarpour@HLFirm.com
TEL: (202) 234-2727

Andrew W. Heidarpour, Esq
D.C BAR # 1022137

**Heidarpour Law Firm, PLLC**

**June 7, 2024**

**Via Email:** ad@nsure.com; contact@nsure.com

**Nsure Insurance Services, Inc. / Nsure Insurance Agency, Inc.**
**ATTN: LEGAL DEPARTMENT**

Re:    <u>**Violation of the Telephone Consumer Protection Act**</u>

To Whom It May Concern:

My Client, Erin Robertson (Client), wishes to bring to your attention a telemarketing concern. In April and June of 2024, my Client received unsolicited telemarketing texts to their wireless line ▮▮▮▮▮▮▮▮▮, from your company or some company on your behalf, from number 276-221-8729. My Client did not provide their consent to your company to make these telemarketing texts. It is my understanding that according to the Telephone Consumer Protection Act, it is illegal to make marketing calls or texts to any wireless line using an ATDS or Pre-Recorded message without first obtaining the express written consent of the recipient or business. Furthermore, the number in question is also on the National Do-Not-Call Registry.

Please forward to my attention all documents that evidence any purported consent to receive telemarketing calls and text messages from your company, as well as any other documents that support your position there is no claim against your company, if that is your contention. Before my Client proceeds with a formal claim, they wish to give your company the opportunity to explain their actions. Please forward this information to my attention by June 14, 2024. If we do not hear from you by that time, my Client will consider all legal remedies available, including but not limited to, filing a claim in Federal Court. By sending this letter, you as well as any third parties that you worked with related to the telephone campaign at issue, are hereby notified of your obligation to preserve all electronic and non-electronic files regarding this claim. This includes, but is not limited to, all e-mail communications and records reflecting telephone calls and text messages.

Sincerely,

Heidarpour Law Firm, PLLC

*Andrew Heidarpour*

Andrew W. Heidarpour, Esq



1300 Pennsylvania Ave. NW 190-318
Washington, D.C. 20004
AHeidarpour@HLFirm.com
TEL: (202) 234-2727

Andrew W. Heidarpour, Esq
D.C BAR # 1022137

**Heidarpour Law Firm, PLLC**

**June 27, 2024**

**Via Email:** brian.bair@offerpad.com; adam.martinez@offerpad.com; Info@Offerpad.com; benjamin.aronovitch@offerpad.com

**OfferPad**
**ATTN: LEGAL DEPARTMENT**
**2150 E Germann Rd., Ste 1**
**Chandler, AZ 85286**

Re:  **Violation of the Telephone Consumer Protection Act**

To Whom It May Concern:

My Client, Erin Robertson (Client), wishes to bring to your attention a telemarketing concern. In June of 2024, my Client received unsolicited telemarketing texts and calls to their wireless line ▮▮▮▮▮▮, from your company or some company on your behalf, from numbers 800-231-6084. My Client did not provide their consent to your company to make these telemarketing texts or calls. It is my understanding that according to the Telephone Consumer Protection Act, it is illegal to make marketing calls or texts to any wireless line using an ATDS or Pre-Recorded message without first obtaining the express written consent of the recipient or business. Furthermore, the number in question is also on the National Do-Not-Call Registry.

Please forward to my attention all documents that evidence any purported consent to receive telemarketing calls or texts from your company, as well as any other documents that support your position there is no claim against your company, if that is your contention. Before my Client proceeds with a formal claim, they wish to give your company the opportunity to explain their actions. Please forward this information to my attention by July 5, 2024  If we do not hear from you by that time, my Client will consider all legal r medies available, ncluding but not limited to, filing a claim in Federal Court. By sending this letter, you as well as any third parties that you worked with related to the telephone campaign at issue, are hereby notified of your obligation to preserve all electronic and non-electronic files regarding this claim. This includes, but is not limited to, all e-mail communications and records reflecting telephone calls and text messages.

Sincerely,

Heidarpour Law Firm, PLLC

*Andrew Heidarpour*

Andrew W. Heidarpour, Esq



1300 Pennsylvania Ave. NW 190-318
Washington, D.C. 20004
DOliver.HeidarpourLawFirm@gmail.com
TEL: (202) 234-2727

Dana J. Oliver, Esq
CA BAR # 291082

**Heidarpour Law Firm, PLLC**

**August 9, 2024**

**Via Email:** compliance@yesomni.com; avsar@omnimilitaryloans.com; customersupport@omnimilitaryloans.com; teamsupport@yesomni.com

**Omni Financial**
**ATTN: LEGAL DEPARTMENT**
**6655 W. Sahara Avenue, Suite C104**
**Las Vegas, NV 89146**

  Re: <u>Violation of the Telephone Consumer Protection Act</u>

To Whom It May Concern:

  My Client, Erin Robertson (Client), wishes to bring to your attention a telemarketing concern. In July of 2024, my Client received unsolicited telemarketing calls to their wireless line █████████7, from your company or some company on your behalf, from numbers 757-583-6664. My Client did not provide their consent to your company to make these telemarketing calls. It is my understanding that according to the Telephone Consumer Protection Act, it is illegal to make marketing calls to any wireless line using an ATDS or Pre-Recorded message without first obtaining the express written consent of the recipient or business. Furthermore, the number in question is also on the National Do-Not-Call Registry.

  Please forward to my attention all documents that evidence any purported consent to receive telemarketing calls from your company, as well as any other documents that support your position there is no claim against your company, if that is your contention. Before my Client proceeds with a formal claim, they wish to give your company the opportunity to explain their actions. Please forward this information to my attention by August 16, 2024. If we do not hear from you by that time, my Client will consider all legal remedies available, including but not limited to, filing a claim in Federal Court. By sending this letter, you as well as any third parties that you worked with related to the telephone campaign at issue, are hereby notified of your obligation to preserve all electronic and non-electronic files regarding this claim. This includes, but is not limited to, all e-mail communications and records reflecting telephone calls.

       Sincerely,

       Heidarpour Law Firm, PLLC

       Dana J. Oliver, Esq

HLF00217



1300 Pennsylvania Ave. NW 190-318
Washington, D.C. 20004
DOliver.HeidarpourLawFirm@gmail.com
TEL: (202) 234-2727

Dana J. Oliver, Esq
CA BAR # 291082

**Heidarpour Law Firm, PLLC**

**April 17, 2025**

**Via Email:** tracy@ccgfamily.com; accessibility@ccgfamily.com; info@ccgfamily.com; support@patriothealth.com

**Patriot Health, Inc.**
**ATTN: LEGAL DEPARTMENT**
**2540 Metrocentre Blvd, Suite 5**
**West Palm Beach, FL 33407**

> Re:    <u>Violation of the Telephone Consumer Protection Act</u>

To Whom It May Concern:

Our client, Erin Robertson, wishes to bring to your attention a telemarketing concern. In June of 2024, our client received unsolicited telemarketing texts to their wireless line ███- █████, from your company or some company on your behalf, from number 424-786-6772. Our client did not provide their consent to your company to make these telemarketing texts. It is our understanding that according to the Telephone Consumer Protection Act, it is illegal to make marketing calls or texts to any wireless line using an ATDS or Pre-Recorded message without first obtaining the express written consent of the recipient or business. Furthermore, the number in question is also on the National Do-Not-Call Registry.

Please forward to our attention all documents that evidence any purported consent to receive telemarketing texts from your company, as well as any other documents that support your position there is no claim against your company, if that is your contention. Before our client proceeds with a formal claim, they wish to give your company the opportunity to explain their actions. Please forward this information to our attention by April 25, 2025. If we do not hear from you by that time, our client will consider all legal remedies available, including but not limited to, filing a claim in Federal Court.

By sending this letter, you as well as any third parties that you worked with related to the telephone campaign at issue, are hereby notified of your obligation to preserve all electronic and non-electronic files regarding this claim. This includes, but is not limited to, all e-mail communications and records reflecting telephone calls and text messages.

Sincerely,

Heidarpour Law Firm, PLLC

Dana J. Oliver, Esq



**Heidarpour Law Firm, PLLC**

1300 Pennsylvania Ave. NW 190-318
Washington, D.C. 20004
DOliver.HeidarpourLawFirm@gmail.com
TEL: (202) 234-2727

Dana J. Oliver, Esq
CA BAR # 291082

**January 27, 2025**

**Via Email:** contact@policybright.org; sergek@leadeconomy.com

**PolicyBright**
**ATTN: LEGAL DEPARTMENT**
**201 NE Park Plaza Dr, Suite 160**
**Vancouver, WA 98684**

Re:    **Violation of the Telephone Consumer Protection Act**

To Whom It May Concern:

My Client, Erin Robertson (Client), wishes to bring to your attention a telemarketing concern. In September and October of 2024, my Client received unsolicited telemarketing texts to their wireless line ████████, from your company or some company on your behalf, from number 310-759-8988. My Client did not provide their consent to your company to make these telemarketing texts. It is my understanding that according to the Telephone Consumer Protection Act, it is illegal to make marketing calls or texts to any wireless line using an ATDS or Pre-Recorded message without first obtaining the express written consent of the recipient or business. Furthermore, the number in question is also on the National Do-Not-Call Registry.

Please forward to my attention all documents that evidence any purported consent to receive telemarketing texts from your company, as well as any other documents that support your position there is no claim against your company, if that is your contention. Before my Client proceeds with a formal claim, they wish to give your company the opportunity to explain their actions. Please forward this information to my attention by February 4, 2025. If we do not hear from you by that time, my Client will consider all legal remedies available, including but not limited to, filing a claim in Federal Court.

By sending this letter, you as well as any third parties that you worked with related to the telephone campaign at issue, are hereby notified of your obligation to preserve all electronic and non-electronic files regarding this claim. This includes, but is not limited to, all e-mail communications and records reflecting telephone calls and text messages.

Sincerely,

Heidarpour Law Firm, PLLC

Dana J. Oliver, Esq

www.HLFirm.com
HLF00219



1300 Pennsylvania Ave. NW 190-318
Washington, D.C. 20004
AHeidarpour@HLFirm.com
TEL: (202) 234-2727

Andrew W. Heidarpour, Esq
D.C BAR # 1022137

**Heidarpour Law Firm, PLLC**

**June 6, 2024**

Via Email: Richard_Jablonski@Progressive.com

**Progressive**
**ATTN: LEGAL DEPARTMENT**

Re:   <u>**Violation of the Telephone Consumer Protection Act**</u>

To Whom It May Concern:

My Client, Erin Robertson (Client), wishes to bring to your attention a telemarketing concern. In April and June of 2024, my Client received unsolicited telemarketing texts to their wireless line ▮▮▮▮▮▮▮, from your company or some company on your behalf, from number 276-221-8731 and 276-221-8635. My Client did not provide their consent to your company to make these telemarketing texts. It is my understanding that according to the Telephone Consumer Protection Act, it is illegal to make marketing calls or texts to any wireless line using an ATDS or Pre-Recorded message without first obtaining the express written consent of the recipient or business. Furthermore, the number in question is also on the National Do-Not-Call Registry.

Please forward to my attention all documents that evidence any purported consent to receive telemarketing calls and text messages from your company, as well as any other documents that support your position there is no claim against your company, if that is your contention. Before my Client proceeds with a formal claim, they wish to give your company the opportunity to explain their actions. Please forward this information to my attention by June 13, 2024. If we do not hear from you by that time, my Client will consider all legal remedies available, including but not limited to, filing a claim in Federal Court. By sending this letter, you as well as any third parties that you worked with related to the tel phone campaign at issue, are he eby notified of your obligation to preserve all electronic and non-electronic files regarding this claim. This includes, but is not limited to, all e-mail communications and records reflecting telephone calls and text messages.

Sincerely,

Heidarpour Law Firm, PLLC

*Andrew Heidarpour*

Andrew W. Heidarpour, Esq

www.HLFirm.com
HLF00220

1300 Pennsylvania Ave. NW 190-318
Washington, D.C. 20004
AHeidarpour@HLFirm.com
TEL: (202) 234-2727



**Heidarpour Law Firm, PLLC**

Andrew W. Heidarpour, Esq
D.C BAR # 1022137

**June 7, 2024**

Via Email: <u>dms@smcapproved.com</u>; <u>legal@stockton.com</u>

**Quillo / Stockton**
**ATTN: LEGAL DEPARTMENT**
**88 C. Michael Davenport Blvd**
**Frankfort, KY 40601**

     Re:   <u>**Violation of the Telephone Consumer Protection Act**</u>

To Whom It May Concern:

     My Client, Erin Robertson (Client), wishes to bring to your attention a telemarketing concern. In May of 2024, my Client received unsolicited telemarketing calls and texts to their wireless line ▮▮▮▮▮▮▮▮, from your company or some company on your behalf, from numbers 216-998-0080 and 833-784-5561. My Client did not provide their consent to your company to make these telemarketing calls or texts. It is my understanding that according to the Telephone Consumer Protection Act, it is illegal to make marketing calls or texts to any wireless line using an ATDS or Pre-Recorded message without first obtaining the express written consent of the recipient or business. Furthermore, the number in question is also on the National Do-Not-Call Registry.

     Please forward to my attention all documents that evidence any purported consent to receive telemarketing calls and text messages from your company, as well as any other documents that support your position there is no claim against your company, if that is your contention. Before my Client proceeds with a formal claim, they wish to give your company the opportunity to explain their actions. Please forward this information to my attention by Jun 14, 2024. If we do not hear from you by that time, my Client will consider all legal remedies available, including but not limited to, filing a claim in Federal Court. By sending this letter, you as well as any third parties that you worked with related to the telephone campaign at issue, are hereby notified of your obligation to preserve all electronic and non-electronic files regarding this claim. This includes, but is not limited to, all e-mail communications and records reflecting telephone calls and text messages.

                         Sincerely,

                         Heidarpour Law Firm, PLLC

                         *Andrew Heidarpour*

                         Andrew W. Heidarpour, Esq

HLF00221



1300 Pennsylvania Ave. NW 190-318
Washington, D.C. 20004
AHeidarpour@HLFirm.com
TEL: (202) 234-2727

**Heidarpour Law Firm, PLLC**

Andrew W. Heidarpour, Esq
D.C BAR # 1022137

**June 6, 2024**

**Via Email: tpeyree@quotewizard.com; speyree@quotewizard.com; bigscott@scottpeyree.net; consumerinquiries@quotewizard.com**

**QuoteWizard**
**ATTN: LEGAL DEPARTMENT**

        Re:     **Violation of the Telephone Consumer Protection Act**

To Whom It May Concern:

        My Client, Erin Robertson (Client), wishes to bring to your attention a telemarketing concern. In March of 2024, my Client received unsolicited telemarketing texts and to their wireless line ███████, from your company or some company on your behalf, from number 775-227-6522. My Client did not provide their consent to your company to make these telemarketing texts. It is my understanding that according to the Telephone Consumer Protection Act, it is illegal to make marketing calls or texts to any wireless line using an ATDS or Pre-Recorded message without first obtaining the express written consent of the recipient or business. Furthermore, the number in question is also on the National Do-Not-Call Registry.

        Please forward to my attention all documents that evidence any purported consent to receive telemarketing calls and text messages from your company, as well as any other documents that support your position there is no claim against your company, if that is your contention. Before my Client proceeds with a formal claim, they wish to give your company the opportunity to explain their actions. Please forward this information to my attention by June 13, 2024. If we do not hear from you by that time, my Client will consider all legal remedies available including but not limited to filing a claim in Federal Court. By sending this letter, you as well as any third parties that you worked with related to the telephone campaign at issue, are hereby notified of your obligation to preserve all electronic and non-electronic files regarding this claim. This includes, but is not limited to, all e-mail communications and records reflecting telephone calls and text messages.

                Sincerely,

                Heidarpour Law Firm, PLLC

                *Andrew Heidarpour*

                Andrew W. Heidarpour, Esq



**Heidarpour Law Firm, PLLC**

1300 Pennsylvania Ave. NW 190-318
Washington, D.C. 20004
AHeidarpour@HLFirm.com
TEL: (202) 234-2727

Andrew W. Heidarpour, Esq
D.C BAR # 1022137

**June 6, 2024**

Via Email: lrsuh@thenetlender.com; mjones@thenetlender.com

**TNL Car Title Loans**
**ATTN: LEGAL DEPARTMENT**
**95 3rd St, Ste 1**
**San Francisco, CA 94103**

Re:    <u>**Violation of the Telephone Consumer Protection Act**</u>

To Whom It May Concern:

My Client, Erin Robertson (Client), wishes to bring to your attention a telemarketing concern. In March and April of 2024, my Client received unsolicited telemarketing texts to their wireless line ███████, from your company or some company on your behalf, from number 833-635-2105. My Client did not provide their consent to your company to make these telemarketing texts. It is my understanding that according to the Telephone Consumer Protection Act, it is illegal to make marketing calls or texts to any wireless line using an ATDS or Pre-Recorded message without first obtaining the express written consent of the recipient or business. Furthermore, the number in question is also on the National Do-Not-Call Registry.

Please forward to my attention all documents that evidence any purported consent to receive telemarketing calls and text messages from your company, as well as any other documents that support your position there is no claim against your company, if that is your contention. Before my Client proceeds with a formal claim, they wish to give your company the opportunity to explain their actions. Please forward this information to my attention by Jun 13 2024. If we do not hear from you by that time, my Client will consider all legal remedies available, including but not limited to, filing a claim in Federal Court. By sending this letter, you as well as any third parties that you worked with related to the telephone campaign at issue, are hereby notified of your obligation to preserve all electronic and non-electronic files regarding this claim. This includes, but is not limited to, all e-mail communications and records reflecting telephone calls and text messages.

Sincerely,

Heidarpour Law Firm, PLLC

*Andrew Heidarpour*
Andrew W. Heidarpour, Esq

HLF00223



1300 Pennsylvania Ave. NW 190-318
Washington, D.C. 20004
AHeidarpour@HLFirm.com
TEL: (202) 234-2727

Andrew W. Heidarpour, Esq
D.C BAR # 1022137

**Heidarpour Law Firm, PLLC**

**June 6, 2024**

Via Email: info@unitedhealthadvisers.com

**United Health Advisors**
**ATTN: LEGAL DEPARTMENT**
**145 Commercial St.**
**Portland, ME 04101**

Re:     <u>**Violation of the Telephone Consumer Protection Act**</u>

To Whom It May Concern:

My Client, Erin Robertson (Client), wishes to bring to your attention a telemarketing concern. In April and May of 2024, my Client received unsolicited telemarketing texts to their wireless line ▮▮▮▮▮▮▮▮, from your company or some company on your behalf, from number 720-740-6716. My Client did not provide their consent to your company to make these telemarketing texts. It is my understanding that according to the Telephone Consumer Protection Act, it is illegal to make marketing calls or texts to any wireless line using an ATDS or Pre-Recorded message without first obtaining the express written consent of the recipient or business. Furthermore, the number in question is also on the National Do-Not-Call Registry.

Please forward to my attention all documents that evidence any purported consent to receive telemarketing calls and text messages from your company, as well as any other documents that support your position there is no claim against your company, if that is your contention. Before my Client proceeds with a formal claim, they wish to give your company the opportunity to explain their actions. Please forward this information to my attention by Jun 13 2024. If we do not hear from you by that time, my Clien will consider all legal remedies available, including but not limited to, filing a claim in Federal Court. By sending this letter, you as well as any third parties that you worked with related to the telephone campaign at issue, are hereby notified of your obligation to preserve all electronic and non-electronic files regarding this claim. This includes, but is not limited to, all e-mail communications and records reflecting telephone calls and text messages.

Sincerely,

Heidarpour Law Firm, PLLC

*Andrew Heidarpour*

Andrew W. Heidarpour, Esq



1300 Pennsylvania Ave. NW 190-318
Washington, D.C. 20004
AHeidarpour@HLFirm.com
TEL: (202) 234-2727

**Heidarpour Law Firm, PLLC**

Andrew W. Heidarpour, Esq
D.C BAR # 1022137

**July 12, 2024**

Via Email: info@upgraderemodeling.com; mughrabi@gmail.com

**Upgrade Remodeling LLC**
**ATTN: LEGAL DEPARTMENT**
**532 Hampton Hwy**
**Yorktown, VA 23693**

Re:    Violation of the Telephone Consumer Protection Act

To Whom It May Concern:

My Client, Erin Robertson (Client), wishes to bring to your attention a telemarketing concern. In July of 2024, my Client received unsolicited telemarketing texts to their wireless line ▮▮▮▮▮▮, from your company or some company on your behalf, from number 757-329-2533. My Client did not provide their consent to your company to make these telemarketing texts. It is my understanding that according to the Telephone Consumer Protection Act, it is illegal to make marketing calls or texts to any wireless line using an ATDS or Pre-Recorded message without first obtaining the express written consent of the recipient or business. Furthermore, the number in question is also on the National Do-Not-Call Registry.

Please forward to my attention all documents that evidence any purported consent to receive telemarketing texts from your company, as well as any other documents that support your position there is no claim against your company, if that is your contention. Before my Client proceeds with a formal claim, they wish to give your company the opportunity to explain their actions. Please forward this information to my attention by July 19, 2024. If we do not hear from you by that time, my Client will consider all legal remedies available, including but not limited to, filing a claim in Federal Court. By sending this letter, you as well as any third parties that you worked with related to the telephone campaign at issue, are hereby notified of your obligation to preserve all electronic and non-electronic files regarding this claim. This includes, but is not limited to, all e-mail communications and records reflecting telephone calls and text messages.

Sincerely,

Heidarpour Law Firm, PLLC
*Andrew Heidarpour*
Andrew W. Heidarpour, Esq



1300 Pennsylvania Ave. NW 190-318
Washington, D.C. 20004
AHeidarpour@HLFirm.com
TEL: (202) 234-2727

**Heidarpour Law Firm, PLLC**

Andrew W. Heidarpour, Esq
D.C BAR # 1022137

**July 16, 2024**

**Via Email:** licenses@westshorehome.com; social@westshorehome.com

**West Shore Home, LLC**
**ATTN: LEGAL DEPARTMENT**
**3 Crossgate Dr.**
**Mechanicsburg, PA 17050**

     **Re:**   <u>**Violation of the Telephone Consumer Protection Act**</u>

To Whom It May Concern:

     My Client, Erin Robertson (Client), wishes to bring to your attention a telemarketing concern. In July of 2024, my Client received unsolicited telemarketing texts to their wireless line ▮▮▮▮▮▮ from your company or some company on your behalf, from number 855-840-4926. My Client did not provide their consent to your company to make these telemarketing texts. It is my understanding that according to the Telephone Consumer Protection Act, it is illegal to make marketing calls or texts to any wireless line using an ATDS or Pre-Recorded message without first obtaining the express written consent of the recipient or business. Furthermore, the number in question is also on the National Do-Not-Call Registry.

     Please forward to my attention all documents that evidence any purported consent to receive telemarketing texts from your company, as well as any other documents that support your position there is no claim against your company, if that is your contention. Before my Client proceeds with a formal claim, they wish to give your company the opportunity to explain their actions. Please forward this information to my attention by July 23, 2024. If we do not hear from you by that time, my Client will consider all legal remedies available, including but not limited to, f ling a claim in Federal Court. By send ng this letter, you as we l as any third parties that you worked with related to the telephone campaign at issue, are hereby notified of your obligation to preserve all electronic and non-electronic files regarding this claim. This includes, but is not limited to, all e-mail communications and records reflecting telephone calls and text messages.

                       Sincerely,

                       Heidarpour Law Firm, PLLC

                       *Andrew Heidarpour*
                       Andrew W. Heidarpour, Esq



1300 Pennsylvania Ave. NW 190-318
Washington, D.C. 20004
AHeidarpour@HLFirm.com
TEL: (202) 234-2727

**Heidarpour Law Firm, PLLC**

Andrew W. Heidarpour, Esq
D.C BAR # 1022137

**July 16, 2024**

**Via Email:** arron.kallenberg@gmail.com; akallenberg@wildalaskancompany.com; jwalton@wildalaskancompany.com; sockeye@wildalaskancompany.com

**Wild Alaskan Company**
**ATTN: LEGAL DEPARTMENT**
**895 Jeffrey Ave**
**Homer, Alaska 99603**

     **Re:**   **Violation of the Telephone Consumer Protection Act**

To Whom It May Concern:

    My Client, Erin Robertson (Client), wishes to bring to your attention a telemarketing concern. In July of 2024, my Client received unsolicited telemarketing texts to their wireless line 7▮▮▮▮▮▮▮▮, from your company or some company on your behalf, from number 32651. My Client did not provide their consent to your company to make these telemarketing texts. It is my understanding that according to the Telephone Consumer Protection Act, it is illegal to make marketing calls or texts to any wireless line using an ATDS or Pre-Recorded message without first obtaining the express written consent of the recipient or business. Furthermore, the number in question is also on the National Do-Not-Call Registry.

    Please forward to my attention all documents that evidence any purported consent to receive telemarketing texts from your company, as well as any other documents that support your position there is no claim against your company, if that is your contention. Before my Client proceeds with a formal claim, they wish to give your company the opportunity to explain their actions. Please forward this information to my attention by July 23, 2024. If we do not hear from you by that time, my Client will consider all legal remedies available, including but not limited to, filing a claim in Federal Court. By sending this letter, you as well as any third parties that you worked with related to the telephone campaign at issue, are hereby notified of your obligation to preserve all electronic and non-electronic files regarding this claim. This includes, but is not limited to, all e-mail communications and records reflecting telephone calls and text messages.

                                          Sincerely,

                                  Heidarpour Law Firm, PLLC
                                  *Andrew Heidarpour*
                                  Andrew W. Heidarpour, Esq

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

Erin Robertson, INDIVIDUALLY AND ON BEHALF OF A CLASS OF ALL PERSONS AND ENTITIES SIMILARLY SITUATED,    :    **Case No** 3:24-cv-01086

   :

    Plaintiff,

    v.

Choice Financial Management, Inc

    Defendant.

## SETTLEMENT STATEMENT

| | |
|---|---|
| Settlement Amount | $40,000.00 |
| Less Attorneys' Fees and Costs | $35,500.00 |
| **AMOUNT to Erin Robertson** *EER* | **$4,500.000** |

**I, THE CLIENT, DECLARE THAT:**

**(1) I HAVE READ THIS SETTLEMENT STATEMENT.**

**(2) I AUTHORIZE AND AGREE TO ALL DISBURSEMENTS REFLECTED IN THIS SETTLEMENT STATEMENT.**

**(3) I, ERIN ROBERTSON, RELEASE, ACQUIT, AND FOREVER DISCHARGE RELEASE PARONICH LAW, P.C., ANTHONY PARONICH, HEIDARPOUR LAW FIRM, PLLC, ANDREW HEIDARPOUR, KAUFMAN PA, AVI KAUFMAN, AND RACHEL KAUFMAN FROM ANY AND ALL MANNER OF ACTIONS, CAUSES OF ACTION, SUITS, JUDGMENTS, DEMANDS, CLAIMS, RIGHTS, INTERESTS, REMEDIES OF ANY NATURE, KIND OR DESCRIPTION WHATSOEVER IN LAW OR IN EQUITY THAT I HAD, NOW HAVE, OR MAY HAVE AGAINST THEM, WHETHER KNOWN OR UNKNOWN, UP TO AND INCLUDING THE DATE OF MY SIGNATURE, INCLUDING BUT NOT LIMITED TO IN RELATION TO LITIGATION AGAINST CHOICE FINANCIAL MANAGEMENT, INC.**

*Erin E. Robertson*                                        08/01/2024
_____        Date:_____

Erin Robertson

HLF00228

## Re American Homeshield

| | | | |
|---|---|---|---|
| Total Fees & Expenses Recovered | | $20,000.00 | |
| Client Incentive Awards | | $1,000.00 | |
| Total Expenses Incurred | | $1,164.00 | |
| Total Fees Awarded | | $17,836.00 | |
| | | | |
| **Payment 1** | | | |
| **Firm** | **Fees** | **Expenses** | **Total** |
| Smith Krivoshey PC | $11,771.76 | $1,164.00 | $12,935.76 |
| Heidarpour Law Firm | $4,280.64 | $0.00 | $4,280.64 |
| CRAIG K. PERRY & ASSOCIATES | $1,783.60 | $0.00 | $1,783.60 |
| | $17,836.00 | $1,164.00 | |
| | | | |
| | | | |

HLF00229

SETTLEMENT AGREEMENT AND RELEASE

This confidential Settlement Agreement and Release (the "Agreement") is made this 23 day of August 2024, by and between LeafFilter North, LLC ("Company"), and Erin Robertson ("Complainant") (collectively the "Parties" or each individually a "Party").

WHEREAS, Complainant has alleged certain sales or marketing-related law violations by Company and/or the affiliates or partners of the same, including alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. (the "Demand"),

WHEREAS, the parties hereto desire to compromise, settle, and release any and all claims arising out of or relating to the alleged violations, without any admission of wrongdoing by either party.

1.      Payment. The Parties have agreed to settle this matter for a total payment (the "Settlement Payment") of SIX THOUSAND UNITED STATES DOLLARS ($6,000.00), inclusive of attorneys' fees and costs, as full and complete consideration for the settlement agreed to herein.  Within 10 business days, Company shall pay $6,000.00 (one check in the amount of $3,600.00 payable to Erin Robertson, and one wire transfer in the amount of $2,400 payable to Heidarpour Law Firm, PLLC), inclusive of attorneys' fees and costs. Complainant and their counsel will provide completed W-9 Forms to Company within five (5) business days of execution of this Agreement. Wire transfer information for Heidarpour Law Firm, PLLC is as follows: **Heidarpour Law Firm, PLLC, Wire Routing No. ▮▮▮▮▮▮, Account No. ▮▮▮▮▮▮▮▮. Banking is done via Bank of America. In the notes of the wire transfer and check, write "Robertson v. Leaf Filter." Mailing address for Complainant is as follows: ▮▮ ▮▮▮▮▮▮▮▮ Reno, NV 89502.** As set forth below, the Settlement Payment shall resolve and forever discharge any and all claims asserted or claims that could have been asserted by Complainant against Company, that existed up to the date of the signed agreement.

2.      Release.  In consideration of the promises contained herein and the relinquishment of Complainants' legal rights regarding any claims arising out of or related to any actual or alleged violations of law, the Complainant, his agents, estates, heirs, executors, administrators, dependents successors, legal representatives, assigns, any other person or entity that might succeed to his rights and responsibilities under this Agreement, any entity in which Complainant holds or will hold an ownership interest, and each of their respective past, present and future officers, directors, employees, partners, shareholders, investors, accountants, owners, trustees, insurers, attorneys, agents, representatives and contractors (the "Releasing Parties"), do hereby release, acquit and forever discharge Company, along with each of its present or past predecessors, successors, assigns, Leaf Home, LLC and its subsidiaries (LeafFilter North, LLC, Leaf Home Safety Solutions, LLC, Leaf Home Water Solutions, LLC, and Leaf Home Enhancements, LLC), and each of its and their respective officers, directors, managers, members, shareholders, employees, assigns, successors, servants, attorneys and third party vendors relating to the calls at issue in the Demand solely as it relates to those calls and/or consent to the same, (the "LeafFilter Released Parties") from any and all past and present claims, liabilities, demands, suits, and causes of action of every nature and kind, whether known or unknown, suspected or unsuspected, foreseen or

HLF00230

unforeseen, whether arising under the common law, state or federal law, or any other law, whether vested or contingent from the beginning of time, up to the date of this signed agreement. By executing this Agreement, it is the full and express intent of the Parties that the Releasing Parties forever and completely discharge and release the LeafFilter Released Parties from any and all liability for unknown and/or unforeseen losses, costs, expenses, liabilities, claims, damages and consequences thereof. This Release expressly includes, but shall not be deemed limited to, any claims by the Releasing Parties which arise from or are related to alleged TCPA violations and any claims which were asserted or could have been asserted in the Demand against the LeafFilter Released Parties, up to the date of this signed agreement. In consideration of the resolution for this claim, Company does hereby and forever release, acquit, discharge, and covenant not to sue Complainant, his heirs, dependents successors, legal representatives and assigns, from any and all causes of action, suits, claims, liens, demands, judgments, indebtedness, costs, damages, obligations, attorneys' fees, losses, controversies, liabilities, and all other legal responsibilities in any form or nature that arose out of or are related to the claims arising out of or related to any actual or alleged violations of the TCPA as alleged in the Demand. In the event that any action is taken to enforce the terms of this Agreement, the prevailing party shall be entitled to recover, in addition to other damages or remedies, its reasonable attorneys' fees, court costs, and other costs and expenses reasonably incurred in connection therewith, including but not limited to any reasonable attorneys' fees, court costs and other costs and expenses incurred. The Parties agree and acknowledge that this Release is an essential and material term of this Agreement and without this Release, the Agreement would not have been accepted.

The Releasing Parties acknowledge that they might hereafter discover facts in addition to or different from those they know or believe to be true with respect to the subject matter of this Agreement. Notwithstanding the discovery of any such additional or different facts that, if known, would materially affect their decision to enter into this Agreement, the releases in this Agreement shall remain in effect. The Releasing Parties waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of any statute or law which might otherwise render unenforceable a release of unknown claims contained in this Agreement.

In consideration of the covenants and agreements contained in this Agreement, the Releasing Parties: (1) fully and forever release, remise, quit-claim and discharge the LeafFilter Released Parties from the Released Claims; and (2) shall not bring, commence, institute, maintain, prosecute or voluntarily aid in any action at law, proceeding in equity or any other legal proceeding against any of the LeafFilter Released Parties based on any of the Released Claims. Should any proceeding be instituted by, or on behalf of, a Releasing Party against a LeafFilter Released Party with respect to a Released Claim, this Release shall be deemed full satisfaction of any such claim(s) and a sufficient basis for the immediate dismissal thereof and/or an injunction against suit (without being required to post a bond or other security).

3.    Confidentiality & Non-Disparagement. Neither Party shall discuss, publish or share any copy of, or any details relating to, this Agreement with any person or entity not a party to this Agreement, unless to their attorneys, accountants, the Internal Revenue Service, the LeafFilter Released Parties or as otherwise required by law or a court of law. Both Parties agree to forbear from making, causing to be made, publishing, ratifying or endorsing any and all disparaging

remarks, derogatory statements or comments made to any party with respect to either of them and/or the LeafFilter Released Parties.

4.    <u>Denial of Liability</u>.    It is expressly understood and agreed to by and among the undersigned hereto that by entering into this Agreement, none of the undersigned (nor their affiliates) hereto admit the truth of the allegations made by any other party, and this is a compromise of a disputed claim, which should not be construed as an admission of liability on the part of any party or any affiliate or the same.

5.    <u>Agreement Fully Read and Understood</u>.  This Agreement has been carefully read by the undersigned and the contents are known and understood by the undersigned.  The undersigned have each received, or have had the opportunity to obtain if they so choose, independent legal advice from the attorneys of their choice with respect to the preparation, review, and advisability of executing this Agreement.  The undersigned acknowledge that they have executed this Agreement after independent investigation and without fraud, duress, or undue influence.

6.    <u>Applicable Law</u>.  The existence, validity, construction and operation of this Agreement, and all of its covenants, agreements, representations, warranties, terms, and conditions, shall be determined in accordance with the laws of the Ohio.

7.    <u>Entire Agreement</u>.  This Agreement sets forth the entire agreement between the undersigned, and fully supersedes any and all prior and/or contemporaneous agreements or understandings between the undersigned, which pertain to the subject matter hereof.

8.    <u>Modification</u>.  This Agreement may be modified, but only if the modification is in writing and signed by the undersigned to this Agreement.

9.    <u>Severability</u>.  Should any provision of this Agreement be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, term, or provision shall be deemed not to be part of this Agreement.

10.    <u>Counterparts</u>.  This Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document.  Faxed and scanned signatures may be accepted as originals.

11.    <u>Mutual Drafting</u>.  This Agreement is the product of negotiations "at arms-length" between the undersigned, both of whom had ample time in which to seek legal advice, if desired. As such, the terms of this Agreement are mutually agreed-upon, and no part of this Agreement will be construed against the drafter.

12.    <u>Representations and Warranties.</u>  Complainant represents and warrants to the LeafFilter Released Parties that Complainant has not assigned, transferred, pledged, or otherwise conveyed any of Complainant's interest in any claims or causes of action released herein, that she is the owner of any and all claims, that she is the sole owner and subscriber of the phone number

███████████, and that she has full capacity and authority to enter into and perform this Agreement and to compromise and release the claims against the LeafFilter Released Parties. Complainant further represents that she does not have any claims against Company or any of the LeafFilter Released Parties, of any kind or nature, that are not released herein, and acknowledges that this representation is a material part of the Agreement.

13.     Reliance and Integration.     No statements, promises, or representations have been made by any Party, or relied upon, and no consideration has been or is offered, expected, or held out, other than as stated in this Agreement. There are no oral or written collateral agreements. All prior discussions and negotiations have been, and are, merged and integrated into, and are superseded by this Agreement.

14.     Cooperation. Complainant and Company agree to cooperate fully with one another and to use their best efforts to effect the consummation of this Agreement.

15.     Agreement Constitutes a Complete Defense. To the extent permitted by law, this Agreement may be pled as a full and complete defense to any action, suit, or other proceedings that may be instituted, prosecuted, or attempted against Company or any of the LeafFilter Released Parties contrary to this Agreement.

16.     No Fine or Penalty.     The Parties agree that no part of any payments by Company pursuant to this Agreement constitutes: (i) a fine or penalty under any law; or (ii) a payment to settle any actual or potential liability for a fine or penalty under any law.

17.     Responsibility for Tax Liability.     The Settlement Payment is a gross payment that may be subject to applicable taxes, tax withholdings, or payroll deductions.  Complainant understands and agrees that Company assumes no liability whatsoever to any local, state, or federal taxing authority for the consequences or treatment of settlement proceeds, including attorneys' fees and costs, paid in resolution of the above assertions.  Complainant therefore agrees to make no claim against Company for any payment or non-payment of taxes or regarding or relating to the reporting of the payment described in this Agreement, if any, to any taxing authorities. Complainant acknowledges that Company has not made any representations about the tax consequences of the payment set forth herein.

18.     Binding Authority.     Each Party further represents that the individuals signing this Agreement have the requisite authority to bind the Parties to the terms of the Agreement and are signing such Agreement as each respective Party's duly authorized agent or representative.

19.     Other Plaintiffs.     Complainant represents that as of the date of execution of this Agreement for the purpose of making the representations set forth in this paragraph, she has no knowledge of, any individuals or entities, other than Complainant, that have or may have any potential claims, grievances, or causes of actions against Company or any of the LeafFilter Released Parties similar to those asserted in the Demand.  Complainant further represents that she will not solicit such persons.

SETTLEMENT AGREEMENT AND RELEASE
Page 4 of 5

HLF00233

Accepted and agreed to by:

Erin Robertson                                        LeafFilter North, LLC

*Erin E. Robertson*
_____                    _____

Print Name: Erin E. Robertson                  Print Name:
                                                             Title:
Date: 08/23/2024                                     Date:

HLF00234

Erin Robertson, INDIVIDUALLY AND ON     :     **Case No**
BEHALF OF A CLASS OF ALL PERSONS
AND ENTITIES SIMILARLY SITUATED,         :

      Plaintiff,

      v.

 Americor Funding, LLC

      Defendant.


## SETTLEMENT STATEMENT

| | |
|---|---|
| Settlement Amount | $50,000.00 |
| Less Attorneys' Fees and Costs | $45,000.00 |
| **AMOUNT to Erin Robertson** | **$5,000.000** |

*EER*

**I, THE CLIENT, DECLARE THAT:**

    **(1) I HAVE READ THIS SETTLEMENT STATEMENT.**

    **(2) I AUTHORIZE AND AGREE TO ALL DISBURSEMENTS REFLECTED IN THIS SETTLEMENT STATEMENT.**

**(3) I, ERIN ROBERTSON, RELEASE, ACQUIT, AND FOREVER DISCHARGE RELEASE PARONICH LAW, P.C., ANTHONY PARONICH, HEIDARPOUR LAW FIRM, PLLC, ANDREW HEIDARPOUR, KAUFMAN PA, AVI KAUFMAN, AND RACHEL KAUFMAN FROM ANY AND ALL MANNER OF ACTIONS, CAUSES OF ACTION, SUITS, JUDGMENTS, DEMANDS, CLAIMS, RIGHTS, INTERESTS, REMEDIES OF ANY NATURE, KIND OR DESCRIPTION WHATSOEVER IN LAW OR IN EQUITY THAT I HAD, NOW HAVE, OR MAY HAVE AGAINST THEM, WHETHER KNOWN OR UNKNOWN, UP TO AND INCLUDING THE DATE OF MY SIGNATURE, INCLUDING BUT NOT LIMITED TO IN RELATION TO LITIGATION AGAINST AMERICOR FUNDING, LLC.**

*Erin E. Robertson*
_____     Date:_ 09/18/2024
Erin Robertson

HLF00235

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

Erin Robertson, INDIVIDUALLY AND ON BEHALF OF A CLASS OF ALL PERSONS AND ENTITIES SIMILARLY SITUATED,

   Plaintiff,

   v.

Freerateupdate.com Corp.

   Defendant.

: **Case No** 8:24-cv-01760

:

:

## SETTLEMENT STATEMENT

| Settlement Amount | $20,000.00 |
|---|---|
| Less Attorneys' Fees and Costs | $17,000.00 |
| **AMOUNT to Erin Robertson** *EER* | **$3,000.000** |

**I, THE CLIENT, DECLARE THAT:**

**(1) I HAVE READ THIS SETTLEMENT STATEMENT.**

**(2) I AUTHORIZE AND AGREE TO ALL DISBURSEMENTS REFLECTED IN THIS SETTLEMENT STATEMENT.**

**(3) I, ERIN ROBERTSON, RELEASE, ACQUIT, AND FOREVER DISCHARGE RELEASE PARONICH LAW, P.C., ANTHONY PARONICH, HEIDARPOUR LAW FIRM, PLLC, ANDREW HEIDARPOUR, KAUFMAN PA, AVI KAUFMAN, AND RACHEL KAUFMAN FROM ANY AND ALL MANNER OF ACTIONS, CAUSES OF ACTION, SUITS, JUDGMENTS, DEMANDS, CLAIMS, RIGHTS, INTERESTS, REMEDIES OF ANY NATURE, KIND OR DESCRIPTION WHATSOEVER IN LAW OR IN EQUITY THAT I HAD, NOW HAVE, OR MAY HAVE AGAINST THEM, WHETHER KNOWN OR UNKNOWN, UP TO AND INCLUDING THE DATE OF MY SIGNATURE, INCLUDING BUT NOT LIMITED TO IN RELATION TO LITIGATION AGAINST FREERATEUPDATE.COM CORP.**

*Erin E. Robertson*
_____
Erin Robertson

Date:_ 09/05/2024

HLF00236

## Settlement Agreement and Release

This Confidential Settlement Agreement and Release (the "Agreement") is made on this 17th day of September 2024, by and between Erin Robertson, an individual ("Robertson") and Americor Funding, LLC ("Americor") (together, the "Parties") for the purpose of resolving by compromise and settlement all claims, controversies, alleged liabilities, and disputes between them.

### 1.0    RECITALS AND INTRODUCTION

1.1    Robertson's counsel sent a pre-suit demand to Americor regarding claims of alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (hereinafter the "Action").

1.2    After conducting investigation, the Parties have reached a settlement of all disputes between them arising out of the Action.

1.3    The Parties desire to enter into this Agreement in order to resolve all of their differences in this Action and provide for certain consideration in full settlement and discharge of any and all claims pertaining to the Action, including but not limited to all causes of action and claims which were, or could have been made, in the Action.

**NOW THEREFORE, FOR VALUABLE CONSIDERATION, THE PARTIES HEREBY AGREE AS FOLLOWS:**

### 2.0    PAYMENT

2.1    Americor shall pay via wire to Paronich Law, P.C. the sum of Fifty Thousand dollars and no cents ($50,000.00) ("Settlement Amount"). This represents $5,000 to Robertson and the remaining amounts to Plaintiff's counsel for fees and costs.

2.3    The Settlement Amount is due thirty (30) days after this agreement is fully executed and Paronich Law, P.C. and Americor has delivered properly completed IRS W-9s for Paronich Law, P.C. and for Robertson. To the extent a W-9 is issued to each individual, it will be for the amounts identified above.

2.4    The wire shall be sent to:  Paronich Law IOLTA Account (Bank of America) Routing No. ▮▮▮▮▮▮▮▮, Account No. ▮▮▮▮▮▮▮▮.

### 3.0    CONSIDERATION BY ROBERTSON

3.1    In consideration of the promises contained herein and other good and valuable consideration, receipt of which is hereby acknowledged, Robertson, on behalf of Robertson, her spouse, and anyone who may claim on her behalf, such as heirs, beneficiaries, next of kin, successors, legal representatives, executors, administrators, estate, trustees, insurers, agents, attorneys, and assigns (collectively, the "Robertson Releasing Parties"), do hereby release, acquit,

1

HLF00237

and forever discharge Americor and any respective corporate parent, subsidiary, or affiliated entities, along with each of its current, former, and future owners, members, partners, officers, directors, and shareholders, and their employees, agents, marketers, lead suppliers, vendors, contractors, assigns, successors, servants, insurers, representatives, and attorneys, together with any and all other persons and entities who are or might be liable (collectively, the "Released Parties"), from any and all claims, liabilities, demands, suits, debts, obligations, promises, agreements, costs, damages, judgments, and causes of action of every nature and kind, whether vested or contingent, past or current, accrued or unaccrued, known or unknown, in law or in equity, matured or unmatured, whether or not such claims were or could have been brought or raised in any applicable civil action, or as a result of the alleged conduct which gave rise to the instant dispute, including without limiting the generality of the foregoing, those claims and allegations expressly raised in any previous correspondence between Robertson and Americor, in any court pleading filed by Robertson, those arising out of or relating to the facts, circumstances, or occurrences surrounding the above-mentioned Action, and those arising out of, relating to, or resulting from the facts, circumstances, or occurrences concerning the alleged conduct which gave rise to the Action. This Agreement covers and includes all claims that the Robertson Releasing Parties have against the Released Parties whether actually known or not, despite the fact that any applicable state and/or federal law may provide otherwise. This Agreement also covers any claims assigned to the Robertson Releasing Parties by other parties, which relate in any way to any calls and/or text messages Americor allegedly made to Robertson or her ███████████ phone number. Notwithstanding the foregoing, the Released Parties shall not be released from the obligations imposed by this Agreement.  Additionally, the release as to any Released Party applies only to actions taken on behalf of Americor.

3.2     Robertson acknowledges that this Agreement applies to all claims for injuries, damages, losses or relief of any type or nature (whether those injuries, damages, losses or relief are known or unknown, foreseen or unforeseen, patent or latent) which Robertson may have against Americor and any of the Released Parties arising from the Action.

3.3     It is further understood and agreed that this Agreement and the payment(s) made hereunder constitute full and final satisfaction of all claims of every nature, direct or indirect, against all persons or entities, including those who are or might be held to be joint and/or successor tortfeasors with any of the parties released hereby, as well as those to whom any of the parties released are, or may be held to be, liable by way of contribution or indemnity for the payment of all or any part of any claim arising out of, or directly or indirectly related to, the facts and circumstances that were alleged in this Action.

## 4.0     **<u>NO ADMISSIONS</u>**

In making this Agreement, no party to this Agreement is admitting the sufficiency of any claims, allegations, assertions, contentions or positions of any other party, or the sufficiency of any defenses to any such claims, allegations, assertions, contentions or positions. The Parties have entered into this Agreement in good faith and with the desire to forever settle between them all

HLF00238

claims arising out of the Action, including but not limited to the issues raised in, or which could have been raised in the Action, and to execute a release as set forth herein.

5.0 **<u>CONFIDENTIALITY</u>**

The terms of this Agreement are to remain confidential. None of the Parties nor their attorneys, insurers, agents or other representatives or affiliates shall make any notices, statements, disclosures, communications, or news releases to friends, neighbors, acquaintances, community members, media agencies, internet and/or website publication, magazines, flyers, correspondence or any other form of communication concerning the Settlement Consideration (or portions thereof) made pursuant to this Agreement, except as otherwise required by law or to the parties' accountants.

6.0 **<u>MISCELLANEOUS PROVISIONS</u>**

6.1 <u>Entire Agreement.</u> This Agreement constitutes the full and entire Agreement between the Parties herein and each such party acknowledge that there is no other agreement, oral and/or written, among the Parties hereto relative to the subject matter of this Agreement.

6.2 <u>Counterparts/Facsimile Signatures.</u> This Agreement and any related instructions may be executed in counterparties, and may be facsimile, each of which shall be deemed an original for all purposes.

6.3 <u>Capacity</u>. Each individual signing this Agreement warrants and represents that she/he/they have full authority to execute this Agreement on whose behalf she/he/they so signed, including entities identified herein. In executing this Agreement, Robertson warrants and represents that it is the only individual having any interest in the released claims and that no interest in the released claims have been assigned, granted, transferred, alienated or otherwise disposed of by Robertson in any way to any other entity, trust or person.

6.4 <u>Final Form.</u> The Parties, and each of them, acknowledge that (i) this Agreement and its reduction to final written form is the result of extensive good faith negotiations between the Parties, (ii) said Parties have carefully reviewed and examined this Agreement; and (iii) any statute or rule of construction that ambiguities are to be resolved against the drafting party shall not be employed in the interpretation and/or enforcement of this Agreement.

6.5 <u>Enforcement.</u> In the event any litigation, arbitration, mediation, or other proceeding is initiated by any settling party against any other settling party to enforce this Agreement, the prevailing party in such proceedings shall be entitled to recover from the unsuccessful party all costs, expenses, reasonable attorneys' and expert witness fees, relating to or arising out of (i) such proceedings, and (ii) any post judgment or post-award proceeding including without limitation one to enforce any judgment or award resulting from any such proceedings.

<div align="center">3</div>

<div align="center">HLF00239</div>

6.6     Applicable Law. This Agreement is made and entered into in the State of California and shall, in all respect, be interpreted, enforced and governed by and under the laws of the State of California.

6.7     Modification. This Agreement may be amended or modified only by a writing signed by all Parties.

6.8     Warranties. Each of the Parties warrant that no promise or inducement has been made or offered by any of the Parties, except as set forth herein, and that this Agreement is not executed in reliance upon any statement or representation of any of the Parties or their representatives, concerning the nature and extent of the damages or legal liability thereof.

6.9     Further Assurances. Each party to this Agreement shall execute all instruments and documents and take all action as may be reasonably required to effectuate this Agreement.

**IN WITNESS THEREOF, THE UNDERSIGNED HEREBY ACKNOWLEDGE THAT THEY HAVE READ, UNDERSTAND AND AGREE TO THE TERMS AND CONDITIONS SET FORTH IN THIS AGREEMENT**

Dated: ___09/18/2024_____          **Erin Robertson**

                                                                              By: ___*Erin E. Robertson*_____

Dated: _____          **Americor Funding, LLC**

                                                                              By: _____

                                                                              Its: _____

4

HLF00240

United States District Court

for the Northern District of Illinois

| | | |
|---|---|---|
| Erin Robertson, INDIVIDUALLY AND ON BEHALF OF A CLASS OF ALL PERSONS AND ENTITIES SIMILARLY SITUATED, | : : | **Case No**  No. 1:24-cv-05281 |
| Plaintiff, | | |
| v. | | |
| AccuQuote, Inc. | | |
| Defendant. | | |

## SETTLEMENT STATEMENT

| | |
|---|---|
| Settlement Amount | $40,000.00 |
| Less Attorneys' Fees and Costs | $35,500.00 |
| **AMOUNT to Erin Robertson** | **$4,500.000** |
| *EER* | |

**I, THE CLIENT, DECLARE THAT:**

**(1) I HAVE READ THIS SETTLEMENT STATEMENT.**

**(2) I AUTHORIZE AND AGREE TO ALL DISBURSEMENTS REFLECTED IN THIS SETTLEMENT STATEMENT.**

**(3) I, ERIN ROBERTSON, RELEASE, ACQUIT, AND FOREVER DISCHARGE RELEASE PARONICH LAW, P.C., ANTHONY PARONICH, HEIDARPOUR LAW FIRM, PLLC, ANDREW HEIDARPOUR, KAUFMAN PA, AVI KAUFMAN, AND RACHEL KAUFMAN FROM ANY AND ALL MANNER OF ACTIONS, CAUSES OF ACTION, SUITS, JUDGMENTS, DEMANDS, CLAIMS, RIGHTS, INTERESTS, REMEDIES OF ANY NATURE, KIND OR DESCRIPTION WHATSOEVER IN LAW OR IN EQUITY THAT I HAD, NOW HAVE, OR MAY HAVE AGAINST THEM, WHETHER KNOWN OR UNKNOWN, UP TO AND INCLUDING THE DATE OF MY SIGNATURE, INCLUDING BUT NOT LIMITED TO IN RELATION TO LITIGATION** AGAINST ACCUQUOTE, INC.

*Erin E. Robertson*
_____
Erin Robertson

Date:_ 09/19/2024

HLF00241

United States District Court for the
Northern District of Texas

:

Erin Robertson, INDIVIDUALLY AND ON       :       **Case No** 24-cv-2233
BEHALF OF A CLASS OF ALL PERSONS
AND ENTITIES SIMILARLY SITUATED,

     Plaintiff,

v.

BH Security LLC d/b/a Brinks Home

     Defendant.

## SETTLEMENT STATEMENT

| | |
|---|---|
| Settlement Amount | $25,000.00 |
| Less Attorneys' Fees and Costs | $22,000.00 |
| **AMOUNT to Erin Robertson** *EER* | **$3,000.000** |

**I, THE CLIENT, DECLARE THAT:**

**(1) I HAVE READ THIS SETTLEMENT STATEMENT.**

**(2) I AUTHORIZE AND AGREE TO ALL DISBURSEMENTS REFLECTED IN THIS SETTLEMENT STATEMENT.**

**(3) I, ERIN ROBERTSON, RELEASE, ACQUIT, AND FOREVER DISCHARGE RELEASE PARONICH LAW, P.C., ANTHONY PARONICH, HEIDARPOUR LAW FIRM, PLLC, ANDREW HEIDARPOUR, KAUFMAN PA, AVI KAUFMAN, AND RACHEL KAUFMAN FROM ANY AND ALL MANNER OF ACTIONS, CAUSES OF ACTION, SUITS, JUDGMENTS, DEMANDS, CLAIMS, RIGHTS, INTERESTS, REMEDIES OF ANY NATURE, KIND OR DESCRIPTION WHATSOEVER IN LAW OR IN EQUITY THAT I HAD, NOW HAVE, OR MAY HAVE AGAINST THEM, WHETHER KNOWN OR UNKNOWN, UP TO AND INCLUDING THE DATE OF MY SIGNATURE, INCLUDING BUT NOT LIMITED TO IN RELATION TO LITIGATION AGAINST BH SECURITY LLC d/b/a BRINKS HOME.**

*Erin E. Robertson*
_____       Date:_ 11/11/2024
Erin Robertson

HLF00242

United States District Court

for the Central District of Florida

| | | |
|---|---|---|
| Erin Robertson, INDIVIDUALLY AND ON BEHALF OF A CLASS OF ALL PERSONS AND ENTITIES SIMILARLY SITUATED, | : | **Case No** 8:24-cv-01722-JWH-DFM |
| | : | |
| Plaintiff, | | |
| v. | | |
| CWPVA Inc. d/b/a Home Genius Exteriors | | |
| Defendant. | | |

## SETTLEMENT STATEMENT

| | |
|---|---|
| Settlement Amount | $45,000.00 |
| Less Attorneys' Fees and Costs | $40,500.00 |
| **AMOUNT to Erin Robertson** *EER* | **$4,500.000** |

**I, THE CLIENT, DECLARE THAT:**

**(1) I HAVE READ THIS SETTLEMENT STATEMENT.**

**(2) I AUTHORIZE AND AGREE TO ALL DISBURSEMENTS REFLECTED IN THIS SETTLEMENT STATEMENT.**

**(3) I, ERIN ROBERTSON, RELEASE, ACQUIT, AND FOREVER DISCHARGE RELEASE PARONICH LAW, P.C., ANTHONY PARONICH, HEIDARPOUR LAW FIRM, PLLC, ANDREW HEIDARPOUR, KAUFMAN PA, AVI KAUFMAN, AND RACHEL KAUFMAN FROM ANY AND ALL MANNER OF ACTIONS, CAUSES OF ACTION, SUITS, JUDGMENTS, DEMANDS, CLAIMS, RIGHTS, INTERESTS, REMEDIES OF ANY NATURE, KIND OR DESCRIPTION WHATSOEVER IN LAW OR IN EQUITY THAT I HAD, NOW HAVE, OR MAY HAVE AGAINST THEM, WHETHER KNOWN OR UNKNOWN, UP TO AND INCLUDING THE DATE OF MY SIGNATURE, INCLUDING BUT NOT LIMITED TO IN RELATION TO LITIGATION AGAINST CWPVA, INC. D/B/A HOME GENIUS EXTERIORS.**

*Erin E. Robertson*
_____     Date:_ 10/21/2024
Erin Robertson

HLF00243

## <u>CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE</u>

This **CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE** (the "Agreement") is made this 11 day of November 2024 (the "Effective Date"), by and between Erin Robertson ("Ms. Robertson") on the one hand and Excel Impact, LLC ("Excel Impact") on the other hand (each a "Party" and collectively the "Parties").

WHEREAS, Ms. Robertson alleges that Excel Impact sold her data in a manner that violates her privacy rights and led to violations of the Telephone Consumer Protection Act (TCPA);

WHEREAS, Excel Impact denies any wrongdoing; and

WHEREAS, the Parties wish to resolve any and all claims between them and desire to avoid the expense, inconvenience, uncertainty and distraction of litigation and any other issue or dispute between them, and the Parties have reached an agreement to settle completely all claims Ms. Robertson may have against the Released Parties (as defined below) under the terms set forth below.

NOW, THEREFORE, in consideration of the mutual promises set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1.      **<u>Settlement Payment.</u>** In consideration for the release of claims and other promises by Ms. Robertson set out in this Agreement, Excel Impact shall pay the total amount of fifty-five thousand dollars ($55,000.00) ("Settlement Payment") within thirty (30) days of Ms. Robertson returning a signed copy of this Agreement and provided that Excel Impact timely receives a completed W9 form for Plaintiff's Counsel.  This Settlement Payment constitutes a full and complete settlement of all claims Ms. Robertson may assert or rights to which Ms. Robertson may be entitled to, inclusive of attorneys' fees and costs against the Released Parties.  Counsel for Ms. Robertson will provide instructions for payment via wire or ACH.

Ms. Robertson acknowledges and agrees that she is responsible for the payment of any and all taxes, penalties, interest and other charges that may arise and are her liability as a result of her acceptance of the Settlement Payment.  Ms. Robertson will receive $3,000.  The rest of the payment is for attorneys' fees and expenses.

2.      **<u>General Release of Claims.</u>**  Ms. Robertson individually and on behalf of her respective past, present, and future agents, successors, attorneys, heirs, insurers, estates, and assigns, irrevocably and unconditionally releases, acquits and forever discharges Excel Impact, Healthmarkets, LLC, and all of their respective employees, shareholders, officers, managers, members, directors, partners, affiliates, subsidiaries, corporations, departments, divisions, insurers, attorneys, heirs, estates, predecessors, successors, and assigns (collectively, the "Released Parties") from any and all claims, rights, interests, causes of action, and/or remedies of any nature, kind, or description, whether known or unknown, as of the date of this agreement.  The release the unnamed agents, contractors and affiliates of Excel Impact and Healthmarkets, LLC

1

HLF00244

covers only conduct related to the Lawsuit or other acts or omissions performed by or on behalf of Excel Impact and/or Healthmarkets, LLC.

3.    **No Future Suit.** Each Party covenants and agrees that it will not sue or bring any action, claim, or cause of action in any jurisdiction or forum against any other Party asserting any claim covered by this Agreement and will promptly move to dismiss with prejudice any such action pending as of the Agreement's Effective Date. This is not a covenant not to sue Excel Impact in the future for future conduct, nor to be interpreted in any way as a restriction on Ms. Robertson's counsel's right to practice law in contravention of any applicable rule of professional conduct.

4.    **Severability.**    If one or more of the provisions, or portions thereof, of this Agreement is determined to be illegal or unenforceable by a court of competent jurisdiction, the Parties hereby jointly request that such provision be modified to the least extent necessary to make it legal and enforceable. If such provision cannot be modified to be enforceable the remainder of this Agreement shall not be affected thereby, and each remaining provision or portion thereof shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

5.    **No Contra Proferentem.**    The Parties have mutually negotiated this Agreement and hereby agree that it shall not be construed against any Party based upon the assertion that one or more of them was the "drafter."

6.    **No Admission of Liability.**    Nothing herein shall constitute an admission by the Released Parties of any wrongdoing or liability, or of the truth of any allegations of Ms. Robertson. The negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Agreement: (i) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of the Released Parties or of the truth of any of the allegations in connection with the Lawsuit; (ii) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any fault or omission on the part of the Released Parties in any civil, criminal or administrative proceeding in any court, arbitration forum, administrative agency or other tribunal; and, (iii) are not and shall not be deemed to be and may not be used as an admission of the appropriateness of similar claims for class certification.

7.    **Voluntary Agreement.**    The Parties acknowledge and agree that they have read all the provisions of this Agreement in full, have reviewed those provisions with an attorney or had the opportunity to seek legal advice and understand the provisions of this Agreement and voluntarily agree to be bound thereby. The Parties further acknowledge and agree that they are entering into this Agreement based solely and exclusively upon their counsel's and/or their own analysis of the facts and/or information of which the Party and/or its counsel is independently aware and not based upon or in reliance upon any statements and/or representations of any other Party (except to the extent such statements and/or representations are fully and expressly set forth herein).    The Parties acknowledge and agree that the consideration received pursuant to this Agreement is fair, reasonable, sufficient, just and adequate, and constitutes lawful consideration supporting the execution of this Agreement.

HLF00245

**8.      Entire Agreement.**  This Agreement contains the entire agreement between the Parties with respect to the subject matter of this Agreement and any agreement hereafter made shall be ineffective to change, modify or discharge this Agreement unless such subsequent agreement is in writing and signed by both Parties. All previous contracts, warranties, communications, covenants, commitments, representations or agreements, whether written or oral, between and among the Parties, are superseded unless expressly incorporated and made a part of this Agreement.

**9.      Confidentiality.**  The Parties represent and warrant that they have not disclosed, nor will they disclose in the future, facts and circumstances regarding the negotiations leading up to this Agreement and the terms herein to any third party except: (a) by compulsion of a valid and enforceable subpoena; (b) by compulsion of a valid order of a court of competent jurisdiction; or (c) to the extent necessary for a Party's attorneys, accountants or tax advisors ("Representatives") to assist in the conduct of their business affairs.  Prior to disclosure under subparagraphs (a) and (c) above, the Parties will, to the extent permitted by applicable law and regulation, make diligent efforts to give the other Party sufficient and reasonable notice of such subpoena or order of the court to enable such other Party to object to the same and to move to quash or to take such other action as is allowed by law to prevent disclosure pursuant thereto. The Parties further agree to take such action as may be permissible and/or required under the appropriate rules of the court or administrative regulations to protect and preserve the confidentiality of this Agreement.  The Parties further represent and agree that they will not make, whether directly or indirectly, either in their own name, anonymously, through employees, or agents, or under any other name, any disclosures or comments regarding the existence and terms of this Agreement or settlement negotiations and communications between the parties, on any social media site or any other site on the internet.

**10.      No Media Comment.**  The Parties agree not to issue any press releases, hold any interviews with journalists, or make any other disclosures or comments to media (including to media via the internet) regarding this Agreement or the negotiations and communications between the Parties regarding settlement.  If asked about the Agreement or its subject matter, the Parties will state only that all disputes between the parties have been resolved amicably. The Parties agree to direct Representatives to whom disclosure was necessary to comply with the terms of this paragraph. Any breach of this paragraph by a Party will be deemed a material breach of this Agreement.

**11.      Non-Disparaging Statements.** From and after the Effective Date of this Agreement, the Parties agree not to make any disparaging statements, comments, or insinuations about each other, including, and without limitation to, any communications on any social media platform, website, blog or chat room or otherwise or statements about any Party or any products or service that any of them offers, whether true or false, oral or written.  The Parties agree to direct their Representatives to whom disclosure was necessary to comply with the terms of this paragraph. Any breach of this paragraph by a Party will be deemed a material breach of this Agreement.

**12.      Ownership of Claims.**  Ms. Robertson hereby warrants and represents that she owns the entirety of any alleged claims, demands, rights and causes of action being released in this

3

HLF00246

Agreement, and that she has not assigned, expressly or impliedly, any interest in such claims, nor has there been assignment by operation of law, or otherwise, nor has she assigned her rights, or entered into a subrogation agreement with any insurance carrier, nor has she filed any bankruptcy petition, made any assignment for the benefit of creditors, or engaged in any other insolvency proceedings, which would result in the claims alleged being subject to a claim of partial or total beneficial, equitable or legal ownership in the name of a trustee on behalf of such party creditors, or a similar fiduciary able to assert such position, or have the claims be subject to an attachment, or assigned in any way or in any manner to any person or entity not a party to this Agreement, and that Ms. Robertson therefore has the sole and exclusive authority to enter into this Agreement in connection with the allegations contemplated herein, and no other party is required to join herein in order to fully compromise and release any claim asserted or that could have been asserted in connection with the Lawsuit or against any Released Party.

**13.    Multiple Counterparts.**  This Agreement may be executed in one or more counterparts, each of which will be deemed to be the original and all of which taken together will be deemed one and the same document. A signed copy of this Agreement transmitted by email, scanned document, or other means of electronic transmission will have the same legal effect as a wet signature.

**14.    Survival.** The representations, warranties, covenants, obligations, and releases of the Parties set forth in this Agreement shall survive the termination of this Agreement.

IN WITNESS WHEREOF, each of the Parties has executed this Agreement on the date set forth opposite his, her, or its name below.  **The undersigned hereby certify that they have read and fully understand all of the terms, provisions and conditions of this Agreement and have executed this Agreement voluntarily.**

11/11/2024
_____
Date

_____ *Erin E. Robertson*
Erin Robertson

_____
Date

_____
Excel Impact, LLC

By: _____
Its: _____

4

HLF00247

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

Erin Robertson, INDIVIDUALLY AND ON BEHALF OF A CLASS OF ALL PERSONS AND ENTITIES SIMILARLY SITUATED,

      Plaintiff,

      v.

NextGen Leads, LLC

      Defendant.

:    **Case No**  3:24-cv-01361

:

## SETTLEMENT STATEMENT

| | |
|---|---|
| Settlement Amount | $65,000.00 |
| Less Attorneys' Fees and Costs | $59,000.00 |
| **AMOUNT to Erin Robertson** *EER* | **$6,000.000** |

**I, THE CLIENT, DECLARE THAT:**

    **(1) I HAVE READ THIS SETTLEMENT STATEMENT.**

    **(2) I AUTHORIZE AND AGREE TO ALL DISBURSEMENTS REFLECTED IN THIS SETTLEMENT STATEMENT.**

**(3) I, ERIN ROBERTSON, RELEASE, ACQUIT, AND FOREVER DISCHARGE RELEASE PARONICH LAW, P.C., ANTHONY PARONICH, HEIDARPOUR LAW FIRM, PLLC, ANDREW HEIDARPOUR, KAUFMAN PA, AVI KAUFMAN, AND RACHEL KAUFMAN FROM ANY AND ALL MANNER OF ACTIONS, CAUSES OF ACTION, SUITS, JUDGMENTS, DEMANDS, CLAIMS, RIGHTS, INTERESTS, REMEDIES OF ANY NATURE, KIND OR DESCRIPTION WHATSOEVER IN LAW OR IN EQUITY THAT I HAD, NOW HAVE, OR MAY HAVE AGAINST THEM, WHETHER KNOWN OR UNKNOWN, UP TO AND INCLUDING THE DATE OF MY SIGNATURE, INCLUDING BUT NOT LIMITED TO IN RELATION TO LITIGATION AGAINST *NextGen Leads, LLC.***

*Erin E. Robertson*
_____
Erin Robertson

Date:_  08/23/2024

HLF00248

United States District Court for the
District Court of Maryland
:

Erin Robertson, INDIVIDUALLY AND ON     :     **Case No:** 1:24-cv-02312-JKB
BEHALF OF A CLASS OF ALL PERSONS
AND ENTITIES SIMILARLY SITUATED,

     Plaintiff,

v.

CLEARONE ADVANTAGE, LLC

     Defendant.

## SETTLEMENT STATEMENT

| | |
|---|---|
| Settlement Amount | $46,500.00 |
| Less Attorneys' Fees and Costs | $43,500.00 |
| **AMOUNT to Erin Robertson** | **$3,000.000** |

*EER*

**I, THE CLIENT, DECLARE THAT:**

**(1) I HAVE READ THIS SETTLEMENT STATEMENT.**

**(2) I AUTHORIZE AND AGREE TO ALL DISBURSEMENTS REFLECTED IN THIS SETTLEMENT STATEMENT.**

**(3) I, ERIN ROBERTSON, RELEASE, ACQUIT, AND FOREVER DISCHARGE RELEASE PARONICH LAW, P.C., ANTHONY PARONICH, HEIDARPOUR LAW FIRM, PLLC, ANDREW HEIDARPOUR, KAUFMAN PA, AVI KAUFMAN, AND RACHEL KAUFMAN FROM ANY AND ALL MANNER OF ACTIONS, CAUSES OF ACTION, SUITS, JUDGMENTS, DEMANDS, CLAIMS, RIGHTS, INTERESTS, REMEDIES OF ANY NATURE, KIND OR DESCRIPTION WHATSOEVER IN LAW OR IN EQUITY THAT I HAD, NOW HAVE, OR MAY HAVE AGAINST THEM, WHETHER KNOWN OR UNKNOWN, UP TO AND INCLUDING THE DATE OF MY SIGNATURE, INCLUDING BUT NOT LIMITED TO IN RELATION TO LITIGATION AGAINST CLEARONE ADVANTAGE, LLC .**

_____      Date:_     03/26/2025

Erin Robertson

HLF00249

United States District Court for the
Western District of Missouri
:

Erin Robertson, INDIVIDUALLY AND ON       :       **Case No**. 2:24-cv-04106-MDH
BEHALF OF A CLASS OF ALL PERSONS
AND ENTITIES SIMILARLY SITUATED,

     Plaintiff,

v.

MORTGAGE RESEARCH CENTER, LLC
D/B/A VETERANS UNITED

     Defendant.

## SETTLEMENT STATEMENT

| | |
|---|---|
| Settlement Amount | $45,000.00 |
| Less Attorneys' Fees and Costs | $42,000.00 |
| **AMOUNT to Erin Robertson** *EER* | **$3,000.000** |

**I, THE CLIENT, DECLARE THAT:**

**(1) I HAVE READ THIS SETTLEMENT STATEMENT.**

**(2) I AUTHORIZE AND AGREE TO ALL DISBURSEMENTS REFLECTED IN THIS SETTLEMENT STATEMENT.**

**(3) I, ERIN ROBERTSON, RELEASE, ACQUIT, AND FOREVER DISCHARGE RELEASE PARONICH LAW, P.C., ANTHONY PARONICH, HEIDARPOUR LAW FIRM, PLLC, ANDREW HEIDARPOUR, KAUFMAN PA, AVI KAUFMAN, AND RACHEL KAUFMAN FROM ANY AND ALL MANNER OF ACTIONS, CAUSES OF ACTION, SUITS, JUDGMENTS, DEMANDS, CLAIMS, RIGHTS, INTERESTS, REMEDIES OF ANY NATURE, KIND OR DESCRIPTION WHATSOEVER IN LAW OR IN EQUITY THAT I HAD, NOW HAVE, OR MAY HAVE AGAINST THEM, WHETHER KNOWN OR UNKNOWN, UP TO AND INCLUDING THE DATE OF MY SIGNATURE, INCLUDING BUT NOT LIMITED TO IN RELATION TO LITIGATION AGAINST MORTGAGE RESEARCH CENTER, LLC D/B/A VETERANS UNITED .**

_____       Date:_ 01/28/2025

Erin Robertson

HLF00250

United States District Court for the
Central District to California

:

Erin Robertson, INDIVIDUALLY AND ON     :     **Case No:** 5:24-cv-02138-KK-SHK
BEHALF OF A CLASS OF ALL PERSONS
AND ENTITIES SIMILARLY SITUATED,

     Plaintiff,

v.

OFFERPAD BROKERAGE CA INC

     Defendant.

## SETTLEMENT STATEMENT

| | |
|---|---|
| Settlement Amount | $19,000.00 |
| Less Attorneys' Fees and Costs | $16,000.00 |
| **AMOUNT to Erin Robertson** | **$3,000.000** |
| *EER* | |

**I, THE CLIENT, DECLARE THAT:**

**(1) I HAVE READ THIS SETTLEMENT STATEMENT.**

**(2) I AUTHORIZE AND AGREE TO ALL DISBURSEMENTS REFLECTED IN THIS SETTLEMENT STATEMENT.**

**(3) I, ERIN ROBERTSON, RELEASE, ACQUIT, AND FOREVER DISCHARGE RELEASE PARONICH LAW, P.C., ANTHONY PARONICH, HEIDARPOUR LAW FIRM, PLLC, ANDREW HEIDARPOUR, KAUFMAN PA, AVI KAUFMAN, AND RACHEL KAUFMAN FROM ANY AND ALL MANNER OF ACTIONS, CAUSES OF ACTION, SUITS, JUDGMENTS, DEMANDS, CLAIMS, RIGHTS, INTERESTS, REMEDIES OF ANY NATURE, KIND OR DESCRIPTION WHATSOEVER IN LAW OR IN EQUITY THAT I HAD, NOW HAVE, OR MAY HAVE AGAINST THEM, WHETHER KNOWN OR UNKNOWN, UP TO AND INCLUDING THE DATE OF MY SIGNATURE, INCLUDING BUT NOT LIMITED TO IN RELATION TO LITIGATION AGAINST OFFERPAD BROKERAGE CA INC .**

Date:_ 02/26/2025

_____
Erin Robertson

HLF00251

United States District Court for the
Central District of California

:

| | | |
|---|---|---|
| Erin Robertson, INDIVIDUALLY AND ON BEHALF OF A CLASS OF ALL PERSONS AND ENTITIES SIMILARLY SITUATED, | : | **Case No** |
| | | 2:24-cv-09085-HDV-AJR |
| Plaintiff, | | |
| v. | | |
| GREAT LLC | | |
| Defendant. | | |

## <u>SETTLEMENT STATEMENT</u>

| | |
|---|---|
| Settlement Amount | $5,000.00 |
| Less Attorneys' Fees and Costs | $4,000.00 |
| **AMOUNT to Erin Robertson** *EER* | **$1,000.000** |

**I, THE CLIENT, DECLARE THAT:**

**(1) I HAVE READ THIS SETTLEMENT STATEMENT.**

**(2) I AUTHORIZE AND AGREE TO ALL DISBURSEMENTS REFLECTED IN THIS SETTLEMENT STATEMENT.**

**(3) I, ERIN ROBERTSON, RELEASE, ACQUIT, AND FOREVER DISCHARGE RELEASE PARONICH LAW, P.C., ANTHONY PARONICH, HEIDARPOUR LAW FIRM, PLLC, ANDREW HEIDARPOUR, KAUFMAN PA, AVI KAUFMAN, AND RACHEL KAUFMAN FROM ANY AND ALL MANNER OF ACTIONS, CAUSES OF ACTION, SUITS, JUDGMENTS, DEMANDS, CLAIMS, RIGHTS, INTERESTS, REMEDIES OF ANY NATURE, KIND OR DESCRIPTION WHATSOEVER IN LAW OR IN EQUITY THAT I HAD, NOW HAVE, OR MAY HAVE AGAINST THEM, WHETHER KNOWN OR UNKNOWN, UP TO AND INCLUDING THE DATE OF MY SIGNATURE, INCLUDING BUT NOT LIMITED TO IN RELATION TO LITIGATION AGAINST GREAT LLC .**

*Erin E. Robertson*
_____
Erin Robertson

Date:___   12/18/2024

HLF00252

# IN THE UNITED STATES DISTRICT COURT

Erin Robertson, INDIVIDUALLY AND ON BEHALF OF A CLASS OF ALL PERSONS AND ENTITIES SIMILARLY SITUATED,

      Plaintiff,

      v.

HealthPlanOne, LLC and Lead Generation Inc.,

      Defendant.

:    **Case No**

:

:

## SETTLEMENT STATEMENT

| Settlement Amount | $42,000.00 |
|---|---|
| Less Attorneys' Fees and Costs | $37,500.00 |
| **AMOUNT to Erin Robertson** <br> *EER* | **$4,500.000** |

**I, THE CLIENT, DECLARE THAT:**

**(1) I HAVE READ THIS SETTLEMENT STATEMENT.**

**(2) I AUTHORIZE AND AGREE TO ALL DISBURSEMENTS REFLECTED IN THIS SETTLEMENT STATEMENT.**

**(3) I, ERIN ROBERTSON, RELEASE, ACQUIT, AND FOREVER DISCHARGE RELEASE PARONICH LAW, P.C., ANTHONY PARONICH, HEIDARPOUR LAW FIRM, PLLC, ANDREW HEIDARPOUR, FROM ANY AND ALL MANNER OF ACTIONS, CAUSES OF ACTION, SUITS, JUDGMENTS, DEMANDS, CLAIMS, RIGHTS, INTERESTS, REMEDIES OF ANY NATURE, KIND OR DESCRIPTION WHATSOEVER IN LAW OR IN EQUITY THAT I HAD, NOW HAVE, OR MAY HAVE AGAINST THEM, WHETHER KNOWN OR UNKNOWN, UP TO AND INCLUDING THE DATE OF MY SIGNATURE, INCLUDING BUT NOT LIMITED TO IN RELATION TO LITIGATION AGAINST HEALTHPLANEONE, LLC AND LEAD GENERATION INC.**

*Erin E. Robertson*
_____

Erin Robertson

Date:___ 08/23/2024

HLF00253

United States District Court for the
Nevada District Court
:

Erin Robertson, INDIVIDUALLY AND ON    :        **Case No** 3:25-cv-00294
BEHALF OF A CLASS OF ALL PERSONS
AND ENTITIES SIMILARLY SITUATED,

      Plaintiff,

v.

INSURANCE PIPELINE, INC

      Defendant.

## SETTLEMENT STATEMENT

| | |
|---|---|
| Settlement Amount | $65,000.00 |
| Less Attorneys' Fees and Costs | $59,000.00 |
| **AMOUNT to Erin Robertson**<br>*EER* | **$6,000.000** |

**I, THE CLIENT, DECLARE THAT:**

**(1) I HAVE READ THIS SETTLEMENT STATEMENT.**

**(2) I AUTHORIZE AND AGREE TO ALL DISBURSEMENTS REFLECTED IN THIS SETTLEMENT STATEMENT.**

**(3) I, ERIN ROBERTSON, RELEASE, ACQUIT, AND FOREVER DISCHARGE RELEASE , HEIDARPOUR LAW FIRM, PLLC, ANDREW HEIDARPOUR, PELUSO LAW LLC , PATRICK PELUSO FROM ANY AND ALL MANNER OF ACTIONS, CAUSES OF ACTION, SUITS, JUDGMENTS, DEMANDS, CLAIMS, RIGHTS, INTERESTS, REMEDIES OF ANY NATURE, KIND OR DESCRIPTION WHATSOEVER IN LAW OR IN EQUITY THAT I HAD, NOW HAVE, OR MAY HAVE AGAINST THEM, WHETHER KNOWN OR UNKNOWN, UP TO AND INCLUDING THE DATE OF MY SIGNATURE, INCLUDING BUT NOT LIMITED TO IN RELATION TO LITIGATION AGAINST INSURANCE PIPELINE, INC**

Date: 09/09/2025

Erin Robertson

United States District Court for the
Southern District Of Florida
:

Erin Robertson, INDIVIDUALLY AND ON      :      **Case No** 0:24-cv-61826,
BEHALF OF A CLASS OF ALL PERSONS
AND ENTITIES SIMILARLY SITUATED,

     Plaintiff,

v.

LEOSOURCE INSURANCE AGENCY,
LLC

     Defendant.

## SETTLEMENT STATEMENT

| | |
|---|---|
| Settlement Amount | $25,000.00 |
| Less Attorneys' Fees and Costs | $20,000.00 |
| **AMOUNT to Erin Robertson** *EER* | **$5,000.000** |

**I, THE CLIENT, DECLARE THAT:**

**(1) I HAVE READ THIS SETTLEMENT STATEMENT.**

**(2) I AUTHORIZE AND AGREE TO ALL DISBURSEMENTS REFLECTED IN THIS SETTLEMENT STATEMENT.**

**(3) I, ERIN ROBERTSON, RELEASE, ACQUIT, AND FOREVER DISCHARGE RELEASE PARONICH LAW, P.C., ANTHONY PARONICH, HEIDARPOUR LAW FIRM, PLLC, ANDREW HEIDARPOUR, KAUFMAN PA, AVI KAUFMAN, AND RACHEL KAUFMAN FROM ANY AND ALL MANNER OF ACTIONS, CAUSES OF ACTION, SUITS, JUDGMENTS, DEMANDS, CLAIMS, RIGHTS, INTERESTS, REMEDIES OF ANY NATURE, KIND OR DESCRIPTION WHATSOEVER IN LAW OR IN EQUITY THAT I HAD, NOW HAVE, OR MAY HAVE AGAINST THEM, WHETHER KNOWN OR UNKNOWN, UP TO AND INCLUDING THE DATE OF MY SIGNATURE, INCLUDING BUT NOT LIMITED TO IN RELATION TO LITIGATION AGAINST LEOSOURCE INSURANCE AGENCY, LLC .**

*Erin E. Robertson*
_____          Date: 11/12/2024
Erin Robertson

HLF00255

United States District Court for the
Southern District of Florida
:

Erin Robertson, INDIVIDUALLY AND ON    :    **Case No**1:24-cv-23156-KMW
BEHALF OF A CLASS OF ALL PERSONS
AND ENTITIES SIMILARLY SITUATED,

      Plaintiff,

v.

NETWORK CAPITAL FUNDING
CORPORATION

      Defendant.

## SETTLEMENT STATEMENT

| | |
|---|---|
| Settlement Amount | $45,000.00 |
| Less Attorneys' Fees and Costs | $42,000.00 |
| **AMOUNT to Erin Robertson** *EER* | **$3,000.000** |

**I, THE CLIENT, DECLARE THAT:**

**(1) I HAVE READ THIS SETTLEMENT STATEMENT.**

**(2) I AUTHORIZE AND AGREE TO ALL DISBURSEMENTS REFLECTED IN THIS SETTLEMENT STATEMENT.**

**(3) I, ERIN ROBERTSON, RELEASE, ACQUIT, AND FOREVER DISCHARGE RELEASE PARONICH LAW, P.C., ANTHONY PARONICH, HEIDARPOUR LAW FIRM, PLLC, ANDREW HEIDARPOUR, KAUFMAN PA, AVI KAUFMAN, AND RACHEL KAUFMAN FROM ANY AND ALL MANNER OF ACTIONS, CAUSES OF ACTION, SUITS, JUDGMENTS, DEMANDS, CLAIMS, RIGHTS, INTERESTS, REMEDIES OF ANY NATURE, KIND OR DESCRIPTION WHATSOEVER IN LAW OR IN EQUITY THAT I HAD, NOW HAVE, OR MAY HAVE AGAINST THEM, WHETHER KNOWN OR UNKNOWN, UP TO AND INCLUDING THE DATE OF MY SIGNATURE, INCLUDING BUT NOT LIMITED TO IN RELATION TO LITIGATION AGAINST NETWORK CAPITAL FUNDING CORPORATION .**

Date: 01/28/2025

_____
Erin Robertson

HLF00256

United States District Court for the
Southern District Court of Florida

:

Erin Robertson INDIVIDUALLY AND ON       :       **Case No:** 9:2025cv80558
BEHALF OF A CLASS OF ALL PERSONS
AND ENTITIES SIMILARLY SITUATED,

    Plaintiff,

v.

PATRIOT HEALTH FLORIDA, INC

    Defendant.

## SETTLEMENT STATEMENT

| | |
|---|---|
| Settlement Amount | $20,000.00 |
| Less Attorneys' Fees and Costs | $17,500.00 |
| **AMOUNT to Erin Robertson** _EER_ | **$2,500.000** |

**I, THE CLIENT, DECLARE THAT:**

**(1) I HAVE READ THIS SETTLEMENT STATEMENT.**

**(2) I AUTHORIZE AND AGREE TO ALL DISBURSEMENTS REFLECTED IN THIS SETTLEMENT STATEMENT.**

**(3) I, ERIN ROBERTSON RELEASE, ACQUIT, AND FOREVER DISCHARGE RELEASE PARONICH LAW, P.C., ANTHONY PARONICH, HEIDARPOUR LAW FIRM, PLLC, ANDREW HEIDARPOUR, KAUFMAN PA, AVI KAUFMAN, AND RACHEL KAUFMAN FROM ANY AND ALL MANNER OF ACTIONS, CAUSES OF ACTION, SUITS, JUDGMENTS, DEMANDS, CLAIMS, RIGHTS, INTERESTS, REMEDIES OF ANY NATURE, KIND OR DESCRIPTION WHATSOEVER IN LAW OR IN EQUITY THAT I HAD, NOW HAVE, OR MAY HAVE AGAINST THEM, WHETHER KNOWN OR UNKNOWN, UP TO AND INCLUDING THE DATE OF MY SIGNATURE, INCLUDING BUT NOT LIMITED TO IN RELATION TO LITIGATION AGAINST PATRIOT HEALTH FLORIDA, INC .**

_____       Date:_ 11/05/2025
Erin Robertson

HLF00257

          :

Erin Robertson, INDIVIDUALLY AND ON    :
BEHALF OF A CLASS OF ALL PERSONS
AND ENTITIES SIMILARLY SITUATED,

     Plaintiff,

v.

SOLIDQUOTE LLC

     Defendant.

## SETTLEMENT STATEMENT

| | |
|---|---|
| Settlement Amount | $30,000.00 |
| Less Attorneys' Fees and Costs | $25,000.00 |
| **AMOUNT to Erin Robertson** *EER* | **$3,000.000** |

**I, THE CLIENT, DECLARE THAT:**

**(1) I HAVE READ THIS SETTLEMENT STATEMENT.**

**(2) I AUTHORIZE AND AGREE TO ALL DISBURSEMENTS REFLECTED IN THIS SETTLEMENT STATEMENT.**

**(3) I, ERIN ROBERTSON, RELEASE, ACQUIT, AND FOREVER DISCHARGE RELEASE PARONICH LAW, P.C., ANTHONY PARONICH, HEIDARPOUR LAW FIRM, PLLC, ANDREW HEIDARPOUR, FROM ANY AND ALL MANNER OF ACTIONS, CAUSES OF ACTION, SUITS, JUDGMENTS, DEMANDS, CLAIMS, RIGHTS, INTERESTS, REMEDIES OF ANY NATURE, KIND OR DESCRIPTION WHATSOEVER IN LAW OR IN EQUITY THAT I HAD, NOW HAVE, OR MAY HAVE AGAINST THEM, WHETHER KNOWN OR UNKNOWN, UP TO AND INCLUDING THE DATE OF MY SIGNATURE, INCLUDING BUT NOT LIMITED TO IN RELATION TO LITIGATION AGAINST SOLIDQUOTE LLC**

_____      Date:_ 05/29/2025

Erin Robertson

HLF00258

United States District Court for the
District Court of Nevada

:

Erin Robertson, INDIVIDUALLY AND ON    :    **Case No:** 3:24-cv-00366-ART-CSD
BEHALF OF A CLASS OF ALL PERSONS
AND ENTITIES SIMILARLY SITUATED,

    Plaintiff,

v.

WINTRUST FINANCIAL CORPORATION
D/B/A VETERANS FIRST MORTGAGE

    Defendant.

## SETTLEMENT STATEMENT

| | |
|---|---|
| Settlement Amount | $6,000.00 |
| Less Attorneys' Fees and Costs | $5,000.00 |
| **AMOUNT to Erin Robertson** | **$1,000.000** |

*EER*

**I, THE CLIENT, DECLARE THAT:**

**(1) I HAVE READ THIS SETTLEMENT STATEMENT.**

**(2) I AUTHORIZE AND AGREE TO ALL DISBURSEMENTS REFLECTED IN THIS SETTLEMENT STATEMENT.**

**(3) I, ERIN ROBERTSON, RELEASE, ACQUIT, AND FOREVER DISCHARGE RELEASE PARONICH LAW, P.C., ANTHONY PARONICH, HEIDARPOUR LAW FIRM, PLLC, ANDREW HEIDARPOUR, KAUFMAN PA, AVI KAUFMAN, AND RACHEL KAUFMAN FROM ANY AND ALL MANNER OF ACTIONS, CAUSES OF ACTION, SUITS, JUDGMENTS, DEMANDS, CLAIMS, RIGHTS, INTERESTS, REMEDIES OF ANY NATURE, KIND OR DESCRIPTION WHATSOEVER IN LAW OR IN EQUITY THAT I HAD, NOW HAVE, OR MAY HAVE AGAINST THEM, WHETHER KNOWN OR UNKNOWN, UP TO AND INCLUDING THE DATE OF MY SIGNATURE, INCLUDING BUT NOT LIMITED TO IN RELATION TO LITIGATION AGAINST WINTRUST FINANCIAL CORPORATION D/B/A VETERANS FIRST MORTGAGE .**

Date: 04/11/2025

_____
Erin Robertson

HLF00259

# EXHIBIT B

## <u>DECLARATION OF AUTHENTICITY</u>

I, Andrew Heidarpour, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney and authorized representative of Heidarpour Law Firm, PLLC ("HLF"), and I am familiar with the manner in which HLF maintains its records.

2. The documents produced herewith and Bates stamped HLF00001 through HLF00259 are true and correct copies of records maintained by HLF in the ordinary course of business.

3. These records were made and maintained at or near the time of the events reflected therein by persons with knowledge of those events or from information transmitted by persons with such knowledge.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 11, 2026.

_____

Andrew Heidarpour
Authorized Representative of
Heidarpour Law Firm, PLLC